Esther Tendo Atam
13621 Arcturus Ave.
Gardena, CA 90249
Natashchan1@yahoo.com
Plaintiff in Pro Per

**FILED**
CLERK, U.S. DISTRICT COURT

7/10/24

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CS___ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Case No.: CV24-5862-JLS(BFMx)

ESTHER TENDO ATAM,

*Plaintiff*

vs.

KAISER FOUNDATION HEALTH
PLAN INC., KAISER FOUNDATION
HOSPITALS, SOUTHERN
CALIFORNIA PERMANENTE
MEDICAL GROUP, GILLIAN
FRIEDMAN, LORETTA MELBY, THE
BOARD OF REGISTERED NURSING
AND GARY CARLIN.

*Defendants*

**COMPLAINT FOR DAMAGES,
DECLARATORY, AND INJUNCTIVE
RELIEF**

1. **Violation of Title VII of the Civil
   Rights Act of 1964 (42 U.S.C. § 2000e
   et seq.)**

2. **Violation of the Americans with
   Disabilities Act (ADA) (42 U.S.C. §
   12101 et seq.)**

3. **Violation of the Family and Medical
   Leave Act (FMLA) (29 U.S.C. § 2601
   et seq.)**

4. **Violation of the First Amendment to
   the U.S. Constitution (via 42 U.S.C. §
   1983)**

5. **Violation of Article I of the California
   Constitution**

6. **Violation of the Due Process Clause of
   the Fourteenth Amendment to the
   U.S. Constitution**

**DEMAND FOR JURY TRIAL**

1

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

## I. INTRODUCTION

**1.** I, Esther Tendo Atam, hereby bring this action against Defendants for multiple violations of federal employment laws, including wrongful termination, retaliation, defamation, and violation of my due process rights under the Constitution of the United States.

**2.** I am filing this complaint pursuant to the following federal statutes: Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), which prohibits employment discrimination based on race, color, religion, sex, and national origin; the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 et seq.), which prohibits discrimination based on disability; the Family and Medical Leave Act (FMLA) (29 U.S.C. § 2601 et seq.), which provides employees with job-protected and unpaid leave for qualified medical and family reasons; and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which guarantees that no person shall be deprived of life, liberty, or property without due process of law.

**3.** I allege that Defendants engaged in a pattern of discriminatory and retaliatory actions that culminated in my wrongful termination, defamation, and violation of my constitutional rights. These actions include, but are not limited to, the failure to address workplace bullying and harassment, unjust suspensions, and the malicious revocation of my registered nurse (RN) license.

**4.** I seek compensatory and punitive damages, reinstatement of my RN license, declaratory and injunctive relief, removal from the vexatious litigants list, vacating of any prefiling orders against me, and any other appropriate relief as determined by this Court.

**5.** I bring this action as a pro se litigant, having experienced significant personal and professional

2

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

harm due to Defendants' actions, which have had a profound impact on my career and well-being.

**6.** I demand a trial by jury on all issues so triable.

## II. JURISDICTION AND VENUE

### a) Jurisdiction

**7.** This Court has jurisdiction over the subject matter of this action pursuant to **28 U.S.C.** § 1331, as this lawsuit involves claims arising under the Constitution and laws of the United States, specifically under **42 U.S.C. § 1983**, which provides a federal remedy against any person who, under color of state law, deprives another of rights protected by the Constitution or laws of the United States. Additionally, this Court has supplemental jurisdiction over the state law claims pursuant to **28 U.S.C.** § 1367, which allows for the adjudication of state law claims that are so related to the federal claims that they form part of the same case or controversy under **Article III of the U.S. Constitution**.

### b) Federal Question Jurisdiction

**8.** My claims for violations of civil rights under **42 U.S.C.** § 1983 confirm the presence of a federal question, providing this Court with federal question jurisdiction to adjudicate these claims alongside any supplemental state law claims connected to the same facts.

### c) Venue

**9.** Venue is proper in the Central District of California under **28 U.S.C.** § 1391(b) because a

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

substantial part of the events or omissions that give rise to the claims occurred in this judicial district. The actions that form the basis of this complaint, including the alleged wrongful termination and discriminatory practices, took place within the geographical confines of this district, where I was employed by the Defendants and where the alleged violations of my rights occurred.

**10.** The presence of Defendant Kaiser Foundation health plan inc., which operates and conducts business within this district, further supports the appropriateness of this venue for litigating the matters at issue in this lawsuit.

## III. PARTIES

### a) Plaintiff

**11.** I, **Esther Atam**, am an individual residing in Los Angeles County, California. I was formerly employed by Southern California Permanente Medical Group, a part of Kaiser Foundation Health Plan Inc. I allege that I was wrongfully terminated and discriminated against based on disability, race, national origin, and gender, and also faced retaliation in violation of both federal and state laws.

### b)Defendants

**12. Kaiser Foundation Health Plan Inc.** is a corporation organized and existing under the laws of California, with its principal place of business in Los Angeles County, California. Kaiser Foundation Health Plan Inc. is involved in providing healthcare plans and services and is alleged to be the parent company of the Kaiser Foundation Hospitals and Southern California

4

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

Permanente Medical Group.

**13. Kaiser Foundation Hospitals (KFH),** a subsidiary of Kaiser Foundation Health Plan Inc. (KFHP Inc.), operates hospitals within California, including in Los Angeles County. The primary role of KFH in causing me harm was to respond to my complaint after informing Gary Carlin that he had identified the wrong entity. KFH then answered the complaint to assert that there was no employment relationship, subsequently obtaining summary judgment for 'all' the Kaiser entities.

**14.** This action was based on the single employer doctrine, attempting to shield KFHP Inc. and Southern California Permanente Medical Group (SCPMG) from liability. It was these two entities that directly controlled my employment. Due to the fast-paced nature of events and the lack of information from Gary Carlin regarding the naming issue, I trusted his expertise. It was only after he was relieved from representing me that I received summary judgment, leaving me confused about the appearance of KFH on the complaint and the absence of SCPMG.

**15.** KFH's role was essentially to block me from suing KFHP Inc. and SCPMG. By answering the complaint and claiming no employment relationship, KFH set the stage to receive summary judgment for all Kaiser entities, preventing me from pursuing legal action against both KFHP Inc. and SCPMG. This maneuver positioned KFH as the middleman, linking the entities and facilitating their defense strategy, leaving me to play catch-up.

**16. Southern California Permanente Medical Group is a subsidiary of Kaiser Foundation Health Plan Inc.,** directly employing me and responsible for the day-to-day operations and decisions that led to my wrongful termination and the alleged discriminatory practices.

5

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

17. **Gillian Friedman** is an individual who serves as the Attorney General and represents the Board of Registered Nursing (BRN). He is implicated directly in the decisions and actions that are alleged to constitute the malicious revocation of my Registered Nursing License.

18. **Loretta Melby** is an individual who serves as the Executive Officer (EO) of the Board of Registered Nursing (BRN).

19. **The Board of Registered Nursing** is a regulatory body in California charged with licensing and regulating registered nurses. It is included as a defendant due to its alleged role in the retaliatory actions against me, particularly concerning the handling of my professional licensing in a discriminatory and retaliatory manner.

20. **Gary R. Carlin** is the CEO and lead attorney of the Law offices of Gary R. Carlin APC, and has been licensed by the State Bar of California since January 15, 1970, #44945.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES AND JUSTIFICATION FOR FEDERAL COURT FILING

### a) Exhaustion of administrative remedies

21. I have fully exhausted all administrative remedies as required under Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act (FEHA). I timely filed charges with the Equal Employment Opportunity Commission (EEOC) and the California Department of Fair Employment and Housing (DFEH), receiving right-to-sue notices from both agencies. Consequently, all conditions precedent to the filing of this Complaint have been

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

performed or have occurred.

**b) Timeline and justification for federal court filing**

**22.** I filed a complaint in court against SCPMG on December 5, 2022. Despite this timely filing, I have not been afforded due process, as evidenced by the procedural obstructions and delays orchestrated by Kaiser Permanente. These actions have effectively barred me from advancing the case within the state court system, necessitating this suit in federal court to ensure a fair adjudication.

**23.** Kaiser has systematically impeded my ability to seek redress in state court by employing various legal maneuvers to dismiss claims and block further legal proceedings. Such actions include, but are not limited to, the misidentification of responsible entities by my former attorney, summary judgment claims by Kaiser Foundation Hospitals negating employment relationships, and fraudulent pre-filing orders aimed at labeling me as a vexatious litigant.

**24.** Furthermore, the Attorney General Gillian Friedman, Loretta Melby, and the Board of Registered Nursing (BRN) issued an opposition to being sued in August 2023, despite being notified by me in March 2023 of the intent to pursue legal action. This opposition further illustrates the concerted effort to obstruct my access to justice.

**25.** In light of these circumstances, I assert that all administrative remedies have been exhausted, and this Complaint is filed within the appropriate time frame. I seek to rectify the significant personal and professional harm caused by Defendants' actions and to secure a fair trial unencumbered by the procedural barriers I encountered in the state court.

7

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

## V. <u>FACTUAL ALLEGATIONS</u>

a) **Prior Attorney Gary Carlin's; Misidentification of Responsible Kaiser Entities in Legal Proceedings filed by attorney on November 10, 2021**

**26.** Prior attorney Gary Carlin failed to properly name defendants. SCPMG was provided to him as the intended Kaiser entity. This information was crucial for accurately identifying the responsible parties in the legal proceedings. Properly naming the defendants is a fundamental aspect of preparing a legal complaint, ensuring that all relevant entities are held accountable.

**27.** He could have at the very least named SCPMG. By failing to do so, he neglected to include a significant entity that plays a central role in the employer structure. Naming SCPMG would have provided a clearer picture of the employment relationship and responsibilities involved.

**28.** Instead, he simply listed KFH. This omission not only oversimplified the organizational structure but also potentially undermined the strength and clarity of the legal arguments presented. Listing only KFH failed to encompass the full scope of the employer entities, impacted the case's outcome.

**29.** A more accurate representation of defendants would have been to name all three legal entities on the complaint, since they are one employer (KFHP Inc., KFH, and SCPMG). The interconnected nature of these entities means that they operate collectively as the employer. Including all three would have provided a comprehensive understanding of the organizational dynamics and ensured that all relevant parties were accountable.

**30.** As pointed out, there are three legal entities, which include KFHP Inc. and its subsidiaries,

8

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

KFH and Permanente Medical Groups. Recognizing the distinct yet interconnected roles of these entities is essential for presenting a well-founded legal case. Each entity contributes to the overall employer structure, and their inclusion is necessary for a complete and accurate representation of the defendants.

31. By not properly naming all relevant defendants, prior attorney Gary Carlin's actions was intentional and compromised the integrity of the complaint. This failure to accurately identify and include all pertinent entities not only misrepresented the employer structure but also potentially affected the legal proceedings' effectiveness and fairness.

32. Attorney Carlin never bothered to correct his significant error of improperly naming the defendants in the complaint. Gary Carlin further failed to inform me of his error. In fact, I first learned that there was an issue with the name on the complaint, when I opposed Defendant's motion for summary judgment on or about <u>May 9, 2022</u>.

33. On <u>September 22, 2022</u>, Gary filed a declaration regarding mistakes that do not constitute fraud and **motion for summary judgment granted in favor of defendant KFH, September 19th, 2022**. In the declaration, Gary failed to mention anything about his failure to properly name the Defendants in the caption of the complaint. He only excused himself for *mistakenly* filing Plaintiff's Case Management Conference, yet his services were already terminated on <u>December 21, 2021</u>. It is notable that Gary states that he has been licensed since January 15, 1970. It is therefore not expected for an attorney of such experience to make such mistakes. Clearly, Gary knew what he was doing. A substitution of attorney was signed and submitted on December 21, 2021, and attorney Hershey Brennan took over my case.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**34.** It follows; the attorneys colluded with the Defendant's counsel and the judge to frustrate my case. Attorney Hershey Brennan was purportedly relived as council on <u>March 30, 2022</u>, yet he failed to make the order effective by filing the proof of service to plaintiff in court, as instructed in the order. The Attorneys' conducts were not only fraudulent but they also violated their duties as Attorneys by misleading the Court and by committing acts of moral turpitude, dishonesty & corruption. The foregoing marked the genesis of my struggles in Court, which would later end up with my case being disposed and me being termed a vexatious litigant.

