Esther Tendo Atam
13621 Arcturus Ave.
Gardena, CA 90249
Natashchan1@yahoo.com
Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA



Case No.: CV24-5862

ESTHER TENDO ATAM,
          *Plaintiff*
vs.

KAISER FOUNDATION HEALTH PLAN INC., KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, GILLIAN FRIEDMAN, LORETTA MELBY, THE BOARD OF REGISTERED NURSING, AND GARY CARLIN

          *Defendants*

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT GARY CARLIN'S ANSWER**

DATE: December 9, 2024
TIME: 10:30 am
DEPARTMENT: 8A, 8th Floor

Judge: Josephine L. Staton

**1.** The Court, having considered Plaintiff Esther Tendo Atam's Motion to Strike Defendant Gary Carlin's Answer, the supporting memorandum of points and authorities, declaration, and all other relevant documents and evidence submitted in this case, as well as the arguments of the parties, hereby ORDERS as follows:

**2.** Plaintiff's Motion to Strike Defendant's Answer is hereby GRANTED in its entirety.

1

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT GARY CARLIN'S ANSWER**

**3.** The Court finds that:

**a) Defendant's Answer was untimely:**

**4.** Pursuant to **Rule 12(a)(1)(A)(i)** of the Federal Rules of Civil Procedure, Defendant's Answer was required to be filed within 21 days of service. Defendant failed to file within this prescribed time, and no extension was sought. The Ninth Circuit has affirmed that adherence to procedural deadlines is essential to the effective management of litigation, and failure to comply can warrant the striking of untimely pleadings (*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship,* 507 U.S. 380, 395 (1993); *Morrison v. Mahoney,* 399 F.3d 1042, 1047 (9th Cir. 2005)). Defendant's untimely filing caused unnecessary delay and prejudiced Plaintiff.

**b) Defendant's Answer failed to comply with Rule 8(b):**

**5.** Under **Rule 8(b)** of the Federal Rules of Civil Procedure, a defendant must specifically admit, deny, or assert a lack of knowledge regarding each allegation in the complaint. Defendant's Answer was vague and failed to directly address critical allegations, such as the misidentification of Plaintiff's employer and the fraudulent submission of documents. Courts have consistently held that an Answer that fails to meet the specificity requirements of Rule 8(b) is legally insufficient and subject to being stricken (*Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

**c) Defendant raised unsupported and conclusory defenses:**

**6.** Defendant's Answer raised affirmative defenses such as "failure to state a claim" and "statute of limitations" without providing any factual basis or context. **Rule 8(c)** requires that

2

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT GARY CARLIN'S ANSWER**

affirmative defenses be pled with sufficient detail to provide the opposing party with notice of the defense and an opportunity to respond. The Supreme Court has emphasized that mere legal conclusions without factual backing are insufficient under federal pleading standards (*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The Ninth Circuit similarly held that defenses that are merely boilerplate or unsupported must be stricken as inadequate (*Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993)).

**d) Defendant refused to correct procedural errors in violation of Rule 11(b):**

**7.** Defendant's refusal to amend or correct the misidentification of Plaintiff's employer, despite being notified of this error, violated Rule 11(b), which requires attorneys to ensure their filings are factually accurate and legally tenable. Courts have recognized that failure to correct such errors justifies striking the pleadings and imposing sanctions (*Christian v. Mattel,* Inc., 286 F.3d 1118, 1127 (9th Cir. 2002); *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 551 (1991)).

**e) Defendant engaged in fraudulent conduct by submitting falsified documents:**

**8.** On November 22, 2022, Defendant submitted a fraudulent proof of service to the court. On February 15, 2022, Defendant also submitted a Substitution of Attorney form containing a forged signature. The Ninth Circuit has made it clear that the submission of fraudulent or forged documents to the court undermines the integrity of judicial proceedings and warrants severe sanctions, including the striking of pleadings (*Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991)).

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT GARY CARLIN'S ANSWER**

**f) Defendant's actions prejudiced Plaintiff and caused unnecessary delay:**

**9.** Defendant's failure to comply with the Federal Rules of Civil Procedure, including the untimely filing of his Answer, submission of fraudulent documents, and refusal to address key procedural errors, has caused significant prejudice to Plaintiff. These actions have delayed the resolution of the case, increased Plaintiff's litigation costs, and obstructed discovery and trial preparation. The Ninth Circuit has recognized that delays caused by a party's misconduct or failure to comply with procedural rules justify the striking of pleadings and the imposition of sanctions (*Omstead v. Dell, Inc.,* 594 F.3d 1081, 1084 (9th Cir. 2010); *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 591 (9th Cir. 1983)).

**10. Relief Granted:**

**11.** Based on the foregoing findings, the Court orders the following:

**a) Defendant Gary Carlin's Answer is hereby STRICKEN from the record.**

**b)** Defendant is ordered to file a new Answer that complies with the Federal Rules of Civil Procedure within 14 days of this Order. Defendant's new Answer must specifically address each allegation in Plaintiff's complaint and provide factual support for any affirmative defenses raised. Failure to comply with this order may result in further sanctions, including entry of default judgment.

**c)** The Court will impose monetary sanctions against Defendant in the amount of $ 1,650, pursuant to **28 U.S.C. § 1927**, for causing unnecessary delays and increasing litigation costs through vexatious and improper conduct.

d) Defendant is further ordered to amend the procedural errors identified by the Court, including the correction of the proper identification of Plaintiff's employer and the retraction of the fraudulent Substitution of Attorney form previously submitted.

**12. Further Sanctions:**

13. Defendant is advised that failure to comply with this Court's Order may result in additional sanctions, including but not limited to entry of default judgment, monetary penalties, and potential referral to the relevant state bar for ethical violations related to the submission of fraudulent documents.

IT IS SO ORDERED.

DATED: [          ]

Honorable Josephine L. Staton

United States District Judge

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT GARY CARLIN'S ANSWER**