Esther Tendo Atam

13621 Arcturus Ave.

Gardena, CA 90249

Natashchan1@yahoo.com

Plaintiff in Pro Per

FILED

CLERK, U.S. DISTRICT COURT

05/27/26

CENTRAL DISTRICT OF CALIFORNIA

BY _____AF_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ESTHER TENDO ATAM,

*Plaintiff*

vs.

KAISER FOUNDATION HEALTH PLAN, INC., et al., Defendants.

**Case No.:  2:24-cv-05862-KK-AGR**

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS NUNC PRO TUNC REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Courtroom: 540, 5th Floor

Hon. Judge Alka Sagar

## I.    INTRODUCTION

**1.**    Plaintiff Esther Tendo Atam respectfully moves this Court for leave to

1

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS NUNC PRO TUNC REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

exceed the applicable page limitation concerning Plaintiff's Objections to the Magistrate Judge's Report and Recommendation previously filed on **May 26, 2026**.

2.      This request is made in good faith and arises from the extraordinary constitutional, procedural, and factual complexity presented in this matter. Plaintiff's objections involve overlapping federal and state proceedings, claims arising under 42 U.S.C. §§ 1983 and 1985, alleged procedural due process violations under the Fourteenth Amendment, the validity of administrative disciplinary proceedings initiated by the California Board of Registered Nursing ("BRN"), and newly developed evidence concerning the authorization and validity of the Section 820 Order that formed the basis for revocation of Plaintiff's RN license.

3.      **Additionally, Plaintiff respectfully submits that on <u>May 26, 2026</u>, the state court issued a Minute Order confirming that the previously imposed prefiling restrictions remain in place for the purpose of protecting third parties, including Defendant Loretta Melby, Defendant Gillian Friedman, and the BRN. (<u>See Exhibit A, Minute Order</u>). P**laintiff respectfully submits that this newly issued state court order is directly relevant to Plaintiff's federal constitutional claims because it demonstrates the continuing practical effect of the alleged coordinated actions underlying Plaintiff's claims pursuant to 42 U.S.C. §§ 1983 and 1985.

4.      Plaintiff respectfully submits that substantial grounds exist to invalidate the Section 820 Order pursuant to California Code of Civil Procedure § 1094.5 because the order allegedly lacked lawful administrative foundation from inception. Specifically, Defendant Loretta Melby later submitted a declaration disclaiming personal review, authorization, or approval of the Section 820 Order executed in her name, thereby materially calling into question whether any authorized official lawfully exercised the discretionary authority required before initiating quasi-judicial disciplinary proceedings against Plaintiff.

5.      The constitutional and procedural significance of the Section 820 Order cannot be overstated because the challenged order became the foundational administrative act underlying the subsequent Accusation, disciplinary proceedings, revocation of Plaintiff's RN license, and reporting to the National Practitioner Data Bank ("NPDB"). Plaintiff respectfully submits that these issues materially affect Plaintiff's claims involving due process, conspiracy, abuse of administrative authority, and unlawful deprivation of protected property interests.

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS NUNC PRO TUNC REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

6.     Plaintiff further respectfully submits that the state court's continued reliance upon the challenged disciplinary proceedings and related narrative surrounding Plaintiff's mental fitness has ongoing consequences affecting Plaintiff's access to the courts, professional reputation, and ability to seek redress against BRN Defendants and related parties. Because these overlapping constitutional, procedural, and factual issues are unusually extensive and interconnected, Plaintiff respectfully submits that exceeding the ordinary page limitation was reasonably necessary to adequately present the objections before this Court.

7.     The issues raised are neither routine nor limited in scope. The objections address constitutional claims involving protected property interests, alleged abuse of administrative authority, NPDB reporting, alleged conspiratorial conduct among multiple parties, and the expansion of a state court judgment to non-adjudicated entities. Plaintiff respectfully submits that these issues could not reasonably be addressed within the ordinary page limitations without materially impairing Plaintiff's ability to fully present the constitutional and factual issues before the Court.

8.     Plaintiff further respectfully submits that the objections already filed on May 26, 2026, were submitted timely and in substantial compliance with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. Plaintiff now seeks leave nunc pro tunc for the Court to accept the previously filed objections in their entirety.