**b)  KFH's Legal Maneuvers to Dismiss My Claims**

**i.    Employment Relationship Dispute**

**35.** KFH answered the complaint, denying any employment relationship, pointed to SCPMG as my sole employer and declared that my complaint had no merit. With this proclamation, KFH rushed to file for summary judgment, aiming to quickly resolve the case in their favor by arguing no employment relationship existed between me and KFH. By asserting SCPMG was the sole employer, KFH attempted to deflect responsibility and expedite the legal process without a thorough examination of the facts.

**ii.   Court Proceedings and Rulings**

**36.** On July 14, 2022, the judge issued a tentative ruling on Defendant's Motion for Summary Judgment. The Court instructed me to file my First Amended Complaint prior to a Case Management Conference on September 29, 2022. Gary Carlin filed the Case Management Statement on September 14, 2022. The judge dismissed my case on September 19, 2022, and a notice of Entry of Judgment was entered on September 21, 2022. Despite filing my First

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

Amended Complaint on July 27, 2022, per the court's directive, my case was dismissed, indicating I would never be allowed to amend the complaint to include SCPMG.

### iii. Assertion of Summary Judgment for All Kaiser Entities

**37.** KFH claimed that the summary judgment covered all Kaiser entities, barring me from suing SCPMG or KFHP Inc. This assertion further complicated the case, suggesting that the judgment shielded all associated entities from liability and closed off additional legal avenues for addressing the employment issues.

### iv. Naming Defect and Procedural Inequity

**38.** Any defect in naming the Defendant is attributed to my former attorneys, not me. My efforts to correct the procedural technicality have been opposed by the Defendant and seemingly supported by the Court, further curtailing my right to a fair trial.

### v. Fraud Allegations Against SCPMG Kaiser

**39.** In response to procedural inequity, I filed a subsequent lawsuit against SCPMG Kaiser on December 5, 2022, asserting allegations of fraud, defined under California Civil Code Section 1572. This legal action aims to highlight potential wrongdoings and uphold my professional integrity.

### vi. Vexatious Litigant Designation

**40.** KFH rushed to label me a vexatious litigant December 9, 2022, and issue fraudulent prefiling orders, portraying my efforts to seek justice as frivolous and abusive of the legal system. The

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

vexatious litigant designation and prefiling orders created significant legal hurdles, requiring court approval before filing new lawsuits and stifling my ability to seek redress.

### vii.   Combination of Cases and Validation of Fraud

**41.** The court's decision to combine cases and associate SCPMG with KFH complicates matters, seemingly contradicting the summary judgment on July 14, 2022. This validation of fraud emphasizes the need for a thorough and just examination of the facts.

### viii.   Punitive Nature of Vexatious Litigant Status

**42.** The vexatious litigant status appears punitive, disregarding evidentiary facets affirming my employment by Kaiser Permanente and amplifying challenges in asserting my rights and defending my reputation. The statutes define procedures for dealing with vexatious litigants, highlighting the punitive nature of my classification.

### ix.   Denial of Motion for Reconsideration

**43.** Despite filing a timely motion for reconsideration pursuant to California Civil Code of Procedure 473, Judge Small dismissed these efforts, reflecting a disregard for due process and procedural fairness.

### x.   Orchestrated Effort to Prevent Legal Redress

**44.** There was a systematic plan to undermine my credibility, exhaust resources, and prevent me from holding the responsible parties accountable. This plan aimed to leave me without viable legal options to challenge the injustices I faced.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

### c) Loretta Melby, and the BRN's Involvement

**45.** With the vexatious litigant designation in place and prefiling orders issued, Loretta Melby then moved to issue a petition for a mental exam, which ultimately led to the revocation of my RN license.

### i.   Involvement of Loretta Melby and the BRN

**46.** The involvement of Loretta Melby and the BRN is crucial in this context, as they have the authority and responsibility to oversee and regulate legal and professional conduct. Their role is essential in addressing the fraudulent actions taken against me and ensuring that justice is served.

### ii.   Baseless Petition for Mental Exam

**47.** Loretta Melby issued a completely made-up petition for a mental exam. This petition was unfounded and baseless, aimed solely at undermining my professional standing. By acting independently, Loretta Melby bypassed the usual procedures that require substantial evidence or employer input to justify such an invasive and consequential action.

### iii.   Misuse of Authority

**48.** Loretta Melby, the Chief Executive Officer of the BRN, fabricated the petition for a mental exam. This action represents a gross misuse of authority and a deliberate attempt to tarnish my professional reputation. The BRN and Loretta Melby must be held accountable for their roles in fabricating the petition. This concerted effort to revoke my license was not only unjust but also inflicted significant personal and professional harm.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

### iv. Fabricated Petition and Section 820 Exam

**49.** Loretta Melby fabricated the petition, which was signed by her and then used by Attorney General Rinaldi Thomas to order a Section 820 exam. Because there is no way Loretta Melby could have observed me in the work environment, the petition is clearly a fabrication. It is worth noting that she specifically points to <u>Kaiser West Los Angeles</u> as the job site where the alleged inability to practice occurred. The petition written by Loretta Melby for me to undergo a Section 820 mental exam not only introduced legal complexities but also tarnished my standing in my civil case. The petition to undergo mandatory examinations intertwines with the broader legal context of my civil action against SCPMG, almost as if it were tailor-made to undermine my credibility and sway perceptions of my conduct in both legal spheres.

### v. Distinction in Roles

**50.** It is crucial to note that Executive Officer (EO) Loretta Melby, who initiated the petition leading to the Section 820 examination and subsequent revocation of my RN license, is an official of the Board of Registered Nursing (BRN), not an employee of Kaiser Permanente. This distinction is significant because it underscores that Melby's actions were taken in her official capacity as a representative of the BRN, rather than as an employee of Kaiser. Therefore, any alleged misconduct or fabrication of evidence by Melby does not reflect on my employment at Kaiser or my performance within the organization. Instead, it implicates the integrity and credibility of the BRN's procedures and the actions of its officials.

### vi. Violation of Professional Standards

**51.** California Business and Professions Code Section 2736.2 governs the procedures for

14

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

revocation of registered nurse licenses. The actions of Loretta Melby, acting as the Executive Officer (EO) of the Board of Registered Nursing (BRN), are central to the decision to order a Section 820 examination and subsequently revoke my RN license. However, Melby's actions were based on fabricated or unreliable evidence, constituting a violation of professional standards and potentially breaching the procedures outlined in California Business and Professions Code Section 2736.2. This statute sets forth specific requirements and safeguards for the revocation of RN licenses, including the need for sufficient evidence and due process protections for the licensee. This adds another layer of legal significance to my arguments and underscores the potential implications of the alleged misconduct by Loretta Melby and Gillian Friedman in the revocation of my RN license.

**vii.    Inadmissibility of Sensational Report**

**52.** My assertion regarding my mental capacity and the sensational nature of the report is supported by California Evidence Code Section 1250, which governs the admissibility of evidence concerning a person's mental or physical condition. This statute stipulates that evidence of a person's character or trait of character, including their mental condition, is inadmissible to prove that they acted in conformity therewith on a particular occasion. Therefore, the sensational report of me speaking to *vampires* and *voodoo spirits* is likely to be deemed irrelevant and inadmissible as evidence of my mental state. I have demonstrated soundness of mind and lack of mental incapacity. Additionally, the sensational nature of the report suggests that it lacks credibility and was fabricated, further undermining its evidentiary value. Defendants were sued for causing mental harm and then insisting I had mental illness, as exhaustively explained in my complaint filed on December 5, 2022.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

### viii.    Connection to Kaiser West Los Angeles

**53.** Despite Executive Officer Loretta Melby pointing to Kaiser West Los Angeles in her support for the petition, the context of my lawsuit suggests a deeper connection that cannot be dismissed hastily. It is crucial to consider that a distinct connection can be made regarding collusion and responsibility for communicating this false report to EO Loretta Melby, even though she authored and signed the petition. Southern California Permanente Medical Group (SCPMG) and Kaiser Foundation Health Plan Inc. (KFHP Inc.) remain liable based on the timing of the written petition, which coincided with an active lawsuit against Kaiser, and the circumstances of my employment. Not only was I employed by Kaiser but also present and working in the emergency room at Kaiser West Los Angeles on the date mentioned in the petition, August 28, 2020. This situation appears to violate California Penal Code § 134, which prohibits the fraudulent introduction of material in a proceeding under the authority of law. As the court in Bamberg noted, "[t]he objective of section 134 is 'to prevent the fraudulent introduction of material in a proceeding under the authority of law.' (People v. Clark, supra, 72 Cal.App.3d at p. 84.) Considered in its entirety, the statute serves to prohibit attempts to perpetrate fraud in a legal proceeding by preparing evidence with the intent to mislead or deceive the trier of fact."

### ix.    Defendants' Malicious Actions

**54.** Given the nature of the outrageous petition filed by Loretta Melby, despite concrete evidence requested and received by the BRN (August 3, 2021) from a qualified mental health clinic that provided progress notes from a qualified psychologist detailing the mental harm I suffered at

16

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

the hands of employer SCPMG and the psychologist's recommendation that I be moved to another department or even potentially another Kaiser, it is evident that defendants wanted me to go completely insane. The psychologist clearly stated that if I was placed in the same environment, where the mob bullying was never addressed, I would suffer an exacerbation of mental harm. My complaint against defendants started as a result of mob bullying in the workplace, and I was retaliated upon by management calling me psychotic and crazy, which led to me being placed on baseless suspension and eventually fired without any interactive process. Defendants have continued the baseless lies, and with the help of the BRN, I was yet again subjected to a baseless Section 820 exam with no basis whatsoever.

**d) Gillian Friedman's Unjust Revocation of My RN License.**

**i.   Conflict with Attorney General Gillian Friedman**

**55.** The conflict between Attorney General Gillian Friedman and myself originated from a prior encounter back in 2022, where his professional conduct was questionable. I emphasized that his behaviors, which included threats to my professional licensing and personal insults, are not shielded by Business and Profession Code section 820. This code does not provide immunity for actions that are personal and vindictive, which his actions were, extending beyond the boundaries of professional or legal propriety.

**ii.   Intimidation Campaign**

**56.** On December 15, 2022, individuals purportedly acting under his instructions visited my home. Their presence and demands were part of an ongoing campaign to intimidate me into relinquishing my professional credentials and to submit to an unnecessary section 820 exam,

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

ultimately leading to the revocation of my RN license without just cause. A police report was filed and documented in regards to this incident.

### iii.    Unjust Revocation of RN License

**57.** Gillian Friedman independently revoked my RN license based on a clearly fabricated report authored by EO for the BRN, Loretta Melby, regarding my job performance at Kaiser West Los Angeles. This revocation was unjust and based on a fabricated petition, which was deliberately created to undermine my career and credibility. The petition lacked factual accuracy and was a product of fraudulent intentions, aimed at damaging my professional standing. Holding Gillian Friedman accountable is crucial, as his decision to revoke my license was influenced by this fabricated petition, resulting in significant personal and professional harm. This action was not only detrimental to my career but also a violation of due process and justice.

### iv.    Violation of Due Process and Justice

**58.** The abrupt and baseless revocation of my Registered Nurse license, without adherence to California Business and Professions Code § 490 and the procedural requirements of the California Administrative Procedure Act (Government Code §§ 11500 et seq.), constitutes fraud and oppression. The lack of substantial evidence or any legitimate foundation for this revocation indicates a fraudulent misuse of authority intended to harm my professional standing and livelihood.