## II.     PROCEDURAL BACKGROUND

9.     This action involves claims against Kaiser-related entities, BRN Defendants, and related parties arising from alleged employment discrimination, retaliatory conduct, disciplinary proceedings against Plaintiff's nursing license, and subsequent litigation-related harm.

10.     On May 19, 2026, the Magistrate Judge issued a Report and Recommendation recommending dismissal of portions of Plaintiff's complaint, including claims asserted against BRN Defendants and related constitutional claims. Plaintiff thereafter timely filed objections on May 26, 2026, within the period permitted pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS NUNC PRO TUNC REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

11.    The objections addressed significant constitutional and procedural developments that became central during proceedings concerning Plaintiff's Motion for Summary Judgment, including supplemental briefing specifically ordered by the Court regarding the validity and authorization of the BRN Section 820 Order. Plaintiff's objections also addressed Defendant Loretta Melby's declaration disclaiming personal review or authorization of the Section 820 Order issued in her name, which Plaintiff respectfully submits materially altered the constitutional analysis underlying the disciplinary proceedings.

12.    Because the objections necessarily involved extensive discussion of:

(i)    due process protections;

(ii)    constitutional property interests;

(iii)    conspiracy allegations under 42 U.S.C. §§ 1983 and 1985;

(iv)     administrative law principles;

(v)    immunity doctrines;

(vi)    NPDB reporting consequences;
and

(vii)     overlapping state and federal procedural history,

13.    Plaintiff respectfully submits that exceeding the ordinary page limitation became reasonably necessary to adequately present the issues before the Court.

**III.    GOOD CAUSE EXISTS TO EXCEED PAGE LIMITATIONS**

14.    Federal courts possess inherent authority to manage filings and permit enlargement of procedural limitations where good cause exists. See Fed. R. Civ. P. 1; Fed. R. Civ. P. 6(b). Additionally, Local Rule 11-6 of the Central District of California authorizes the Court to permit deviation from ordinary procedural requirements in the interests of justice and efficient adjudication.

15.    Good cause exists here because Plaintiff's objections involve

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS NUNC PRO TUNC REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

substantial constitutional questions concerning:

    **(i)**    procedural due process under the Fourteenth Amendment;

    **(ii)**    protected property interests in professional licensure;

    **(iii)**    alleged ultra vires administrative conduct;

    **(iv)**    conspiracy allegations under 42 U.S.C. §§ 1983 and 1985;

    **(v)**    and alleged deprivation of access to the courts.

16. The objections further address newly developed evidence concerning the validity of the BRN Section 820 Order and Defendant Melby's declaration disclaiming authorization of the order issued in her name. Plaintiff respectfully submits that these developments are directly relevant to Plaintiff's constitutional claims and could not reasonably be addressed in a conclusory or abbreviated manner.

17. Courts routinely permit enlarged filings where constitutional claims, multiple defendants, complex procedural history, or substantial evidentiary issues are involved. See Foman v. Davis, 371 U.S. 178, 181-82 (1962) (federal policy strongly favors adjudication on the merits); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (leave to amend and procedural flexibility should be liberally granted where justice requires).

18. Plaintiff respectfully submits that strict application of page limitations under the circumstances would substantially impair Plaintiff's ability to fully present objections concerning:

    **(i)**    the legality of the Section 820 proceedings;

    **(ii)**    alleged constitutional violations;

    **(iii)**    NPDB-related harm;

    **(iv)**    conspiracy allegations;

and

    **(v)**    he scope of the Kaiser judgment and related prefiling restrictions.

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS NUNC PRO TUNC REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### IV.    THE REQUEST IS MADE IN GOOD FAITH AND WITHOUT PREJUDICE

19.    Plaintiff respectfully submits that this request is made entirely in good faith and not for purposes of delay, harassment, or procedural abuse.

20.    The objections were timely filed on May 26, 2026, thereby providing all parties with notice of Plaintiff's arguments and constitutional objections to the Report and Recommendation. Defendants suffer no unfair prejudice from the Court considering the objections in their entirety because the filing does not alter existing deadlines, expand claims beyond those already pleaded, or introduce unfair surprise.