### v.    Defamatory Conduct by Gillian Friedman

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**59.** Throughout this ordeal, Attorney General Gillian Friedman engaged in defamatory conduct by disseminating false and damaging information about my mental health and professional competence to key stakeholders, including the National Practitioner Data Bank (NPDB) and the Department of Health Care Services (DHCS). This misinformation campaign was not only baseless but crafted with malicious intent to destroy my reputation and career. Such actions clearly exhibit malice and fraud, specifically designed to oppress my professional activities and public perception, in direct violation of California Civil Code § 44, which defines defamation as an intentional act resulting in harm to reputation.

### vi.    Abuse of Legal Authority

**60.** The defendant Attorney General Gillian Friedman has consistently abused his legal authority by initiating unwarranted legal actions against me, labeling me a vexatious litigant without substantial justification, insisting that my case with KFH was dismissed on its *merits*, accusing me of proceeding to file an 'identical' lawsuit against SCPMG, reproached me for being *undeterred* by my vexatious litigant label and requesting prefiling orders to obstruct my access to the courts. This manipulation of legal processes constitutes a serious misuse of legal authority and is indicative of oppressive and malicious behavior, aimed at denying me the legal recourse and protections afforded by the law, particularly as outlined in California Government Code § 800, which penalizes the wrongful actions of public officials.

### e)  Kaiser Entities' Deflection of Responsibility and Obstruction of Legal Redress

### i.    Denial of Responsibility by KFH and SCPMG

**61.** During the course of litigation, KFH and SCPMG denied any responsibility for sending any

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

report to Loretta Melby and the BRN. Despite their involvement and the fraudulent actions taken against me, they have continuously deflected accountability. Their refusal to acknowledge their role in this matter highlights a deliberate attempt to distance themselves from the consequences of their fraudulent actions.

### ii.   Hindrance to Legal Redress

**62.** I allege that KFH and SCPMG took deliberate steps to hinder me from proceeding with legal redress for the harm done to me by BRN, Loretta Melby, and Gillian Friedman. By misrepresenting facts and manipulating the legal process to label me as a vexatious litigant and issue prefiling orders, they effectively obstructed my ability to seek justice. This deliberate obstruction has compounded the harm done to me, leaving me with limited options for addressing the injustices I have faced. The actions taken by KFH and SCPMG were not only fraudulent but also executed in a manner that defies logic and reason. Their strategies were not only harmful but also poorly conceived and transparently deceitful. This further underscores the malicious intent behind their actions and the extent to which they were willing to go to prevent me from seeking justice.

### iii.   Separate Statement Filed by Kaiser Foundation Hospitals (KFH)

**63.** A separate statement filed on April 21, 2022, by Kaiser Foundation Hospitals (KFH) points to SCPMG as the sole Kaiser entity that hired me and controlled my work, denying any employment relationship with me. My case is firmly supported by a series of compelling arguments and evidentiary points that cast doubt on the validity of the section 820 mental examination ordered by Attorney General Thomas Rinaldi. The origin of the petition for

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

section 820 exam occurring at <u>Kaiser Permanente West Los Angeles</u> serves as an official record, but the denial of an employment relationship by Kaiser Foundation Hospital raises significant questions about the authority and credibility of the entity conducting the examination. This may implicate provisions under California's Business and Professions Code, particularly § 2053, which governs the standards of practice for licensed physicians and requires them to maintain professional integrity.

### iv.   Records from SCPMG and Contesting Credibility

64. Moreover, records obtained from SCPMG, the entity purportedly responsible for my employment, reveal no grievances or indications of poor job performance, potentially aligning with Civil Code § 1798.25, which regulates the privacy of employment records. Most notably, I contest the credibility of Loretta Melby, the author of the petition, citing her alleged delusional behavior and lack of direct observation of me in my work environment. Melby's assertions suggest a fabrication of the report and call into question its reliability and the motives behind its use in the case, potentially implicating provisions under the California Penal Code, such as § 118, which pertains to perjury. Overall, I present a compelling argument that undermines the integrity of the mental examination petition and supports my position of innocence and competence in the workplace.

### f)   Workplace Bullying and Harassment

### i.   Workplace Distress Due to Unresolved Bullying and Harassment

65. I experienced significant workplace distress due to unresolved bullying and harassment by coworkers, including Mr. Xavier Edwards. Multiple HR investigations failed to substantiate

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

my complaints, leading to a deteriorated work environment and adverse impacts on my emotional health and professional life.

### ii.    Formal Reporting and HR Investigation

66. I formally reported bullying and harassment to HR in May 2020. The investigation carried out by KFHP Inc. internal EEO investigator concluded on February 5, 2021, without finding evidence to support my claims. Harassment continued, and multiple attempts to engage HR for intervention failed to yield significant improvements.

### iii.   Misinterpretation and Unjust Suspension

67. My manager, Sarah Poetter, and Nursing Supervisor, Cheryl Surma, misinterpreted my emotional response as a 'psychotic break,' leading to an unjust suspension and a directive for a psychological evaluation on August 28, 2020. On September 4, 2020, I provided a psychiatric clearance note to demonstrate my fitness for work and challenge the baseless suspension.

### iv.   Retaliatory Suspension and Demand for Justice

68. An HR meeting on November 6, 2020, led to another suspension, perceived as retaliatory. I was paid about $6,000, half of the $18,000 owed for canceled shifts and kept on suspension. I sent a formal demand letter to the assistant medical group administrator Brooke Ball to address the unjust suspension and related grievances, seeking to clear misconceptions about my mental health.

### v.    Internal EEO Investigation and Termination

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**69.** An internal EEO investigation by Kaiser Foundation Health Plan Inc. concluded on February 5, 2021, without substantiating my claims of discrimination by management. I received my last paycheck on March 12, 2021, and my employment was terminated on March 18, 2021.

### vi.    Initial Complaint and Naming Issue

**70.** On <u>November 10, 2021</u>, prior attorney, Gary Carlin, filed an initial complaint against Kaiser Foundation Hospitals (KFH). The complaint was incomplete, missing Southern California Permanente Medical Group (SCPMG). Before filing an answer, KFH communicated with attorney Gary Carlin, on <u>November 23, 2021</u>, falsely asserting that I was mentally ill and employed by SCPMG, not KFH, attempting to dissuade him from proceeding with the litigation.

**71.** On <u>December 22, 2021</u>, KFH intentionally answered the complaint late. This deliberate delay may have been designed to create procedural obstacles and impact the trajectory of the case.

### 72. Motion for Summary Judgment

**73.** Subsequently, KFH moved for summary judgment, asserting that my complaint has no merit and there is no employment relationship, misleadingly implying that the error was solely on my part. This strategic legal maneuver appears to be an attempt to exploit a procedural misstep for its advantage.

### 74. Vexatious Litigant Declaration

**75.** Despite my efforts to correct the naming issue in the initial complaint, Defendant's counsel challenged my filings as frivolous and sought to maximize any defects, filing an ex parte

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

motion against me. Defendant's attorney moved the court to declare me a vexatious litigant as I prepared to file a new complaint against SCPMG.

**76. Denial of Responsibility for Report to BRN**

**77.** During the course of litigation, both KFH and SCPMG denied any responsibility for sending any report to the BRN. Despite their involvement and the fraudulent actions taken against me, they have continuously deflected accountability. Their refusal to acknowledge their role in this matter highlights a deliberate attempt to distance themselves from the consequences of their fraudulent actions.

**78. Hindrance to Legal Redress and Obstruction of Justice**

**79.** I allege that KFH and SCPMG deliberately hindered me from proceeding with legal redress for the harm done to me by BRN, Loretta Melby, and Gillian Friedman. By misrepresenting facts and manipulating the legal process to label me as a vexatious litigant and issue prefiling orders, they effectively obstructed my ability to seek justice. This deliberate obstruction has compounded the harm done to me, leaving me with limited options for addressing the injustices I have faced. The actions taken by KFH and SCPMG were not only fraudulent but also executed in a manner that defies logic and reason. Their strategies were not only harmful but also poorly conceived and transparently deceitful. This further underscores the malicious intent behind their actions and the extent to which they were willing to go to prevent me from seeking justice.

**80. Allegation of Vexatious Litigant Designation and Procedural Issues**

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**81.** I had commenced the initial complaint on November 10, 2021. Frustrated by the conduct of the case and the bias of the then-presiding judge Steven Kleifield, I filed a separate complaint against SCPMG on <u>December 5, 2022</u>. It was not until <u>December 9, 2022</u>, that Judge Kleifield issued an order naming me a vexatious litigant. When I filed the case against SCPMG, there was no prefiling order limiting me from instituting the case. Furthermore, I was unrepresented when I filed the case.

**82.** These fact clearly placed me outside the limit imposed by CA Civ Pro Code § 391.3 (b) (2021). Therefore, CA Civ Pro Code § 391.3 (b) (2021) is clearly inapplicable in my situation. Prefilling Orders were submitted for filing on December 9, 2022, as shown by time Stamp of the receiving clerk, yet the order was signed and filed on December 22, 2022.

**g)  The court**

**83.** Seventeen months after KFH issued prefiling orders, SCPMG scheduled a hearing for those orders. On May 9, 2024, Judge Michael Small presided over a motion regarding a prefiling order that the defendants had scheduled. The court called the matter for a hearing, but neither I nor the defendants were present, a highly unusual and procedurally questionable scenario.

**84.** Judge Small proceeded to hold the hearing by himself, making a unilateral decision without any parties present to argue or defend their positions. In a strikingly irregular manner, Judge Small stated, "It was opposed. I have considered the arguments of Ms. Atam and I am not persuaded by them and that is why I am granting 'your' motion. 'You' will give notice of this ruling of the minute order to Ms. Atam and then, when the order is entered, serve the order to her. Okay, anything else for you today?"

25

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**85.** It remains unclear who Judge Small was addressing during this session, as documented in his own minute order, which notes no other parties present at the hearing.

**86.** Judge Small's behavior suggests bias or procedural irregularities that compromise my chance for a fair hearing.

**87.** On April 19, 2024, the court reviewed the plaintiff's Motion to Vacate the Dismissal based on not posting a $10,000.00 security. Under Code of Civil Procedure § 473(d), the court can correct clerical errors or set aside any void judgment. However, despite the plaintiff's fraud allegations, the court found no fraudulent conduct and ruled that the plaintiff did not establish valid grounds for vacating the dismissal with prejudice on December 13, 2023.

**88.** The plaintiff's motion to vacate the dismissal was DENIED. The court's inability to find substantial evidence of fraud on behalf of the plaintiff, as discussed in the proceedings on April 19, 2024, underscores the need for a reevaluation of the motions and decisions that adversely affected the plaintiff.

**89.** California Code of Civil Procedure §§ 391.3 and 391.7 detail the criteria for prefiling orders and security requirements for vexatious litigants. I argued that my lack of representation during filing, which is required to impose such orders, and the absence of a prefiling order record at the time the complaint was filed, challenges the procedural fairness and legality of the actions against me.

**90.** Additionally, On the day of the scheduled hearing (May 9, 2024), the court decided to vacate the defendants' motion for prefiling orders. The court used my CRS reservation for June 6, 2024—originally intended to communicate my non-appearance due to illness—as a procedural

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

basis to take further action on behalf of defendants SCPMG. The court rescheduled defendants hearing on prefiling orders initially vacated by the court on May 9, 2024, to June 6, 2024, under my CRS reservation for June 6, 2024.

91. Despite my attempts to withdraw my motion via CRS for the rescheduled June 6, 2024, hearing, the court not only vacated my withdrawal but also proceeded with hearing on prefiling orders, under my CRS reservation for June 6, 2024, and further extended it to July 3, 2024. In response to these continuations and procedural confusion, I have filed this ex-parte motion to immediately withdraw my own motion for June 6, 2024, that was extended to July 3, 2024.