21.    Additionally, the constitutional and procedural issues raised in Plaintiff's objections concern matters already actively litigated throughout these proceedings, including:

(i)      the validity of the Section 820 Order;

(ii)     the BRN disciplinary proceedings;

(iii)    the scope of KFH's summary judgment;

(iv)    and Plaintiff's conspiracy-related allegations.

22.    Plaintiff respectfully submits that consideration of the complete objections will assist the Court in conducting the de novo review required pursuant to 28 U.S.C. § 636(b)(1)(C). The Ninth Circuit strongly favors resolution of disputes on their merits rather than through rigid procedural technicalities, particularly where constitutional rights are implicated. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

23.    Moreover, Plaintiff proceeds pro se and respectfully submits that courts within the Ninth Circuit afford liberal consideration to pro se filings where substantial rights are implicated. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

### V.    THE INTERESTS OF JUSTICE FAVOR CONSIDERATION OF THE COMPLETE OBJECTIONS

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS NUNC PRO TUNC REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

24.    The interests of justice strongly favor permitting the Court to consider Plaintiff's objections in their entirety rather than excluding portions based solely upon page limitations.

25.    The objections concern serious allegations involving:

**(i)**    deprivation of a professional license;

**(ii)**    alleged constitutional violations;

**(iii)**    reputational destruction through NPDB reporting;

**(iv)**    alleged misuse of administrative disciplinary machinery;

**(v)**    and continuing barriers to Plaintiff's ability to pursue judicial relief.

26.    Plaintiff respectfully submits that the Court's de novo review obligations under 28 U.S.C. § 636(b)(1) are best served through full consideration of the constitutional and procedural issues raised rather than limiting review based upon technical page constraints.

27.    Plaintiff further respectfully submits that the newly developed evidence concerning Defendant Melby's declaration and the validity of the Section 820 Order materially affects the constitutional analysis underlying the Report and Recommendation. The additional pages were therefore reasonably necessary to fully explain the factual and legal significance of those developments.

28.    Because the objections involve issues affecting Plaintiff's professional livelihood, constitutional rights, and future ability to practice within the nursing profession, Plaintiff respectfully submits that equitable considerations strongly favor allowing the objections to remain filed and considered in full.

## VI.    CONCLUSION

29.    For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff leave nunc pro tunc to exceed the applicable page limitations concerning Plaintiff's Objections to the Magistrate Judge's Report and Recommendation filed on May 26, 2026.

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS NUNC PRO TUNC REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

30.    Plaintiff respectfully requests that the Court:

(i)    accept and consider the previously filed objections in their entirety;

(ii)    the filing compliant with applicable procedural requirements; and

(iii)    grant such further relief as the Court deems just and proper.

31.    Plaintiff respectfully submits that the request is made in good faith, involves substantial constitutional and procedural issues, and will assist the Court in conducting a complete de novo review of the matters presented.

**DATED:** May 27, 2026

Respectfully submitted,

Esther Tendo Atam

_____

Plaintiff in Pro Per

13621 Arcturus Ave.

Gardena, CA 90249

Natashchan1@yahoo.com

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS NUNC PRO TUNC REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**EXHIBITS**

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 534

**21STCV41538**                                                          May 26, 2026
**ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et**                         8:30 AM
**al.**

Judge: Honorable Lawrence P. Riff          CSR: None
Judicial Assistant: Danisha Keith          ERM: None
Courtroom Assistant: Rosalie M. Cruz       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Esther Atam (Telephonic)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application TO VACATE PREFILING ORDERS ENTERED DECEMBER 22, 2022, AND RELATED RELIEF BASED ON NEWLY PRESENTED EVIDENCE AND CHANGE IN CIRCUMSTANCES

The matter is called for hearing.

The Court and counsel confer regarding the moving papers in chambers, and makes the following ruling:

The Court takes the matter under submission.

Later this date:

Plaintiff is subject to a prefiling order issued by Judge Small that is the functional equivalent of her having been determined to be a vexatious litigant. Judge Small's order requires plaintiff to present "new litigation," which includes new motions, to the Supervising Judge of the Civil Division who then evaluates whether the "new litigation" has merit. The court is treating Judge Small's order and plaintiff's application under the regime of CCP section 391.8. Normally, an application to vacate a prefiling order shall be made before the judge who entered the order if that judge is available. Even though Judge Small is still available, the court exercises its discretion to deal with the motion on the merits.