92. Faced with these procedural irregularities, I filed this ex-parte motion to withdraw my extended motion set for July 3, 2024. The courts response to my ex parte application to withdraw my motion was denied and the court continued SCPMG's hearing on prefilling orders to July 7, 2025.

**h) I allege that Kaiser's reach controlled the CJC, state court, appeals court, Supreme Court all partook in this plan to block me completely, so I remain stuck, destroyed.**

93. This coordinated and comprehensive plan by the Kaiser entities to leverage their influence across various judicial bodies effectively blocked me from achieving any form of legal redress. The systematic obstruction and manipulation of the judicial process left me without any viable means to challenge the harm done to me, ensuring that I remain stuck and destroyed. This abuse of power highlights a severe miscarriage of justice and underscores the need for accountability and reform within the legal system to prevent such occurrences in the future.

94. I am battered not just by illness, but by the relentless torment inflicted by the court, defendants

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

Kaiser, and Attorney General Gillian Friedman. I am suffering from severe health issues due to stress and emotional strain from alleged fraudulent actions and ongoing legal harassment, referred to as 'lynching.' Medical advice emphasizes the need to limit interactions with the defendants and the court, as continued exposure to these harmful environments could be life-threatening.

**95.** My health concerns are not mere coincidences but are exacerbated by the continuous and deliberate stress inflicted through legal and extralegal pressures by the defendants. This process of 'lynching,' as described, involves using the authority of the law to oppress and harm me, worsening my medical condition.

**96.** I have exhibits that demonstrate multiple attempts to file writs and petitions to higher state courts, all of which were denied on the grounds that I am considered a 'vexatious litigant'. This appears to be a coordinated effort, as Kaiser's influence is extensive. I encountered obstacles at every step, which seemed intentional. The California Judicial Council (CJC) is aware of the fraud, having received multiple reports from me, yet no action was taken. Instead, I received a letter from an attorney representing the CJC stating that the matter would not be investigated and was considered closed, with no case number provided.

## VI. LEGAL ARGUMENTS

### A. LEGAL STANDARDS FOR THE COMPLAINT

**97. Federal Rule of Civil Procedure, rule** 8(a)(2) (28 U.S.C.) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (**Conley v.**

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**Gibson** (1957) 355 U.S. 41, 47 [78 S.Ct. 99, 2 L.Ed.2d 80]. The following outlines the legal standards that the plaintiff relies upon to establish the claims made against the defendants, including Kaiser Foundation Health Plan Inc., Kaiser Foundation Hospitals (KFH), Southern California Permanente Medical Group (SCPMG), the Attorney General's Office, Gillian Friedman, the Board of Registered Nursing (BRN), Loretta Melby and Gary R. Carlin.

## B. PRIOR ATTORNEY GARY CARLIN

### CLAIMS FOR RELIEF

**1. Violation of the First Amendment to the U.S. Constitution**

**(via 42 U.S.C. § 1983)**

**2. Violation of the California Constitution**

**(California Constitution art. I)**

### a) Deceptive Practices and Misleading Information

**98.** I allege that prior attorney Gary Carlin failed to properly name the responsible Kaiser entities in legal proceedings, specifically Southern California Permanente Medical Group (SCPMG) and KFHP inc. This misidentification compromised the integrity of the legal complaint and impacted the ability to hold all relevant entities accountable.

**99.** Gary Carlin misrepresented the correct defendant in the complaint, listing only KFH instead of SCPMG, despite knowing the correct entity from my wage statements and W2s. Fraudulent misrepresentation occurs when an attorney knowingly makes false statements or conceals material facts with the intent to deceive the client. Under 18 U.S.C. § 1341 (Mail Fraud) and

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

18 U.S.C. § 1343 (Wire Fraud), fraudulent activities involving misrepresentation and deception are addressed. **Liodas v. Sahadi**, 19 Cal. 3d 278 (1977), outlines the elements of fraudulent misrepresentation and the need to prove that the plaintiff relied on the false statements to their detriment.

**100. Violation of Federal Rule of Civil Procedure** 11(b): Carlin's failure to include SCPMG despite having the information was a significant oversight. Properly naming SCPMG and KFHP inc. would have provided a clearer picture of the employment relationship and responsibilities involved.

**101. Violation of California Business and Professions Code § 6068:** By not naming SCPMG, Carlin neglected to include a significant entity that plays a central role in the employer structure. This omission not only oversimplified the organizational structure but also potentially undermined the strength and clarity of the legal arguments presented.

**102. Violation of California Code of Civil Procedure § 431.30(b):** Listing only Kaiser Foundation Hospitals (KFH) failed to encompass the full scope of the employer entities, which could impact the case's outcome. A more accurate representation of defendants would have been to name all three legal entities (KFHP Inc., KFH, and SCPMG) since they operate collectively as the employer.

**103. Violation of Federal Rule of Civil Procedure 8(a):** This failure to accurately identify and include all pertinent entities not only misrepresented the employer structure but also potentially affected the legal proceedings' effectiveness and fairness.

**104. Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.):** Carlin's

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

oversight in properly naming the defendants hindered Plaintiff's ability to pursue claims related to employment discrimination and retaliation under Title VII.

105. **Hishon v. King & Spalding, 467 U.S. 69 (1984)** establishes that the employment relationship must be accurately identified to ensure that all relevant parties are held accountable under Title VII. In my case, failing to name SCPMG and KFH misrepresented the employment relationship, undermining the potential for accountability and violating the principles established in Hishon. The Supreme Court in Hishon held that employment decisions must be free from discrimination, and accurately identifying the employer is crucial to ensure that all responsible parties are held accountable.

106. **Ashcroft v. Iqbal, 556 U.S. 662 (2009)** highlights the importance of properly identifying defendants in a complaint to meet the pleading standards under Federal Rule of Civil Procedure 8(a). The failure to include SCPMG resulted in a complaint that did not meet these standards, as it lacked sufficient specificity to support a plausible claim, similar to the deficiencies identified in Iqbal. The Supreme Court in Iqbal emphasized the need for sufficient factual detail in a complaint to state a plausible claim, underscoring the necessity of properly naming all relevant defendants.

107. **Twombly v. Bell Atlantic Corp., 550 U.S. 544 (2007)** reinforces the necessity of providing sufficient factual matter in a complaint to state a claim that is plausible on its face. The omission of SCPMG and KFHP inc. from the complaint meant that the factual matter provided did not fully support the claims, making the complaint less robust and plausible, much like the issues addressed in Twombly. The Supreme Court in Twombly clarified that a complaint must

31

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

provide enough facts to raise a reasonable expectation that discovery will reveal evidence of the alleged misconduct. Kaiser Foundation Hospitals (KFH) misrepresented my employment details, enabled 'all' Kaiser entities to avoid liability, which contributed to the erroneous summary judgment and the subsequent vexatious litigant designation. Kaiser Foundation Hospitals (KFH)  misrepresentation of my employment details was a strategic maneuver to aid SCPMG and KFHP inc. evade accountability for my wrongful termination and related claims. This misrepresentation hindered Plaintiff's ability to pursue my claims effectively, as it falsely depicted the nature of my employment relationship. KFH's alleged misrepresentation not only affected the factual support for Plaintiff's claims (as discussed in Twombly) but also had practical consequences on my legal proceedings and designation as a vexatious litigant.

**108.** The failure to properly identify SCPMG as a defendant in the original complaint significantly weakened Plaintiff's case. This oversight by prior attorney Gary Carlin violated several procedural and ethical standards, ultimately hindering my ability to seek justice for the wrongful termination and other employment law violations Plaintiff experienced. The relevant case law supports the necessity of properly identifying all responsible parties to ensure a comprehensive and effective legal action.

**109. Federal Rule of Civil Procedure 11(b)** requires attorneys to ensure that their filings are factually and legally grounded. Carlin's failure to include SCPMG, despite having the information, violated this rule and compromised the integrity of Plaintiff's legal proceedings.

**110. California Business and Professions Code § 6068** imposes a duty on attorneys to act competently and diligently in representing their clients. By not naming SCPMG, Carlin failed

to uphold this duty, undermining my case and violating the ethical standards expected of legal practitioners.

**111. California Code of Civil Procedure §** 431.30(b) and **Federal Rule of Civil Procedure** 8(a) require that complaints provide a clear and concise statement of the claims and the parties involved. The omission of SCPMG resulted in a complaint that did not meet these procedural requirements, making it difficult for me to present a coherent and compelling case.

**b)  Failure to Act in Plaintiff's Best Interests**

**112.** Gary Carlin breached his fiduciary duty by failing to act in my best interests. This includes neglecting to adequately investigate and present my claims, failing to communicate important case developments, and providing poor legal advice that negatively impacted my case. Attorneys owe a fiduciary duty to their clients, which includes a duty of loyalty and care. The **California Business and Professions Code** § 6068 sets out the duties of an attorney, including acting with competence and loyalty towards their client. **Neel v. Magana, Olney, Levy, Cathcart & Gelfand,** 6 Cal. 3d 176 (1971), discusses the fiduciary duties owed by attorneys to their clients and the consequences of breaching those duties.

**c)  Conspiracy to Defraud**

**113.** Gary Carlin is accused of conspiring with opposing parties to defraud me. This included sharing confidential information, undermining my case, and taking actions that favored the opposing parties at my expense. For instance, Carlin communicated with KFH about my mental health status without my consent, contributing to strategic legal maneuvers against me. Conspiracy to defraud involves an agreement between two or more parties to commit fraud.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

Under **18 U.S.C**. § 371, conspiracy to commit any offense or to defraud the United States or any agency thereof is addressed. **Spires v. American Bus Lines**, 158 Cal. App. 2d 252 (1958), discusses the elements of a conspiracy to defraud and the need to prove that the defendant knowingly participated in a scheme to deceive the plaintiff.

**d) Malicious Conduct Causing Severe Emotional Distress**

**114.** The actions of Gary Carlin caused severe emotional distress to me. The intentional and malicious nature of these actions supports my claim for intentional infliction of emotional distress. His negligent and fraudulent conduct led to significant mental and emotional strain on me, exacerbated by the loss of my RN license and the resulting professional and personal consequences. Intentional infliction of emotional distress is addressed under **California Civil Code** § 1708.7. The tort requires proof that the defendant's conduct was outrageous, that the defendant intended to cause or recklessly disregarded the probability of causing emotional distress, and that the plaintiff suffered severe emotional distress as a result.

**115. Hughes v. Pair,** 46 Cal. 4th 1035 (2009), outlines the elements required to establish a claim for intentional infliction of emotional distress.

**e) Forgery of Retainer Agreement**

**116.** Gary Carlin forged my signature on the retainer agreement and other legal documents. This fraudulent action not only constitutes a serious breach of trust but also had significant legal repercussions for me. Carlin admitted to this forgery in communication with me, demonstrating clear intent to deceive. Forgery is defined under **18 U.S.C.** § 471, which includes falsifying signatures or altering documents with fraudulent intent. **People v. Nunn,** 46 Cal.2d 460 (1956),

34

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

and **Martin Brothers Construction Inc. v. Thompson Pacific Construction Inc.,** 179 Cal.App.4th 1401 (2009), discuss fraudulent intent and the implications of forgery in legal and professional settings.

**f) Claim for relief**

**117.** I respectfully request that the Court grant the following relief:

**a)** Compensatory damages for the economic loss, emotional distress, and professional consequences I suffered due to Gary Carlin's actions.

**b)** Declaratory relief affirming that Carlin's actions violated federal and state laws, including rules of professional conduct.

**c)** Any other relief that the Court deems just and proper.

## C. KAISER FOUNDATION HEALTH PLAN INC.

### CLAIMS FOR RELIEF
**1. Violation of the First Amendment to the U.S. Constitution**
**(via 42 U.S.C. § 1983)**
**2. Violation of the California Constitution**
**(California Constitution art. I)**
**3. Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. § 2000e, et seq.)**
**4. Violation of the Americans with Disabilities Act (ADA)**
**(42 U.S.C. § 12101, et seq.)**
**5. Violation of the Family and medical Leave Act (FMLA)**

35

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**(29 U.S.C. § 2601, et seq.)**

**a) Employment Discrimination and Retaliation**

**118.** Kaiser Foundation Health Plan Inc. directly engaged in discriminatory practices and retaliation against me. This includes being responsible for the fraud committed against me by both Kaiser Foundation Hospitals (KFH) and Southern California Permanente Medical Group (SCPMG).