In this case plaintiff persists in her contention that summary judgment in 2022 was not properly issued and the judgment should be vacated. She has brought a great many ex parte applications and motions both seeking to vacate the judgment and to remove her from the strictures of the prefiling order. This motion, denominated an ex parte application but brought on regular notice, is yet another where she seeks to have the prefiling order vacated.

Recently, the court invited Ms. Atam to attend a hearing in person so that the court could discuss

---

Minute Order                                                        Page 1 of 3

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 534

**21STCV41538**                                                     May 26, 2026
**ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et**                   8:30 AM
**al.**


Judge: Honorable Lawrence P. Riff            CSR: None
Judicial Assistant: Danisha Keith            ERM: None
Courtroom Assistant: Rosalie M. Cruz         Deputy Sheriff: None

---

with Ms. Atam her contentions and why her serial motions seeking to have the judgment vacated are being continually denied. That hearing occurred over the course of about an hour. It is clear to the court that Ms. Atam does not agree with the court's view as to why her motions to vacate the judgment are without merit.

Again, the motion today is another in a series of motions seeking to have the prefiling order issued by Judge Small vacated. In an earlier hearing seeking that same relief, the court explained to plaintiff that the relevant test for vacating such a prefiling order is found in the case Luckett v. Panos (2008) 161 Cal.App.4th 77. Although technically, plaintiff is foreclosed from bringing a request to vacate the prefiling order for one year following a prior denial, the court is again exercising its discretion to reach the merits because this is the first such motion to invoke Luckett.

Pursuant to CCP section 391.8, a vexatious litigant subject to a prefiling order under Code of Civil Procedure section § 391.7 may file an application to vacate the prefiling order and remove his or her name from the Judicial Council's list of vexatious litigants subject to prefiling orders. (Code Civ. Proc. § 391.8(a).) The factors the Luckett court identified include: (a) a material change in the facts underlying the order, a change in the law, or when the "ends of justice" would be served; (b) substantial evidence that the litigant has changed their conduct and abandoned abusive litigation practices; (c) Honesty and candor in the application, an accurate confrontation with the facts that led to the vexatious-litigant finding, genuine remorse for the burden and expense imposed on prior defendants and courts, efforts to comply with or satisfy prior cost orders or sanctions, evidence the person has stopped obsessive or abusive litigation, and an actual abandonment of "suing people as a way of life;" and (d) that the passage of time is not alone sufficient; the applicant must affirmatively demonstrate rehabilitation and changed behavior. The burden of demonstrating these matters is on the applicant seeking to vacate the prefiling order.

Plaintiff argues that she has met the burden. The court respectfully disagrees.

First, there is no change in the law or something to suggest that the order should be vacated to serve "the ends of justice." It appears to the court that plaintiff is unwilling to accept that the judgment entered in 2022 was appropriately entered or that, if not appropriately entered, she was required to seek review in the Court of Appeal. Instead, plaintiff brings the same motion time and time again in the trial court, making the same or virtually the same arguments. It appears to the court that plaintiff is highly intelligent; also that she is polite and respectful. Thus, it makes no sense to the court that plaintiff brings the same motion repeatedly unless her intent is to try to

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 534

**21STCV41538**                                                           May 26, 2026
**ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.**                    8:30 AM

Judge: Honorable Lawrence P. Riff          CSR: None
Judicial Assistant: Danisha Keith          ERM: None
Courtroom Assistant: Rosalie M. Cruz       Deputy Sheriff: None

"wear down" the court. Her repeatedly bringing the same motion is the behavior of a vexatious litigant. Accordingly, second, there is no evidence to suggest that plaintiff has changed her conduct and abandoned abusive litigation practices. Her bringing the same or virtually the same motion repeatedly is indeed abusive. Third, it may be that plaintiff simply does not have insight into her behavior and seeing that it has obsessive and abusive characteristics. This is possible; the court does not find that plaintiff is obviously malicious.

But whatever the explanation, the court believes that the prefiling order is necessary to protect the court and third-parties. Plaintiff has not carried her burden to show that the prefiling order should be vacated.

Plaintiff may not file another request to vacate the prefiling order for 12 months from the date of this order.