**119.** I, Esther Atam, am a Black woman of African descent and therefore a member of protected classes under **Title VII**. Despite my protected status, SCPMG, engaged in adverse employment actions against me, including unjust suspensions and wrongful termination. These actions were taken because of my race, national origin, and gender, violating **Title VII's** prohibition against discrimination based on these characteristics. The discriminatory practices included derogatory comments from colleagues and supervisors and disparate treatment compared to non-Black and non-African employees.

**120.** The company's systemic policies failed to protect me from discrimination and retaliation, thereby violating **Title VII of the Civil Rights Act of 1964, 42 U.S.C**. § 2000e-2, and 42 U.S.C. § 2000e-3. Specifically, the company failed to implement adequate intervention to prevent and address harassment, and its disciplinary actions were applied in a biased manner against me. **Title VII, 42 U.S.C.** § 2000e-3(a) provides, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees...because he has opposed any practice made an unlawful employment practice by this subchapter."

**121.** I reported instances of harassment and discrimination to HR and participated in internal

36

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

investigations, which are protected activities under **Title VII**. In retaliation for my complaints, I faced unjust disciplinary measures, increased scrutiny, and ultimately termination. These retaliatory actions are in direct violation of **Title VII**, which prohibits any adverse employment action taken against an employee for engaging in protected activities. The company's failure to protect me from retaliation and to address my complaints adequately demonstrates a violation of its own policies and of federal law.

**a) Breach of Implied Contract**

**122.** Kaiser Foundation Health Plan Inc. breached the implied contract by not adhering to its own policies and practices regarding fair treatment and non-discrimination, leading to unjust termination and retaliatory actions. This implied contract, formed by the company's policies and representations, promised a fair and safe working environment. The company's failure to uphold these promises constitutes a breach of the implied contract. California Labor Code § 2922 provides that employment having no specified term may be terminated at the will of either party, but an implied contract may alter this at-will presumption.

**123.** I had a reasonable expectation of continued employment and fair treatment based on Kaiser Foundation Health Plan Inc.'s communicated policies. The company's employee handbooks and codes of conduct implied a contract of fair treatment and non-discrimination. By failing to uphold these policies and engaging in retaliatory actions, Kaiser breached the implied contract, as recognized in **Foley v. Interactive Data Corp.,** 47 Cal. 3d 654 (1988). My wrongful termination and retaliatory suspensions were contrary to the fair employment practices that the company's policies promised.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**124. Title VII of the Civil Rights Act of 1964, 42 U.S.C**. §§ 2000e-2 and 2000e-3; California Labor Code §§ 2922, 2924; **California Fair Employment and Housing Act** (FEHA), **Cal. Gov. Code** § 12940 et seq., which provides, "It is an unlawful employment practice...to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

b) **False Statements**

**125.** The company made false statements about my mental health and job performance, intending to harm my professional reputation. These statements were made with knowledge of their falsity and disseminated within the professional community, causing significant damage to my reputation and career prospects. **California Civil Code** § 44 defines defamation as "false and unprivileged publication...which has a tendency to injure him in his occupation."

**126.** Defendants knowingly made false and defamatory statements about me, claiming I had mental health issues and was unfit for my job. These statements were made to justify the unwarranted suspensions and wrongful termination and were shared with other employees and potential employers. This conduct constitutes defamation under **California Civil Code** § 44, as it was a false publication that harmed my professional reputation.

c) **Reliance and Harm**

**127.** I reasonably relied on Defendants' representations regarding their policies and practices, resulting in significant harm when those representations proved false. The fraudulent misrepresentations led to unjust disciplinary actions, wrongful termination, and damage to my professional reputation. **California Civil Code** § 1709 states, "One who willfully deceives

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

**128.** I relied on the company's assurances of a fair and non-discriminatory work environment. When the company failed to uphold these assurances and engaged in fraudulent misrepresentations about my mental health and job performance, I suffered significant harm. The company's actions not only led to wrongful termination but also damaged my professional reputation and career prospects, constituting a violation of **California Civil Code** § 1709, as seen in **Lazar v. Superior Court**, 12 Cal. 4th 631 (1996).

**d) Claim for Relief**

**129.** I, Esther Atam, respectfully request that the Court grant the following relief:

**i.** Compensatory damages for economic losses, including lost wages and benefits. Additionally, for emotional distress and mental anguish caused by discriminatory practices, retaliation, and defamatory statements.

**ii.** To punish Kaiser Foundation Health Plan Inc. for their discriminatory and retaliatory actions, breach of implied contract, defamation, and fraudulent misrepresentation.

**iii.** A declaration that Kaiser Foundation Health Plan Inc.'s actions violated Title VII of the Civil Rights Act of 1964, California Labor Code, California Fair Employment and Housing Act (FEHA), and California Civil Code. A declaration that Kaiser Foundation Health Plan Inc. breached the implied contract with me.

**iv.** Reinstatement to my former position with all associated benefits and seniority. Alternatively,

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

front pay if reinstatement is not feasible.

**v.** Any other relief that the Court deems just and proper to ensure I am fully compensated for the harm suffered.

## D.  KAISER FOUNDATION HOSPITALS (KFH)

### CLAIMS FOR RELIEF

**1.Violation of the First Amendment to the U.S. Constitution**

**(via 42 U.S.C. § 1983)**

**2.Violation of the California Constitution**

**(California Constitution art. I)**

**3.Violation of Title VII of the Civil Rights Act of 1964**

**(42 U.S.C. § 2000e, et seq.)**

**4.Violation of the Americans with Disabilities Act (ADA)**

**(42 U.S.C. § 12101, et seq.)**

**5.Violation of the Family and medical Leave Act (FMLA)**

**(29 U.S.C. § 2601, et seq.)**

### a)  Misrepresentation and Employment Relationship

**130.** Kaiser Foundation Hospitals (KFH) misrepresented my employment status, claiming I was solely employed by Southern California Permanente Medical Group (SCPMG), despite operating collectively as a single employer with Kaiser Permanente. This misrepresentation was central to the summary judgment granted in favor of KFH. According to the single employer doctrine, multiple entities can be considered a single employer if they exhibit

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control. The misrepresentation is crucial to clarify that although Kaiser West Los Angeles Medical Center is owned by KFH, they did not directly control my employment. My previous attorney, Kaiser Permanente, and the attorney general Gillian Friedman had a coordinated plan to undermine me, leaving me to piece together the facts on my own. KFH's main objective in responding to the complaint was to assert that there was no employment relationship and secure summary judgment on behalf of all Kaiser entities. This maneuver aimed to bar me from pursuing legal action against SCPMG and KFHP inc.

131. The single employer doctrine is supported by the National Labor Relations Act (NLRA), and similar principles are found in cases such as **NLRB v. Browning-Ferris Industries**, 691 F.2d 1117 (3rd Cir. 1982), which discusses the criteria for determining single employer status. Additionally, **Boire v. Greyhound Corp.,** 376 U.S. 473 (1964), emphasizes that whether two entities constitute a single employer is a factual determination based on the relationship and interactions between them.

b) **Obtaining Prefiling Orders Based on Misrepresentation**

132. KFH engaged in fraudulent behavior by obtaining prefiling orders based on misrepresented facts. These prefiling orders led to the dismissal of my case against SCPMG, which I argue was unjust and void due to fraud. Prefiling orders are meant to prevent frivolous litigation, but in this case, they were obtained through deceit, undermining the integrity of the judicial process. **Federal Rule of Civil Procedure** 60(b)(3) provides relief from a judgment or order due to fraud, misrepresentation, or misconduct by an opposing party. The case of **Hazel-Atlas**

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**Glass Co. v. Hartford-Empire Co.,** 322 U.S. 238 (1944), illustrates the court's power to set aside judgments obtained through fraud on the court. In **Chambers v. NASCO, Inc.,** 501 U.S. 32 (1991), the court highlighted its inherent power to address fraud and misrepresentation that affects the judicial process.

c)  **Failure to Provide Justification and Evidence**

133. KFH, along with other defendants, failed to provide adequate justification or evidence for the prefiling orders and other procedural actions, violating statutory requirements and my right to due process. The only point KFH had to argue was that, the judge had awarded summary judgment to 'Kaiser' and I sought to file a separate lawsuit against SCPMG 'Kaiser'. I sought to do this despite the assertion that summary judgment was granted for 'all' Kaiser entities. The court's issuance of prefiling orders without any hearing on December 9th, 2022, highlights significant procedural irregularities and biases. Due process rights are protected under the Fourteenth Amendment to the U.S. Constitution, which requires that individuals be given notice and an opportunity to be heard before being deprived of life, liberty, or property.

134. The case of **Mathews v. Eldridge,** 424 U.S. 319 (1976), outlines the procedural due process requirements, emphasizing the need for fair procedures when significant interests are at stake.

d)  **Retaliatory Suspension and Demanding Psychiatric Clearance**

135. SCPMG retaliated against me for my complaints of workplace harassment by unlawfully suspending me and demanding a psychiatric clearance note without proper legal basis. The retaliation extended to denying me due wages and fabricating reasons for my suspension and eventual termination, violating my employment rights and causing significant financial and

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

emotional harm.

**136.** Retaliation for protected activities, such as reporting workplace harassment, is prohibited under **Title VII of the Civil Rights Act of 1964** (42 U.S.C. § 2000e-3(a)). This statute makes it unlawful for an employer to discriminate against an employee for opposing unlawful employment practices or participating in an investigation or proceeding under Title VII. The case of **Burlington Northern & Santa Fe Railway Co. v. White,** 548 U.S. 53 (2006), elaborates on the broad scope of protections against retaliation under Title VII, including actions that might dissuade a reasonable worker from making or supporting a charge of discrimination.

**137. California's Fair Employment and Housing Act** (FEHA) (Cal. Gov. Code § 12940(h)) also prohibits retaliation against employees for engaging in protected activities, such as reporting harassment or discrimination.

**e) Claim for Relief**

**138.** I respectfully request that the Court grant the following relief:

**i.** Compensatory Damages: For economic losses, emotional distress, and other damages resulting from KFH's misrepresentation of Plaintiff's employment status and its impact on the legal proceedings.

**ii.** Punitive Damages: To deter similar conduct by KFH and other employers in the future.

**iii.** Declaratory Relief: Affirming that KFH's actions violated federal and state laws, including rules of professional conduct.

43

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**iv.** A declaration that KFH violated my due process rights by failing to provide justification and evidence for the prefiling orders

**v.** Injunctive Relief: An order requiring KFH to correct the misrepresentations and accurately represent the employment relationships in all future proceedings.

**vi.** Reinstatement: To my former position, or front pay if reinstatement is not feasible.

**vii.** Attorney's Fees and Costs: Associated with bringing this action.

**viii.** Any other relief that the Court deems just and proper to ensure I am fully compensated for the harm suffered.

## E. SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP (SCPMG)

### CLAIMS FOR RELIEF

**1.Violation of the First Amendment to the U.S. Constitution**

**(via 42 U.S.C. § 1983)**

**2.Violation of the California Constitution**

**(California Constitution art. I)**

**3.Violation of Title VII of the Civil Rights Act of 1964**

**(42 U.S.C. § 2000e, et seq.)**

**4.Violation of the Americans with Disabilities Act (ADA)**

**(42 U.S.C. § 12101, et seq.)**

**5.Violation of the Family and medical Leave Act (FMLA)**

**(29 U.S.C. § 2601, et seq.)**

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

### a) Misrepresenting Plaintiff's Employment Details

**139.** SCPMG's main role in the legal proceedings was to continue the strategy initiated by KFH, which was to label me as a vexatious litigant for proceeding with a lawsuit against SCPMG, despite KFH having received a summary judgment for 'all' Kaiser entities. After my complaint against SCPMG was filed, they supported KFH's plan by requesting a hearing for prefiling orders, aimed at upholding the prefiling orders that KFH issued without a hearing. These orders were intended to prevent me from initiating any legal action against SCPMG. However, I was able to file a new lawsuit on December 5, 2022, just four days before the issuance of the prefiling orders on December 9, 2022.