Clerk hereby gives notice.

Certificate of Service is attached.

Minute Order                                                             Page 3 of 3

ROB BONTA
Attorney General of California
THOMAS L. RINALDI
Supervising Deputy Attorney General
ARMANDO ZAMBRANO
Supervising Deputy Attorney General
State Bar No. 225325
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6322
  Fax:  (916) 731-2126
*Attorneys for Non-Parties*
 *Board of Registered Nursing*
 *Loretta Melby*
 *Gillian Friedman*

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/26/2024 10:41 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Gonzalez, Deputy Clerk

[EXEMPT FROM FILING FEE GOVT. CODE § 6103]

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| **ESTHER TENDO ATAM,**<br><br>                      Plaintiff,<br><br>      v.<br><br>**SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, ET AL.**<br><br>                      Defendants. | Case No. 22STCV37929<br><br>**NON-PARTIES BOARD OF REGISTERED NURSING, LORETTA MELBY, AND GILLIAN FRIEDMAN'S JOINT OPPOSITION TO PLAINTIFF'S FEB. 8, 2024 MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:          May 13, 2024<br>Time:         8:30 a.m.<br>Dept:          57<br>Action Filed: November 10, 2021 |

## INTRODUCTION

On December 13, 2023, the instant case was dismissed with prejudice. On that same date, the Court also denied Plaintiff's first motion for leave to file a first amended complaint. On April 19, 2024, the Court denied Plaintiff's motion to vacate judgment.

///

///

1

Despite the dismissal of this case and Plaintiff's vexatious litigant status, Plaintiff has filed this second motion for leave to file a first amended complaint (Motion).[1]  The Motion is essentially identical to Plaintiff's first motion, seeking to add nonparties Board of Registered Nursing (Board), the Board's Executive Officer Loretta Melby (EO Melby), and Deputy Attorney General Gillian Friedman (DAG Friedman) as defendants.

Plaintiff has not cited to any legal authority that would permit consideration of her Motion after dismissal of the case.  The Motion also amounts to new litigation and is another veiled attempt to forum shop and work around Plaintiff's vexatious litigant status.  Additionally, the Motion is procedurally defective and meritless.  For these reasons, Plaintiff's Motion should be denied.

## STATEMENT OF THE CASE

### The Kaiser Case (No. 21STCV41538)

On November 10, 2021, Plaintiff filed the Kaiser case, which alleged employment-related claims for discrimination, harassment, retaliation, and wrongful termination.

On July 14, 2022, this Court granted Kaiser's motion for summary judgment.

On September 19, 2022, this Court entered judgment dismissing the case.

On December 9, 2022, in that same action, the Court deemed Plaintiff a vexatious litigant after she filed numerous frivolous post-judgment motions.

On December 14, 2022, despite the case dismissal, Plaintiff issued a deposition subpoena to Supervising Deputy Attorney General Thomas Rinaldi.  DAG Friedman sent written legal objections to this subpoena on behalf of the deponent.

On December 15, 2022, despite the case dismissal, Plaintiff issued a deposition subpoena to EO Melby.  DAG Friedman sent written legal objections to this subpoena on behalf of the deponent.

On December 22, 2022, the Court issued a pre-filing order on Plaintiff.

///

---

[1] Plaintiff has captioned the Motion as "Notice of Motion for Leave to File Second Amended Complaint."  However, the Motion is really a second motion for leave to file a first amended complaint.

**The SCPMG Case (No. 22STCV37929)**

On December 5, 2022, despite the dismissal of the Kaiser case on the merits, Plaintiff filed this instant case, a nearly identical action against SCPMG and its employees.

On January 9, 2023, Plaintiff issued a subpoena duces tecum for records and the personal appearance of DAG Friedman. The subpoena demanded "any document showing [Friedman's] communication with the investigators that he sent to Plaintiff's home on 12/16/2022." The subpoena made bizarre, unfounded, and untrue assumptions regarding individuals who had purportedly visited Plaintiff's residence. Having no information regarding these allegations, the Attorney General's Office sent written legal objections on behalf of DAG Friedman, noting the absence of information.

On January 11, 2023, Plaintiff issued another subpoena duces tecum for records and the personal appearance of EO Melby. DAG Friedman sent written legal objections to this subpoena on behalf of EO Melby.