**140.** The single employer doctrine, as discussed in **NLRB v. Browning-Ferris Industries**, 691 F.2d 1117 (3rd Cir. 1982), helps in determining liability when operations are interrelated. Misrepresenting such relationships can constitute fraud and misrepresentation under **Federal Rule of Civil Procedure** 60(b)(3), which provides relief from judgments obtained through such deceit. **Boire v. Greyhound Corp.,** 376 U.S. 473 (1964), supports the factual determination needed to ascertain whether entities constitute a single employer.

### b) Significant Evidentiary Deficiencies and Arbitrary Security Deposit

**141.** SCPMG's actions included significant evidentiary deficiencies and the arbitrary imposition of a security deposit, further undermining the integrity of the legal process. The requirement for a security deposit was imposed without proper legal justification and was used to financially burden me and prevent me from accessing the court. The court designated KFH as the lead case despite the summary judgment determining that I was not an employee and my

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

case had already been dismissed. Nevertheless, I was still required to pay a security deposit to proceed with litigation.

**142.** The imposition of a security deposit without proper legal basis is governed by **California Code of Civil Procedure** § 391.3, which requires substantial justification for such actions. In **De Long v. Hennessey**, 912 F.2d 1144 (9th Cir. 1990), the court emphasized the need for a proper basis when imposing security deposits on litigants.

**143. Mathews v. Eldridge,** 424 U.S. 319 (1976), outlines procedural due process requirements, emphasizing fair procedures when significant interests are at stake.

**c)  Retaliatory Actions**

**144.** SCPMG's retaliatory actions, including my suspension and termination, violated **California Labor Code** § 1102.5, which protects employees from retaliation for disclosing information about workplace violations. My suspension and termination were acts of retaliation for my complaints about workplace harassment, demonstrating a clear violation of labor protections.

**145. California Labor Code** § 1102.5 makes it unlawful for an employer to retaliate against an employee for disclosing information, or because the employer believes that the employee has disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance. **Mokler v. County of Orange,** 157 Cal. App. 4th 121 (2007), supports claims related to retaliation under **California Labor Code** § 1102.5, providing a basis for understanding how retaliatory acts can be challenged legally.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

### d) Suspension and Termination without Legal Basis

**146.** SCPMG allegedly suspended and terminated me without a legal basis, fabricating reasons for these actions. These actions violated my employment rights and caused significant financial and emotional harm. The suspension and termination were not based on any legitimate business concerns but were retaliatory measures to silence my complaints about workplace issues.

**147.** The **California Fair Employment and Housing Act** (FEHA) (Cal. Gov. Code § 12940) prohibits retaliation against employees for opposing unlawful practices. This includes wrongful suspension and termination.

**148. Guz v. Bechtel National, Inc.,** 24 Cal. 4th 317 (2000), discusses the breach of implied contract terms and provides a legal basis for claims related to wrongful termination. The case of **Burlington Northern & Santa Fe Railway Co. v. White**, 548 U.S. 53 (2006), elaborates on the broad scope of protections against retaliation under Title VII, which is applicable in contexts of unfair suspension and termination.

### e) Claim for Relief

**149.** I respectfully request that the Court grant the following relief:

 **i.** Compensatory Damages: For the economic loss, emotional distress, and professional consequences I have suffered.

 **ii.** Punitive Damages: To deter similar conduct by SCPMG and other employers in the future.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**iii.** Declaratory Relief: Affirming that SCPMG's actions violated federal and state laws, including rules of professional conduct.

**iv.** Injunctive Relief: Requiring SCPMG to implement and enforce policies that prevent misrepresentation, fraud, and retaliation in the workplace.

**v.** Reinstatement: To my former position, or front pay if reinstatement is not feasible.

**vi.** Attorney's Fees and Costs: Associated with bringing this action.

**vii.** Any other relief that the Court deems just and proper to ensure I am fully compensated for the harms suffered.

## F.  ATTORNEY GENERAL'S OFFICE AND GILLIAN FRIEDMAN

### CLAIMS FOR RELIEF

**1.Violation of the First Amendment to the U.S. Constitution**

**(via 42 U.S.C. § 1983)**

**2.Violation of the California Constitution**

**(California Constitution art. I)**

**3.Violation of the Due Process Clause**

**of the Fourteenth Amendment**

**to the U.S Constitution**

**a)  Egregious Conduct Involving Malice, Fraud, and Oppression**

**150.** Attorney General Gillian Friedman is accused of engaging in conduct involving malice, fraud, and oppression, which warrants exemplary damages. The actions included the revocation of

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

my RN license based on fabricated evidence. Such conduct not only harmed me professionally but also demonstrated a gross abuse of power. The **California Civil Code** § 3294 allows for the recovery of exemplary damages in cases where the defendant's conduct is proven to be malicious, fraudulent, or oppressive.

**151. Neal v. Farmers Ins. Exchange**, 21 Cal. 3d 910 (1978), sets out the standards for awarding punitive damages for malicious, fraudulent, or oppressive conduct.

**b) Abuse of Power**

**152.** I allege that the Attorney General's office abused its power by coordinating with Kaiser Permanente to retaliate against me. This coordination involved using the authority of the Attorney General's office to support the revocation of my RN license without legitimate grounds, thereby infringing upon my rights and violating fair administrative procedures. Prior to initiating legal action in November 10, 2021, my RN license was in good standing and had no issues with the BRN.

**153.** Abuse of power and retaliation by public officials are prohibited under various federal and state laws, including the **Civil Rights Act** of 1871 (42 U.S.C. § 1983), which provides a remedy for individuals whose constitutional rights are violated by state actors.

**154.** In **Gibson v. United States,** 781 F.2d 1334 (9th Cir. 1986), the court addressed issues of abuse of power and due process violations by government officials.

**c) Revocation of License Without Proper Justification**

**155.** The Attorney General's office is accused of procedural misconduct by revoking my license

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

and supporting prefiling orders without proper justification. These actions reflected a disregard for due process and legal fairness. The revocation was based on fabricated evidence, which was used to unjustly discredit me and harm my professional standing. Due process violations are addressed under the Fourteenth Amendment to the U.S. Constitution, which requires fair procedures before depriving an individual of life, liberty, or property.

156. **Goldberg v. Kelly**, 397 U.S. 254 (1970), emphasizes the requirement for due process in administrative procedures, ensuring that individuals are given notice and an opportunity to be heard.

d) **Initiation of Unfounded Legal Actions**

157. The Attorney General's office, under the direction of Gillian Friedman, initiated unfounded legal actions against me, including the revocation of my professional license based on fabricated allegations. This constitutes malicious prosecution, as the actions were taken with malice and without probable cause, causing damage to me. Malicious prosecution claims can be brought under California law, as outlined in **Sullivan v. County of Los Angeles,** 12 Cal. 3d 710 (1974), where the court addressed the elements required to establish a claim of malicious prosecution, including the initiation of proceedings without probable cause and with malice. **Sheldon Appel Co. v. Albert & Oliker,** 47 Cal. 3d 863 (1989), further elaborates on the standards for proving malicious prosecution, focusing on the absence of probable cause and the presence of malice.

e) **Failure to Follow Fair Administrative Procedures**

158. The actions taken by the Attorney General's office violated the Administrative Procedures

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

Act (APA), which mandates fair administrative procedures and protections against arbitrary actions by government officials. The revocation of my RN license was carried out without adhering to the required legal standards, denying me a fair hearing and the opportunity to present my case. The **Administrative Procedures Act** (5 U.S.C. § 551 et seq.) establishes the standards for administrative procedures, ensuring due process and preventing arbitrary decision-making by federal agencies.

159. **Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co**., 463 U.S. 29 (1983), emphasizes the importance of reasoned decision-making and adherence to procedural standards in administrative actions.

**f)   Claim for Relief**

160. I respectfully request that the Court grant the following relief:

**i.** Compensatory Damages: For the economic losses, emotional distress, and professional harm resulting from the unjust revocation of Plaintiff's RN license based on fabricated evidence.

**ii.** Punitive Damages: To punish Gillian Friedman for procedural misconduct and to deter similar conduct in the future.

**iii.** Declaratory Relief: Affirming that the actions of the Attorney General's Office and Gillian Friedman violated federal and state laws, including rules of professional conduct and due process requirements.

**iv.** Injunctive Relief: Requiring the Attorney General's Office to implement and enforce policies that prevent abuse of power, fraud, and procedural misconduct in administrative actions.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**v.** Reinstatement: Of my RN license and position, or front pay if reinstatement is not feasible.

**vi.** Attorney's Fees and Costs: Associated with bringing this action.

**vii.** Any other relief that the Court deems just and proper to ensure I am fully compensated for the harms suffered.

## G. LORETTA MELBY, EO OF THE BOARD OF REGISTERED NURSING (BRN)

### <u>CLAIMS FOR RELIEF</u>

**1.Violation of the First Amendment to the U.S. Constitution**

**(via 42 U.S.C. § 1983)**

**2.Violation of the California Constitution**

**(California Constitution art. I)**

**3.Violation of the Due Process Clause**

**of the Fourteenth Amendment**

**to the U.S Constitution**

**a) Fabrication of Petition Leading to Section 820 Mental Exam**

**161.** Loretta Melby, as the Executive Officer of the BRN, allegedly fabricated a petition that led to the issuance of an order for a Section 820 mental exam and the subsequent revocation of my RN license. This action was based on false observations and had severe professional and personal repercussions for the plaintiff. The fabrication was used to discredit me and unjustly label me as mentally unfit.

**162. California Business and Professions Code** § 820 allows for mental and physical

52

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

examinations of licensees when there is reasonable cause. However, the use of fabricated evidence to justify such an exam violates due process. **Brosterhous v. State Bar of California,** 12 Cal. 4th 315 (1995), addresses issues of due process and the misuse of procedural mechanisms to unjustly harm a professional's reputation.

**163.** Defamation is addressed under **California Civil Code** § 46, which defines and prohibits slanderous statements. **Smith v. Maldonado,** 72 Cal. App. 4th 637 (1999), provides guidance on defamation claims and the necessity of proving false and damaging statements.

**b) Coordinated Retaliation with KFHP Inc., SCPMG, and KFH**

**164.** The BRN, in coordination with Kaiser Permanente allegedly retaliated against me by falsely labeling me as mentally unfit. This was a strategic move to discredit me and impede my legal pursuits. Their coordinated actions aimed to silence me and prevent me from seeking justice, thereby undermining my rights.

**165.** Retaliation for engaging in protected activities, such as reporting workplace issues, is prohibited under **California Fair Employment and Housing Act** (FEHA) (Cal. Gov. Code § 12940(h)). **Yanowitz v. L'Oreal USA,** Inc., 36 Cal. 4th 1028 (2005), addresses the broad protections against retaliation.

**166.** Conspiracy to commit a tort is actionable under California law, as outlined in **Kesmodel v. Rand, 119** Cal. App. 4th 1128 (2004), where the court discussed the elements of a civil conspiracy and the requirement to prove an underlying tort.

**c) Violation of Due Process Rights**

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**167.** The BRN's actions included denying me a fair hearing and due process. The decisions to revoke my license were based on fabricated and unsubstantiated claims, reflecting a significant violation of my rights. The lack of a proper and impartial review process denied me the opportunity to defend myself against the false allegations. The Fourteenth Amendment to the U.S. Constitution guarantees due process rights, ensuring that individuals are given notice and an opportunity to be heard before being deprived of life, liberty, or property. **Mathews v. Eldridge,** 424 U.S. 319 (1976), outlines the procedural due process requirements, emphasizing the need for fair procedures when significant interests are at stake.