On February 16, 2023, the Court stayed discovery in this action. The Court subsequently vacated the hearings on the two subpoenas referenced *supra*.

On May 9, 2023, the Court ordered Plaintiff to post security in this case.

On December 13, 2023, the Court dismissed the case with prejudice upon Plaintiff's failure to post security. The Court also denied Plaintiff's first motion for leave to file a first amended complaint.[2]

Plaintiff has continued to file numerous frivolous post-judgment motions in this case.

**The Board's Administrative Actions**

Although the Board's administrative actions occurred independent of Plaintiff's civil actions, below is a pertinent chronology:

On July 14, 2022, the Board served Plaintiff with an order compelling a mental and/or physical examination by a physician or psychologist (820 Order).

---

[2] Plaintiff's first motion was filed on June 7, 2023. Nonparties Board of Registered Nursing, the Board's Executive Officer Loretta Melby, and Deputy Attorney General Gillian Friedman filed their joint opposition on August 24, 2023. Defendants filed their opposition on August 25, 2023.

On or about November 16, 2022, Plaintiff was served Accusation Case No. 4002021005658, filed by the Board's Executive Officer Loretta Melby. The sole basis of the Accusation was Plaintiff's failure to submit to the examination, as required by law.

Plaintiff failed to submit a Notice of Defense as required by law.

On or about January 6, 2023, the Board issued its default decision and order revoking Plaintiff's license.

## ARGUMENT

**I.     PLAINTIFF'S MOTION IS MOOT AND SHOULD BE DENIED BECAUSE IT DOES NOT CITE TO LEGAL AUTHORITY PERMITTING ITS CONSIDERATION AFTER THE CASE IS DISMISSED.**

This case is dismissed. A motion for leave to file an amended complaint now is moot. Plaintiff fails to cite to any proper legal authority that would permit consideration of her Motion after the case is dismissed, and the Motion should thus be denied. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 846, fn. 9.)

**II.     PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT IS SEEKS TO CIRCUMVENT THE PREFILING ORDER. PLAINTIFF ALSO IMPROPERLY ATTEMPTS TO FORUM SHOP THE MOTION IN DEPT. 26, WHEN IT WAS PREVIOUSLY DENIED IN DEPT. 57.**

Under the December 22, 2022 Prefiling Order issued in the Kaiser case (21STCV41538), Plaintiff is a vexatious litigant prohibited from filing any new litigation without first obtaining leave of the presiding judge. (Code Civ. Pro., § 391.7(a).)

"Litigation" includes "any petition, application, or motion other than a discovery motion," and under the circumstances this Motion amounts to new litigation. (*See* Code Civ. Pro. § 391.7(d).) Plaintiff cannot circumvent the Prefiling Order and attempt to create a new action with a motion for leave to file an amended complaint.

Plaintiff's Motion is also essentially identical to her first motion for leave to file a first amended complaint. That first motion was filed, heard, and denied in Dept. 57, the assigned courtroom for this case. The present Motion is improper because Plaintiff seeks to have it heard in Dept. 26. Plaintiff cannot forum shop the same motion for reconsideration before a different judge in a different department. (*See* Code Civ. Pro., § 1008(a).)

4

**III.    PLAINTIFF'S MOTION SHOULD BE DENIED FOR MULTIPLE PROCEDURAL DEFECTS.**

Plaintiff's Motion is improper and should be denied based on multiple procedural defects.

A motion for leave to amend must be in accordance with California Rule of Court 3.1324. However, Plaintiff's Motion fails to meet the requirements of Rule 3.1324. First, the proposed amended pleading is not serially numbered to differentiate from previous pleadings. (Cal. Rules of Court, rule 3.1324(a)(1).) Second, it fails to state what allegations are proposed to be added (or deleted) to the previous pleading, if any, and where, by page, paragraph, and line number, the additional (or deleted) allegations are located. (Cal. Rules of Court, rule 3.1324(a)(2)-(a)(3).) Third, Plaintiff's supporting declaration fails to state when the facts giving rise to the amended allegations were discovered. (Cal. Rules of Court, rule 3.1324(b)(3).) Finally, Plaintiff's supporting declaration fails to state the reasons why the request for amendment was not made earlier. (Cal. Rules of Court, rule 3.1324(b)(4).)