**168. California Administrative Procedures Act** (Cal. Gov. Code § 11370 et seq.) also mandates fair administrative procedures, ensuring due process in the actions of state agencies.

**d) Abuse of Discretion**

**169.** The BRN, under the direction of Loretta Melby, abused its discretion by taking arbitrary and capricious actions against me. These actions included fabricating a false petition for a section 820 exam which led to the unjust revocation of my license without a legitimate basis, demonstrating a disregard for legal standards and procedural fairness.

**170.** Abuse of discretion is a standard for reviewing administrative actions, as outlined in **Overton Park v. Volpe**, 401 U.S. 402 (1971), where the court held that administrative decisions must be based on consideration of relevant factors and not constitute a clear error in judgment.

**171. California Administrative Procedures Act** (Cal. Gov. Code § 11370 et seq.) provides a framework for challenging arbitrary and capricious administrative actions.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**e) Intentional Infliction of Emotional Distress**

**172.** The BRN's and Loretta Melby's malicious actions, including the fabrication of evidence and the unjust revocation of my license, caused severe emotional distress to me. The intentional and malicious nature of these actions supports my claim for intentional infliction of emotional distress

**173.** Intentional infliction of emotional distress is addressed under **California Civil Code** § 1708.7. The tort requires proof that the defendant's conduct was outrageous, that the defendant intended to cause or recklessly disregarded the probability of causing emotional distress, and that the plaintiff suffered severe emotional distress as a result. **Hughes v. Pair,** 46 Cal. 4th 1035 (2009), outlines the elements required to establish a claim for intentional infliction of emotional distress.

**f) Claim for Relief**

**174.** I, Esther Atam, respectfully request that the Court grant the following relief:

**i.** Compensatory Damages: I seek substantial monetary compensation for the economic losses, severe emotional distress, and reputational damage caused by the fraudulent Section 820 mental exam and the subsequent revocation of my RN license, which were based on fabricated evidence.

**ii.** Exemplary/Punitive Damages: To punish and deter similar conduct by EO Loretta Melby, the BRN, and other public officials in the future.

**iii.** Injunctive Relief: An injunction compelling the BRN to reinstate her RN license, halt any

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

ongoing defamatory actions, and ensure that any future actions are based on verifiable and substantiated claims.

**iv.** Declaratory Relief: Affirming that the actions of Loretta Melby and the BRN violated federal and state laws, including rules of professional conduct and due process requirements.

**v.** Attorney's Fees and Costs: Associated with bringing this action.

**vi.** Any other relief that the Court deems just and proper to ensure I am fully compensated for the harms suffered.

## H. JUDGE SMALL

### a) Bias and Partiality

**175.** Judge Small displayed bias and a lack of impartiality throughout my case. This included making rulings that consistently favored the defendants, ignoring evidence presented by me, and showing a prejudicial attitude during hearings. The judge's conduct indicated a preconceived judgment against me, compromising the fairness of the trial. Judicial bias and partiality are addressed under the Due Process Clause of the Fourteenth Amendment, which guarantees the right to a fair trial by an impartial judge.

**176. Tumey v. Ohio**, 273 U.S. 510 (1927), established that a judge must be disqualified if they have a direct, personal, substantial pecuniary interest in reaching a conclusion against a litigant. **Caperton v. A.T. Massey Coal Co.,** 556 U.S. 868 (2009), emphasized the necessity of recusal in cases where there is a significant probability of actual bias.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**b)  Issuing Prefiling Orders Without Proper**

**177.** This order was issued by Judge Steven Kleifield. However, Judge Small was fully aware of its fraudulent nature upon clear inspection of the order itself and the court records. Despite the order being void, a motion for reconsideration was denied, and subsequent decisions continued to be based on this invalid pre-filing order. These orders unjustly labeled me as a vexatious litigant, hindering my ability to pursue legal claims. They were issued without proper legal basis, relying on misrepresentations and lacking necessary justification. Prefiling orders require substantial evidence of frivolous litigation, which was absent in my case. Issuing such orders arbitrarily violates legal standards. According to **California Code of Civil Procedure** § 391, a vexatious litigant order must be based on a clear showing that the litigant has engaged in a pattern of frivolous or harassing litigation. **De Long v. Hennessey,** 912 F.2d 1144 (9th Cir. 1990), requires that a prefiling order be narrowly tailored to address the specific problem and that the litigant be given notice and an opportunity to be heard.

**c)  Violation of Due Process Rights**

**178.** Judge Small violated my due process rights by failing to provide a fair hearing and adequate justification for the rulings and orders issued. The judge denied my motions without proper consideration, failed to allow the full presentation of evidence, and did not provide adequate reasons for adverse decisions. These procedural actions denied me the opportunity to present my case fully and fairly.

**179.** The Due Process Clause of the Fourteenth Amendment ensures that individuals are given notice and an opportunity to be heard before being deprived of life, liberty, or property.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**Goldberg v. Kelly,** 397 U.S. 254 (1970), emphasizes the requirement for due process in administrative procedures, ensuring that individuals are given a fair opportunity to present their case. **Mathews v. Eldridge,** 424 U.S. 319 (1976), outlines the procedural due process requirements, emphasizing the need for fair procedures when significant interests are at stake.

### d) Abuse of Discretion

180. Judge Small made arbitrary and capricious decisions throughout the proceedings, demonstrating an abuse of discretion. Examples include issuing rulings that were not based on the facts presented, ignoring relevant legal standards, and making decisions that significantly deviated from accepted judicial practices. These decisions caused unjust outcomes and harm to the plaintiff. Abuse of discretion is a standard for reviewing judicial decisions, indicating that the judge's decisions were not based on a rational assessment of the evidence and the law. **Overton Park v. Volpe,** 401 U.S. 402 (1971), held that administrative decisions must be based on consideration of relevant factors and not constitute a clear error in judgment. **People v. Carmony,** 33 Cal. 4th 367 (2004), discusses the abuse of discretion standard in the context of judicial decisions, emphasizing the necessity for judicial actions to be grounded in reason and evidence.

### e) Retaliation and Judicial Misconduct

181. Judge Small engaged in retaliatory actions and judicial misconduct by using the court's authority to punish me for asserting my legal rights. These actions included the unjust continuation of the defendants' hearing on prefiling orders set for July 7, 2025, despite my complaint being dismissed with prejudice on December 13, 2023, along with other punitive

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

measures aimed at deterring me from pursuing my claims. The judge's conduct reflected a misuse of judicial power to intimidate and retaliate against me. Retaliation by a judge is a serious form of judicial misconduct and can be addressed through the judicial disciplinary process and legal actions for the violation of constitutional rights. **Ex parte Virginia,** 100 U.S. 339 (1879), established that judges can be held liable for actions taken in their judicial capacity that violate constitutional rights.

**182.** The **Judicial Conduct and Disability Act** (28 U.S.C. §§ 351-364) provides mechanisms for addressing judicial misconduct, ensuring accountability for actions that undermine the integrity of the judiciary.

**183. PREFILING ORDERS**

**a) Issuance Without Proper Basis**

**184.** The prefiling orders issued against me were done so without a proper basis, effectively labeling me as a vexatious litigant and impeding my ability to pursue legal claims. These orders were based on misrepresentations and lacked the necessary legal justification. Prefiling orders should not have been issued since no hearing or substantial evidence was presented to justify them. California Code of Civil Procedure § 391.7 allows the court to enter prefiling orders to prevent vexatious litigants from initiating new litigation without prior approval. However, this must be based on clear evidence and a formal hearing, which was not conducted in this case. **De Long v. Hennessey,** 912 F.2d 1144 (9th Cir. 1990), requires that a prefiling order be narrowly tailored to address the specific problem and that the litigant be given notice and an opportunity to be heard.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

### b) Failure to Provide Fair Hearing and Adequate Justification

**185.** The court violated my due process rights by failing to provide a fair hearing and adequate justification for the issuance of prefiling orders. The orders were issued without proper notice and without a meaningful opportunity for me to defend myself, constituting a significant due process violation.

**186.** The Due Process Clause of the Fourteenth Amendment ensures that individuals are given notice and an opportunity to be heard before being deprived of life, liberty, or property. **Mathews v. Eldridge**, 424 U.S. 319 (1976), outlines the procedural due process requirements, emphasizing the need for fair procedures when significant interests are at stake. **Spector v. Superior Court,** 55 Cal.2d 839 (1961), asserts the right to a hearing before a judgment affecting a party's rights is rendered.

### c) Fabrication and Use of Fraudulent Orders

**187.** The prefiling orders were based on fraudulent conduct and misrepresentations by the defendants. I allege that KFH misled the court to obtain these orders. The orders were used to unjustly restrict my legal actions and protect the defendants from legitimate claims. **California Civil Code** § 1572 defines actual fraud as including intentional misrepresentation or concealment of a material fact. **Liodas v. Sahadi,** 19 Cal. 3d 278 (1977), outlines the elements of fraudulent misrepresentation and the need to prove that the plaintiff relied on the false statements to their detriment. **Lovejoy v. AT&T Corp.,** 92 Cal.App.4th 85 (2001), discusses the liability for fraudulent misrepresentation and the necessity to demonstrate intentional deception.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

### d) Improper Use of Prefiling Orders to Impede Legal Recourse

**188.** The prefiling orders were improperly used to block me from pursuing legitimate legal actions against the defendants. This misuse of judicial authority denied me my right to seek redress and access the courts. The orders were not based on any pattern of frivolous litigation but rather on fraudulent misrepresentations by the defendants. **California Code of Civil Procedure** § 391.3 requires that prefiling orders be issued based on a pattern of frivolous litigation, which was not evident in this case.

**189. Bill Johnson's Restaurants, Inc. v. NLRB,** 461 U.S. 731 (1983), emphasizes the fundamental nature of the right to access the courts, stating that restrictions on this right must be scrutinized closely to ensure they do not unduly burden litigants.

### e) Procedural Irregularities in Issuing Prefiling Orders

**190.** The court failed to adhere to the procedural requirements outlined in the **California Code of Civil Procedure** when issuing the prefiling orders. This included issuing orders without proper notice or hearings and relying on misrepresented facts. The procedural irregularities undermine the legitimacy of the orders and necessitate their vacatur. **California Code of Civil Procedure** § 391.6 outlines the requirements for issuing prefiling orders, including proper notice and an opportunity for the litigant to be heard.

**191. Overton Park v. Volpe**, 401 U.S. 402 (1971), held that administrative decisions must be based on consideration of relevant factors and not constitute a clear error in judgment.

### f) Issuance of Orders Without Proper Justification

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**192.** The prefiling orders were issued arbitrarily and capriciously, without proper justification or adherence to legal standards. This abuse of judicial discretion deprived the plaintiff of her legal rights and access to the courts. The orders were based on incorrect legal citations and misinterpretations of the law.

**193.** Abuse of discretion is a standard for reviewing judicial decisions, indicating that the judge's decisions were not based on a rational assessment of the evidence and the law. **People v. Carmony,** 33 Cal. 4th 367 (2004), discusses the abuse of discretion standard in the context of judicial decisions.

**g) Infringement on Right to Access the Courts**

**194.** The misuse of prefiling orders infringed on my constitutional right to access the courts. This fundamental right is protected under the due process clause, and any restrictions placed on it must be narrowly tailored and fully justified. The arbitrary imposition of prefiling orders without substantial evidence constitutes a violation of this right.

**195.** The case of **Bill Johnson's Restaurants, Inc. v. NLRB**, 461 U.S. 731 (1983), is instructive in emphasizing the fundamental nature of the right to access the courts and the need for close scrutiny of any restrictions on this right. **Beaudry v. TeleCheck Services, Inc.,** 579 F.3d 702 (6th Cir. 2009), reaffirms that access to the courts is a fundamental right protected by the Constitution.