Additionally, an amended pleading making substantive changes is treated as a new pleading, and must be served on all opposing parties. (*Cohen v. Sup.Ct. (Southern Pac. Co.)* (1966) 244 Cal.App.2d 650, 656.) Here, Plaintiff has only filed proofs of service to SCPMG, the Attorney General's Office, and the Court.

**IV.    PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT FAILS TO STATE A CLAIM AGAINST THE BOARD, EO MELBY, OR DAG FRIEDMAN.**

"If the proposed amendment fails to state a cause of action, it is proper to deny leave to amend." (*Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 230; *California Cas. Gen. Ins. Co. v. Sup.Ct. (Gorgei)* (1985) 173 Cal.App.3d 274, 280-281 (disapproved on other grounds by *Kransco v. American Empire Surplus Lines Ins. Co.* (2000) 23 Cal.4th 390, 407.)

The court also has discretion to deny leave where the proposed amendment omits or contradicts harmful facts pleaded in the original pleading, absent a showing of mistake or other sufficient excuse for changing the facts. Without such a showing, the amended pleading may be treated as a sham. (*Vallejo Develop. Co. v. Beck Develop. Co.* (1994) 24 Cal.4th 929, 946; *State of Calif. ex rel. Metz v. CCC Information Services Inc.* (2007) 149 Cal.4th 402, 412.)

5

Here, based solely on conjecture, speculation, and personal opinion, Plaintiff proposes to allege causes for action against new individuals—the Board, EO Melby, and DAG Friedman, all currently nonparties. Plaintiff claims defamation and intentional infliction of emotional distress by these nonparties. Among her numerous factual claims, Plaintiff purports that the Board and EO Melby relied on false information from SCPMG to erroneously issue the 820 Order; that DAG Friedman failed to recognize a lack of good cause to issue the 820 Order and failed to properly advise the Board; that both EO Melby and DAG Friedman issued written legal objections to Plaintiff's numerous subpoenas; and that DAG Friedman filed a written legal opposition to Plaintiff's motion for discovery sanctions.

Aside from the lack of substance, merit, and veracity in Plaintiff's factual allegations, these allegations fail to constitute any legal cause of action. Notably, Plaintiff's claims against the Board relate solely to the Board's administrative actions in a separate administrative case, which is governed by the Administrative Procedure Act. Such claims thus reach outside the limits of the instant civil action. This Court is not the proper forum for these claims.

Additionally, even assuming *arguendo* that this is the correct forum, the Board's administrative actions relating to Plaintiff's license are well within its statutory authority and discretion. Significantly, public protection is the Board's highest priority in exercising its licensing, regulatory, and disciplinary functions. (Bus. & Prof. Code, § 2708.1.) The Board may order any licensee to be examined by a physician or psychologist, "whenever it appears that [the licensee] may be unable to practice [their] profession safely because the licentiate's ability to practice is impaired due to mental illness." (Bus. & Prof. Code, § 820.) No part of section 820 allows for a licensee to dictate or limit the areas and boundaries of the Board's inquiry under this statute. Nor does the statute prescribe any duties to the Attorney General's Office.

If the licensee fails to comply with the Board's order issued under section 820, the failure "shall constitute grounds for the suspension or revocation of the [license]." (Bus. & Prof. Code, § 821.) Upon service of the Board's Accusation on the licensee, and the licensee's failure to file a timely notice of defense, the Board is entitled to issue a default decision and order revoking the license. (Gov. Code, §§ 11505(c), 11506(c), 11520(a).)

6

In accordance with these statutory provisions, on July 14, 2022, the Board served Plaintiff with the 820 Order compelling a mental and/or physical examination by a physician or psychologist. Plaintiff fails to state that she refused to comply with the 820 Order. Rather, Plaintiff unilaterally decided the 820 Order was baseless and that she did not need to comply, when in fact her licensure legally required her to do so. On November 16, 2022, Plaintiff was served Accusation Case No. 4002021005658, filed by the Board's Executive Officer Melby pursuant to the Board's authority and discretion under Business and Professions Code section 821. The sole basis of the Accusation was Plaintiff's failure to comply with the section 820 Order. Again, Plaintiff fails to state the salient fact that she never submitted a notice of defense, as required by law. Due to her own violations of Board laws, on January 6, 2023, the Board issued its default decision and order revoking Plaintiff's license, pursuant to its authority and discretion under Gov. Code sections 11505(c), 11506(c), and 11520(a). Given the wide statutory discretion and authority granted to the Board to perform all of these administrative duties, Plaintiff fails to state any cause for action.