**I.   GENERAL ALLEGATIONS**

**a)   Unreasonable Request for Psychiatric Clearance**

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**196.** SCPMG management's request for a psychiatric clearance note was fundamentally unreasonable and violated established legal guidelines under the **Americans with Disabilities Act (ADA).** According to the ADA (42 U.S.C. § 12112(d)(4)(A)), an employer can only request a medical examination if it is job-related and consistent with business necessity. In this case, these criteria were not met, as there were no observable performance issues related to my ability to perform my job. Instead, the request was a retaliatory measure following my complaints about workplace bullying and harassment, which is not a legitimate business necessity. This situation aligns with the principles in **Sullivan v. River Valley School Dist.,** 197 F.3d 804 (6th Cir. 1999), where the court held that a psychiatric evaluation must be job-related and consistent with business necessity.

**b) Invalid Termination**

**197.** The termination that followed my suspension did not comply with the legal standards for fitness-for-duty assessments as outlined by the **ADA** and the **Equal Employment Opportunity Commission** (EEOC) guidelines. The law requires that any fitness-for-duty exam be based on a legitimate concern for workplace safety and performance. However, I was placed on medical leave without my request, and despite providing the requested clearance note, I was not allowed to return to work. This sequence of actions demonstrates that the termination was unjust and retaliatory, aimed at silencing my complaints rather than addressing any genuine performance or health concerns. This is supported by the ruling in **Bates v. Dura Automotive Systems, Inc.,** 767 F.3d 566 (6th Cir. 2014), which emphasized that medical examinations must be justified by actual job-related concerns.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**c) Violation of California Labor Code Section 132a**

**198. California Labor Code Section** 132a protects employees from retaliation due to workplace injuries or perceived injuries. My suspension and termination were retaliatory actions following my complaints about workplace harassment and the subsequent stress-related symptoms I experienced. The retaliatory actions included the demand for an unnecessary psychiatric clearance, suspension without valid cause, and eventual termination. These actions clearly violated the protections provided under **Labor Code Section** 132a, which ensures that employees are not discriminated against for reporting workplace issues. This situation is comparable to **Barnes v. Workers' Comp. Appeals Bd**., 201 Cal. App. 3d 638 (1988), where retaliatory actions for filing workers' compensation claims were found to violate Labor Code Section 132a.

**d) False Claims and Unjust Suspension**

**199.** The defendants' actions, including falsely claiming mental illness and unjustly suspending me, were retaliatory. My initial complaint about workplace bullying should have been addressed through proper HR channels instead of punitive measures. The use of false claims to justify suspension and termination constitutes an abuse of legal protections meant to safeguard employees from such retaliation. **Mundy v. Household Finance Corp**., 885 F.2d 542 (9th Cir. 1989), supports that retaliatory actions based on false accusations are unlawful.

**e) Vexatious Litigant Designation**

**200.** The designation of me as a vexatious litigant was used punitively to prevent me from accessing the courts and pursuing legitimate claims. According to the **Federal Rules of Civil**

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**Procedure, Rule** 11(b), any filing must be warranted by existing law or a non-frivolous argument for changing the law. In this case, the designation was based on meritless allegations and procedural tactics aimed at obstructing my legal actions, denying me the opportunity to fairly present my case. The case of **Ringgold-Lockhart v. County of Los Angeles**, 761 F.3d 1057 (9th Cir. 2014), provides insight into the proper application of vexatious litigant orders and the necessity for clear justification.

**f) Unjust Security Deposit Requirement**

**201.** Requiring me to post a security deposit without proper justification further impeded my right to a fair trial and access to justice. This requirement lacked legitimate legal grounds and served only to obstruct my access to the judicial system. Such actions undermine the principles of fair and just legal proceedings, effectively denying me the ability to seek justice, as outlined under **California Code of Civil Procedure** § 391.3 and § 391.7. This issue is akin to the findings in **De Long v. Hennessey,** 912 F.2d 1144 (9th Cir. 1990), which stressed the necessity of a proper basis when imposing security deposits on litigants.

**g) Misleading Communications and Delays**

**202.** The defendants engaged in fraudulent and deceptive legal practices, including misleading communications, intentional delays, and false representations. These actions aimed to influence legal proceedings to their advantage, violating **Federal Rule of Civil Procedure** 60(b)(3), which allows relief from a judgment or order due to fraud, misrepresentation, or misconduct by an opposing party. Misleading communications, such as misrepresenting my employment status and the nature of my complaints, were used to obtain favorable rulings and

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

dismissals without addressing the substantive issues raised by me. The principles in **Hazel-Atlas Glass Co. v. Hartford-Empire Co.,** 322 U.S. 238 (1944), addressing fraud on the court, are relevant here.

### h) Pattern of Fraud and Obstruction

**203.** The defendants' practices collectively constituted a pattern of fraud aimed at obstructing justice and undermining my legal rights. Through deceptive practices, they sought to manipulate the legal process and avoid accountability. The intentional delays and procedural tactics were designed to frustrate my legal efforts, increasing my financial and emotional burden. This pattern of behavior demonstrates a clear intent to deny me justice and silence my legitimate grievances. **Chambers v. NASCO, Inc**., 501 U.S. 32 (1991), highlights the court's authority to address and sanction fraudulent conduct.

### i) Public Humiliation and Defamatory Statements

**204.** I experienced significant emotional distress due to the defendants' actions, including public humiliation, defamatory statements, and unjust suspension and termination. These actions were carried out with malicious intent, causing severe emotional and psychological harm. The defamatory statements, falsely claiming mental illness and unprofessional behavior, damaged my reputation and professional standing. These statements were baseless and intended to discredit me. **Hughes v. Pair,** 46 Cal. 4th 1035 (2009), outlines the requirements for proving intentional infliction of emotional distress, which are met in this scenario.

### j) Retaliatory Actions and Emotional Harm

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

**205.** The intentional and malicious nature of the defendants' actions further supports the claim for intentional infliction of emotional distress. The retaliatory measures taken against me, including suspension, termination, and the revocation of my professional license, were intended to cause emotional pain and distress. The ongoing harassment and unjust treatment exacerbated my emotional suffering, leading to significant health issues. The deliberate infliction of emotional distress through these actions warrants legal redress and compensation for the harm caused. **Christensen v. Superior Court,** 54 Cal. 3d 868 (1991), provides further guidance on the tort of intentional infliction of emotional distress

**k) Breach of Contract and Defamation**

**206.** The defendants breached their contractual obligations to me by failing to provide a safe and harassment-free work environment. My contract with my employer included implicit terms of mutual respect and fair treatment, which were violated through their actions. This breach of contract encompassed the failure to adequately address my complaints of workplace bullying, wrongful suspension, and termination without proper cause. These actions violated the terms of my employment contract and caused significant professional and personal harm. **Guz v. Bechtel National, Inc.,** 24 Cal. 4th 317 (2000), supports my claims regarding breach of implied contract terms.

**l) Defamatory Conduct**

**207.** The defendants engaged in defamatory conduct by making false and damaging statements about my mental health and professional behavior. These statements were disseminated within the workplace and to external parties, causing irreparable harm to my reputation. The

67

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

defamatory conduct formed part of a broader strategy to discredit me and justify my wrongful termination. The false statements about my mental health were made with malicious intent, aiming to harm my professional standing and personal well-being. **Smith v. Maldonado**, 72 Cal. App. 4th 637 (1999), provides guidance on the elements of defamation, all of which are met in this case.

**m) Discrimination Based on Mental Health**

**208.** The defendants' actions violated federal and state anti-discrimination laws, including the **ADA** and the **California Fair Employment and Housing Act** (FEHA). The unwarranted demand for a psychiatric clearance note and subsequent termination constituted discriminatory actions based on perceived mental health issues. Under the **ADA** (42 U.S.C. § 12101 et seq.) and **FEHA** (Cal. Gov. Code § 12940), employees are protected from discrimination based on disability or perceived disability. These discriminatory actions were taken without any legitimate business necessity and were based on false assumptions about my mental health, thus violating these protections. **Simmons v. Navajo County, Ariz.,** 609 F.3d 1011 (9th Cir. 2010), underscores the protections against disability discrimination under the **ADA**

**n) Retaliation for Protected Activities**

**209.** The defendants retaliated against me for engaging in protected activities, such as reporting workplace bullying and harassment. Federal and state laws, including **Title VII** of the **Civil Rights Act** of 1964 (42 U.S.C. § 2000e et seq.) and the **California Fair Employment and Housing Act** (FEHA), expressly prohibit retaliation against employees for reporting discrimination or harassment. This retaliation included wrongful suspension, termination, and

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

the imposition of vexatious litigant status. These actions were taken to punish me for asserting my rights and to deter me from pursuing further legal action.

**210.** The case of **Burlington Northern & Santa Fe Railway Co. v. White**, 548 U.S. 53 (2006), provides insight into the broad scope of protections against retaliation under **Title VII**. It emphasizes that retaliation includes any adverse action taken by an employer that might dissuade a reasonable employee from making or supporting a charge of discrimination. This principle supports my claim that the defendants' actions constitute unlawful retaliation under both federal and state law.

**o) Claim for Relief**

**211.** In light of the above allegations and supporting arguments, I respectfully requests that the Court grant the following relief:

**i. Declaratory Relief:** A judicial declaration that the actions of the defendants, including Kaiser Foundation Health Plan Inc. (KFHP Inc), Kaiser Foundation Hospitals (KFH), Southern California Permanente Medical Group (SCPMG), the Attorney General's Office, Gillian Friedman, the Board of Registered Nursing (BRN), Loretta Melby, and prior attorneys Gary Carlin, violated my rights under federal and state law.

**ii. Injunctive Relief:** An injunction prohibiting the defendants from continuing their unlawful practices, including retaliation, fraudulent misrepresentation, and procedural misconduct. An injunction directing the defendants to reinstate my RN license, as well as to remove any defamatory statements or records pertaining to my mental health status.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

iii. **Compensatory Damages:** Compensation for all economic losses I incurred due to the wrongful termination, loss of career, loss of wages, benefits, and career opportunities. This includes back pay, front pay, and lost benefits. Compensation for non-economic damages, including emotional distress, pain and suffering, and loss of enjoyment of life.

iv. **Punitive Damages:** Punitive damages against the defendants to punish and deter them from engaging in similar unlawful conduct in the future. This is particularly warranted given the malicious, fraudulent, and oppressive nature of the defendants' actions.

v. **Other Relief:** Any other relief that the Court deems just and proper, including but not limited to, an order for further training and policy changes within the defendant organizations to prevent future occurrences of similar misconduct.

**p) Basis for My Prayer for Relief**

212. **Federal Rule of Civil Procedure 8(a)(3):** This rule requires a demand for the relief sought, which justifies my detailed request for declaratory, injunctive, compensatory, punitive damages, and attorney's fees.

213. **Federal Rule of Civil Procedure 54(c):** This rule ensures that a final judgment should grant the relief to which I am entitled, even if I have not demanded such relief in my pleadings.

214. **Federal Rule of Civil Procedure 65:** This rule governs the issuance of injunctions and restraining orders, supporting my request for injunctive relief to prohibit ongoing unlawful practices and to reinstate my licensure status.

215. **42 U.S.C. § 1983:** This statute provides a remedy for individuals whose constitutional rights

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**

are violated by state actors. It underpins my request for compensatory and punitive damages for violations of due process and retaliation.

**216. Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-3(a)):** This statute prohibits retaliation against employees for engaging in protected activities, such as reporting discrimination or harassment. It supports my claims for declaratory, injunctive, and compensatory relief.

**217.** By granting this relief, the Court will ensure that justice is served, my rights are vindicated, and future misconduct by the defendants is deterred. The requested relief is in line with both federal procedural rules and statutory provisions aimed at protecting individuals from unlawful and retaliatory actions.

**COMPLAINT FOR VIOLATIONS OF FEDERAL EMPLOYMENT LAWS**