Similarly, lodging a valid written objection to a subpoena and filing an opposition to a motion are standard acts of litigation—they are not a basis for a lawsuit. Plaintiff has filed numerous frivolous, baseless, and untimely subpoenas and motions for sanctions in both cases, obligating these legal objections and oppositions. As such, Plaintiff fails to state a proper claim against the Board, EO Melby, or DAG Friedman, and the Motion should be denied.

///
///
///
///
///
///
///
///
///

NON-PARTIES' OPP. TO PL. MOT. FOR LEAVE TO AMEND  (22STCV37929)

**CONCLUSION**

For the above reasons, the Board respectfully requests the Court to deny Plaintiff's Motion with prejudice.

Dated:  April 24, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS L. RINALDI
Supervising Deputy Attorney General

ARMANDO ZAMBRANO
Supervising Deputy Attorney General
*Attorneys for Nonparties*
*Board of Registered Nursing*
*Loretta Melby*
*Gillian Friedman*

LA2024600649
66733311_2.docx

DECLARATION OF SERVICE

Case Name:    **Esther Tendo Atam v. Southern California Permanente Medical Group (SCPMG), a California Corporation, et al.**

Case No.:     **22STCV37929**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is 300 South Spring Street, Suite 1702, Los Angeles, CA  90013-1230.  On April 25, 2024, I served the following document(s):

**NON-PARTIES BOARD OF REGISTERED NURSING, LORETTA MELBY, AND GILLIAN FRIEDMAN'S JOINT OPPOSITION TO PLAINTIFF'S FEB. 8, 2024 MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

(A)    **By Facsimile:** I served the attached document by transmitting a true copy by facsimile machine, pursuant to California Rules of Court, rule 2.306.  The facsimile machine I used complied with Rule 2.306, and no error was reported by the machine.  Pursuant to rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☒  on the parties through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

(B)    **By First Class Mail:**  I caused each such envelope to be placed in the internal mail collection system at the Office of the Attorney General in a sealed envelope, for deposit in the United States Postal Service with postage thereon fully prepaid, that same day in the ordinary course of business.

(C)    **By Certified Mail:**  I caused each such sealed envelope to be placed in the internal mail collection system at the Office of the Attorney General as certified mail with return receipt requested.

(D)    **By Messenger Service:**  I caused each such envelope to be delivered to a courier employed by a professional messenger service, with whom we have a direct billing account, who personally delivered each such envelope to the office of the addresses listed below.  Name of messenger service:  _____

(E)    **By Overnight Mail:**  I caused each such envelope to be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided.  Name of overnight service:  _____

☒  on the parties through their attorneys of record, by electronic mail for service as designated below:

(F)    **By [Name of Court Required System]:**  Correspondence that is submitted electronically is transmitted using the [System Name] electronic filing system.  Participants who are registered with [System Name] will be served electronically.

(G)    **By E-mail:**  I served the attached document by transmitting a true copy via electronic mail.

TYPE OF SERVICE:  [**B AND C ONLY**]
Esther Tendo Atam
13621 Arcturus Avenue
Gardena, CA  90249
*Plaintiff*

Certified Article Number

9414 7266 9904 2226 4645 31

**SENDER'S RECORD**

TYPE OF SERVICE:  [**B, C, AND G ONLY**]
Jeffrey A. Rector
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
701 North Brand Blvd., Suite 600
Glendale, California 91203-9877
**E-Mail: jrector@ljdfa.com**
*Counsel for Defendants Southern California Permanente Medical Group, et al.*

Certified Article Number

9414 7266 9904 2226 4645 48

**SENDER'S RECORD**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on April 25, 2024, at Los Angeles, California.

| S. Hearn | |
| --- | --- |
| Declarant | Signature |

LA2024600649
66745495.docx