Esther Tendo Atam

13621 Arcturus Ave.

Gardena, CA 90249

Natashchan1@yahoo.com

Plaintiff in Pro Per

FILED

CLERK, U.S. DISTRICT COURT

05/31/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ AF _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ESTHER TENDO ATAM,

*Plaintiff*

vs.

KAISER FOUNDATION HEALTH
PLAN, INC., et al.,
Defendants.

Case No.:    2:24-cv-05862-KK-**(AS)** ~~AGR~~

**AMENDED PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................1

II.    STANDARD OF REVIEW.................................................................................2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

III.    VALIDITY OF THE BRN SECTION 820 ORDER ........................................5

IV.    PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS #12.......................5

V.    MELBY'S RESPONSIVE DECLARATION ...................................................6

VI.    DEFECT IN DELEGATED AUTHORITY (ULTRA VIRES)..........................7

The "For" vs. "Designee" Distinction ....................................................................7

Clerical vs. Discretionary Functions......................................................................7

VII.    FAILURE TO EXERCISE DISCRETION.......................................................8

VIII.    FAILURE OF DUE PROCESS AND PROBABLE CAUSE ............................9

IX.    PROCEDURAL INVALIDATION (VOID AB INITIO) ................................10

X.    ESTOPPEL AND AGENCY CONTRADICTIONS........................................11

XI.    EVIDENTIARY AND CREDIBILITY IMPLICATIONS ..............................12

Impeaching the Board's Actions...........................................................................12

Fruit of the Poisonous Tree..................................................................................12

XII.    SEPARATE PETITION REGARDING THE TAKING OF THE RN LICENSE.......................13

XIII.    PROCEDURAL STANDING OF THE NOTICE OF DEFENSE..................14

Premature but Effective Notice of Defense ..........................................................14

Estoppel of Non-Compliance Charges..................................................................14

XIV.    CIVIL RIGHTS VIOLATION (42 U.S.C. § 1983) ......................................15

XV.    VIOLATION OF PROCEDURAL DUE PROCESS (FOURTEENTH AMENDMENT)................16

XVI.    VIOLATION OF SUBSTANTIVE DUE PROCESS (FOURTEENTH AMENDMENT)...........17

XVII.    LOSS OF QUALIFIED / ABSOLUTE IMMUNITY ....................................18

XVIII.      COLLUSION WITH ILLEGAL PREFILING ORDERS.........................................................18

XIX.      CRIMINAL CONSPIRACY (18 U.S.C. § 241), 42 U.S.C. § 1985, AND 42 U.S.C. § 1983.......19

Meeting of the Minds.........................................................................................22

Suspicious Timing ............................................................................................23

Shared Motives and Strategic Gain..................................................................24

Discriminatory intent may be established through: ..........................................25

Doe Defendants Remained Active Parties ........................................................27

Procedurally Improper Entry of Judgment.......................................................27

Denial of a Fair Hearing / Extrinsic Fraud.......................................................27

Prejudice Resulting from Loss of Doe Allegations (Privity Concerns) ...........28

XXI.      OVERT ACT .........................................................................................................29

XXII.      INJURY AND DEPRIVATION...........................................................................34

XXIII.      CONCLUSION ...................................................................................................37

**CASES**

Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970);.......................................................................22

American Federation of Labor v. Unemployment Ins. Appeals Bd., 13 Cal.4th 1017, 1023 (1996 ...........................11

Barry v. Barchi, 443 U.S. 55, 64 (1979 .................................................................................................10

Barry v. Barchi, 443 U.S. 55, 64 (1979)..................................................................................................3

Butz v. Economou, 438 U.S. 478, 512-17 (1978........................................................................................15

Butz v. Economou, 438 U.S. 478, 512-17 (1978)......................................................................................20

California Assn. of Psychology Providers v. Rank, 51 Cal.3d 1, 11 (1990 ...................................................7

California Assn. of Psychology Providers v. Rank, 51 Cal.3d 1, 11 (1990).................................................7

California Business and Professions Code § 820 ..........................................................................5, 6, 7, 10

City of Arlington v. FCC, 569 U.S. 290, 297 (2013 ..................................................................................4

City of Arlington v. FCC, 569 U.S. 290, 297 (2013); ...............................................................................10

County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998);................................................................19

County of San Diego v. State of California, 15 Cal.4th 68, 109 (1997 ......................................................11

Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010). ..........................................................22

Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986);...............................................................................5

Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir. 1987). .......................................................................4

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). ....................................4

employment-related decision-making. See *Martinez v. Combs* (2010) 49 Cal.4th 35, 64; *Vernon v. State of California* (2004) 116 Cal.App.4th 114, 124-125 ...........................................................................33

Ex parte Young, 209 U.S. 123, 159-60 (1908) ..................................................................................4, 15, 20

Foman v. Davis, 371 U.S. 178, 181-82 (1962). ...........................................................................................5

Greene v. McElroy, 360 U.S. 474, 492 (1959 ..................................................................................3, 7, 10

Hafer v. Melo, 502 U.S. 21, 30-31 (1991).................................................................................................15

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); ......................................................................................20

Humphries v. County of Los Angeles, 554 F.3d 1170, 1185-86 (9th Cir. 2009),........................................18

In re Marriage of Lippel (1990) 51 Cal.3d 1160 ..............................................................................30, 31, 38

*In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1169 .............................................................................30

Jackson v. County of Los Angeles, 60 Cal.App.4th 171, 183 (1997).........................................................13

Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623-24 (9th Cir. 1988). ...................................4

*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471 ........................................................................................35

L.W. v. Grubbs, 92 F.3d 894, 900 (9th Cir. 1996). ...................................................................................19

*Laird v. Capital Cities/ABC, Inc.* (1998) 68 Cal.App.4th 727, 737..........................................................34

Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689-91 (1949........................................4, 7

Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988). ............................................................................17

Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982 .......................................................................19

Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982). .......................................................................3

Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc);............................................................4

Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); .........................................................................4

*Martinez v. Combs* (2010) 49 Cal.4th 35, 64;..........................................................................................33

Mathews v. Eldridge, 424 U.S. 319, 332-35 (1976) ...................................................................................3

Mathews v. Eldridge, 424 U.S. 319, 332-35 (1976);...............................................................................7, 10

Mathews v. Eldridge, 424 U.S. 319, 333 (1976......................................................................................18

Mishler v. Nevada State Bd. of Medical Examiners, 896 F.2d 408, 409-10 (9th Cir. 1990 ........................................3

Mishler v. Nevada State Bd. of Medical Examiners, 896 F.2d 408, 409-10 (9th Cir. 1990)......................................36

Mishler v. Nevada State Bd. of Medical Examiners, 896 F.2d 408, 409-10 (9th Cir. 1990);......................................10

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); ................................................18

New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001); ........................................................13

*Olivera v. Grace* (1942) 19 Cal.2d 570, 575 ........................................................30

Paul v. Davis, 424 U.S. 693, 701-10 (1976);........................................................18

*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 ........................................................36

*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981-982........................................................36

Rusheen v. Cohen, 37 Cal.4th 1048, 1056-57 (2006)........................................................21

Shanks v. Dressel, 540 F.3d 1082, 1088 (9th Cir. 2008). ........................................................19

Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863, 871-72 (1989). ........................................................21

Stanson v. Mott, 17 Cal.3d 206, 210 (1976 ........................................................10

Stanson v. Mott, 17 Cal.3d 206, 210 (1976). ........................................................4

States v. Raddatz, 447 U.S. 667, 673-76 (1980)........................................................3

Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)........................................................20

United States v. Giordano, 416 U.S. 505, 512-14 (1974)........................................................8, 9

United States v. Skillman, 922 F.2d 1370, 1375 (9th Cir. 1990). ........................................................31

v. Barchi, 443 U.S. 55, 64 (1979). ........................................................16

*Vernon v. State of California* (2004) 116 Cal.App.4th 114, 124 ........................................................33

Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 266-68 (1977 ........................................................28

*Vu v. Prudential Property & Casualty Ins. Co.* (2001) 26 Cal.4th 1142, 1148; ........................................................30

*Vu v. Prudential Property & Casualty Insurance Company* (2001) 26 Cal.4th 1142, 1149........................................................35

West v. Atkins, 487 U.S. 42, 48 (1988 ........................................................17

**STATUTES & RULES**

28 U.S.C. § 636(b)(1)(C)........................................................3

42 U.S.C. § 1983 ........................................................2

42 U.S.C. § 1985 ...................................................................................................................................2, 21

42 U.S.C. §§ 1983 and 1985 ................................................................................................................passim

Cal. Code Civ. Proc. § 437c(a); ...........................................................................................................30

Cal. Code Civ. Proc. § 474 ..................................................................................................................30

California Business and Professions Code § 821. ................................................................................5

California Business and Professions Code §§ 820-821 ........................................................................10

California Code of Civil Procedure § 1094.5 ......................................................................................11

**California Code of Civil Procedure § 391(b)**......................................................................................30

California Code of Civil Procedure § 437c............................................................................................31

California Code of Civil Procedure section 391 et seq., ......................................................................27

California Government Code § 820.2 ....................................................................................................14

California Government Code §§ 11500 et seq. ......................................................................................18

Fed. R. Civ. P. 72(b)(3) ........................................................................................................................3

**RULES**

Federal Rule of Civil Procedure 15(a)(2) ............................................................................................4

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. XIV ........................................................................................................................18

**TO THE HONORABLE DISTRICT JUDGE:**

**INTRODUCTION**

1.      Plaintiff Esther Tendo Atam respectfully submits these Objections to the Magistrate Judge's Report and Recommendation issued on May 19, 2026. Plaintiff objects to the recommendation dismissing the BRN Defendants and related constitutional claims without leave to amend because the Report and Recommendation fails to meaningfully address one of the most significant jurisdictional and constitutional defects raised during briefing and oral argument: the validity of the Section 820 Order that formed the foundation of the disciplinary proceedings resulting in revocation of Plaintiff's RN license.

2.      The Magistrate Judge's Report and Recommendation makes no meaningful reference to the validity of the signature appearing on the California Board of Registered Nursing ("BRN") Section 820 Order, despite the fact that this issue became a central subject of oral argument during Plaintiff's Motion for Summary Judgment proceedings held on December 2, 2025.

3.      During those proceedings, Defendant Loretta Melby submitted a declaration in response to Plaintiff's Statement of Undisputed Facts that directly brought into question the validity and authorization of the signature appearing on the Section 820 Order. In light of the significance of the issue, the parties were specifically ordered by the Court to submit supplemental briefing regarding the validity of the signature and authorization underlying the Section 820 examination order.

4.      Plaintiff timely complied with the Court's directive and submitted responsive briefing within the Court's deadline, as reflected in Docket No. 194. Plaintiff respectfully submits that the supplemental briefing and Defendant Melby's declaration are materially relevant to Plaintiff's constitutional and civil rights claims because they directly concern whether the Section 820 Order — the foundational administrative act underlying the disciplinary proceedings against Plaintiff — was lawfully authorized in the first instance.

5.      Specifically, Melby's declaration regarding the execution and authorization of the Section 820 Order directly implicates Plaintiff's allegations concerning violations under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, including claims involving unlawful deprivation of protected property interests, procedural due process violations, abuse of administrative authority, and coordinated retaliatory

1

conduct carried out under color of law. Plaintiff further submits that the legality of the initiating order is inseparable from the subsequent Accusation, disciplinary proceedings, RN license revocation, and reporting to the National Practitioner Data Bank ("NPDB").

6.      Plaintiff will therefore again address the validity of the Section 820 Order and the significance of Defendant Melby's declaration throughout these Objections to the Magistrate Judge's Report and Recommendation.

7.      For these reasons, Plaintiff respectfully objects to Magistrate Judge Alicia Rosenberg's recommendation dismissing the BRN Defendants without leave to amend. Plaintiff respectfully submits that the newly clarified evidence concerning the authorization and execution of the Section 820 Order materially alters the constitutional analysis and warrants further amendment and litigation on the merits.

8.      Plaintiff further objects because the Kaiser Defendants have consistently maintained in state court that Plaintiff was not an employee of "Kaiser," while simultaneously continuing to rely upon that position during ongoing litigation involving prefiling restrictions and related proceedings. Plaintiff alleges that these positions form part of the factual basis underlying Plaintiff's claims pursuant to 42 U.S.C. §§ 1983 and 1985, particularly where multiple Kaiser-affiliated entities allegedly exercised employment-related authority over Plaintiff while later denying the existence of any employment relationship.

9.      For all of these reasons, Plaintiff respectfully submits that it is in the interest of justice to permit a Second Amended Complaint without dismissing Defendants at this stage of the proceedings. Plaintiff further respectfully submits that substantial constitutional, procedural, and equitable issues remain unresolved and should be adjudicated on a complete factual record rather than terminated at the pleading stage.

10.      Plaintiff does, however, support the Court's recommendation concerning Defendant Gillian Friedman to the extent the Court dismisses Defendant Friedman without prejudice only.

**STANDARD OF REVIEW**

11.      Under 28 U.S.C. § 636(b)(1)(C), a district court must conduct a de novo determination of those portions of a Magistrate Judge's Report and Recommendation to which specific objections are made. The District Court may "accept, reject, or modify, in whole or in part" the findings and recommendations issued by the Magistrate Judge. Fed. R. Civ. P. 72(b)(3). De novo review requires

the District Court to independently consider the record and arrive at its own conclusions regarding disputed constitutional, factual, and legal issues. See United States v. Raddatz, 447 U.S. 667, 673-76 (1980).

12.    Such review is particularly critical where the Report and Recommendation concerns alleged deprivation of constitutional rights, protected property interests, abuse of administrative authority, and procedural due process violations under the Fourteenth Amendment. See Mathews v. Eldridge, 424 U.S. 319, 332-35 (1976) (recognizing that due process requires balancing the private interests affected, the risk of erroneous deprivation, and the governmental interests involved).

13.    Here, Plaintiff specifically objects because the Report and Recommendation fails to meaningfully address substantial jurisdictional and constitutional issues surrounding the validity and authorization of the BRN Section 820 Order, which formed the foundational basis for the disciplinary proceedings resulting in revocation of Plaintiff's RN license and subsequent reporting to the National Practitioner Data Bank ("NPDB").

14.    It is well established that a professional license constitutes a protected property interest under the Fourteenth Amendment, and therefore cannot be suspended or revoked without constitutionally adequate procedures and lawful governmental authority. See Mishler v. Nevada State Bd. of Medical Examiners, 896 F.2d 408, 409-10 (9th Cir. 1990); Greene v. McElroy, 360 U.S. 474, 492 (1959); Barry v. Barchi, 443 U.S. 55, 64 (1979). Moreover, procedural due process requires not only notice and opportunity to be heard, but lawful exercise of authority by the administrative body itself. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982).

15.    Federal courts further recognize that governmental action taken without lawful authorization, or in excess of delegated authority, may constitute ultra vires conduct subject to constitutional challenge under 42 U.S.C. § 1983. See Ex parte Young, 209 U.S. 123, 159-60 (1908); Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689-91 (1949). Administrative agencies possess only those powers granted by statute, and actions exceeding those powers are void. See City of Arlington v. FCC, 569 U.S. 290, 297 (2013); Stanson v. Mott, 17 Cal.3d 206, 210 (1976).

16.    Furthermore, dismissal without leave to amend is improper where amendment could cure deficiencies or where newly clarified facts materially alter the constitutional analysis. Federal Rule of Civil Procedure 15(a)(2) provides that

3

leave to amend should be "freely give[n] when justice so requires." The Ninth Circuit has repeatedly emphasized that this policy is to be applied with "extreme liberality," particularly where the plaintiff proceeds pro se and constitutional claims are involved. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).

17.    The Ninth Circuit has further held that dismissal without leave to amend is inappropriate unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623-24 (9th Cir. 1988). This principle applies with particular force in civil rights litigation brought pursuant to 42 U.S.C. §§ 1983 and 1985. See Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

18.    Plaintiff respectfully submits that the developments concerning:

(i)    Defendant Melby's declaration disclaiming personal authorization of the Section 820 Order;

(ii)    the supplemental briefing ordered by the Court regarding the validity of the signature on the Section 820 Order;

(iii)    clarification concerning the limited scope of KFH's July 14, 2022 summary judgment ruling;

(iv)    the subsequent expansion of that ruling to non-adjudicated Kaiser entities;
and

(v)    the continuing impact of vexatious litigant restrictions and NPDB reporting,

19.    collectively constitute substantial factual and procedural developments warranting further amendment and adjudication on the merits.

20.    Additionally, federal courts maintain a strong policy favoring resolution of cases on the merits rather than dismissal at the pleading stage. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986); Foman v. Davis, 371 U.S. 178, 181-82 (1962). Plaintiff respectfully submits that these principles weigh heavily against dismissal without leave to amend where unresolved constitutional, procedural, and equitable concerns remain before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**VALIDITY OF THE BRN SECTION 820 ORDER**

**21.    THE NAMED PETITION**

22.    In official disciplinary proceedings initiated by the California Board of Registered Nursing ("BRN"), Defendant Loretta Melby is identified in her official capacity as Executive Officer and "Petitioner" on behalf of the Board. The Section 820 Petition and Order at issue in this matter expressly identifies Defendant Melby as the issuing authority acting on behalf of the BRN. (See Melby's Petition and Order for Section 820 Examination, **Exhibit 1, Pg)**.

23.    Under California Business and Professions Code § 820, the authority to compel a professional licensee to undergo a psychiatric or medical examination constitutes a significant discretionary enforcement power involving the exercise of quasi-judicial administrative authority. Such authority directly implicates a protected property interest because failure to comply with the order may ultimately result in suspension or revocation of a professional license pursuant to California Business and Professions Code § 821.

24.    Because a Section 820 Order carries substantial constitutional and professional consequences, the order must be lawfully authorized and issued in compliance with applicable statutory and constitutional safeguards. Administrative agencies possess only those powers granted by statute, and actions exceeding lawful authority are void. See City of Arlington v. FCC, 569 U.S. 290, 297 (2013); Stanson v. Mott, 17 Cal.3d 206, 210 (1976).

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS #12**

25.    On July 13, 2022, Defendant Loretta Melby, Executive Officer of the California Board of Registered Nursing, initiated petition under California Business and Professions Code § 820 alleging that Plaintiff was mentally unfit to practice nursing. Plaintiff alleges that the Section 820 Petition was defective and unlawful from its inception because it relied upon knowingly false allegations and materially unsupported assertions concerning Plaintiff's mental fitness. (See BRN Defendants' Statement of Genuine Dispute to Material Facts, **Exhibit 2, Pg**).

26.    Plaintiff further alleges that the Section 820 proceedings were initiated

5

without proper administrative review and without lawful exercise of discretionary authority by the official identified as petitioner. Plaintiff respectfully submits that the validity and authorization of the Section 820 Order became a material constitutional issue during proceedings concerning Plaintiff's Motion for Summary Judgment and was sufficiently significant that the Court ordered supplemental briefing regarding the validity of the signature and authorization underlying the order.

27. The issue is not merely procedural. The Section 820 Order became the foundational administrative act underlying the subsequent Accusation, disciplinary proceedings, default determination, revocation of Plaintiff's RN license, and reporting to the National Practitioner Data Bank ("NPDB"). Plaintiff respectfully submits that where the initiating administrative order is itself constitutionally defective, all subsequent proceedings flowing from that order are materially called into question.

## MELBY'S RESPONSIVE DECLARATION

28. In response to Plaintiff's Statement of Undisputed Facts, Defendant Loretta Melby submitted a declaration stating that she did not personally review, author, approve, or directly issue the Section 820 Order executed in her name. Instead, Defendant Melby asserted that the conduct was carried out by her designee and BRN Chief Enforcement Officer Shannon Johnson. (See Melby Declaration Regarding Validity of Signature on Section 820 Examination, **Exhibit 3, Pg.**).

29. This declaration materially alters the constitutional and jurisdictional analysis underlying Plaintiff's claims because the face of the Section 820 Order represented that Defendant Melby herself exercised the authority necessary to initiate the proceedings. Plaintiff respectfully submits that the declaration now directly contradicts the representation conveyed by the order itself.

30. The significance of this admission cannot be understated. A Section 820 Order is not a routine ministerial act. It is a discretionary quasi-judicial enforcement mechanism capable of initiating proceedings leading to deprivation of a protected professional license. Due process therefore requires lawful exercise of administrative authority by an authorized decision maker. See Mathews v. Eldridge, 424 U.S. 319, 332-35 (1976); Greene v. McElroy, 360 U.S. 474, 492 (1959).

31. Plaintiff respectfully submits that Defendant Melby's declaration raises substantial questions regarding whether any authorized official lawfully exercised the discretion required before compelling Plaintiff to submit to psychiatric examination under threat of professional discipline.

## DEFECT IN DELEGATED AUTHORITY (ULTRA VIRES)

32.    Administrative agencies may act only within authority expressly granted by statute. See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689-91 (1949). Under California law, actions taken beyond delegated authority constitute ultra vires conduct and are void. See California Assn. of Psychology Providers v. Rank, 51 Cal.3d 1, 11 (1990).

33.    Here, the record reflects a material contradiction between:

(i)    the face of the Section 820 Order; and

(ii)    Defendant Melby's subsequent declaration disclaiming personal review or authorization.

34.    If California Business and Professions Code § 820 vests discretionary authority in the Executive Officer acting on behalf of the BRN, any subordinate exercising that authority must possess clear and lawful delegation consistent with statutory and constitutional requirements.

### The "For" vs. "Designee" Distinction

35.    The distinction between signing "for" an executive officer and acting as an authorized "designee" is constitutionally significant.

36.    When Shannon Johnson signed "for" Defendant Melby, the order communicated that Defendant Melby herself reviewed, approved, and authorized the decision, while Johnson merely executed the physical signature on her behalf. Such wording conveys ministerial execution of a discretionary decision already made by the authorized official.

37.    By contrast, signing explicitly as an authorized "designee" would indicate that the delegated official independently exercised the authority to review evidence, evaluate probable cause, and issue the order pursuant to lawful delegation.

### Clerical vs. Discretionary Functions

38.    This distinction is critical because discretionary authority involving deprivation of protected property interests cannot be exercised through clerical substitution or unauthorized rubber-stamping. See United States v. Giordano, 416 U.S. 505, 512-14 (1974) (where statute vests authority in designated officials,

7

unauthorized delegation invalidates resulting action).

39. A Section 820 Order involves discretionary judgment concerning whether sufficient grounds exist to compel psychiatric examination under threat of disciplinary enforcement. Such authority cannot lawfully be exercised where the identified decisionmaker never reviewed the evidence and never approved the order issued in her name.

40. Plaintiff respectfully submits that Defendant Melby's declaration demonstrates:

(i) Defendant Melby did not personally exercise the discretionary authority reflected on the face of the order;

(ii) the order failed to accurately identify the true decisionmaker; and

(iii) the BRN failed to comply with the procedural safeguards necessary before initiating disciplinary proceedings affecting Plaintiff's professional license and constitutional rights.

41. Accordingly, Plaintiff respectfully submits that the Section 820 Order was issued without lawful administrative authority, rendering the order ultra vires, constitutionally defective, and void ab initio.

**FAILURE TO EXERCISE DISCRETION**

42. Defendant Loretta Melby's declaration confirms that she never personally reviewed, authored, approved, or issued the Section 820 Order executed in her name. Plaintiff respectfully submits that this admission renders the order constitutionally hollow because the discretionary judgment represented on the face of the order was never actually exercised by the official identified as the issuing authority.

43. Under established principles of administrative law, an official cannot merely rubber-stamp a discretionary enforcement action or remain entirely ignorant of an order issued under their authority, particularly where the order directly interferes with a protected professional license and initiates proceedings capable of ending a professional career. Administrative discretion must be meaningfully exercised by the authorized decision maker. See United States v. Giordano, 416 U.S. 505, 512-14 (1974) (where statute vests authority in designated officials, unauthorized delegation invalidates resulting governmental action).

44.    Here, the Section 820 Order was signed "For" Defendant Melby, thereby representing that Melby herself reviewed and approved the evidentiary basis underlying the order while another individual merely executed the physical signature. However, Melby later declared that she never reviewed or approved the order at all. Plaintiff respectfully submits that this contradiction establishes that neither Melby nor Shannon Johnson lawfully exercised the discretionary authority required before issuing the order.

45.    If Melby did not personally review the evidentiary package and Johnson merely signed "For" Melby rather than independently exercising delegated authority as an identified designee, then no authorized official actually exercised the quasi-judicial discretion required under California Business and Professions Code § 820. The resulting action therefore becomes arbitrary, capricious, procedurally defective, and violative of Plaintiff's due process rights under the Fourteenth Amendment. See Mathews v. Eldridge, 424 U.S. 319, 332-35 (1976); Greene v. McElroy, 360 U.S. 474, 492 (1959).

46.    Moreover, administrative agencies possess only those powers granted by statute, and actions exceeding delegated authority are ultra vires and void. See City of Arlington v. FCC, 569 U.S. 290, 297 (2013); Stanson v. Mott, 17 Cal.3d 206, 210 (1976). Plaintiff respectfully submits that the BRN's failure to ensure lawful exercise of discretionary authority materially undermines the validity of the entire disciplinary framework initiated against Plaintiff.

**FAILURE OF DUE PROCESS AND PROBABLE CAUSE**

47.    Defendant Melby's declaration further confirms that Melby — the designated Executive Officer acting on behalf of the BRN — never personally reviewed the evidentiary materials or independently evaluated whether probable cause existed to conclude that Plaintiff was mentally unfit to practice nursing.

48.    This omission is constitutionally significant because a Section 820 Order is not a ministerial administrative formality. It is a discretionary, quasi-judicial enforcement mechanism that directly alters a licensee's rights and compels psychiatric or medical examination under threat of disciplinary action, suspension, or revocation pursuant to California Business and Professions Code §§ 820-821.

49.    The Fourteenth Amendment requires constitutionally adequate procedures before the State may deprive an individual of a protected property interest. A professional nursing license constitutes such a protected property interest. See Mishler v. Nevada State Bd. of Medical Examiners, 896 F.2d 408, 409-10 (9th Cir. 1990); Barry v. Barchi, 443 U.S. 55, 64 (1979)

9

**50.**    Because the Section 820 Order directly initiated proceedings threatening Plaintiff's professional livelihood, the actual decision maker authorizing the order was constitutionally required to:

(i)    review the evidentiary materials;

(ii)    independently evaluate probable cause; and

(iii)    lawfully exercise discretionary judgment before issuing the order.

**51.**    Plaintiff respectfully submits that Melby's declaration demonstrates that no such constitutionally required review occurred. Accordingly, the order was issued without lawful administrative review, without adequate determination of probable cause, and without proper procedural safeguards required by the Due Process Clause.

**52.**    The Report and Recommendation improperly assumes the validity of the Section 820 proceedings while failing to address whether the initiating order itself was constitutionally defective. Plaintiff respectfully submits that the State cannot constitutionally deprive an individual of a professional license through proceedings initiated by an order issued without lawful authorization or meaningful administrative review.

### PROCEDURAL INVALIDATION (VOID AB INITIO)

**53.**    Plaintiff respectfully submits that substantial grounds exist to invalidate the Section 820 Order pursuant to California Code of Civil Procedure § 1094.5 because the order lacked lawful administrative foundation from inception.

**54.**    Under California law, actions taken by an administrative agency without lawful authority are void ab initio — void from the beginning. See American Federation of Labor v. Unemployment Ins. Appeals Bd., 13 Cal.4th 1017, 1023 (1996). Administrative agencies possess only those powers expressly granted by statute, and acts exceeding delegated authority are invalid and unenforceable. See County of San Diego v. State of California, 15 Cal.4th 68, 109 (1997).

**55.**    Here, Defendant Melby's own declaration serves as direct evidentiary confirmation that:

**(i)**    she did not personally authorize the Section 820 Order;

**(ii)**    she did not review the underlying evidentiary materials;

10

and

**(iii)** the BRN failed to follow the procedural chain of authority represented on the face of the order.

56. Plaintiff respectfully submits that Melby's declaration therefore constitutes the "smoking gun" admission demonstrating that the agency failed to comply with its own internal procedures, statutory mandates, and constitutional obligations before initiating disciplinary proceedings against Plaintiff.

57. Because the Accusation, allegations of noncompliance, default proceedings, RN license revocation, and NPDB reporting all flowed directly from the allegedly defective Section 820 Order, Plaintiff respectfully submits that the constitutional and procedural validity of all subsequent proceedings is materially compromised.

58. The Report and Recommendation improperly bypasses this threshold issue by focusing solely upon Plaintiff's alleged noncompliance while failing to determine whether the initiating administrative order itself was lawfully authorized.

## ESTOPPEL AND AGENCY CONTRADICTIONS

59. The BRN cannot easily correct this constitutional defect retroactively because Defendant Melby's declaration directly contradicts the face of the Section 820 Order itself.

60. The order was signed "For" Defendant Melby, thereby communicating to Plaintiff, the Court, and the public that Melby personally reviewed and approved the order while another individual merely executed the physical signature. However, Melby later declared that Shannon Johnson acted as her designee and that Melby herself never reviewed or authorized the order.

61. Plaintiff respectfully submits that these two positions are materially irreconcilable.

62. If Shannon Johnson independently exercised delegated authority, the order should have identified Johnson as acting in the capacity of an authorized designee rather than signing "For" Melby. By contrast, signing "For" an executive official communicates that the named official personally exercised the underlying discretionary judgment.

63. Under principles of judicial estoppel and equitable estoppel, parties and agencies may not advance inconsistent factual positions where doing so would

11

undermine judicial integrity or prejudice another party. See *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001); *Jackson v. County of Los Angeles*, 60 Cal.App.4th 171, 183 (1997).

64. Plaintiff respectfully submits that the contradiction between the face of the order and Melby's subsequent declaration materially undermines the procedural integrity and credibility of the BRN disciplinary proceedings.

## EVIDENTIARY AND CREDIBILITY IMPLICATIONS

### Impeaching the Board's Actions

65. Defendant Melby's declaration is highly exculpatory to Plaintiff because it directly impeaches the BRN's own disciplinary paperwork and representations concerning the validity of the Section 820 proceedings.

66. By admitting that she never personally reviewed, authorized, or issued the Section 820 Order executed in her name, the BRN's highest executive officer has effectively contradicted the agency's own representation regarding the identity of the actual decision maker and the procedural validity of the initiating disciplinary order.

67. Plaintiff respectfully submits that this contradiction materially undermines the credibility and constitutional reliability of the disciplinary proceedings because the BRN represented throughout the proceedings that the Section 820 Order was lawfully authorized pursuant to proper administrative review.

68. The declaration therefore materially strengthens Plaintiff's allegations that the proceedings were initiated without lawful authority and without constitutionally adequate safeguards.

### Fruit of the Poisonous Tree

69. Plaintiff further respectfully submits that if the Section 820 Order was invalidly executed or issued without lawful authorization, then all proceedings and evidence flowing from that order are constitutionally tainted.

70. Although the "fruit of the poisonous tree" doctrine traditionally arises in criminal contexts, courts recognize that governmental action flowing from constitutionally defective procedures may be invalidated where due process and fundamental fairness are implicated. See *Wong Sun v. United States*, 371 U.S. 471, 484-88 (1963).

12

**71.** Here, the allegedly defective Section 820 Order served as the foundational administrative act underlying:

**(i)** the Accusation;

**(ii)** allegations of noncompliance;

**(iii)** default proceedings;

**(iv)** revocation of Plaintiff's RN license; and

**(v)** reporting to the National Practitioner Data Bank.

**72.** Plaintiff respectfully submits that the BRN cannot constitutionally rely upon an unlawfully authorized administrative order to justify permanent destruction of Plaintiff's professional license, reputation, and livelihood.

### SEPARATE PETITION REGARDING THE TAKING OF THE RN LICENSE

**73.** Plaintiff further notes that Defendant Melby separately filed a restraining order petition against Plaintiff in which Melby allegedly stated that she took away Plaintiff's RN license "as part of her job." (See Melby Petition for ROS Against Plaintiff, **Exhibit 4, Pg)**. Plaintiff respectfully submits that this statement triggers two distinct legal frameworks concerning sovereign immunity and constitutional limitations upon official conduct.

#### a) Official Capacity and Sovereign Immunity

**74.** As Executive Officer of the BRN, Defendant Melby generally enjoys discretionary immunity under California Government Code § 820.2 for discretionary acts performed within the lawful scope of official duties. Similarly, certain quasi-judicial administrative actions may receive qualified or quasi-judicial immunity under federal law. See Butz v. Economou, 438 U.S. 478, 512-17 (1978).

#### b) Exception to Immunity

**75.** However, immunity doctrines do not protect officials acting outside lawful authority or violating clearly established constitutional rights. See Ex parte Young, 209 U.S. 123, 159-60 (1908); Hafer v. Melo, 502 U.S. 21, 30-31 (1991).

**76.** If Plaintiff's RN license was revoked through reliance upon a rob-signed, unauthorized, or constitutionally defective Section 820 Order that Melby

admits she never personally reviewed or authorized, Plaintiff respectfully submits that the resulting conduct falls outside protected discretionary immunity because:

(i) the order allegedly lacked lawful administrative authorization;

(ii) the proceedings were initiated without proper exercise of discretionary judgment; and

(iii) Plaintiff's protected property interests were deprived without constitutionally adequate procedures.

77. Plaintiff therefore respectfully submits that the alleged "taking" of Plaintiff's RN license constitutes unlawful ultra vires conduct and a due process violation rather than protected discretionary governmental action.

## PROCEDURAL STANDING OF THE NOTICE OF DEFENSE

### Premature but Effective Notice of Defense

78. Under California Government Code § 11506, a Notice of Defense ordinarily serves as the responsive pleading to a formal administrative Accusation. Plaintiff acknowledges that the Notice of Defense may have preceded formal service of the Accusation and therefore may have been procedurally premature in sequence.

79. However, Plaintiff respectfully submits that the filing nevertheless constituted a formal written administrative objection sufficient to place the BRN on notice that Plaintiff disputed the validity of the Section 820 proceedings and intended to challenge the accusations.

80. **The Board's acknowledgment of Plaintiff's Notice of Defense, combined with the subsequent issuance of the Accusation, demonstrates that the BRN had actual notice that Plaintiff objected to the validity of the proceedings and challenged the underlying Section 820 Order**.

81. Due process focuses upon meaningful notice and opportunity to be heard rather than rigid procedural technicalities alone. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

### Estoppel of Non-Compliance Charges

82. Plaintiff further respectfully submits that the BRN is estopped from pursuing disciplinary charges for alleged "failure to comply" with the Section 820

14

Order where the validity and authorization of the order itself are materially disputed.

83.     A licensee cannot constitutionally be disciplined for refusing to comply with a fraudulent, unauthorized, or void administrative directive. Administrative enforcement proceedings premised upon an unlawfully authorized order violate fundamental principles of due process and lawful administrative authority.

84.     Accordingly, Plaintiff respectfully submits that the BRN lacked lawful basis to pursue disciplinary charges based upon alleged noncompliance where the underlying Section 820 Order itself remains materially challenged as constitutionally defective, ultra vires, and void ab initio.

## CIVIL RIGHTS VIOLATION (42 U.S.C. § 1983)

85.     A professional nursing license constitutes a protected property interest under the Fourteenth Amendment to the United States Constitution. See Mishler v. Nevada State Bd. of Medical Examiners, 896 F.2d 408, 409-10 (9th Cir. 1990); Barry v. Barchi, 443 U.S. 55, 64 (1979). Accordingly, the government may not deprive an individual of such a license without constitutionally adequate procedures, lawful authority, and meaningful due process protections.

86.     Plaintiff respectfully submits that forcing a licensed professional into a compelled psychiatric or medical evaluation through use of a forged, unauthorized, rob-signed, or jurisdictionally defective Section 820 Order — and subsequently revoking that individual's professional license based upon alleged noncompliance with that order — constitutes a severe deprivation of civil rights under color of state law actionable pursuant to 42 U.S.C. § 1983.

87.     The record establishes that Defendant Melby later admitted she never personally reviewed, authorized, or approved the Section 820 Order executed in her name. Plaintiff respectfully submits that the BRN nevertheless advanced disciplinary proceedings, accusations, and revocation proceedings despite possessing actual knowledge that the initiating administrative order was constitutionally and procedurally defective.

88.     The deprivation suffered by Plaintiff extends far beyond ordinary administrative discipline. Plaintiff's RN license revocation was publicly posted through the BRN website and California Breeze system, permanently damaging Plaintiff's professional reputation, employability, and ability to secure comparable employment in the nursing profession. Plaintiff further alleges that the resulting NPDB reporting created continuing nationwide professional barriers and reputational harm.

15

89.     Plaintiff respectfully submits that Defendants' conduct supports additional tort-based injuries including:

(i)     intentional interference with prospective economic advantage;

(ii)    intentional infliction of emotional distress;

(iii)   reputational injury and defamation;

(iv)    loss of earning capacity; and

(v)     continuing professional and economic harm.

90.     The Ninth Circuit recognizes that state actors acting under color of law may be held liable under § 1983 where they deprive an individual of constitutionally protected property or liberty interests through unlawful governmental conduct. See West v. Atkins, 487 U.S. 42, 48 (1988); Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988).

## VIOLATION OF PROCEDURAL DUE PROCESS (FOURTEENTH AMENDMENT)

91.     Under the California Administrative Procedure Act ("APA"), including California Government Code §§ 11500 et seq., a state administrative agency must follow constitutionally adequate and statutorily defined procedures before depriving an individual of a professional license or livelihood.

92.     The Fourteenth Amendment prohibits the State from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV. A professional license is a recognized protected property interest, and a professional's reputation connected to continued employment and licensure constitutes a protected liberty interest under the "stigma-plus" doctrine. See Paul v. Davis, 424 U.S. 693, 701-10 (1976); Humphries v. County of Los Angeles, 554 F.3d 1170, 1185-86 (9th Cir. 2009), rev'd on other grounds, 562 U.S. 29 (2010).

93.     Procedural due process requires:

(i)     lawful governmental authority;

(ii)    notice reasonably calculated to apprise affected parties;

(iii)   meaningful opportunity to be heard; and

16

**(iv)** fundamentally fair procedures before deprivation of protected interests. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

94.    Plaintiff respectfully submits that BRN Defendants bypassed these constitutional safeguards by advancing disciplinary proceedings to formal accusation and ultimate license revocation based upon a Section 820 Order that was allegedly void, unauthorized, and jurisdictionally defective from inception.

95.    Defendant Melby's declaration establishes that Melby never personally reviewed or authorized the order issued in her name. Plaintiff respectfully submits that proceeding with disciplinary enforcement despite knowledge of such defects constitutes a direct violation of procedural due process because the State relied upon an allegedly unlawful administrative act to deprive Plaintiff of a protected professional license.

96.    The right to meaningful hearing and fair administrative procedures cannot coexist with disciplinary proceedings built upon a void foundational order. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982) (procedural due process protects against arbitrary governmental deprivation of protected interests).

## VIOLATION OF SUBSTANTIVE DUE PROCESS (FOURTEENTH AMENDMENT)

97.    Substantive due process protects citizens against arbitrary, irrational, capricious, and conscience-shocking governmental conduct. See County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998); Shanks v. Dressel, 540 F.3d 1082, 1088 (9th Cir. 2008).

98.    Plaintiff respectfully submits that allowing disciplinary proceedings to advance toward the ultimate professional penalty — revocation of Plaintiff's RN license and irreversible NPDB reporting — despite actual knowledge that the foundational Section 820 Order was allegedly invalid or unlawfully authorized constitutes arbitrary governmental overreach and abuse of official power.

99.    The resulting harm was catastrophic and permanent. Plaintiff alleges destruction of Plaintiff's professional career, continuing barriers to employment, reputational devastation, financial hardship, emotional distress, and loss of future earning capacity.

100.    Government officials act with deliberate indifference to constitutional rights when they knowingly permit constitutionally defective proceedings to

17

continue despite awareness of substantial procedural irregularities. See L.W. v. Grubbs, 92 F.3d 894, 900 (9th Cir. 1996).

101. Plaintiff respectfully submits that weaponizing administrative enforcement machinery to impose the ultimate professional sanction through reliance upon an allegedly void order fits squarely within the category of arbitrary and conscience-shocking governmental conduct prohibited by substantive due process principles.

## LOSS OF QUALIFIED / ABSOLUTE IMMUNITY

102. Board officials generally enjoy qualified immunity for discretionary administrative functions and quasi-judicial immunity for certain adjudicative functions performed within lawful authority. See Butz v. Economou, 438 U.S. 478, 512-17 (1978).

103. However, qualified immunity does not protect officials who violate clearly established constitutional rights or act outside lawful jurisdiction. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Hafer v. Melo, 502 U.S. 21, 30-31 (1991).

104. Plaintiff respectfully submits that immunity protections become unavailable where officials proceed with disciplinary actions despite actual knowledge that the foundational administrative order was void, unauthorized, or unlawfully executed.

105. If the Section 820 Order was issued without lawful authorization, and Defendants nevertheless proceeded toward accusation, revocation, and NPDB reporting despite awareness of those defects, Plaintiff respectfully submits that such conduct exceeded protected discretionary authority and violated clearly established constitutional rights concerning due process and protected property interests.

106. Government officials are not entitled to immunity for ultra vires conduct or actions taken in clear absence of jurisdiction. See Ex parte Young, 209 U.S. 123, 159-60 (1908); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

## COLLUSION WITH ILLEGAL PREFILING ORDERS

107. Plaintiff further respectfully submits that BRN Defendants' alleged disregard of Plaintiff's cease-and-desist communications regarding the validity of the Section 820 Order, combined with their alleged participation in proceedings supporting Kaiser-related prefiling restrictions, demonstrates institutional bad faith and deliberate indifference to Plaintiff's constitutional rights.

**108.** Plaintiff alleges that despite being placed on notice concerning substantial defects in the Section 820 Order, BRN Defendants continued to advance disciplinary proceedings and allegedly supported procedural barriers limiting Plaintiff's ability to litigate related employment and constitutional claims.

**109.** Plaintiff respectfully submits that such conduct transforms what Defendants may characterize as mere administrative error into willful misconduct and abuse of process.

**110.** California law recognizes malicious prosecution where proceedings are initiated without probable cause and pursued with malice. See Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863, 871-72 (1989). Abuse of process similarly arises where legal or administrative procedures are used for improper collateral purposes rather than legitimate governmental objectives. See Rusheen v. Cohen, 37 Cal.4th 1048, 1056-57 (2006).

**111.** Plaintiff respectfully submits that using an allegedly defective Section 820 Order as leverage to support disciplinary action, reputational destruction, and procedural barriers to litigation plausibly supports claims involving abuse of process, malicious prosecution, and intentional infliction of emotional distress.

### CRIMINAL CONSPIRACY (18 U.S.C. § 241), 42 U.S.C. § 1985, AND 42 U.S.C. § 1983

**112.** Plaintiff respectfully submits that the cumulative procedural record plausibly supports allegations of coordinated conduct among multiple actors sufficient to establish the elements of conspiracy under 42 U.S.C. §§ 1983 and 1985.

**113.** The essential elements include:

**(i)** agreement or meeting of the minds;

**(ii)** interference with protected constitutional rights;

**(iii)** discriminatory or retaliatory intent;

**(iv)** overt acts in furtherance of the conspiracy; and

**(v)** resulting injury or deprivation.

**114.** A conspiracy under § 1983 or § 1985 need not be proven through direct evidence of an express written agreement. Circumstantial evidence, coordinated

conduct, suspicious timing, and parallel actions may establish a tacit agreement among participants. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970); Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010).

115. Plaintiff respectfully submits that the alleged overlap between:

(i)     the issuance of the allegedly defective Section 820 Order;

(ii)    the simultaneous denial of Plaintiff's employment relationship by Kaiser entities;

(iii)   expansion of KFH's judgment to non-adjudicated entities;

(iv)    pursuit of vexatious litigant restrictions;

(v)     revocation of Plaintiff's RN license;
and

(vi)    resulting NPDB reporting,

116. collectively support a plausible inference of coordinated conduct designed to deprive Plaintiff of constitutional rights, professional livelihood, access to the courts, and meaningful ability to obtain redress.

## I.   AGREEMENT AND TARGETED RIGHT

117. Plaintiff respectfully submits that the cumulative conduct alleged throughout these proceedings demonstrates a coordinated effort to interfere with and deprive Plaintiff of rights secured by the United States Constitution and federal law, including:

(i)     the right to procedural due process under the Fourteenth Amendment;

(ii)    the right to equal protection;

(iii)   the right of access to the courts;

(iv)    the right to pursue lawful employment and maintain a protected professional license;
and

(v)     the right to seek redress for unlawful employment discrimination and retaliation under federal and California law.

118.    The objective of the alleged coordinated conduct was not merely to defend

**(i)**    creating a false and professionally devastating mental health narrative;

**(ii)**    against litigation, but to systematically prevent Plaintiff from meaningfully exercising constitutional and statutory rights by:weaponizing BRN disciplinary machinery through an allegedly unauthorized Section 820 Order;

**(iii)**    eliminating Plaintiff's ability to pursue employment-related claims against Kaiser-affiliated entities;

**(iv)**    imposing procedural barriers through prefiling restrictions; and

**(v)**    permanently damaging Plaintiff's professional reputation, employability, and credibility through RN license revocation and NPDB reporting.

119.    Plaintiff respectfully submits that the alleged plan has already been executed substantially as alleged through a sequence of interconnected procedural events that collectively deprived Plaintiff of meaningful access to the courts and destroyed Plaintiff's professional livelihood.

120.    Plaintiff has alleged throughout these proceedings that the BRN lacked lawful probable cause to issue the Section 820 Order. Plaintiff further alleges that Defendants utilized the allegedly unauthorized order to construct and perpetuate a false mental health narrative designed to discredit Plaintiff professionally and legally, knowing that a BRN-issued mental health determination would carry extraordinary weight and would be difficult for Plaintiff to meaningfully challenge once disciplinary proceedings commenced.

121.    Plaintiff respectfully submits that the practical effect of the alleged conduct was to:

(i)    undermine Plaintiff's credibility in ongoing litigation;

(ii)    impair Plaintiff's ability to pursue employment claims;

(iii)    portray Plaintiff as mentally unstable or vexatious;

(iv)    justify restrictive prefiling orders;

(v)    and create permanent reputational and career-ending consequences

21

through RN license revocation and NPDB reporting.

122. The alleged coordinated actions include, but are not limited to:

(i) Gary Carlin allegedly misrepresenting SCPMG and KFHP as Doe defendants despite the existence of a retainer agreement and communications reflecting involvement of multiple Kaiser entities;

(ii) KFH allegedly misrepresenting the FEHA employment relationship while obtaining summary judgment limited only to KFH;

(iii) Kaiser Defendants later entering and enforcing judgment as though all Kaiser entities and Doe defendants had been adjudicated, despite SCPMG and KFHP never obtaining summary judgment on the merits;

(iv) KFH allegedly pursuing vexatious litigant and prefiling restrictions after Plaintiff attempted to pursue separate litigation involving SCPMG;

(v) BRN Defendants allegedly issuing and enforcing an unauthorized Section 820 Order while simultaneously advancing disciplinary proceedings leading to revocation of Plaintiff's RN license and reporting to the NPDB;

(vi) SCPMG allegedly obtaining or benefiting from prefiling restrictions after Plaintiff attempted to include BRN-related allegations in separate litigation;

(vii) and Defendants allegedly maintaining a continuing false narrative over several years while portraying Plaintiff's reactions to the resulting harm as justification for further adverse actions.

123. Plaintiff respectfully submits that these actions did not occur in isolation. Rather, the alleged conduct occurred in rapid succession and often simultaneously without clear legitimate justification, supporting a plausible inference of coordinated action and shared objectives among the participants.

124. The Ninth Circuit recognizes that conspiracy claims under 42 U.S.C. §§ 1983 and 1985 may be established through circumstantial evidence, coordinated conduct, suspicious timing, and tacit understanding among participants. Direct written agreements are not required. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970); Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010).

**Meeting of the Minds**

125. Plaintiff respectfully submits that the record plausibly supports the

22

existence of a tacit agreement or "meeting of the minds" among participants.

126. For example:

(i)    Gary Carlin allegedly filed litigation naming only KFH while listing SCPMG and KFHP as Doe defendants despite retainer agreement and documentary evidence allegedly reflecting broader Kaiser involvement;

(ii)    KFH later entered judgment purporting to apply globally to Doe defendants even though the motion for summary judgment was limited solely to KFH and no separate adjudication or stipulation dismissed SCPMG or KFHP.

127. Plaintiff respectfully submits that these procedural maneuvers collectively benefited non-adjudicated Kaiser entities while simultaneously depriving Plaintiff of meaningful opportunity to litigate claims concerning the actual employment relationship.

### Suspicious Timing

128. Plaintiff further respectfully submits that the timing of events supports a plausible inference of coordinated conduct.

129. Specifically:

(i)    on July 14, 2022, KFH obtained summary judgment based upon alleged absence of an FEHA employment relationship;
and

(ii)    on the same date, the BRN issued the challenged Section 820 Order based upon reports allegedly submitted by Plaintiff's manager associated with SCPMG.

130. Plaintiff respectfully submits that the simultaneous advancement of:

(i)    employment-related defenses denying Plaintiff's employment status;
and

(ii)    disciplinary proceedings questioning Plaintiff's mental fitness,

(iii)    supports a reasonable inference that the actions were strategically interconnected rather than coincidental.

23

**Shared Motives and Strategic Gain**

131.    Plaintiff further alleges that Defendants shared a common strategic interest in preventing Plaintiff from pursuing further litigation and accountability concerning the underlying employment-related conduct.

132.    Plaintiff alleges that:

(i)    Gary Carlin later submitted declarations supporting KFH's position;

(ii)    KFH and related entities allegedly pursued unlawful prefiling restrictions;

(iii)    SCPMG and KFHP allegedly obtained practical immunity from litigation without adjudication on the merits;

(iv)    and BRN disciplinary proceedings allegedly reinforced narratives undermining Plaintiff's credibility and professional standing.

133.    Plaintiff respectfully submits that Defendants stood to gain strategically from the resulting harm because:

(i)    Plaintiff's credibility was undermined;

(ii)    Plaintiff's employment claims were weakened;

(iii)    Plaintiff faced increased procedural barriers to litigation;

(iv)    Plaintiff's professional license was revoked;
and

(v)    Plaintiff suffered permanent reputational and economic damage.

134.    A conspiracy agreement under §§ 1983 and 1985 need not be formal, written, or expressly stated. A tacit understanding or implied combination to act in concert is legally sufficient where coordinated conduct and circumstantial evidence plausibly demonstrate shared objectives and joint participation in the deprivation of constitutional rights. See United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989); Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1301-02 (9th Cir. 1999)

135.    The entities commonly referred to as "Kaiser" consist of **separate and distinct legal entities**, including Defendant Kaiser Foundation Hospitals ("KFH"),

24

Kaiser Foundation Health Plan, Inc. ("KFHP"), and Southern California Permanente Medical Group ("SCPMG"). (**Exhibit A, Kaiser's disclosure**).

136. A summary judgment ruling issued on July 14, 2022 was limited solely to KFH;

137. SCPMG and KFHP were not adjudicated parties to the motion;

138. **A judgment entered on September 21, 2022, was expanded and enforced globally against non-moving entities listed as Doe defendants**;

139. Prefiling orders issued on December 22, 2022, were predicated upon that expanded interpretation; and

140. continued enforcement of those orders would perpetuate substantial injustice and ongoing financial harm to Plaintiff.

141. Based upon that interpretation, the Court imposed a $10,000 security requirement pursuant to California's vexatious litigant statutes under California Code of Civil Procedure section 391 et seq., expressly relying upon the premise that the employment issues had already been conclusively determined in favor of "***Kaiser***."

142. However, **SCPMG** and **KFHP** were never parties to KFH's motion for summary judgment, were never adjudicated on the merits, and never obtained lawful judgment concerning Plaintiff's employment relationship. Nevertheless, those entities received the benefit of a judgment they never obtained, and Plaintiff was effectively barred from litigating the same conduct that contributed to the revocation of Plaintiff's RN license and destruction of Plaintiff's livelihood.

**Discriminatory intent may be established through:**

(i)    adverse actions explicitly based upon a protected characteristic;

(ii)    statistical or empirical evidence demonstrating a discriminatory pattern;
and

(iii)    unexplained departures from normal procedures, administrative rules, or substantive decision-making protocols. See Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 266-68 (1977).

143. Plaintiff respectfully submits that Defendants' conduct demonstrates

25

disproportionate and targeted actions centered around Plaintiff's alleged mental health, including:

(i)    SCPMG's termination of Plaintiff based upon perceived mental health concerns;

(ii)    KFH communications to Gary Carlin regarding Plaintiff's mental health;
and

(iii)    Defendant Melby's allegedly invalid Section 820 Order based upon reports submitted by Plaintiff's manager, an SCPMG employee.

144.    Plaintiff further alleges disproportionate procedural impact where Defendant Carlin intentionally sued only KFH while listing SCPMG and KFHP as Doe defendants, thereby allowing related Kaiser entities to later benefit from judgment protections without adjudication on the merits. Plaintiff respectfully submits that these coordinated actions support a plausible inference of discriminatory and retaliatory intent.

145.    The relevant facts are straightforward and undisputed in the record:

146.    On or about April 21, 2022, Defendant Kaiser Foundation Hospitals ("KFH") filed a motion for summary judgment asserting that it was not Plaintiff's employer and therefore could not be held liable under FEHA. The motion was limited in scope and was brought solely by KFH. It did not purport to resolve claims against any other Kaiser-affiliated entity, nor did it address the role of KFHP, SCPMG, or Doe defendants. (**Exhibit B**).

147.    On April 29, 2026, with a court reporter present, the Court confirmed on the record that **only KFH received summary judgment on July 14, 2022**. This is critical. It establishes that the ruling was limited in scope. (**Exhibit C**)

148.    At the **July 14, 2022** hearing, the Court stated on the record that "Kaiser is out," reflecting dismissal as to the moving party. (**Exhibit D**).

149.    On **September 21, 2022**, KFH entered judgment in its favor, asserting that it had obtained judgment in its entirety and that Doe defendants were dismissed. (**Exhibit E**).

150.   However, Doe defendants were **not adjudicated** in the July 14, 2022 ruling, and the corresponding minute order reflects that the matter was **continued to September 29, 2022**, confirming that issues remained pending. (**Exhibit F**).

151.   In its **October 18, 2022** opposition, KFH represented that it had obtained summary judgment **on behalf of all Kaiser entities**, and asserted that no other Kaiser entity should be subject to further litigation costs. (**Exhibit G**).

152.   KFH has since consistently maintained that the July 14, 2022 summary judgment **disposed of the entire action**, notwithstanding that the ruling was limited to KFH. (**Exhibit H**).

153.   A material change arises from the *identification of doe defendants* and a state court clarification confirming that **only Kaiser Foundation Hospitals ("KFH") was granted summary judgment on July 14, 2022**, and that no other defendants—including Doe defendants—were adjudicated.

154.   This clarification is critical for the following reasons:

### Doe Defendants Remained Active Parties

155.   Because the ruling was limited to KFH, Doe defendants were not adjudicated and remained active parties. Under California law, summary judgment applies only to the **moving party and issues presented**. Cal. Code Civ. Proc. § 437c(a); see also *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1169 (judgment exceeding scope of issues violates due process).

### Procedurally Improper Entry of Judgment

156.   Dismissal of Doe defendants requires a formal request, amendment, or court order initiated by the plaintiff. See Cal. Code Civ. Proc. § 474. A defendant who has obtained summary judgment lacks authority to unilaterally dismiss other parties absent stipulation or adjudication. Accordingly, the judgment entered on September 21, 2022 exceeded the lawful scope of the ruling.

### Denial of a Fair Hearing / Extrinsic Fraud

157.   Extrinsic fraud arises where a party is deprived of the opportunity to fully present her case. See *Vu v. Prudential Property & Casualty Ins. Co.* (2001) 26 Cal.4th 1142, 1148; *Olivera v. Grace* (1942) 19 Cal.2d 570, 575.

158. Here, KFH's act of entering judgment purporting to include Doe defendants—without notice, motion, or adjudication—resulted in dismissal of those defendants without a hearing, thereby preventing full litigation of Plaintiff's claims.

### Prejudice Resulting from Loss of Doe Allegations (Privity Concerns)

159. Doe defendants serve as placeholders for unknown parties whose identities may be discovered during litigation. See Cal. Code Civ. Proc. § 474. Their improper dismissal prevented Plaintiff from naming any Kaiser entity, thereby expanding the preclusive effect of the judgment beyond its lawful scope and implicating principles of privity and claim preclusion.

### Improper Bar to Subsequent Claims

160. The expanded interpretation of the judgment barred Plaintiff from pursuing claims against other Kaiser entities arising from same injury, even though the statute of limitations had not expired. Plaintiff's termination occurred on **March 18, 2021**, and judgment was entered on **September 21, 2022**. (**Exhibit I**)

161. The prefiling orders entered on December 22, 2022 were predicated on a finding that Defendant "**Kaiser" was not Plaintiff's employer, thereby rendering Plaintiff's claims without merit and supporting a finding under California Code of Civil Procedure § 391(b) that Plaintiff was relitigating matters already decided.** (**Exhibit J**)

162. The Court's **February 27, 2026** minute order similarly states that judgment in favor of "Kaiser" was fatal to Plaintiff's employment claims under the California Fair Employment and Housing Act, thereby adopting a global interpretation of a ruling that was limited in scope. (**Exhibit K)**

163. Under California Code of Civil Procedure § 437c, summary judgment is limited to the moving party and the issues presented. A judgment that exceeds that scope raises due process concerns. See In re Marriage of Lippel (1990) 51 Cal.3d 1160.

164. The discrepancy between:

**(i)** The courts prior determination that plaintiff was not an employee of "Kaiser" as a matter of law;

**(ii)** KFH's assertion that judgment applies to all Kaiser entities; and

28

**(iii)** The Court's later adoption of that broader interpretation;

**(iv)** Identification of doe defendants;

**(v)** The Court's oral confirmation that only KFH received summary judgment;

165. constitutes a **material change in the factual and procedural foundation** of the prefiling orders.

### OVERT ACT

166. Plaintiff respectfully submits that Defendants committed multiple overt acts in furtherance of the alleged agreement to deprive Plaintiff of constitutional rights, professional livelihood, and meaningful access to the courts.

167. An overt act is a physical manifestation or affirmative action taken by a member of a conspiracy that advances or helps carry out the unlawful objective. See United States v. Skillman, 922 F.2d 1370, 1375 (9th Cir. 1990). The overt act itself need not be unlawful in isolation; rather, it must further the objectives of the alleged conspiracy.

168. Here, Plaintiff respectfully submits that BRN Defendants' continued advancement of disciplinary proceedings despite actual knowledge concerning the alleged invalidity and unauthorized nature of the Section 820 Order constitutes a direct overt act in furtherance of the conspiracy.

169. Plaintiff alleges that Defendants possessed actual knowledge that:

**(i)** Defendant Melby never personally reviewed or authorized the Section 820 Order issued in her name;
(ii) the order allegedly lacked lawful administrative foundation;

**(ii)** And substantial jurisdictional and constitutional defects existed concerning the disciplinary proceedings.

170. Despite such knowledge, Defendants allegedly:

**(i)** proceeded with the Accusation;

**(ii)** pursued allegations of noncompliance;

**(iii)** advanced revocation proceedings against Plaintiff's RN license;

**(iv)** reported Plaintiff to the National Practitioner Data Bank ("NPDB"); and

**(v)**    continued supporting procedural barriers impairing Plaintiff's ability to seek judicial relief.

171.    Plaintiff respectfully submits that these actions constitute overt acts because they materially advanced the alleged objective of:

**(i)**    creating a false mental health narrative;

**(ii)**    discrediting Plaintiff professionally and legally;

**(iii)**    undermining Plaintiff's employment-related claims;

**(iv)**    restricting Plaintiff's access to the courts; and

**(v)**    inflicting permanent reputational and economic harm.

172.    The overt acts alleged here therefore demonstrate both the existence of coordinated conduct and the intentional execution of actions designed to further the alleged conspiracy under 42 U.S.C. §§ 1983 and 1985

173.    Plaintiff is informed and believes, and thereon alleges, that over a period exceeding four years, Defendants consistently maintained contradictory, misleading, and irreconcilable positions regarding the existence of an employment relationship with Plaintiff, while simultaneously attempting to use those inconsistent positions to shield multiple Kaiser-affiliated entities from liability.

174.    Throughout these proceedings, Defendants repeatedly argued that Plaintiff was not employed by "Kaiser," and therefore could not establish the foundational employment relationship necessary to proceed under the California Fair Employment and Housing Act ("FEHA").

175.    At the same time, however, Defendants exercised authority, control, and decision-making power that are legally reserved to an employer, including authority concerning:

**(i)**    medical leave determinations;

**(ii)**    employment-related restrictions;

**(iii)**    Fitness-for-Duty ("FFD") directives;

**(iv)**    evaluation of Plaintiff's ability to work;

30

**(v)**    employment compliance procedures; and

**(vi)**    actions affecting Plaintiff's continued professional standing and RN licensure.

**176.**    Records submitted in this matter demonstrate that Plaintiff's medical leave issues were handled under "Kaiser Permanente," and that Plaintiff was subjected to a Fitness-for-Duty process. (**Exhibit L.**)

**177.**    Such actions are not incidental administrative functions. They are core employment functions reflecting supervision, direction, control, and authority over an employee. Plaintiff respectfully submits that Defendants cannot simultaneously deny the existence of an employment relationship while exercising the very authority and control that California law recognizes as indicate of employment.

**178.**    California courts recognize that the existence of an employment relationship depends upon the totality of circumstances, including the right to control work performance, authority over employment conditions, and participation in employment-related decision-making. See *Martinez v. Combs* (2010) 49 Cal.4th 35, 64; *Vernon v. State of California* (2004) 116 Cal.App.4th 114, 124-125.

**179.**    In *Vernon v. State of California* (2004) 116 Cal.App.4th 114, 124, the Court explained that the "right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed," is among the most significant factors in determining employer status. Likewise, California law recognizes joint-employer and integrated-enterprise theories where affiliated entities collectively exercise control over employment conditions and workplace decisions. See *Laird v. Capital Cities/ABC, Inc.* (1998) 68 Cal.App.4th 727, 737.

**180.**    Plaintiff's separate action involving SCPMG was predicated upon precisely those theories, including allegations that SCPMG and related Kaiser entities exercised joint authority concerning Plaintiff's employment, workplace restrictions, and professional status. Instead of permitting those issues to be adjudicated on their merits, Defendants relied upon KFH's narrowly tailored summary judgment ruling and later transformed that limited ruling into a global adjudication benefiting all Kaiser entities.

**181.**    Plaintiff respectfully submits that this strategy created a fundamentally unfair procedural framework whereby:

**(i)**    KFH denied employer status;

**(ii)** SCPMG and KFHP avoided adjudication entirely;

**(iii)** judgment was nevertheless expanded to protect all entities;

**(iv)** Plaintiff's related SCPMG claims were effectively foreclosed; and

**(v)** Plaintiff was subsequently labeled a vexatious litigant based upon claims that were never fully adjudicated.

**182.** The resulting prejudice was devastating.

**183.** Plaintiff lost the ability to pursue claims concerning the same underlying employment conduct that contributed to the revocation of Plaintiff's RN license, destruction of Plaintiff's professional career, loss of income, inability to secure comparable employment, and continuing financial hardship.

**184.** Plaintiff respectfully submits that these harms were not caused merely by adverse rulings, but by the improper expansion and enforcement of a judgment beyond the parties and issues actually adjudicated by the Court.

**185.** California law recognizes that extrinsic fraud exists where a party has been deprived of the opportunity to fully present her case or obtain a fair adversarial hearing. In *Olivera v. Grace* (1942) 19 Cal.2d 570, 575, the California Supreme Court held:
"Extrinsic fraud usually arises when a party is denied a fair adversary hearing because he has been deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense."

**186.** Similarly, in *Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471, the California Supreme Court recognized that equitable relief may be granted where a party has been deprived of a fair opportunity to present claims due to fraud, concealment, or unfair conduct. In *Vu v. Prudential Property & Casualty Insurance Company* (2001) 26 Cal.4th 1142, 1149, the California Supreme Court further confirmed that equitable relief is appropriate where a party has been denied a fair adversarial proceeding through fraud or procedural unfairness.

**187.** Plaintiff respectfully submits that Defendants' conduct falls squarely within these principles because Defendants:

**(i)** denied the existence of an employment relationship;

**(ii)** simultaneously exercised employer authority;

(iii)    secured judgment solely for KFH;

(iv)    later asserted that judgment applied globally to all Kaiser entities;

(v)    used that expanded interpretation to invoke claim preclusion and vexatious litigant restrictions; and

(vi)    prevented Plaintiff from obtaining adjudication against SCPMG and KFHP on the merits.

188.    The procedural irregularities became even more significant once the Court imposed a $10,000 security requirement pursuant to California Code of Civil Procedure section 391 et seq., based upon the conclusion that Plaintiff had "no probability" of prevailing because "Kaiser" had already defeated the employment allegations.

189.    However, the entities whose conduct formed the basis of Plaintiff's joint-employer allegations—SCPMG and KFHP—had never actually obtained summary judgment and had never litigated those issues on the merits. Plaintiff respectfully submits that the later enforcement of prefiling orders therefore rested upon a materially inaccurate procedural foundation.

190.    The Court's April 29, 2026 clarification confirming that only KFH obtained summary judgment materially undermines the premise upon which the later prefiling restrictions were imposed.

191.    The clarification establishes that:

(i)    SCPMG and KFHP were never adjudicated parties to the motion;

(ii)    Doe defendants were never properly resolved through summary judgment;

(iii)    the judgment was later interpreted beyond its lawful scope; and

(iv)    Plaintiff was deprived of any meaningful opportunity to litigate claims against the entities allegedly responsible for the underlying employment conduct.

192.    California courts possess broad inherent equitable authority to vacate judgments and orders where enforcement would perpetuate injustice. See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981-982. In *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981, the California Supreme Court held that equitable relief is

33

appropriate where "extrinsic factors have unfairly cost a party a hearing on the merits."

**193.** Plaintiff respectfully submits that the circumstances presented here involve precisely such extrinsic factors because Plaintiff was effectively deprived of any meaningful adjudication regarding SCPMG and KFHP, while those entities nevertheless received the practical benefit of complete immunity arising from a judgment they never actually obtained.

## II.   INJURY AND DEPRIVATION

**194.** Plaintiff respectfully submits that, as a direct result of Defendants' coordinated conduct and unconstitutional actions, Plaintiff suffered substantial injury to property, professional livelihood, reputation, and constitutionally protected rights secured under the United States Constitution and federal law.

**195.** The Fourteenth Amendment protects individuals from deprivation of liberty or property without due process of law. A professional nursing license constitutes a protected property interest, and Plaintiff respectfully submits that Defendants unlawfully deprived Plaintiff of that interest through reliance upon an allegedly unauthorized and constitutionally defective Section 820 Order. See Mishler v. Nevada State Bd. of Medical Examiners, 896 F.2d 408, 409-10 (9th Cir. 1990).

**196.** Plaintiff further alleges deprivation of the constitutional right of access to the courts through the use of prefiling restrictions, coordinated litigation conduct, and disciplinary proceedings allegedly designed to undermine Plaintiff's credibility and ability to pursue legal redress. See Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002).

### The NPDB Factor

**197.** Plaintiff respectfully submits that reporting Plaintiff to the National Practitioner Data Bank ("NPDB") constitutes one of the most severe and irreversible injuries resulting from Defendants' conduct.

**198.** The NPDB is routinely queried by hospitals, healthcare systems, staffing agencies, insurance networks, and state licensing boards. An adverse NPDB report can permanently impair a healthcare professional's ability to obtain employment, maintain privileges, secure contracts, or continue practicing within the medical profession.

**199.** Plaintiff alleges that BRN Defendants knowingly submitted false, misleading, or constitutionally tainted information to the NPDB despite possessing actual knowledge concerning the alleged invalidity of the Section 820 Order and resulting disciplinary proceedings. Plaintiff respectfully submits that the resulting NPDB report caused continuing reputational destruction and permanent damage to Plaintiff's professional career.

**200.** Accordingly, Plaintiff respectfully requests equitable relief, including an order compelling the California Board of Registered Nursing to remove, withdraw, or correct the adverse NPDB report associated with Plaintiff.

### Economic and Reputational Harm

**201.** As a direct and proximate result of Defendants' conduct, Plaintiff alleges substantial damages including:

**(i)**    lost wages and back pay;

**(ii)**    loss of future earning capacity;

**(iii)**    destruction of professional opportunities;

**(iv)**    reputational harm and defamation;

**(v)**    emotional distress and mental anguish;

**(vi)**    professional stigma;

**(vii)**    and continuing financial hardship.

**202.** Plaintiff further respectfully submits that Defendants' conduct was very intentional and was carried out with malice, oppression, fraud, deliberate indifference, and reckless disregard for Plaintiff's constitutional rights and professional livelihood.

**203.** Plaintiff additionally seeks recovery of equitable relief, compensatory damages, consequential damages, attorney's fees, litigation costs, and any additional legal or equitable remedies authorized pursuant to 42 U.S.C. §§ 1983 and 1988 and applicable state law.

**204.** The record now establishes that only KFH moved for and obtained summary judgment. Nevertheless, subsequent proceedings repeatedly treated the

judgment as though all Kaiser-affiliated entities had prevailed on the merits concerning Plaintiff's employment relationship.

205.   That expanded interpretation became the foundation for the Court's determination that Plaintiff had "no probability" of prevailing under California Code of Civil Procedure section 391.1.

206.   As a direct consequence, Plaintiff was ordered to furnish a $10,000 security undertaking and was effectively prevented from pursuing claims against SCPMG arising from the same underlying employment conduct. Plaintiff respectfully submits that the resulting prejudice was extraordinary because SCPMG and KFHP received the practical benefit of complete litigation immunity without ever obtaining adjudication on the merits. California law does not permit nonmoving parties to obtain judgment through implication, procedural expansion, or collateral interpretation.

207.   In *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1166-1167, the California Supreme Court held that a judgment exceeding the issues properly before the Court violates due process because parties are entitled to notice and an opportunity to be heard before adjudication occurs. Similarly, in *People v. $6,500 United States Currency* (1989) 210 Cal.App.3d 1548, 1553, the court held that relief granted beyond the scope of noticed issues constitutes a denial of procedural due process.

208.   Plaintiff respectfully submits that due process concerns are particularly acute here because the judgment was later used not only to terminate claims, but also to impose future filing restrictions that substantially impaired Plaintiff's access to the courts. The California vexatious litigant statutes under California Code of Civil Procedure section 391 et seq. are intended to prevent abuse of the judicial process, not to shield non-adjudicated parties from legitimate litigation arising from unresolved claims.

209.   Here, the Court's April 29, 2026 clarification confirming that only KFH obtained summary judgment materially alters the foundation upon which the prefiling orders were entered.

210.   That clarification establishes that:

(i)   SCPMG and KFHP were never adjudicated through KFH's motion;

(ii)   Doe defendants were not properly resolved through summary judgment;

36

**(iii)**    the judgment was later interpreted globally beyond its actual scope; and

**(iv)**    Plaintiff's inability to pursue SCPMG claims stemmed from an expanded interpretation of the judgment rather than actual adjudication on the merits.

**211.**    Plaintiff respectfully submits that the continuing impact of those rulings has been devastating. Plaintiff lost the ability to litigate claims arising from the same employment conduct that contributed to the revocation of Plaintiff's RN license, destruction of Plaintiff's professional reputation, and continuing economic hardship.

**212.**    The financial harm remains ongoing and severe, including loss of earning capacity, inability to practice within Plaintiff's profession, emotional distress, reputational damage, and continuing barriers to obtaining meaningful employment. California courts possess broad equitable authority to vacate orders where necessary to prevent a miscarriage of justice.

**213.**    In *Olivera v. Grace* (1942) 19 Cal.2d 570, 576, the California Supreme Court held that courts retain inherent equitable power to grant relief where enforcement of a judgment would be unjust or unconscionable. Likewise, in *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 982, the Court recognized that equitable relief is appropriate where extrinsic circumstances unfairly deprive a litigant of a hearing on the merits. Plaintiff respectfully submits that this matter presents precisely such circumstances because Plaintiff never received meaningful adjudication concerning SCPMG and KFHP, yet those entities nevertheless obtained the practical protection of a judgment they never lawfully secured.

**CONCLUSION**

**214.**    For the foregoing reasons, Plaintiff respectfully objects to the Magistrate Judge's Report and Recommendation and respectfully requests that the District Court decline to adopt the portions recommending dismissal of the BRN Defendants and related constitutional claims without leave to amend.

**215.**    Plaintiff respectfully submits that the Report and Recommendation failed to meaningfully address the supplemental briefing and evidentiary issues concerning the validity and authorization of the Section 820 Order, despite the issue becoming central during oral arguments on Plaintiff's Motion for Summary Judgment and subsequent court-ordered briefing. Plaintiff further submits that the validity of the signature and authorization underlying the Section 820 Order is directly relevant to Plaintiff's conspiracy claims, due process claims, and allegations concerning unlawful coordinated conduct by Defendants.

216. Plaintiff respectfully submits that Defendant Melby's declaration disclaiming personal review or authorization of the Section 820 Order materially alters the constitutional and procedural analysis concerning the disciplinary proceedings, RN license revocation, and resulting NPDB reporting. Because these issues remain unresolved and directly impact Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985, dismissal without leave to amend would be premature and contrary to the interests of justice.

217. Accordingly, Plaintiff respectfully requests that the Court permit Plaintiff leave to file a Second Amended Complaint so that both the BRN Defendants, Kaiser Defendants and Gary Carlin may fully address the newly presented evidence and issues concerning:

(i)    the validity of the Section 820 Order;

(ii)    the alleged procedural defects surrounding the disciplinary proceedings;

(iii)    the scope of the Kaiser judgment; and

(iv)    the coordinated actions alleged throughout the complaint.

218. Plaintiff further respectfully requests that the Court dismiss Defendant Gillian Friedman from this lawsuit without prejudice.

219. Plaintiff respectfully submits that substantial constitutional, procedural, and equitable concerns remain unresolved and should be adjudicated on a complete factual record rather than terminated at the pleading stage.

**DATED:** May 25, 2026

Respectfully submitted,

Esther Tendo Atam

_____

Plaintiff in Pro Per

13621 Arcturus Ave.

38

Gardena, CA 90249

Natashchan1@yahoo.com

39

# EXHIBITS

# EXHIBIT 1

ROB BONTA
Attorney General of California
KIM KASRELIOVICH
Supervising Deputy Attorney General
THOMAS L. RINALDI
Supervising Deputy Attorney General
State Bar No. 206911
300 So. Spring Street, Suite 1702
Los Angeles, CA 90013
  Telephone: (213) 269-6310
  Facsimile: (916) 731-2126
*Attorneys for Petitioner*

## BEFORE THE
## BOARD OF REGISTERED NURSING
## DEPARTMENT OF CONSUMER AFFAIRS
## STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Petition and Order Compelling Mental and/or Physical Examination of:<br><br>**ESTHER TENAO ATAM**<br>13621 Arcturus Ave<br>Gardena, CA 90249<br><br>Registered Nurse License No. 761179<br><br>Respondent. | Case No. 4002021005658<br><br>**PETITION AND ORDER COMPELLING MENTAL AND/OR PHYSICAL EXAMINATION**<br><br>[Bus. & Prof. Code § 820] |

Petitioner alleges:

## PARTIES

1. Loretta Melby, R.N., M.S.N. (Petitioner) brings this Petition and Order Compelling Mental and/or Physical Examination solely in her official capacity as the Executive Officer of the Board of Registered Nursing ("Board"), Department of Consumer Affairs.

2. On or about October 8, 2009, the Board of Registered Nursing issued Registered Nurse License Number 761179 to Esther Tenao Atam (Respondent). The Registered Nurse License was in full force and effect at all times relevant to the charges brought in this Petition and will expire on September 30, 2023, unless renewed.

///

1

Petition and Order Compelling Mental and/or Physical Examination

## JURISDICTION

3.     This Petition and Order Compelling Mental and/or Physical Examination is brought before the Board, Department of Consumer Affairs under the authority of the following laws. All section references are to the Business and Professions Code ("Code") unless otherwise indicated.

4.     Section 820 of the Code states:

Whenever it appears that any person holding a license, certificate or permit under this division or under any initiative act referred to in this division may be unable to practice his or her profession safely because the licentiate's ability to practice is impaired due to mental illness, or physical illness affecting competency, the licensing agency may order the licentiate to be examined by one or more physicians and surgeons or psychologists designated by the agency. The report of the examiners shall be made available to the licentiate and may be received as direct evidence in proceedings conducted pursuant to Section 822.

5.     Section 821 of the Code provides that the licentiate's failure to comply with an order issued under section 820 shall constitute grounds for the suspension or revocation of the licentiate's certificate of license.

6.     Section 822 of the Code states:

If a licensing agency determines that its licentiate's ability to practice his or her profession safely is impaired because the licentiate is mentally ill, or physically ill affecting competency, the licensing agency may take action by any one of the following methods:

(a) Revoking the licentiate's certificate or license.

(b) Suspending the licentiate's right to practice.

(c) Placing the licentiate on probation.

(d) Taking such other action in relation to the licentiate as the licensing agency in its discretion deems proper.

The licensing section shall not reinstate a revoked or suspended certificate or license until it has received competent evidence of the absence or control of the condition which caused its action and until it is satisfied that with due regard for the public health and safety the person's right to practice his or her profession may be safely reinstated.

7.     Section 2764 of the Code provides, in pertinent part, that the expiration of a license shall not deprive the Board of jurisdiction to proceed with a disciplinary proceeding against the licensee or to render a decision imposing discipline on the license.

///

2

Petition and Order Compelling Mental and/or Physical Examination

**CAUSE FOR MENTAL AND/OR PHYSICAL EXAMINATION**
(Possible Mental and/or Physical Illness Impairing Safe Practice)

8.    Respondent's ability to safely practice as a registered nurse may be impaired due to mental and/or physical illness. The circumstances are as follows:

9.    Respondent worked as a per diem nurse at Kaiser Permanente West Los Angeles Emergency Department from January 2020 to October 2020. On or about August 28, 2020, several staff members reported to the manager that Respondent was possibly having a mental breakdown. The manager subsequently met with Respondent, during which she displayed concerning behavior, which included bizarre ideas about voodoo and vampires. This prompted the manager to release Respondent from her licensed duties and request that she submit to a Fitness for Duty exam before she could return to work. Respondent was asked several times to submit to the exam, but she failed to comply and was therefore placed on administrative leave. As a result of her failure to comply, Respondent was subject to termination but before that could occur, she submitted her resignation.

10.    After Respondent separated from Kaiser, she began sending disturbing and threatening emails to various staff members. The emails referenced her being in a crisis, being psychotic, needing therapy, and having extreme rage. Respondent also threatened revenge against her former manager and was asked several times to cease from further communication with Kaiser staff.

11.    Based on the foregoing, Respondent is subject to an order of the Board requiring that Respondent be mentally and physically examined under Code section 820 in that it appears that Respondent may be unable to safely practice as a registered nurse because Respondent's ability to practice is impaired due to mental illness and/or physical illness affecting competency.

**ORDER**

In consideration of the foregoing information, it appears that Respondent may be mentally and/or physically ill to the extent that Respondent's competency to practice safely as a registered nurse is impaired.

IT IS THEREFORE ORDERED, under Business and Professions Code section 820:

3

Petition and Order Compelling Mental and/or Physical Examination

1.    That Respondent Esther Tenao Atam shall submit to a mental and/or physical examination conducted by a physician specializing in psychiatry or a psychologist selected by the Board, or its designee, to determine whether Respondent is mentally and/or physically ill to such an extent as to affect her ability to practice as a registered nurse safely;

2.    That the examination(s) of Respondent shall be conducted at a time that is mutually convenient to Respondent and the examiner selected by the Board, but in no case later than thirty (30) days after the service of this Order;

3.    That the examination(s) shall continue from day to day until completed, and shall include any and all examinations and tests ordered and/or conducted by the examining psychiatrist or psychologist as considered necessary in their professional judgment. The results of said examination(s) shall be reported by the examiner(s) in a detailed written report, setting forth their findings and conclusions, whereupon such reports shall be delivered to the Executive Officer of the Board, with a copy of said report(s) to be provided to Respondent; and

4.    That the failure of Respondent to comply with this Order by either refusing or failing to submit to the examinations, or by refusing or failing to cooperate with the examiners, shall constitute grounds for disciplinary action against her Registered Nurse License, pursuant to Business and Professions Code section 821.

IT IS SO ORDERED THIS _____13th_____ day of _____July_____, 2022.

_Sharron Johnson_
_for_ LORETTA MELBY, R.N., M.S.N.
Executive Officer
Board of Registered Nursing
Department of Consumer Affairs
State of California
_Petitioner_

LA2022601601
65259714.docx

4

Petition and Order Compelling Mental and/or Physical Examination

## DECLARATION OF SERVICE BY CERTIFIED MAIL AND FIRST CLASS MAIL
(Separate Mailings)

Case Name:    **In the Matter of the Petition for 820 Examination of: Esther Tenao Atam**

Case No.:     **4002021005658**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On July 14, 2022, I served the attached **COVER LETTER; PETITION AND ORDER COMPELLING MENTAL AND/OR PHYSICAL EXAMINATION** by placing a true copy thereof enclosed in a sealed envelope as certified mail with return receipt requested, and another true copy of the **COVER LETTER; PETITION AND ORDER COMPELLING MENTAL AND/OR PHYSICAL EXAMINATION** was enclosed in a second sealed envelope as first class mail in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA  90013-1230, addressed as follows:

Esther Tenao Atam
13621 Arcturus Ave
Gardena, CA 90249
*Respondent*

**Certified Article Number**

9414 7266 9904 2178 2445 26

**SENDER'S RECORD**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 14, 2022, at Los Angeles, California.

_____          _____
C. R. Sanchez                                               Signature
Declarant

LA2022601601
65271776.docx

# EXHIBIT 2

.

ROB BONTA
Attorney General of California
JAMIL R. GHANNAM
Acting Supervising Deputy Attorney General
State Bar No. 300730
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7674
  Fax: (916) 322-8288
  E-mail: Jamil.Ghannam@doj.ca.gov
*Attorneys for Defendants State of California, by and through the Board of Registered Nursing, Loretta Melby and Gillian Friedman*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

| | |
|---|---|
| **ESTHER TENDO ATAM,** | Case No. 2:24-cv-05862-KK-AGR |
| Plaintiff, | **STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANTS STATE OF CALIFORNIA, BY AND THROUGH THE BOARD OF REGISTERED NURSING, LORETTA MELBY, AND GILLIAN FRIEDMAN** |
| v. | |
| **KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, GILLIAN FRIEDMAN, LORETTA MELBY, THE BOARD OF REGISTERED NURSING AND GARY CARLIN,** | Date: December 2, 2025<br>Time: 9:30 a.m.<br>Courtroom: 550, 5th Floor<br>Judge: The Honorable Alicia G. Rosenberg |
| Defendants. | Trial Date: TBD<br>Action Filed: 7/10/2024 |

1

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56-2, Defendants State of California, by and through the Board of Registered Nursing, Loretta Melby and Gillian Friedman (BRN Defendants) submit the following Statement of Genuine Disputes of Material Fact:

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 1. On March 19, 2021, Carlin accepted representation under a written retainer agreement that specifically identified Southern California Permanente Medical Group (SCPMG) aka Kaiser, as Plaintiff's employer and the correct party to sue. (See Exhibit 1 – Carlin's Email vs Retainer Agreement, [Page [26], ¶ [28]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 2. On November 10, 2021, Carlin proceeded to draft and file Plaintiff's original complaint naming Kaiser Foundation Hospitals, her in after referred to as "KAISER," as the employer-defendant. This fundamental action meant that the lawsuit was initiated against the wrong Kaiser entity. (See Exhibit 2 – Lawsuit Filed by Carlin, [Page [34, ¶ [2]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 3. On November 21, 2024, Kaiser Foundation Hospitals ("KFH") communicated with Attorney Gary Carlin by email, expressly disclaiming any employment relationship with Plaintiff. In that correspondence, KFH stated that Plaintiff had been employed by Southern California | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

2

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Permanente Medical Group ("SCPMG"), not KFH, and further asserted that Plaintiff "suffered from mental illness," had "refused to undergo a fitness-for-duty examination," and had a "resigned before termination." The email also conveyed that pursuing litigation on Plaintiff's behalf would be futile because she allegedly "mentally ill" and lacked credibility. (See Exhibit 3 – KFH Email Communication to Gary Carlin, dated November 21, 2021, prior to filing of KFH's Answer, [Page [60], ¶ [1-2]). | |
| 4. On December 15, 2021, Attorney Gary Carlin caused the summons and complaint to be served upon Sarah Poetter and Kaiser Foundation Hospitals ("KFH") at the Kaiser West Los Angeles Medical Center, which was Plaintiff's worksite but not the proper corporate address or registered agent for service of process. Despite this evident defect in service, Attorney Carlin took no corrective or remedial action and proceeded as though service had been properly effected at the location. (See Exhibit 4 – Proof of Service for Complaint and Summons, Case No. 22STCV41538, [Page [63], ¶ [5]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

3

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 5. On December 22, 2021, Kaiser Foundation Hospitals ("KFH") filed its Answer to the Complaint, formally identifying itself as the sole responding defendant in the action. By doing so, KFH effectively confirmed that it—not Southern California Permanente Medical Group ("SCPMG")—was proceeding as the named party in the litigation. (See Exhibit 5 – Answer to Complaint Filed by KFH, Case No. 22STCV41538, [Page [67], ¶ [1]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 6. Carlin's misrepresentation and failure to correct the fraud contributed to the court's ruling that "KAISER" had established by competent evidence that plaintiff was not an her employee and therefore could not pursue claims against any Kaiser entity. (See Exhibit 6 – Court order on summary judgment 22STCV41538, [Page [79], ¶ [5]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 7. Carlin refused to produce the original retainer agreement, which plaintiff had personally written by hand, identifying SCPMG (Southern California Permanente Medical Group) as the KAISER entity I intended to sue. (See Exhibit 7 – Carlins | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

4

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Email communications regarding retainer, [Page [81], ¶ [1]). 8. | |
| 9. Investigator Sam Orifice, acting on behalf of the California Department of Consumer Affairs ("DCA") and the Board of the Registered Nursing ("BRN"), refused to provide Plaintiff with a copy of the investigative report as required under California Business and Professions Code § 800(c)(1). This refusal denied Plaintiff access to materials that were statutorily mandated to be disclosed to the licensee under investigation. (See Exhibit 8 – Correspondence from DCA/BRN Investigator Sam Orifice, November 3, 2021, [Page [84], ¶ [1]). | Disputed and Plaintiff's evidence is objected to. Sam Orefice sent Plaintiff a correspondence on October 29, 2021, that contained a summary of the complaint filed against her. *Supporting Evidence:* Defs. Exh. C – Orefice Letter, October 29, 2021 Cal. Bus. & Prof. Code, § 800(c)(1), specifically provides that the BRN can protect the identities of sources of information regarding licensee complaints by providing a summary of the substance of the complaint; which this exhibit demonstrates was done. Plaintiff's Exhibit 8 violates the rule of completeness and is purposefully misleading. Fed. R. Evid., 106, 403. Plaintiff's e-mail exhibit references a summary and attachment provided to Plaintiff in an e-mail dated October 29, 2021. However, Plaintiff does not attach or submit what was provided to her. |
| 10. In February 2022, prior to the entry of summary judgment in favor of Kaiser Foundation Hospitals ("KFH"), Sarah Poetter submitted a declaration acknowledging that Plaintiff had filed a lawsuit against both herself and Southern California Permanente Medical Group ("SCPMG"). In that declaration, Poetter repeated that central allegation later echoed in the | Disputed in part. It is not disputed that the KFH submitted a declaration in a legal proceeding. However, it is disputed that it "echoed the Melby petition." Melby did not participate in the drafting any of the documents concerning Plaintiff's license. *Supporting Evidence:* Defs. Exh. D, Melby Decl., ¶¶ 2-8. Plaintiff's characterization of the written document is argumentative and lacks foundation and is not based on |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Melby petition—that Plaintiff suffered from mental illness and refused to undergo a fitness-for-duty ("FFD") examination—an assertion that was objectively false and unsupported by any credible evidence. (See Exhibit 9 – Declaration of Sarah Poetter, filed February 24, 2022, mirroring Melby's petition, [Page [88], ¶ [3]). | personal knowledge. Fed. R. Evid., 602. It is not proof of personal participation by Melby. |
| 11. On July 14, 2022, Attorney General office issued an *Order* purporting to compel a mental and/or physical examination under Section 820 of the California Business and Professions Code. (See Exhibit 10 – AG. Order for Section 820 Exam, [Page [91], ¶ [2]). | Undisputed. |
| 12. On July 13, 2022, Defendant Loretta Melby, Chief Executive Officer of the California Board of Registered Nursing (BRN), filed a petition under California Business & Professions Code § 820, falsely alleging that Plaintiff was mentally unfit to practice nursing. Plaintiff alleges that this petition was fraudulent from its inception, as it was based entirely on knowingly false claims. (See Exhibit 11 – Melby's Petition for Section 820 Exam, [Page [94], ¶ [1]). | Disputed in part. It is not disputed that the BRN filed a petition under Cal. Bus. & Prof. Code, § 820 to determine Plaintiff's fitness to practice nursing. What Plaintiff "alleges" is not fact. Plaintiff's characterization of the written document is argumentative and not dispositive as to its meaning or contents, and is not proof of personal participation by Melby. *Supporting Evidence:* Defs. Exh. D, Melby Decl., ¶¶ 2-8. There is nothing in the document itself that indicates Melby had any personal participation in its drafting or approval, as it was executed by Shannon Johnson. Plaintiff's argument is not reflective of |

6

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| | the documents contents or inferences to be drawn therefrom. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). |
| 13. On July 27, 2022, Deputy Attorney General Rinaldi Thomas, acting on behalf of the California Attorney General's Office, sent an email to Plaintiff threatening revocation of her Registered Nurse (RN) license if she failed to comply with the directives issued under the purported Section 820 order. The communication conveyed an explicit warning that noncompliance would result in disciplinary action, including potential license revocation. (See Exhibit 12 - Email from Deputy Attorney General Rinaldi Thomas, dated July 27, 2022, [Page [100], ¶ [1]). | Disputed in part.<br><br>It is not disputed that Plaintiff was sent a letter on July 27, 2022. However, Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 14. On September 14, 2021, after Carlin had already substituted out of my case, he filed a Case Management Statement (CMS) listing Kaiser Foundation Hospitals (KFH) as the defendant. (See Exhibit 13 - CMS Filed by Carlin 09/14/2022. [Page [103], ¶ [date]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 15. On September 19, 2022, Kaiser Foundation Hospitals entered summary judgment in favor of (Kaiser) in case 2STCV41538. | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

7

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| (See Exhibit 14 - Entry of summary judgement, 22STCV41538, [Page [111], ¶ [2]). | |
| 16. Qn September 22, 20212, despite having firsthand knowledge that I was an employee of SCPMG, *a Kaiser entity,* Carlin did not assert this fact in his declaration and instead confirmed that summary judgment was granted to defendant "KAISER". By knowingly targeting the wrong entity, Carlin undermined the factual basis of the lawsuit at its inception and gave KFH a powerful procedural defense that it exploited throughout subsequent litigation. (See Exhibit 15 - Carlin's declaration September 22, 2022, [Page [118], ¶ [1]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 17. Attorney Gary Carlin, after withdrawing as Plaintiff's counsel, publicly disparaged his former client without factual or legal Justification, characterizing Plaintiff lawsuit as *"goofy and vexatious"* and urging the court to impose monetary and procedural sanctions against her. Such conduct was undertaken in Carlin's Rule 21 Motion for Sanctions and constituted an | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

8

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| improper and prejudicial attack on a former client. (See Exhibit 16 - Carlin's Rule 11 Motion for Sanctions Against Plaintiff, [Page [127], ¶ [2]). | |
| 18. On October 18, 2022, KFH filed an opposition to my Motion for Leave to File a First Amended Complaint (FAC), stating that summary judgment was already entered in favor of KFH, and therefore, the Kaiser <u>entities should no longer be forced to incur litigation fees.</u> (See Exhibit 17 – KFH Opposition, 22STCV41538, [Page [136], ¶ [3]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 19. KFH submitted a Separate Statement in Case No. 22STCV41538, asserting that Southern California Permanente Medical Group ("SCPMG") was the only Kaiser entity that employed plaintiff. (See Exhibit 18 – KFH Separate Statement, Case No. 22STCV41538, [Page [142], ¶ [2]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 20. On December 5, 2022, I filed a new lawsuit against SCPMG case No. 22STCV37929, representing myself in propria persona. The case was assigned to Judge Elaine Lu in Dept 26. (See Exhibit 19 - New Litigation Filed | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Against SCPMG, 22STCV37929, [Page [146], ¶ [1]). | |
| 21. On December 15, 2022, the California Attorney General's Office issued a letter directing Plaintiff to surrender her Registered Nurse (RN) license, purportedly based on alleged noncompliance with prior administrative orders. Plaintiff contends that this directive was issued on a false pretext, as it relied on fabricated findings and ignored timely defenses already submitted in response to the underlying accusations. (See Exhibit 20 - Attorney General's Office Concession Letter, dated December 15, 2022, [Page [149], ¶ [1]). | Disputed in part. It is not disputed that Plaintiff was sent a letter on December 15, 2022. However, Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita*, 475 U.S. at 587. |
| 22. On December 9, 2022, KFH moved the court for an order to designate plaintiff a vexatious litigant. (See Exhibit 21 - KFH Vexatious Litigant Motion and Court Order, 22STCV41538, [Page [151], ¶ [8]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 23. On December 22, 2022, KFH obtained profiling orders against Plaintiff in case No. 2STCV41538, prohibiting plaintiff from filing any new litigation in the courts of | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

10

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| California without prior approval from the presiding judge. (See Exhibit 22 – Profiling Orders obtained by KFH, 22STCV41538, [Page [154], ¶ [1]). | |
| 24. On February 16, 2023, in their Ex Parte application, SCPMG argued that: "Plaintiff was deemed a vexatious litigant in KFH case (22STCV 41538), and is therefore considered a vexatious litigant in the instant matter." (See Exhibit 23 - SCPMG's Argument from Ex Parte Application, 22STCV37929 [Page [163], ¶ [3]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 25. On February 16, 2023, Judge Elaine Lu expressly questioned the validity of SCPMG's reliance on Judge Kleifield's prior order and application of CCP 391.3(b) since plaintiff was not subject to prefiling orders when she initiated the lawsuit in propria persona against SCPMG in case no. 22STCV372929. Defendants were directed to address whether an independent finding was required, underscoring the procedural deficiency. (See Exhibit 24 – Court's Minute Order, 22STCV37929, February 16, | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

11

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 2023, [Page [172], ¶ [3]). | |
| 26. On March 10, 2023, SCPMG's filed a reply in support of it motion for dismissal of Plaintiffs independent complaint under CCP § 391.3(b) or, in the alternative, an order requiring security under § 391.3(a) arguing that plaintiff is a vexatious litigant under Code of Civil Procedure section 391, subdivision (b)(4). In doing so. SCPMG improperly relied on Judge Kleifield's vexatious litigant designation from the *KFH* case without obtaining an independent judicial finding in the *SCPMG* matter as mandated by statute. (See Exhibit 25 - SCPMG's Reply to Opposition, Case No. 22STCV37929. [Page [176], ¶ [1]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 27. On March 17, 2023, Judge Small vacated all pending hearings in the SCPMG matter, including an Order to Show Cause (OSC) set for April 10, 2023. At that moment, he designated KFH - a defendant that had unequivocally disclaimed ever employing Plaintiff - as the "lead" case. (See Exhibit 26 - Judge Small's Minute Order, Case No. 22STCV37929, [Page [182], ¶ [1]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 28. On March 17, 2023, Kaiser's post-termination production of irrelevant records from KFH rather than SCPMG obstructed discovery and demonstrated a continued effort to conceal the truth. (See Exhibit 27 - Kaiser's Employment Records, [Page [186], ¶ [1]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 29. On September 11, 2023, Judge Small ordered Plaintiff to post a $10,000 security bond under §391.3(a), expressly relying on Judge Kleifield's prior vexatious finding- imported from the KFH case. No noticed motion was filed by SCPMG under §391.1, no evidentiary hearing was held under §391.2, and no express findings were made by the Court as required. (See Exhibit 28 - Court's Minute Order, 22STCV37929, 09/11/2023, [Page [207], ¶ [11]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 30. On August 9, 2023, the Court conducted a hearing on Plaintiff's motion for reconsideration of the vexatious litigant designation entered in the Kaiser Foundation Hospitals ("KFH") case on December 22, 2022. During that hearing, Plaintiff presented evidence before Judge Small demonstrating that Plaintiff's former counsel, Gary Carlin, and | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |

13

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Kaiser Foundation Hospital/Kaiser Foundation Health Plan ("KFH/KFHP") had colluded through email correspondence to deliberately exclude Southern California Permanente Medical Group ("SCPMG") from the initial complaint filed on November 10, 2021. (See Exhibit 29 - Court's Minute Order, 22STCV37929, 08/09/2023, [Page [210], ¶ [4]). | |
| 31. Judge Small subsequently denied Plaintiff's motion for reconsideration and filed a verified statement declining to recuse himself, notwithstanding the clear appearance of bias arising from his prior rulings and involvement in related proceedings. (See Exhibit 30 - Judge Small's Order Striking Statement of Disqualification and verified Answer, 04/26/2023, [Page [217], ¶ [1]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. <br><br> Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 32. Plaintiff was denied her statutory right to contest the vexatious litigant designation in the KFH matter, because the designation was already *smuggled* into SCPMG. And once inside SCPMG, it became the foundation for prefiling Orders entered on July 7, 2025 (See | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. <br><br> Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Exhibit 31 - Court's Minute Order, 22STCV37929, 12/09/2022, [Page [219], ¶ [81]. | |
| 33. Accordingly, the prefiling orders issued on July 7, 2025, and entered by Southern California Permanente Medical Group ("SCPMG") without compliance with the procedural and evidentiary requirements of the California Code of Civil Procedure, rest upon false factual premises and thereby perpetuate a continuing fraud upon the court. (See Exhibit 32 - Profiling Orders Entered by SCPMG, dated July 7, 2025, [Page [223], ¶ [3]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants.<br><br>Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 34. These facts establish that SCPMG advanced fabricated allegations to the BRN, maintained irreconcilably contradictory litigation positions in court, and misused the vexatious litigant statutes in a concerted effort to deprive Plaintiff of meaningful access to the courts. (See Exhibit 33 - SCPMG's opposition to vacate prefiling orders, 22STCV37929, 10/09/2025 [Page [229], ¶ [3]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants.<br><br>Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 35. The Board of Registered Nursing ("BRN") defendants filed documents in state court | Disputed in part.<br><br>It is not disputed that BRN filed documents in court opposing Plaintiff's attempts to make the BRN a defendant |

15

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| supporting the fraudulent vexatious litigant bond and accused Plaintiff of attempting to circumvent those unlawful orders in their opposition to Plaintiffs inclusion of the BRN as co-defendants in the action against Southern California Permanente Medical Group ("SCPMG"). (See Exhibit 34 – BRN Defendants' Filing in Support of Invalid Vexatious Litigant Bond, April 24, 2024, [Page [241], ¶ [3]). | in her state court case *after* Plaintiff's case had been dismissed and *after* she had been declared a vexatious litigant.<br><br>However, Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 36. The Board of Registered Nursing ("BRN") defendants recycled fraudulent administrative findings into Plaintiff's civil litigation. By doing so, the BRN defendants knowingly participated in a concerted scheme to obstruct justice, in violation of 18 U.S.C. § 371, by transforming fabricated and unverified administrative evidence into the foundation for the revocation of Plaintiff's nursing license. (See Exhibit 35 – BRN Defendants' Filing in State Court, March 2, 2023, [Page [252], ¶ [1]). | Disputed and Plaintiff's evidence is objected to.<br><br>It is not disputed that BRN filed documents in court opposing Plaintiff's motion for monetary sanctions against the BRN in her state court case *after* Plaintiff's case had been dismissed and *after* she had been declared a vexatious litigant.<br><br>Plaintiff presents no evidence of a "concerted scheme" and her assertion lacks foundation or any personal knowledge. Fed. R. Evid., 602.<br><br>*Supporting Evidence:* Defs. Exh. D, Melby Decl., ¶¶ 2-8.<br><br>Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 37. SCPMG Explicitly adopted the BRN's arguments and administrative findings- and aligned itself with the agency actions that led to the revocation | Disputed and Plaintiff's evidence is objected to.<br><br>It is not disputed that documents were filed in Plaintiff's state court case. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| of the Plaintiffs RN license. (See Exhibit 36 - SCPMG support of BRN defendants opposition to Amend complaint, 08/25/2023, [Page [259], ¶ [1]). | Plaintiff presents no evidence of a any party "aligning" themselves and her assertion lacks foundation or any personal knowledge. Fed. R. Evid. 602. *Supporting Evidence:* Defs. Exh. D, Melby Decl., ¶¶ 2-8. Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 38. The Board of Registered Nursing ("BRN") defendants filed documents in federal court revealing that their purported information source regarding Plaintiff's ability to practice as a Registered Nurse originated from Plaintiff's own healthcare providers. This disclosure confirms that the BRN defendants relied on confidential provider communications to justify their adverse actions against Plaintiff. (See Exhibit 37 - BRN Defendants' Federal Court Filing, 10/16/2024, [Page [264], ¶ [1]). | Disputed and Plaintiff's evidence is objected to. Legal arguments made in law and motion proceedings is not evidence. The matter cited to in BRN Defendants' legal argument was to materials that were submitted by Plaintiff at Dkt. No. 58, p. 12. Plaintiff's vague and specious assertions lack foundation or any personal knowledge. Fed. R. Evid., 602. *Supporting Evidence:* Defs. Exh. D, Melby Decl., ¶¶ 2-8. Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 39. On December 13, 2023, the Court enforced the $10,000 security requirement in Southern California Permanente Medical Group ("SCPMG") case No. 22STCV37929 and subsequently dismissed Plaintiff's case with prejudice, citing Plaintiff's alleged failure to post the | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |

17

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| required security deposit. The dismissal was entered notwithstanding Plaintiff's prior objections to the unlawfully imposed vexatious litigant designation and bond order. (See Exhibit 38 - Court's Minute Order Dismissing Case, 22STCV37929, [Page [273], ¶ [2]). | |
| 40. On July 26, 2022, Plaintiff filed a formal written objection challenging the Section 820 Order as void, unlawful, and issued without jurisdiction. The objection asserted that the order failed to meet the statutory requirement of "good cause", was predicated upon fabricated allegations, and violated Plaintiff's constitutional due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 7 of the California Constitution. (See Exhibit 39 - Attorney General's Email Confirmation of Receipt, dated July 27, 2022, [Page [275], ¶ [1]). | Undisputed. Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 41. On August 8, 2022, Plaintiff filed a formal Notice of Defense in response to the unlawful Section 820 proceedings, preserving her statutory and constitutional | Disputed and Plaintiff's evidence is objected to. Plaintiff never filed a notice of defense, and no administrative proceedings were initiated against her as of August 8, 2022. The Accusation was not filed |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| objections. (See Exhibit 40 - Plaintiff's Notice of Defense dated August 8, 2022, [Page [278], ¶ [2]). | against her until November 2022. *Supporting Evidence:* See Defs. Add'l UMF 1-7. Plaintiff's exhibit demonstrates it is not a notice of defense or could be construed as such, as the first sentence states it "serves as notice of license surrender[.]" Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 42. On August 9, 2022, a psychiatrist appointed bv the BRN contacted Plaintiff in a harassing and unprofessional manner, appearing confused about the date and month of the purported examination. Plaintiff promptly reported the psychiatrist's misconduct to the BRN, but no corrective action was taken. Instead, the Board persisted in advancing the void proceedings, disregarding Plaintiffs rights and the lack of any legitimate medical basis. (See Exhibit 41- BRN's Psychiatrist's Confusion, [Page [280], ¶ [1]). | Disputed in part. It is not disputed that Plaintiff was contacted by a psychiatrist to get her to cooperate with undergoing an examination. However, Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita*, 475 U.S. at 587. |
| 43. On November 16, 2022, Plaintiff received an Accusation, Statement to Respondent, Notice of Defense, and Discovery Requests, all relying on the unlawful Section 820 order as their foundation. Plaintiff maintains these documents were | Disputed. Plaintiff was served by mail at her address of record with the Accusation and other materials concerning the proceeding against her license, and Plaintiff then never responded. *Supporting Evidence:* See Defs. Add'l UMF 1-7. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| improperly served and procedurally defective because they stemmed from a petition lacking jurisdiction and good cause. (See Exhibit 42 - BRN Accusation Issued, 11/14/2022, [Page [284], ¶ [1]). | |
| 44. Thereafter, on December 12, 2022, Plaintiff issued a Cease and Desist Letter to the responsible agencies, reiterating the illegality and lack of jurisdiction underlying the administrative process. (See Exhibit 43 - Proof of Service, Cease and Desist Letter, dated December 14. 2022, [Page [288], ¶ [1]). | Disputed in part.<br><br>It is not disputed that Plaintiff sent what she calls a cease and desist letter. However, this was not a valid response to the Accusation. Plaintiff was served by mail at her address of record with the Accusation and other materials concerning the proceeding against her license, and Plaintiff then never responded.<br><br>*Supporting Evidence:* See Defs. Add'l UMF 1-7. |
| 45. On December 15, 2022, the California Attorney General's Office formally conceded in writing that Plaintiff had timely filed her defense contesting the Accusation issued on November 16, 2022. This written concession was made prior to the entry of the default order revoking Plaintiffs Registered Nurse (RN) license on January 6, 2023, thereby confirming that the default decision was procedurally improper and entered in error. (See Exhibit 44 - Attorney General's Office Concession Letter, December 15, 2022, [Page | Disputed and plaintiff's evidence objected to.<br><br>Plaintiff never filed a notice of defense. Plaintiff was served by mail at her address of record with the Accusation and other materials concerning the proceeding against her license, and Plaintiff then never responded.<br><br>*Supporting Evidence:* See Defs. Add'l UMF 1-7.<br><br>The stipulation sent to Plaintiff was never executed by her, meaning none of the recitals were ever endorsed. (See e.g., *Kum v. Walcott*, No. 12-CV-4608 RRM RER, 2012 WL 4772072, at *1 (E.D.N.Y. Oct. 5, 2012) (unsigned stipulation not binding or evidence.)<br><br>Plaintiff's characterization of the written document is argumentative and |

20

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| [292], ¶ [1]). | not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita*, 475 U.S. at 587. |
| 46. On January 6, 2023, despite Plaintiffs timely and duly filed responsive pleadings, the Board of Registered Nursing ("BRN") obtained a default decision falsely asserting that Plaintiff had failed to respond within fifteen (15) days of the Accusation issued on November 16, 2022, and had therefore waived her right to an administrative hearing. This misrepresentation served as the stated basis for the default revocation of Plaintiff's Registered Nurse (RN) license. (See Exhibit 45 - BRN Default Decision and Order, dated January 6, 2023, [Page [298], ¶ [6]). | Disputed. Plaintiff never filed a notice of defense. Plaintiff was served by mail at her address of record with the Accusation and other materials concerning the proceeding against her license, and Plaintiff then never responded. *Supporting Evidence:* See Defs. Add'l UMF 1-7. Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita*, 475 U.S. at 587. |
| 47. On February 3. 2023, the Board of Registered Nursing ("BRN") issued a formal Order of Revocation permanently revoking Plaintiff's Registered Nurse (RN) license. This action was predicated on a default decision entered in violation of due process, as Plaintiff had already filed a timely defense contesting the underlying accusation. (See Exhibit 46 - BRN Order of Revocation, dated February 3, 2023, [Page [301], ¶ [1]). | Disputed. Plaintiff never filed a notice of defense. Plaintiff was served by mail at her address of record with the Accusation and other materials concerning the proceeding against her license, and Plaintiff then never responded. *Supporting Evidence:* See Defs. Add'l UMF 1-7. Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita*, 475 U.S. at 587. |

| **Moving Party's Undisputed Material Fact and Supporting Evidence:** | **Opposing Party's Response and Supporting Evidence:** |
|---|---|
| 48. Following revocation, BRN reported Plaintiffs case to the National Practitioner Data Bank (NPDB) and the California Department of Health Care Services (DHCS). These reports, made under BRN's authority, spread defamatory claims nationwide. Plaintiff has since been unable to find work as a nurse anywhere in the country, even outside California. This permanent reputational damage was foreseeable and deliberate. (See Exhibit 47 - RN License Revocation & National Practitioners Data Bank Entry, 02/03/2023, [Page [303], ¶ [1]). | This cannot raise triable dispute because Plaintiff's defamation claims were dismissed without leave to amend. (See Dkt Nos. 125, 137.) |
| 49. On October 16, 2024, the Board of Registered Nursing ("BRN") defendants disclosed in open court that they were in possession of information obtained from Plaintiff's healthcare provider concerning Plaintiffs ability to practice nursing. This revelation confirmed that the BRN had relied on confidential provider communications as an information source in the underlying administrative and judicial proceedings. (See Exhibit 37 - BRN Defendants' Disclosure in Court, [Page [264], ¶ [1]). | Disputed and Plaintiff's evidence is objected to.<br><br>Legal arguments made in law and motion proceedings is not evidence. The matter cited to in BRN Defendants' legal argument was to materials that were submitted by Plaintiff at Dkt. No. 58, p. 12.<br><br>Plaintiff's vague and specious assertions lack foundation or any personal knowledge. Fed. R. Evid. 602.<br><br>*Supporting Evidence:* See Defs. Exh. D, Melby Decl., ¶¶ 2-8.<br><br>Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |

22

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 50. On February 10, 2021, Plaintiff's healthcare provider prepared clinical notes evaluating Plaintiff's ability to safely practice as a Registered Nurse, documenting that Plaintiff was fit for duty and exhibited no impairment or limitation affecting professional competency. (See Exhibit 49 - Provider's Clinical Notes Regarding Plaintiff's Ability to Practice, dated February 10, 2021, [Page [308], ¶ [1]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 51. Comparable employment records from the relevant period further corroborate Plaintiff's ability to competently practice as a Registered Nurse, demonstrating consistent job performance and the absence of any functional or cognitive limitations affecting her capacity to perform professional duties. (See Exhibit 50 - Comparable Employment Records Supporting Plaintiff's Ability to Practice, [Date], [Page [313-318]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 52. February 19, 2021 complaint of retaliation against Kaiser in which plaintiff explicitly reported that Sarah Poetter was fabricating allegations to retaliate against her protected activity. By ignoring Plaintiff's side of the record while | Disputed in part.<br><br>It is not disputed that Plaintiff submitted the attached complaint form. However, the document itself says nothing about BRN's response to it or the subsequent investigation, if any. It is disputed by Plaintiff's Exhibit 52 which acknowledged receipt of her complaint. |

23

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| amplifying Sarah Poetter's false reports, BRN abandoned its regulatory duty of neutrality and instead acted *as* a coconspirator. (See Exhibit 51 – BRN complaint filed before termination [Page [321], ¶ [2]). | Plaintiff's vague and specious assertions regarding abandonment of regulatory duty lack foundation or any personal knowledge, and is not evidence of conspiracy. Fed. R. Evid. 602. *Supporting Evidence:* See Defs. Exh. D, Melby Decl., ¶¶ 2-8.<br><br>Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 53. On February 26, 2021, the Board of Registered Nursing ("BRN") formally acknowledged receipt of Plaintiff's complaint filed against Sarah Poetter, Clinical Nurse Director at Kaiser West Los Angeles Medical Center. The acknowledgment confirmed that the BRN had accepted jurisdiction to review Plaintiff's allegations of workplace retaliation and misconduct. (See Exhibit 52 – BRN Acknowledgment of Complaint Against Sarah Poetter, dated February 26, 2021, [Page [324], ¶ [1]). | Undisputed.<br><br>Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |
| 54. On May 3, 2021, plaintiff received a letter from the Department of Consumer Affairs (DCA) and BRN alleging that it had received information suggesting my ability to practice was impaired due to alleged substance abuse or mental illness | Undisputed.<br><br>Plaintiff's characterization of the written document is argumentative and not reflective of the letter's contents or inferences to be drawn therefrom. *Matsushita,* 475 U.S. at 587. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| *affecting competency.* (See Exhibit 53 - DCA/BRN Letter Alleging Impairment, 05/03/2021 [Page [326], ¶ [1]). | |
| 55. On October 29, 2021, the Board of Registered Nursing ("BRN") issued a follow-up letter to Plaintiff referencing an employer-initiated complaint, identified as Complaint No. 4002021005658. The correspondence indicated that the BRN had opened an investigation based on information purportedly received from Sarah Poetter, Clinical Nurse Director at Kaiser West Los Angeles Medical Center. (See Exhibit 54 - BRN Letter Regarding Employer Complaint No. 4002021005658, dated October 29 2021, [Page [328], ¶ [1]). | Disputed and Plaintiff's evidence is objected to. Sam Orefice sent Plaintiff a correspondence on October 29, 2021, that contained a summary of the complaint filed against her. *Supporting Evidence:* Defs. Exh. C – Orefice Letter, October 29, 2021 Cal. Bus. & Prof. Code, § 800(c)(1), specifically provides that the BRN can protect the identities of sources of information regarding licensee complaints by providing a summary of the substance of the complaint; which this exhibit references was done. Plaintiff's Exhibit 54 violates the rule of completeness and is purposefully misleading. Fed. R. Evid., 106, 403. Plaintiff's e-mail exhibit references a summary and attachment provided to Plaintiff in an e-mail dated October 29, 2021. However, Plaintiff does not attach or submit what was provided to her. |
| 56. Kaiser Foundation Hospitals ("KFH") formally disclaimed any employment relationship with Plaintiff, asserting that Plaintiff was not, and had never been, employed by KFH. This position was later reflected in the court's order issued on July 14, 2022, confirming that *Kaiser* was not Plaintiffs employer and thereby | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| not a proper defendant in the underlying action. (See Exhibit 14 - Court Order and KFH Employment Disclaimer, dated July 14, 2022, [Page [111], ¶ [2]). | |
| 57. In response to Plaintiff's formal request for employment records, *Kaiser* produced documentation pertaining to Kaiser Foundation Hospitals ("KFH"), despite Plaintiff's records request expressly identifying Southern California Permanente Medical Group ("SCPMG") as the employing entity. This production error further demonstrated Defendants' ongoing misrepresentation of Plaintiffs actual employer. (See Exhibit 27 – Kaiser Production of Incorrect Employment Records, [Page [186], ¶ [1-6]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 58. Despite Plaintiff's written clarification requesting the correct employment records from Southern California Permanente Medical Group ("SCPMG"), the request was denied. The stated reason for the denial was that the request had to be submitted through Plaintiff's attorney, even though Plaintiff was self-represented (in propria persona) at the time. This refusal | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

26

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| further obstructed Plaintiffs access to relevant employment evidence. (See Exhibit 57 - Kaiser Correspondence Denying Records Request, [Page [330], ¶ [1]). | |
| 59. A licensed clinical psychologist's progress note documented Plaintiff's emotional distress resulting from workplace trauma experienced at the Kaiser West Los Angeles Emergency Department, where Plaintiff was employed as a Registered Nurse during the relevant period. The psychologist's records reflected no functional or cognitive limitations affecting Plaintiffs ability to perform her duties. Instead, the treatment focused on preventing re-exposure to the triggering work environment, which had been caused by retaliation following Plaintiff's report of workplace bullying by a male co-worker and subsequent retaliatory conduct by management. (See Exhibit 58 - Licensed Clinical Psychologist's Progress Note, [Page [333-335], ¶ [1]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 60. Kaiser HR Disability Case Manager Wilbert Jones was placed on notice of Plaintiff's workplace harassment complaint | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| and the disclosure by Plaintiff's healthcare provider of psychological distress directly related to workplace trauma. In response, Jones contacted Plaintiff's provider seeking clarification regarding the provider's accommodation request to avoid reassignment to the same or similar work environment where the harassment and bullying had occurred. His correspondence included the following written inquiries: What is meant by a 'similar or same' work environment that she needs to avoid? What circumstances or situations do you expect would trigger her 'trauma'? Based on the above clarifications, what do you recommend, if any, that would enable the patient to safely perform her duties in the Kaiser West Los Angeles Emergency Department? (See Exhibit 71 - Correspondence from HR Disability Case Manager Wilbert Jones to Plaintiff's Provider, [Page [372], ¶ [3]). | |
| 61. Sarah Poetter, Emergency Department (ED) Manager at Kaiser West Los Angeles Medical Center, issued Plaintiff a verbal directive to leave the workplace, alleging that Plaintiff was mentally unstable and unfit | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

28

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| to function as an Emergency Room Nurse. (See Exhibit 60 - Email by Sarah Poetter, dated September 8, 2020, [Page [339], ¶ [1]). | |
| 62. September 4, 2020 - Plaintiff's psychiatric clearance note was submitted to Sarah Poetter and HR Consultant Kendra Keyes, confirming Plaintiff's fitness for duty and the absence of any mental health impairment that would preclude safe nursing practice. (See Exhibit 61- Psychiatric Clearance Note, dated September 4, 2020, [Page [343], ¶ [1]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 63. September 4, 2020 - On the same day, HR Consultant Kendra Keyes responded, stating that no mental health or psychological evaluation had been requested by the employer on August 28, 2020, contradicting the prior directive issued by Poetter. (See Exhibit 62 - HR Response from Kendra Keyes, dated September 4, 2020, [Page [345], ¶ [1]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 64. In a subsequent correspondence with Human Resources, HR Consultant Brice Sikuade reaffirmed that no medical or psychiatric clearance note had ever been requested during the | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| initial incident period of August through September 2020. This statement further confirmed that Plaintiff's removal from the workplace was not supported by any documented or authorized fitness-for-duty evaluation request. (See Exhibit 63 - Correspondence from HR Consultant Brice Sikuade, Page [348], ¶ [1]). | |
| 65. On September 8, 2020, an Equal Employment Opportunity (EEO) investigator sent an email response acknowledging receipt of Plaintiff's complaint against Sarah Poetter and Cheryl Suma, alleging harassment, discrimination, and wrongful verbal suspension arising from the incident of August 28, 2020. The correspondence confirmed that an internal EEO inquiry had been initiated regarding Plaintiff's allegations. (See Exhibit 64 – EEO Investigator Email Response to Complaint Against Sarah Poetter and Cheryl Suma, dated September 8, 2020, [Page [350], ¶ [1]). | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 66. On November 5. 2020, Plaintiff remained on verbal suspension without any clear directive or timeline for returning to work, which had prompted Plaintiff to | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| send a letter dated October 1, 2020, to Brooke Ball, Chief Executive Officer of Kaiser West Los Angeles Medical Center. In her November 5, 2020 response, Ball-who served as the direct supervisor of Sarah Poetter-acknowledged receipt of Plaintiffs correspondence, which had requested executive intervention to address the ongoing workplace retaliation and harassment issues. (See Exhibit 65 - Correspondence Between Plaintiff and CEO Brooke Ball, dated October 1 and November 5, 2020, [Page [353], ¶ [1]). | |
| 67. On November 6, 2020, Brooke Ball, Chief Executive Officer of Kaiser West Los Angeles, was present at an HR meeting during which Kaiser Management ordered Plaintiff a partial paycheck intended to cover shift cancellations from August 28, 2020, through November 6, 2020. The meeting, however, did not address the verbal suspension issued on August 28, 2020. Instead, Plaintiff was formally placed on suspension for a purported Level II medication error, and a follow-up HR meeting was scheduled for November 10, 2020. (See Exhibit 66 – HR | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

31

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Meeting Documentation and Correspondence, dated November 6, 2020.) | |
| 68. November 6, 2020 – Plaintiff received a payroll deposit while under a purported formal suspension, evidencing an extended suspension period, delayed HR meetings, and partial back pay rather than reinstatement or resolution of the underlying employment dispute. (See Exhibit 67 – Payroll Deposit Record During Suspension, dated November 6, 2020 [page 358, ¶ 1.]) | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 69. Plaintiff submitted a formal Demand Letter and an EEOC complaint, setting forth a written objection to the retaliatory suspensions and escalating threats of disciplinary action by Kaiser management. The Letter detailed Plaintiff's prior reports of harassment, discrimination, and retaliation, and asserted that the employer's actions constituted unlawful reprisal for protected activity under applicable state and federal employment laws. (See Exhibit 68 – EEOC Correspondence, dated February 5, 2020 [Page 262, ¶ 2.]) | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 70. On November 23, 2020, in | Undisputed, but not relevant to Plaintiff's claims or allegations as to |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| response to Plaintiff's written protest regarding continued harassment and retaliatory threats, Sarah Poetter – Emergency Department Manager at Kaiser West Los Angeles Medical Center – requested an official medical clearance note as a condition for Plaintiff's return to work. This demand, issued after Plaintiff's complaints of mistreatment, demonstrated a pattern of escalating retaliation and the creation of an abusive, hostile work environment. (See Exhibit 69 – Request for Official Clearance Note from Sarah Poetter, dated November 23, 2020 [Page 365, ¶ 4.]) | BRN Defendants. |
| 71. In December 2020, Sarah Poetter, Emergency Department Manager at Kaiser West Los Angeles Medical Center, sent email correspondence to Plaintiff regarding the required medical clearance note required for Plaintiff's return to work. The communication reinforced the employer's demand for a psychiatric or medical clearance as a condition of reinstatement, further evidencing the continuation of retaliatory and discriminatory practices following Plaintiff's prior harassment complaints. (See Exhibit 70 – Email | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| Communication from Sarah Poetter to Plaintiff Regarding Clearance Note, dated December 4, 2020 [Page 368, ¶ 1.]) | |
| 72. On December 29, 2020, Plaintiff's healthcare provider submitted a Health Clearance Note and Accommodation Request to Sarah Poetter, Emergency Department Manager at Kaiser West Los Angeles Medical Center, and Wilbert Jones, HR Disability Case Manager at Kaiser West Los Angeles medical Center. The documentation confirmed Plaintiff's medical clearance to return to work requested a reasonable accommodation to avoid reassignment to the same environment where the prior harassment and retaliation had occurred. (See Exhibit 71 – Provider Health Clearance Note and Accommodation Request, December 29, 2020 [Page 372, ¶ 4.]) | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 73. On January 29, 2021, Kaiser issued a written response to Plaintiff's provider's disclose and accommodation request denying medical leave even though no request for medical leave had been made. The provider's request sought only a reasonable accommodation to avoid | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| reassignment to the same hostile work environment in the Kaiser West Los Angeles Emergency Department, where Plaintiff had been repeatedly subjected to harassment and retaliation by Sarah Poetter and Kaiser HR personnel following her complaint of workplace bullying and discrimination. (See Exhibit 72 – Kaiser Response to Accommodation Request, dated January 29, 2021 [Page 377, ¶ 1.]) | |
| 74. On March 10, 2021, in response to the Provider's clarification, specifically clarifying that Plaintiff has no functional limitation – and the reason for the accommodation request was to avoid continued harassment – Kaiser obtained a referral for a Fitness for Duty (FFD) Examination to specifically assess Plaintiff's functional limitation that prevented her from returning to work – at Kaiser West LA Emergency Room. (See Exhibit 73 – Kaiser's FFD Order, 3/10/2021 [Page 381, ¶ 1].) | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 75. The Fitness-for-Duty ("FFD") examination imposed by Kaiser in direct response to Plaintiff's harassment complaint served to further traumatize Plaintiff and constituted an escalation of the very retaliatory conduct she had | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

35

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| reported. The employer's FFD Authorization for Release of Medical Information compounded this harm by requiring Plaintiff to sign an authorization permitting oral communications between Kaiser and the forensic psychiatrist, Dr. Phani Tumu, regarding the purported findings of the evaluation. This demand represented a direct intrusion on Plaintiff's privacy and posed a threat to her mental and emotional well-being. (See Exhibit 74 – Kaiser FFD Authorization for Medical Release, [Page 384, ¶ 3].) | |
| 76. On March 11, 2021, Doug Pruss, Human Resources Director at Kaiser West Los Angeles Medical Center, confirmed via email that failure to undergo the mandated mental evaluation would be treated as a voluntary resignation from Plaintiff's employment with Kaiser. This communication effectively placed Plaintiff under coercive pressure to comply with the Fitness-For-Duty ("FFD") evaluation, under threat of constructive termination. (See Exhibit 75 – Email from HR Director Doug Pruss, dated March 11, 2021 [Page 386, ¶ 1].) | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 77. On March 12, 2021, Kaiser issued Plaintiff's final pay stub while she | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| remained on leave pending completion of the Fitness-for-Duty ("FFD") evaluation and execution of the associated authorization for release of health information. Issuing a final paycheck under these circumstances – while Plaintiff was still employed and awaiting the outcome of an FFD assessment – constituted a premature or de facto determination of employment. (See Exhibit 76 – Final Pay Stub and Related Documentation, dated March 12, 2021 [Page 390].) | |
| 78. On March 17, 2021, Plaintiff emailed HR Director Doug Pruss and Kaiser management requesting written confirmation that Dr. Phani Tumu – the physician designated to conduct the Fitness-for-Duty evaluation – was an independent psychiatrist unaffiliated with Kaiser/SCPMG. In the same communication, Plaintiff asked to amend the authorization for release of health information by striking provision permitting oral communications between Kaiser and Dr. Tumu. (See Exhibit 77 – Email from Plaintiff to Pruss and Management, dated March 17, 2021 [Page 393, ¶ 1.]) | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |
| 79. On the same day, March 17, 2021, Plaintiff submitted a written notice | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| to HR Director Douglass Pruss, formally releasing her union representatives from further representation, citing "failure to represent" as the reason for the withdrawal. The filing reflected Plaintiff's loss of confidence in the union's ability to advocate on her behalf during the ongoing dispute concerning workplace retaliation and the Fitness-for-Duty ("FFD") process. (See Exhibit 78 – Plaintiff's Notice of Release of Union Representation, Dated March 17, 2021 [Page 395, ¶ 1.]) | |
| 80. On March 17, 2021, HR Director Doug Pruss confirmed via email that the Southern California Permanente Medical Group ("SCPMG") physician referral for Fitness-for-Duty ("FFD") evaluation was based on the following: (1) Plaintiff's prior emails disclosing trauma directly resulting from workplace harassment; and (2) HR Disability Manager Wilbert Jones's interpretation of Plaintiff provider's accommodation request, in which he concluded that the provider could not certify Plaintiff's return to the same traumatic work environment Pruss further reiterated that completion of FFD assessment was mandatory condition for continued | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

38

| Moving Party's Undisputed Material Fact and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| employment and instructed Plaintiff to sign the authorization for release of health information by 5:00 p.m. on March 19, 2021. (See Exhibit 79 – Email Correspondence from HR Director Doug Pruss, dated March 17, 2021. [Page 398, ¶ 2.]) | |
| 81. On March 18, 2021, no response was provided to Plaintiff's request to amend the authorization for release of medical information by striking out consent for oral communication. Instead of addressing this pending request, Kaiser proceeded to terminate Plaintiff's employment, a decision made in coordination with Brooke Ball, Chief Executive Officer at Kaiser West Los Angeles Medical Center. (See Exhibit 80 – Termination Documentation and Related Correspondence, dated March 18, 2021, [Page 402, ¶ 1.]) | Undisputed, but not relevant to Plaintiff's claims or allegations as to BRN Defendants. |

Dated: November 6, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

*/s/ Jamil R. Ghannam*

JAMIL R. GHANNAM
Acting Supervising Deputy Attorney General
*Attorneys for Defendants State of California, by and through the Board of Registered Nursing, Loretta Melby and Gillian Friedman*

LA2024304086/95665422.docx

# CERTIFICATE OF SERVICE

Case Name: **Atam v. Kaiser Foundation Health Plan, Inc., et al**          No.   **2:24-cv-05862-KK-AGR**

I hereby certify that on <u>November 6, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANTS STATE OF CALIFORNIA, BY AND THROUGH THE BOARD OF REGISTERED NURSING, LORETTA MELBY, AND GILLIAN FRIEDMAN**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>November 6, 2025,</u> I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Esther Tendo Atam
13621 Arcturus Avenue
Gardena, CA  90249
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 6, 2025,</u> at Fresno, California.

|  |  |
|---|---|
| C. Vue | */s/ C. Vue* |
| Declarant | Signature |

LA2024304086
95666488.docx

# EXHIBIT 3

.

ROB BONTA
Attorney General of California
JAMIL R. GHANNAM
Acting Supervising Deputy Attorney General
State Bar No. 300730
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7674
 Fax: (916) 322-8288
 E-mail: Jamil.Ghannam@doj.ca.gov
*Attorneys for Defendants State of California, by and through the Board of Registered Nursing, Loretta Melby and Gillian Friedman*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

| | |
|---|---|
| **ESTHER TENDO ATAM,** | Case No. 2:24-cv-05862-KK-AGR |
| Plaintiff, | **DECLARATION OF LORETTA MELBY** |
| **v.** | Fed. R. Civ. P. 56 |
| **KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, GILLIAN FRIEDMAN, LORETTA MELBY, THE BOARD OF REGISTERED NURSING AND GARY CARLIN,** | Date: December 2, 2025<br>Time: 10:00 a.m.<br>Courtroom: 550, 5th Floor<br>Judge: The Honorable Alicia G. Rosenberg<br>Trial Date: TBD<br>Action Filed: 7/10/2024 |
| Defendants. | |

I, Loretta Melby, declare as follows:

1. I am currently employed by defendant State of California, by and through the Board of Registered Nursing, (BRN) and have been since 2014. Since 2020, I have served as the Executive Officer of the BRN. The BRN is an independent agency within the State of California, under the Department of Consumer Affairs.

1

The BRN is the agency vested with the regulation of the practice of registered nursing in the state of California. (Cal. Bus. & Prof. Code, §§ 2701, 2708.1.) Specifically, the BRN is the entity vested with statutory authority to license, regulate, and discipline licensees in the profession of registered nursing within the state of California. As the Executive Officer of the BRN, my duties generally include, but are not limited to: As the Executive Officer of the BRN, my duties generally include, but are not limited to: under the general direction and leadership of the 9-member Board and its Administrative Committee, the Executive Officer (EO) of the Board of Registered Nursing functions as Chief EO who has overall responsibility for the management of the Board's resources and staff. The EO is also responsible for overseeing all aspects of the Boards regulatory requirements in the State of California which includes enforcement of general and advanced nursing practice standards, enforcement of professional conduct, maintenance of a recovery program for impaired nurses, and the requirement of mandatory continuing education and current practices for licensure renewal. As an expert in public policy, the EO is further responsible for interpreting and executing the intent of all Board policies to the public and to other governmental agencies. I have personal knowledge of the facts and opinions made within this declaration, and if called as a witness, I would and could testify competently thereto.

2.      I have reviewed and am aware of Plaintiff Esther Atam's allegations against me in this proceeding, specifically, that she alleges I or others at the BRN conspired with unidentified individuals at Kaiser to revoke her nursing license.

3.      I did not personally participate in the review of any nursing complaint sent to the BRN concerning Plaintiff's license to practice nursing. I also did not conduct, lead, or participate in the investigation into any complaint sent to the BRN concerning Plaintiff's license to practice nursing.

4.      Review of complaints, investigations, and enforcement actions, if any, taken in response to complaints submitted to the BRN are performed by the BRN's

2

Enforcement Division, whose staff is supervised by, respectively, the Chief of Enforcement and Supervising Special Investigator. The BRN employs trained investigators to conduct investigations on behalf of the BRN. The BRN's Chief of Enforcement at the time concerning Plaintiff's license from 2021 to 2023, was Shannon Johnson. The Chief of Enforcement makes the determination concerning complaint and investigative assignments to BRN staff.

5. From 2021 to 2023, I did not have any written or verbal communications with any individuals from Plaintiff's workplace, Kaiser West Los Angeles Medical Center, or the Southern California Permanente Medical Group, regarding the Plaintiff, her work performance, or her capacity to perform the professional functions of a licensed nurse, or otherwise.

6. I did not author, review, or directly approve the Cal. Bus. & Prof. Code, § 820 order compelling an examination to determine fitness to practice regarding Plaintiff, in BRN Case No. 4002021005658. Such review and approval was performed by my designee and Chief of Enforcement, Shannon Johnson.

7. I did not author, review, or approve the Accusation regarding Plaintiff in BRN Case No. 4002021005658. Such review and approval was performed by my designee and Chief of Enforcement, Shannon Johnson.

8. I did not author, review, or determine the Default Decision and Order regarding Plaintiff in BRN Case No. 4002021005658. Such review and approval was performed by my designee and Chief of Enforcement, Shannon Johnson. My name appears in the top right corner bearing the seal of the BRN in order to certify the Default Decision and Order as a verified document of a public agency because such information regarding licenses are generally required to be made publicly available. (Cal. Bus. & Prof. Code, § 27.)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed November 5, 2025, at San Diego, California.

3

Loretta Melby
Executive Officer
Board of Registered Nursing

LA2024304086
95659792.docx

# CERTIFICATE OF SERVICE

Case Name: **Atam v. Kaiser Foundation Health Plan, Inc., et al**      No.   **2:24-cv-05862-KK-AGR**

I hereby certify that on <u>November 6, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF DEPUTY ATTORNEY GENERAL JAMIL R. GHANNAM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>November 6, 2025,</u> I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Esther Tendo Atam
13621 Arcturus Avenue
Gardena, CA  90249
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 6, 2025,</u> at Fresno, California.

| C. Vue | */s/ C. Vue* |
|---|---|
| Declarant | Signature |

LA2024304086
95666488.docx

# EXHIBIT 4

.

**CH-100**    **Request for Civil Harassment Restraining Orders**

Read *Can a Civil Harassment Restraining Order Help Me? (form CH-100-INFO)* before completing this form. Also fill out *Confidential CLETS Information (form CLETS-001)* with as much information as you know.

*Clerk stamps date here when form is filed.*

F I L E D
Clerk of the Superior Court

FEB 07 2023

By: V. Lozano, Clerk
EAST COUNTY DIVISION

**(1) Person Seeking Protection**

a. Your Full Name: Loretta Melby                    Age: 45

Your Lawyer *(if you have one for this case)*
Name: _____    State Bar No.: _____
Firm Name: _____

b. Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or email.)*

Address: 1108 La Mesa Ave
City: Spring Valley    State: CA    Zip: 91977
Telephone: 619 322 4515    Fax: _____
Email Address: ~~lorettamelby-eastcorm~~ Loretta.melby@dcu.ca.gov

*Fill in court name and street address:*

**Superior Court of California, County of San Diego**
☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☑ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

*Court fills in case number when form is filed.*

**Case Number:**
37-2023-00005213-CU-HR-EC

**(2) Person From Whom Protection Is Sought**

Full Name: Esther Tenko Atam    Age: 34
Address *(if known)*: 13621 Arcturus Ave
City: Gardena    State: CA    Zip: 90249

**(3) Additional Protected Persons**

a. Are you asking for protection for any other family or household members? ☑ Yes ☐ No    *If yes, list them:*

| Full Name | Gender | Age | Lives with you? | How are they related to you? |
|-----------|--------|-----|-----------------|------------------------------|
| Kevin Gillette | M | 47 | ☑ Yes ☐ No | husband |
| Kristen Bass | F | 29 | ☑ Yes ☐ No | daughter |
| Jon Owen | M | 35 | ☑ Yes ☐ No | friend |
| | | | ☐ Yes ☐ No | |

☐ *Check here if there are more persons. Attach a sheet of paper and write "Attachment 3a—Additional Protected Persons" for a title. You may use form MC-025, Attachment.*

b. Why do these people need protection? *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 3b—Why Others Need Protection" for a title.*

She has threatened "you take from me, I take from you" She knows my home address + I live with these people.

**This is not a Court Order.**

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2023, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9

**Request for Civil Harassment Restraining Orders**
(Civil Harassment Prevention)

CH-100, Page 1 of 6

Case Number:

37-2023-00005213-CU-HR-EC

**(4) Relationship of Parties**

How do you know the person in (2)? *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 4—Relationship of Parties" for a title.*

She is a licensee. I took her license away as part of my job at the CA Board of Registered Nursing.

**(5) Venue**

Why are you filing in this county? *(Check all that apply):*
a. ☐ The person in (2) lives in this county.
b. ☒ I was harassed by the person in (2) in this county.
c. ☒ Other *(specify):* I live in this county

**(6) Other Court Cases**

a. Have you or any of the persons named in (3) been involved in another court case with the person in (2)?

☒ Yes  ☐ No   *(If yes, check each kind of case and indicate where and when each was filed.)*

| Kind of Case | Filed in *(County/State)* | Year Filed | Case Number *(if known)* |
|---|---|---|---|
| (1) ☐ Civil Harassment | | | |
| (2) ☐ Domestic Violence | | | |
| (3) ☐ Divorce, Nullity, Legal Separation | | | |
| (4) ☐ Paternity, Parentage, Child Custody | | | |
| (5) ☐ Elder or Dependent Adult Abuse | | | |
| (6) ☐ Eviction | | | |
| (7) ☐ Guardianship | | | |
| (8) ☐ Workplace Violence | | | |
| (9) ☐ Small Claims | | | |
| (10) ☐ Criminal | | | |
| (11) ☒ Other *(specify):* RN License # 761179 revocation | Sacramento, CA | 2022 | 4002021050658 |

b. Are there now any protective or restraining orders in effect relating to you or any of the persons in (3) and the person in (2)? ☒ No  ☐ Yes   *(If yes, attach a copy if you have one.)*

**(7) Description of Harassment**

Harassment means violence or threats of violence against you, or a course of conduct that seriously alarmed, annoyed, or harassed you and caused you substantial emotional distress. A course of conduct is more than one act.

a. Tell the court about the last time the person in (2) harassed you.
   (1) When did it happen? *(provide date or estimated date):* first email received 7/31/2022 continues to escalate through today.
   (2) Who else was there? multiple other recipients on the many emails.

**This is not a Court Order.**

Case Number:
37-2023-00005213-CU-HR-EC

(7) a. (3) How did the person in (2) harass you? *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(3)—Describe Harassment" for a title.*

threats are varied states I will send exact note (ur seven days straight and if anyone still thinks this is just random runs, again we shall find out!

States she will come after me, she will not rest etc.

(4) Did the person in (2) use or threaten to use a gun or any other weapon?

☒ Yes  ☐ No  *(If yes, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(4)—Use of Weapons" for a title.*

mentioned stabbing in emails

(5) Were you harmed or injured because of the harassment?

☐ Yes  ☒ No  *(If yes, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(5)—Harm or Injury" for a title.*

(6) Did the police come? ☐ Yes  ☒ No

Michael Pamuro Investigator #358 Special capacities unit DYE Investigator has gone to her residence to ask her to stop.

If yes, did they give you or the person in (2) an Emergency Protective Order? ☐ Yes  ☒ No

CHP threat assessment unit is involved

If yes, the order protects *(check all that apply):*

Investigator Jeff Kagel # 2072h Dignitary Protection Division - South

☐ Me  ☐ The person in (2)  ☐ The persons in (3).

Chris Drown Deputy Rancho San Diego Station Filed incident report

*(Attach a copy of the order if you have one.)*

b. Has the person in (2) harassed you at other times?

☒ Yes  ☐ No  *(If yes, describe prior incidents and provide dates of harassment below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7b—Previous Harassment" for a title.*

ongoing escalating again after revocation of RV license 2/3/2013

**This is not a Court Order.**

**Request for Civil Harassment Restraining Orders**
(Civil Harassment Prevention)

Case Number:

37-2023-00005213-CU-HR-EC

**Check the orders you want.**  ☑

**(8)** ☒ **Personal Conduct Orders**

I ask the court to order the person in **②** **not** to do any of the following things to me or to any person to be protected listed in **③**:

a. ☐ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

b. ☒ Contact the person, either directly or indirectly, in **any** way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by email, by text message, by fax, or by other electronic means.

c. ☒ Other *(specify):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 8c—Other Personal Conduct Orders," for a title.*

Work place - including home office
California Board of Registered Nursing  1747 N. Market Blvd suite 150  Sacramento CA 95834

*The person in* **②** *will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

**(9)** ☒ **Stay-Away Orders**

a. I ask the court to order the person in **②** to stay at least **100** yards away from *(check all that apply):*

(1) ☒ Me.                                (8) ☒ My vehicle.
(2) ☒ The other persons listed in **③**.  (9) ☐ Other *(specify):*
(3) ☒ My home.
(4) ☒ My job or workplace.
(5) ☐ My school.
(6) ☐ My children's school.
(7) ☐ My children's place of child care.

b. If the court orders the person in **②** to stay away from all the places listed above, will he or she still be able to get to his or her home, school, or job?   ☒ Yes   ☐ No   *(If no, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 9b—Stay-Away Orders," for a title.*

**(10)** **Firearms (Guns), Firearm Parts, and Ammunition**

Does the person in **②** own or possess any firearms (guns), firearm parts, or ammunition? This includes firearm receivers and frames, and any item that may be used as or easily turned into a receiver or frame (see Penal Code section 16531).   ☐ Yes ☐ No ☒ I don't know

*If the judge grants a protective order, the person in* **②** *will be prohibited from owning, possessing, purchasing, receiving, or attempting to purchase or receive firearms (guns), firearm parts, and ammunition while the protective order is in effect. The person in* **②** *will also be ordered to turn in to law enforcement, or sell to or store with a licensed gun dealer, any firearms (guns) and firearm parts within their immediate possession or control.*

**This is not a Court Order.**

**Request for Civil Harassment Restraining Orders**
**(Civil Harassment Prevention)**

Case Number:
37-2023-00005213-CU-HR-EC

## (11) ☒ Temporary Restraining Order

I request that a Temporary Restraining Order (TRO) be issued against the person in ② to last until the hearing. I am presenting form CH-110, *Temporary Restraining Order,* for the court's signature together with this *Request.*

Has the person in ② been told that you were going to go to court to seek a TRO against him or her?

☒ Yes   ☐ No *(If you answered no, explain why below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 11—Temporary Restraining Order" for a title.*

due to emails rec.

## (12) ☒ Request to Give Less Than Five Days' Notice of Hearing

*You must have your papers personally served on the person in* ② *at least five days before the hearing, unless the court orders a shorter time for service. (Form CH-200-INFO explains* What Is "Proof of Personal Service"? *Form CH-200,* Proof of Personal Service, *may be used to show the court that the papers have been served.)*

If you want there to be fewer than five days between service and the hearing, explain why below:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 12—Request to Give Less Than Five Days' Notice" for a title.*

Seven day cool down in emails rec. starting 212 for revocation of license 2/3/2023

## (13) ☒ No Fee for Filing or Service

a. ☒ There should be no filing fee because the person in ② has used or threatened to use violence against me, has stalked me, or has acted or spoken in some other way that makes me reasonably fear violence.

b. ☒ The sheriff or marshal should serve (notify) the person in ② about the orders for free because my request for orders is based on unlawful violence, a credible threat of violence, or stalking.

c. ☐ There should be no filing fee and the sheriff or marshal should serve the person in ② for free because I am entitled to a fee waiver. *(You must complete and file form FW-001,* Application for Waiver of Court Fees and Costs *.)*

## (14) ☐ Lawyer's Fees and Costs

I ask the court to order payment of my   ☐ lawyer's fees   ☐ Court costs.

The amounts requested are:

| Item | Amount | Item | Amount |
|---|---|---|---|
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |

☐ *Check here if there are more items. Put the items and amounts on the attached sheet of paper or form MC-025 and write "Attachment 14—Lawyer's Fees and Costs" for a title.*

**This is not a Court Order.**

Case Number:

37-2023-00005213-CU-HR-EC

**(15) ☐ Possession and Protection of Animals**

I ask the court to order the following:

a. ☐ That I be given the sole possession, care, and control of the animals listed below, which I own, possess, lease, keep, or hold, or which reside in my household.
*(Identify animals by, e.g., type, breed, name, color, sex.)*

_____

_____

I request sole possession of the animals because *(specify good cause for granting order)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 15a—Possession of Animals" for a title.*

_____

_____

_____

b. ☐ That the person in **(2)** must stay at least_____ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

**(16) ☐ Additional Orders Requested**

I ask the court to make the following additional orders *(specify)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 16—Additional Orders Requested," for a title.*

_____

_____

_____

**(17)** Number of pages attached to this form, if any: _____

Date: _____2|6|2023_____

_____          ▶ _____
*Lawyer's name (if any)*                              *Lawyer's signature*

I declare under penalty of perjury under the laws of the State of California that the information above and on all attachments is true and correct.

Date: _____2|6|2023_____

_____Loretta Melby_____          ▶ _____Loretta Melby_____
*Type or print your name*                              *Sign your name*

This is not a Court Order.

<Shannon.Johnson@dca.ca.gov>
**Subject:** RE: ESTHER ATAM

Thanks Lori. That's a bizarre email to receive. Do you know anything more about what prompted her to send this email? The tone is, obviously, threatening; so in addition to notifying the DAG, you may want to see if there is any protocol to, e.g., inform DOI, or take other measures to assure your safety.

I'm familiar with some of the interactions she's had with the board. I know that we initiated a BPC 820 evaluation against her, and she protested that. Stemming from that, she subpoenaed DOI, to which DOI's attorney objected, and subpoenaed OAG, to which OAG objected.

In the recent filing that you attached from her civil case against Kaiser, she mentions that she surrendered her license on August 8, 2022. The Accusation against her was filed November 14, 2022. I know the DAG offered her the option in July to surrender her license under BPC 2751 in lieu of being subjected to the mental examination. Her DCA license profile shows her license as current. So I'm confused... did she actually surrender her license? Did she not take the option of surrendering under the alternative proceeding under section 2751? Or did she, and we decided to pursue a hearing anyways? I'm just trying to understand her current status.

Also, do you know who Gillane Friedman is?

Let me know if you have any specific questions or concerns for me.

Thanks,

**Reza Pejuhesh**
(Pronouns he/him)
Attorney III
Legal Affairs Division, Department of Consumer Affairs
1625 N. Market Blvd., Suite S-3D9, Sacramento, CA 95834
Direct: (916) 574-8135
Main Office: (916) 574-822D
Reza.Pejuhesh@dca.ca.gov
(*During this declaration of emergency, I am working remotely, and can be reached during normal business hours between 8 a.m. – 5 p.m.*)

37-2023-00005213-CU-HR-EC

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE, INCLUDING ANY ATTACHMENTS, IS INTENDED ONLY FOR USE BY THE RECIPIENT(S) NAMEO ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If you are not an intended recipient of this message, or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. Staff are not authorized to forward this message to

# EXHIBIT 5

.

ROB BONTA
Attorney General of California
JAMIL R. GHANNAM
Supervising Deputy Attorney General
State Bar No. 300730
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-7674
  Fax: (916) 322-8288
  E-mail: Jamil.Ghannam@doj.ca.gov
*Attorneys for Defendants State of California, by and through the Board of Registered Nursing, Loretta Melby and Gillian Friedman*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

| | |
|---|---|
| **ESTHER TENDO ATAM,**<br><br>Plaintiff,<br><br>v.<br><br>**KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, GILLIAN FRIEDMAN, LORETTA MELBY, THE BOARD OF REGISTERED NURSING AND GARY CARLIN,**<br><br>Defendants. | Case No. 2:24-cv-05862-KK-AGR<br><br>**SUR-REPLY IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Fed. R. Civ. P. 56<br><br>Date:     December 2, 2025<br>Time:    10:00 a.m.<br>Courtroom: 550, 5th Floor<br>Judge:   The Honorable Alicia G. Rosenberg<br>Trial Date: TBD<br>Action Filed: 7/10/2024 |

**INTRODUCTION**

At the hearing on the motion for summary judgment on December 2, 2025, the Court requested Defendants State of California, by and through the Board of Registered Nursing (BRN), Loretta Melby and Gillian Friedman (BRN Defendants) to provide additional briefing regarding the limited issue of whether Cal. Bus. & Prof. Code, § 820 orders and licensing accusations can be issued by persons

1

delegated to perform such tasks within the BRN, or whether those tasks must be performed by the executive officer of the BRN.

Review of pertinent legal authorities provides that these matters can be validly performed by others within the licensing agency. It is the licensing agencies which have the statutory authority to utilize the investigatory tool provided by Cal. Bus. & Prof. Code, § 820, and there is nothing in the statute's text that limits its use to only certain officers of any agency. California regulations further provide that the BRN's executive officer can delegate their authority to issue licensing accusations to his or her designee. The § 820 order and Accusation in this case are each a valid exercise of the BRN's statutory and regulatory authority.

As set forth in the BRN's motion to dismiss (Dkt. No. 156) and opposition to Plaintiff's motion for summary judgment (Dkt. No. 173), Plaintiff's motion for summary judgment should be denied and the BRN's motion to dismiss granted without leave to amend.

## ARGUMENT

**I.  THE BRN HAS THE AUTHORITY TO ISSUE CAL. BUS. & PROF. CODE, § 820 ORDERS, AND THE BRN'S EXECUTIVE OFFICER CAN DELEGATE THEIR POWER TO ISSUE ACCUSATIONS**

Cal. Bus. & Prof. Code, § 820 provides that those orders are issued by the licensing agencies, and the statute's text does not place a limitation upon which officer within the agency can issue it. "Whenever it appears that any person holding a license, certificate or permit under this division or under any initiative act referred to in this division may be unable to practice his or her profession safely because the licentiate's ability to practice is impaired due to mental illness, or physical illness affecting competency, *the licensing agency* may order the licentiate to be examined by one or more physicians and surgeons or psychologists designated by the agency." Cal. Bus. & Prof. Code, § 820 (emphasis added).

Nothing in the text of Business and Professions Code section 820 limits who within the licensing agency can authorize the issuance of any such order. "Section

2

820 applies to all healing arts practitioners licensed or certificated by the state[.]" *Alexander D. v. State Bd. of Dental Examiners*, 231 Cal. App. 3d 92, 95 (Ct. App. 1991). Cal. Bus. & Prof. Code, § 820 examinations are an investigatory tool, where the licensee faces no potential discipline until formal adjudicatory proceedings are commenced. (*Id*. at 97.) "[P]ublic agencies may delegate the performance of ministerial tasks, including the investigation and determination of facts preliminary to agency action." *California Sch. Emps. Assn. v. Pers. Comm'n*, 3 Cal. 3d 139, 144 (1970); see also Cal. Gov't Code § 7 ("Whenever a power is granted to, or a duty is imposed upon, a public officer, *the power may be exercised* or the duty may be performed *by a deputy of the officer* or by a person authorized, pursuant to law, by the officer, *unless this code expressly provides otherwise*.") Thus, employees of a licensing agency can employ the investigatory tool of issuing a § 820 order.

The BRN's executive officer then has the authority to direct the work of BRN staff and delegate their power to file accusations to his or her designee. The BRN shall appoint an executive officer who shall perform the duties delegated by the board and be responsible to the board for the accomplishment of those duties. Cal. Bus. & Prof. Code, § 2708(a). The BRN has statutory authority to "prosecute all persons guilty of violating this chapter." Cal. Bus. & Prof. Code, § 2715. "Every certificate holder or licensee, including licensees holding temporary licenses, or licensees holding licenses placed in an inactive status, may be disciplined as provided in this article." Cal. Bus. & Prof. Code, § 2750. In addition to the statutory definition of unprofessional conduct as grounds for discipline described in Cal. Bus. & Prof. Code, § 2761, failure to cooperate and participate in any board investigation pending against the licensee is unprofessional conduct that is grounds for discipline. See Cal. Code Regs. tit. 16, § 1441(b). The BRN shall discipline the holder of any license whose default has been entered or who has been heard and found guilty by suspending judgment, placing them upon probation, suspending the

3

right to practice, revoking their license, or taking any other action within the BRN's discretion it deems proper. See Cal. Bus. & Prof. Code, § 2759, (a)-(e).

California Code of Regulations, title 16, section 1405, authorizes the executive officer of the BRN to, among other duties, plan, direct supervise and organize the work of the staff of the board; and, to administer examinations, collect fees, issue licenses and permits and investigate complaints. Cal. Code. Regs., tit. 16, § 1405(a), (d) (Authority of Executive Officer). The executive officer further has the authority to delegate certain functions, including the power and discretion to receive and file accusations, issue subpoenas, set and calendar matters for hearing and perform other functions necessary to the efficient dispatch of the business of conducting the BRN's administrative hearings to his or her designee. See Cal. Code. Regs., tit. 16, § 1403 (Delegation of Certain Functions).

II.  **THE § 820 ORDER AND ACCUSATION IN THIS MATTER ARE VALID**

Pursuant to the foregoing statutes and regulations, there does not appear to be any impropriety concerning the issuance of the Cal. Bus. & Prof. Code, § 820 order concerning Plaintiff on July 18, 2022, or the resulting Accusation filed on November 14, 2022, and served upon Plaintiff on November 16, 2022.

Here, the Petition and Order Compelling Mental and/or Physical Examination was issued by Shannon Johnson, on behalf of Loretta Melby. (Dkt. No. 170, pp. 94-98.)[1] Cal. Bus. & Prof. Code, § 820 provides those orders are issued by licensing agencies, the executive officer of the BRN can plan, direct, supervise and organize the work of BRN staff regarding investigatory complaints, § 820 orders are considered an investigatory tool, and investigative fact finding is a ministerial task that can be delegated to agency employees. See Cal. Code. Regs., tit. 16, § 1405(a), (d); *Alexander D., supra*; *California Sch. Emps. Assn., supra*. Thus, Shannon Johnson, as the Chief of Enforcement for the BRN (Dkt. No. 173-3, p. 34), can

---

[1] Such materials are maintained as confidential by the BRN. However, it is Plaintiff that filed an unredacted copy of the petition with her summary judgment materials.

4

utilize the investigatory tool of issuing a Bus. & Prof. Code, § 820 order to a licensee on behalf of the BRN.

The subsequent Accusation against Plaintiff's license (Dkt. No. 173-3, pp. 5-19) signed by Shannon Johnson as the designee of Executive Officer Loretta Melby, is also valid because the executive officer of the BRN has the authority to delegate to his or her designee the authority to issue disciplinary accusations. Cal. Code. Regs., tit. 16, § 1403. Both items are a valid exercise of the BRN's statutory and regulatory authority.

<div align="center"><b>CONCLUSION</b></div>

Licensing agencies have the statutory authority to utilize the investigatory tool provided by Cal. Bus. & Prof. Code, § 820, and there is nothing in the statute's text that limits its use to only certain officers of the agency. Additionally, the BRN's executive officer has the authority to delegate his or her authority to issue licensing accusations to his or her designee. The § 820 order and Accusation in this case are each a valid exercise of the BRN's statutory and regulatory authority.

As set forth in the BRN's motion to dismiss (Dkt. No. 156) and opposition to Plaintiff's motion for summary judgment (Dkt. No. 173), Plaintiff's motion for summary judgment should be denied and the BRN's motion to dismiss granted without leave to amend.

Dated: December 3, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

*/s/ Jamil R. Ghannam*

JAMIL R. GHANNAM
Supervising Deputy Attorney General
*Attorneys for Defendants State of California, by and through the Board of Registered Nursing, Loretta Melby and Gillian Friedman*

LA2024304086
39490561

<div align="center">5</div>

# EXHIBIT A

SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
Brandon K. Franklin (SBN 303373
bfranklin@seyfarth.com
Clara L. Rademacher (SBN 355494)
crademacher@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, CA 94105
Telephone: 415-397-2823
Facsimile: 415-397-8549

ATTORNEYS FOR DEFENDANTS
Kaiser Foundation Health Plan Inc., Kaiser
Foundation Hospitals, Southern California
Permanente Medical Group

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER TENDO ATAM,<br><br>        Plaintiff,<br><br>        v.<br><br>KAISER FOUNDATION HEALTH PLAN INC., KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, GILLIAN FRIEDMAN, LORETTA MELBY, THE BOARD OF REGISTERED NURSING AND GARY CARLIN,<br><br>        Defendants. | Case No. 2:24-cv-05862-JLS (BFMx)<br><br>**DEFENDANTS' RULE 7.1 CORPORATE DISCLOSURE STATEMENT AND LOCAL RULE 7.1 NOTICE OF INTERESTED PARTIES** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 7.1,

Defendants KAISER FOUNDATION HEALTH PLAN INC. ("KFHP"), KAISER

FOUNDATION HOSPITALS ("KFH"), and SOUTHERN CALIFORNIA

313699800v.1

PERMANENTE MEDICAL GROUP ("SCPMG") (collectively, "Kaiser Defendants") hereby disclose the following:

1. KFHP certifies that this party is a non-governmental, non-profit corporate entity; this party does not have any parent corporation; and no publicly-held corporation owns 10% or more of any of this party's stock.

2. KFH certifies that this party is a non-governmental, non-profit corporate entity; this party does not have any parent corporation; and no publicly-held corporation owns 10% or more of any of this party's stock.

3. SCPMG certifies that this party is a non-governmental, non-profit corporate entity; this party does not have any parent corporation; and no publicly-held corporation owns 10% or more of any of this party's stock.

The Kaiser Defendants further certify the following is a full and complete list of all persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of this case: (a) KFHP; (b) KFH; (c) SCPMG; (d) the Board of Registered Nursing ("BRN"); (e) defendants, Gillian Friedman, Loretta Melby, and Gary Carlin; (f) Plaintiff Esther Tendo Atam; and (g) Christian J. Rowley, Brandon K. Franklin, and Clara L. Rademacher of Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. The Kaiser Defendants further reserve the right to incorporate by reference all other persons, associations, firms, partnerships, or corporations identified by Plaintiff Esther Tendo Atam as having either a financial interest in or other interest which could be substantially affected by the outcome of this case.

/ /

/ /

/ /

/ /

/ /

2

313699800v.1

DATED: September 24, 2024

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Christian J. Rowley*

    Christian J. Rowley
    Brandon K. Franklin
    Clara L. Rademacher
    Attorneys for Defendants
    Kaiser Foundation Health Plan Inc.;
    Kaiser Foundation Hospitals, Southern
    California Permanente Medical Group

DEFENDANTS' NOTICE OF INTERESTED PARTIES
CASE NO. 2:24-cv-05862-JLS (BFMX)

313699800v.1

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On September 24, 2024, I served the within document(s):

**DEFENDANTS' RULE 7.1 CORPORATE DISCLOSURE STATEMENT AND LOCAL RULE 7.1 NOTICE OF INTERESTED PARTIES**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

by causing the document listed above to be personally delivered to the person(s) at the address(es) set forth below by Nationwide Legal.

by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☒ electronically by using the Court's ECF/CM System.

Esther Tendo Atam
13621 Arcturus Avenue
Gardena, CA 90249
natashchan1@yahoo.com

IN PRO PER

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 24, 2024, at San Francisco, California.

_____
Karen A. Rodrigues

PROOF OF SERVICE; CASE NO. CV24-5862-JLS (BFMX)

313733577v.1

**EXHIBIT B**

Electronically FILED by Superior Court of California, County of Los Angeles on 04/21/2022 08:27 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

Case 2:24-cv-05862-KK-AS    Document 210    Filed 05/31/26    Page 120 of 244   Page
ID #:8365
73

Lisa M. Magorien, Esq. (SBN: 259877)
lmagorien@lbbklaw.com
Morgan A. Chase, Esq. (SBN: 333573)
mchase@lbbklaw.com
LAGASSE BRANCH BELL + KINKEAD LLP
4365 Executive Drive, Suite 950
San Diego, CA  92121
Telephone:  (858) 345-5080
Facsimile:  (858) 345-5025

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ESTHER ATAM,<br><br>       Plaintiff,<br><br> vs.<br><br>KAISER FOUNDATION HOSPITALS, a California corporation; SARAH POETTER, an individual; and DOES 1 through 100, inclusive,<br><br>       Defendants. | CASE NO.: 21STCV41538<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Reservation ID: 536112562592<br>Date: July 14, 2022<br>Time: 8:30 AM<br>Judge: Hon. Steven J. Kleifield<br>Dept.:  57<br><br>Complaint filed: 11/10/2021<br>Trial date:  Not Set |

**TO PLAINTIFF:**

PLEASE TAKE NOTICE that July 14, 2022 at 8:30 a.m., or as soon thereafter as this matter may be heard in Department 57 of the above-captioned Court, located at 111 N. Hill Street, Los Angeles, CA  90012, Defendant Kaiser Foundation Hospitals, by and through its attorneys, will move this Court as follows:

(1) For Summary Judgment in favor of Defendant and against Plaintiff Esther Atam, for costs of suit incurred herein, and such other relief as may be just.

(1) Alternatively, if for any reason summary judgment cannot be had, for an order adjudicating that there is no merit to the following described causes of action contained in the Plaintiff's Complaint filed herein by Plaintiff, and that final judgment in this action shall, in

-1-

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, SUMMARY ADJUDICATION

addition to any matters determined at trial, award judgment as established by such adjudication:

**Adjudication No. 1:** Plaintiff's claims against Kaiser Foundation Hospitals fail as a matter of law because Plaintiff cannot establish Kaiser Foundation Hospitals was her employer.

This motion is made pursuant to California Code of Civil Procedure Section 437c on the ground that there is no triable issue of material fact as to summary judgment as a matter of law. Defendant's motion for summary judgment is based upon this notice of motion and motion, the memorandum of points and authorities, the separate statement of material undisputed facts and supporting evidence, the declaration of Lisa M. Magorien, the declaration of Douglas Pruss, the Notice of Lodgment of Exhibits and all exhibits thereto, the files and records in this action and upon such evidence and oral argument as may be provided at the time of the hearing on this motion.

Dated: April 21, 2022

Lagasse Branch Bell + Kinkead LLP

By: *Morgan Chase*

Lisa M. Magorien, Esq.
Morgan A. Chase, Esq.
Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

-2-

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, SUMMARY ADJUDICATION

**EXHIBIT C**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

**21STCV41538**                                                          April 29, 2026
**ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et**                       10:00 AM
**al.**

Judge: Honorable Lawrence P. Riff                CSR: Jessica M. Lopez, CSR #14771
Judicial Assistant: Cecilia  Guerrero            ERM: None
Courtroom Assistant: Rosalie M. Cruz             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Esther Atam , Self-Represented

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application TO VACATE PREFILING ORDERS AND FOR RELATED RELIEF BASED ON NEWLY PRESENTED EVIDENCE AND CHANGE IN CIRCUMSTANCES; Hearing on Ex Parte Application TO VACATE VOID JUDGMENT ENTERED SEPTEMBER 21, 2022 AND FOR RELATED RELIEF BASED ON NEWLY PRESENTED EVIDENCE

The matter is called for hearing.

Having read and considered all papers filed and having heard argument from plaintiff, the Court rules as follows:

The Ex Parte Application EX PARTE APPLICATION TO VACATE VOID JUDGMENT ENTERED SEPTEMBER 21, 2022 AND FOR RELATED RELIEF BASED ON NEWLY PRESENTED EVIDENCE filed by Esther Atam on 04/01/2026 and Ex Parte Application PLAINTIFF'S EX PARTE APPLICATION TO VACATE PREFILING ORDERS AND FOR RELATED RELIEF BASED ON NEWLY PRESENTED EVIDENCE AND CHANGE IN CIRCUMSTANCES filed by Esther Atam on 04/23/2026 are Denied.

The clerk is directed to give notice.

Certificate of Service is attached.

---

Minute Order                                                          Page 1 of 1

**EXHIBIT D**

Transcript of Proceedings
July 14, 2022

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 57  HON. STEVEN J. KLEIFIELD, JUDGE

ESTHER ATAM,                     )
                                 )
          PLAINTIFF,             )
                                 )
   VS.                           ) CASE NO.
                                 ) 21STCV41538
KAISER FOUNDATION HOSPITALS, ET  )
AL.,                             )
                                 )
          DEFENDANTS.            )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

JULY 14, 2022

APPEARANCES:

SPECIALLY APPEARING FOR THE PLAINTIFF:

          LAW OFFICE OF JOSHUA KLUGMAN
          BY:  JOSHUA KLUGMAN, ESQ.
          9538 PICO BOULEVARD, SUITE 200
          LOS ANGELES, CA 90035
          310.806.1230
          ESQUIREJOSH@YAHOO.COM

FOR THE DEFENDANT KAISER FOUNDATION HOSPITALS:

          LAGASSE BRANCH BELL + KINKEAD LLP
          BY:  LISA M. MAGORIEN, ESQ.
          (APPEARED REMOTELY)
          4365 EXECUTIVE DRIVE, SUITE 950
          SAN DIEGO, CA 92121
          858.345.5080
          LMAGORIEN@LBBKLAW.COM

          AURORA BOWSER, CSR NO. 12801,
          OFFICIAL REPORTER PRO TEMPORE

Transcript of Proceedings
July 14, 2022

CASE NUMBER:                    21STCV41538

CASE NAME:                      ESTHER ATAM VS. KAISER

                                FOUNDATION HOSPITALS

LOS ANGELES, CALIFORNIA    THURSDAY, JULY 14, 2022

DEPARTMENT: 57             HON. STEVEN J. KLEIFIELD

APPEARANCES:               (AS HERETOFORE NOTED.)

REPORTER:                  AURORA BOWSER, CSR NO. 12801

TIME:                      9:11 A.M.


                    ---OOO---


            THE COURT:  ESTHER ATAM VERSUS KAISER
FOUNDATION HOSPITALS.
            MR. KLUGMAN:  GOOD MORNING, YOUR HONOR.  SO
JOSHUA KLUGMAN, SPECIALLY APPEARING FOR THE PLAINTIFF
PRO PER TODAY.
            THE COURT:  OKAY.  GOOD MORNING.
            MS. MAGORIEN:  GOOD MORNING, YOUR HONOR.  LISA
MAGORIEN ON BEHALF OF DEFENDANT, KAISER FOUNDATION
HOSPITALS.
            THE COURT:  GOOD MORNING.  WE HAVE A COURT
REPORTER ON THIS MATTER.
            SO YOU SAW THE TENTATIVE?
            MR. KLUGMAN:  SAW THE TENTATIVE, YOUR HONOR.
            THE COURT:  OKAY.  DO YOU WANT TO BE HEARD?
            MR. KLUGMAN:  SURE.  JUST BASICALLY, YOUR
HONOR, JUST TO SUM UP -- AND THANKS FOR PROVIDING THE
TENTATIVE.  THE MAIN POINT HERE IS -- SO PLAINTIFF WHEN

Transcript of Proceedings
July 14, 2022

SHE FILED, SHE WAS REPRESENTED BY COUNSEL.  AND I THINK
MAYBE IT'S TWO ATTORNEYS.  BUT IN ANY CASE, AND THEN
WENT PRO PER.

THE ATTORNEY WHO REPRESENTED HER AT THE TIME
LISTED THE DEFENDANT, YOU KNOW, THE KAISER FOUNDATION
HOSPITALS.  AND I'M NOT SURE IF THAT WAS BASED ON HIS
OR HER OWN RESEARCH, OR WHATNOT.  BUT ANYWAY, THAT WAS
HOW THAT WAS SELECTED.

AND AT THIS POINT SINCE, YOU KNOW, SHE DIDN'T
PROVIDE EVIDENCE IN HER OPPOSITION OR RESPONSE, AND HAS
BEEN REPRESENTING HERSELF PRO PER, I GUESS WE WOULD
JUST REQUEST IF -- YOU KNOW, GRANTING THAT SHE COULD
MANAGE TO NOW PUT IN THE CORRECT ENTITY, BECAUSE SHE
PUT IN THE SCPMG, AND GO ABOUT THAT?  OR ALTERNATIVELY,
IF NOT, THEN I GUESS SHE COULD JUST RE-FILE.  BUT
BASICALLY, THAT'S JUST WHERE SHE'S AT IN TERMS OF
REPRESENTING HERSELF.

THE COURT:  OKAY.  LET ME HEAR FROM DEFENSE
COUNSEL.

MS. MAGORIEN:  YES, YOUR HONOR.  PLAINTIFF
FILED THIS LAWSUIT ON NOVEMBER 10TH, 2021.  SINCE THIS
TIME, SHE HAS HAD TWO FIRMS REPRESENT HER.  I CONFERRED
WITH BOTH OF THOSE FIRMS AND SUGGESTED THAT THEY AMEND
THE COMPLAINT TO ADD THE CORRECT LEGAL ENTITY.

AFTER TALKING WITH PLAINTIFF, NEITHER OF THEM
DID THAT.  THEY BOTH WITHDREW AS COUNSEL.  TO DATE,
NEITHER PRIOR COUNSEL NOR PLAINTIFF HAS AMEND THE
COMPLAINT.

Transcript of Proceedings
July 14, 2022

WE WERE FORCED TO BRING THIS MSJ, BECAUSE SHE CAN'T BRING THESE EMPLOYMENT CLAIMS AGAINST A NON-EMPLOYER.  AND EVEN IN HER OPPOSITION, SHE DOESN'T SEEK THIS RELIEF TO AMEND THE COMPLAINT, AND SHE DOESN'T PROVIDE ANY EVIDENCE THAT KAISER FOUNDATION HOSPITAL EVER EMPLOYED HER.

SO AT THIS STAGE, THE MSJ SHOULD JUST BE GRANTED.  WE'RE NINE MONTHS INTO IT AT THIS POINT.

THE COURT:  YEAH.  IS THIS A FEHA CASE?

MR. KLUGMAN:  YES, YOUR HONOR.  CAUSE OF ACTION REVOLVING AROUND THAT, THAT'S RIGHT.

THE COURT:  RIGHT.  SO THAT MIGHT POSE SOME CHALLENGES, AS WELL TO AMENDING THE COMPLAINT.  I'M NOT SAYING WHAT SHE COULD DO.  WELL, I THINK THAT THE OPTION RIGHT HERE, THE ONLY COURSE OF ACTION TO TAKE, IS TO GRANT THE MOTION THAT'S FILED BY KAISER.

THEY HAVE SHOWN, AS A MATTER OF LAW, THAT THEY WERE NOT THE EMPLOYER.  AND WITH RESPECT TO AMENDING THE COMPLAINT, I'LL JUST SET A -- I'LL JUST CONTINUE THE CASE MANAGEMENT CONFERENCE.  AND IF THERE'S A BASIS ON WHICH SHE CAN AMEND THE COMPLAINT, SHE SHOULD PURSUE THAT.

MR. KLUGMAN:  OKAY.

THE COURT:  OKAY.  BUT OTHER THAN THAT, YOU KNOW, THEY HAD THEIR MOTION HEARD TODAY AND I'VE GRANTED THE MOTION.

MR. KLUGMAN:  SURE.  OKAY.

THE COURT:  SO WHY DON'T WE HAVE KAISER GIVE

Transcript of Proceedings
July 14, 2022

NOTICE, BECAUSE YOU'RE APPEARING SPECIAL.

MR. KLUGMAN:  YEAH.  I'M SPECIALLY APPEARING.
THAT'S RIGHT.

THE COURT:  RIGHT.  SO YOU'LL GIVE NOTICE TO
PLAINTIFF AT THE ADDRESS OF RECORD?  KAISER WILL?

MS. MAGORIEN:  YES.

THE COURT:  OKAY.  LET'S GIVE IT A CONTINUED
DATE, ABOUT 60 DAYS OUT, FOR THE CASE MANAGEMENT
CONFERENCE.

MR. KLUGMAN:  OKAY.

JUDICIAL ASSISTANT:  SEPTEMBER 26TH, YOUR
HONOR.

THE COURT:  OKAY.  SEPTEMBER 26TH, 2022.

MR. KLUGMAN:  IS IT POSSIBLE TO DO OCTOBER
3RD?

JUDICIAL ASSISTANT:  OCTOBER 4TH WOULD BE
BETTER, YOUR HONOR, FOR OUR CALENDAR.

MR. KLUGMAN:  YEAH.  THERE'S A HOLIDAY THAT
BEGINS THAT NIGHT.

THE COURT:  OKAY.  A DIFFERENT DATE.

THE JUDICIAL ASSISTANT:  WE COULD DO ANY OTHER
DAY IN THE WEEK OF SEPTEMBER 26TH.

MR. KLUGMAN:  OKAY.  HOW ABOUT THURSDAY,
SEPTEMBER THE 29TH?

THE JUDICIAL ASSISTANT:  THAT WORKS, SIR.

THE COURT:  OKAY.  THE 29TH.

MR. KLUGMAN:  AND THAT WOULD BE WHAT TIME
HERE?

Transcript of Proceedings
July 14, 2022

THE COURT:  8:30.

MR. KLUGMAN:  8:30.  OKAY.  AND DO YOU WANT A NEW CASE MANAGEMENT STATEMENT FILED BEFORE THAT HEARING, YOUR HONOR?

THE COURT:  I DON'T THINK THAT'S NECESSARY.

MR. KLUGMAN:  OKAY.  OKAY.  BUT JUST AS FAR AS --

MS. MAGORIEN:  YOUR HONOR, IF I CAN JUST -- I'M SORRY.  GO AHEAD, COUNSEL.

MR. KLUGMAN:  IT WAS JUST ABOUT NO CASE MANAGEMENT STATEMENT NEEDED FOR THE NEXT DATE IN SEPTEMBER, THE 29TH.  AND THEN, OF COURSE, IF SHE'S GOING TO PRODUCE ANYTHING AS FAR AS AMENDING THAT, THAT WOULD BE THE TIME TO DISCUSS THAT THEN.

THE COURT:  WELL, I'LL BE ABLE TO SEE IF SHE'S FILED AN AMENDED COMPLAINT.

MR. KLUGMAN:  OKAY.

THE COURT:  IF SHE'S FILED AN DOE AMENDMENT --

MR. KLUGMAN:  RIGHT.

THE COURT:  IF SHE'S BROUGHT A MOTION TO AMEND THE COMPLAINT --

MR. KLUGMAN:  OKAY.

THE COURT:  WHATEVER AVENUE IS AVAILABLE --

MR. KLUGMAN:  RIGHT.

THE COURT:  -- SHOULD BE PURSUED.  BUT I REALLY DON'T WANT TO COME BACK IN 60 DAYS AND FIND OUT, "WELL, YOU KNOW, I'M STILL THINKING ABOUT IT." SOMETHING SHOULD BE DONE TO MOVE IT ALONG.

Transcript of Proceedings
July 14, 2022

MR. KLUGMAN: YEAH. ABSOLUTELY. ONE WAY OR THE OTHER.

THE COURT: RIGHT. OKAY. YES, COUNSEL.

MS. MAGORIEN: I JUST WANTED TO MAKE SURE THAT I UNDERSTAND. IF THE MOTION IS GRANTED IN ITS ENTIRETY, IF THE CASE IS DISMISSED, SO ARE YOU PROVIDING HER THE RIGHT TO FILE AN AMENDED COMPLAINT? OR -- I THINK AT THAT POINT IT WOULD JUST BE A NEW COMPLAINT ENTIRELY, OR BRINGING A MOTION TO SEEK THE ABILITY TO BRING A NEW COMPLAINT, THE SAME ALLEGATIONS.

THE COURT: LET'S TAKE A LOOK AT THE COMPLAINT. AND I'M ASSUMING THAT IT INCLUDES DOE DEFENDANTS. IT INCLUDES --

MS. MAGORIEN: THERE ACTUALLY IS AN ISSUE THERE. THERE'S AN INDIVIDUAL DEFENDANT, SARAH POETTER.

THE COURT: YES.

MS. MAGORIEN: SHE WAS NEVER SERVED WITHIN THE 60 DAYS. SHE PASSED AWAY LAST WEEK.

THE COURT: OH, SHE DID?

MR. KLUGMAN: YEAH.

THE COURT: OH, YOU KNEW THAT?

MR. KLUGMAN: JUST FOUND OUT. MY CLIENT TOLD ME.

THE COURT: THAT'S RIGHT. THERE IS ANOTHER NAMED DEFENDANT.

MR. KLUGMAN: YEAH.

THE COURT: SO, YEAH. THERE'S ANOTHER NAMED DEFENDANT. AND THEORETICALLY SHE COULD PURSUE THE

Transcript of Proceedings
July 14, 2022

SUCCESSOR-IN-INTEREST.

MR. KLUGMAN:  I DON'T THINK --

THE COURT:  I DOUBT IF -- SHE WANTS TO PURSUE THE CASE?

MR. KLUGMAN:  YEAH.  I BELIEVE THAT'S HER INTENTION.  THAT'S WHAT SHE'S EXPRESSED.

THE COURT:  OKAY.

MR. KLUGMAN:  I MEAN, YOU CAN ASK HER DIRECTLY.  BUT, YEAH.  I BELIEVE THAT'S WHAT SHE WANTS TO DO.

MS. ATAM:  I DO.

THE COURT:  OKAY.  WELL, YOU KNOW, THERE ARE DOE DEFENDANTS.  SO THERE ARE STILL DEFENDANTS IN THE CASE.

MS. MAGORIEN:  RIGHT.

THE COURT:  BUT IF ANYONE IS GOING TO BE PURSUED, IT HAS TO HAPPEN.

MR. KLUGMAN:  YEAH.  AND THEN, I THINK, ALSO WE'LL PUT IN FOR THAT DAY ALSO TO DISMISS, OF COURSE, SARAH POETTER, BY THAT DATE AS WELL.  I MEAN, UNLESS SHE WANTS TO SUE THE ESTATE.  BUT I DON'T THINK THAT'S HER PLAN.

THE COURT:  RIGHT.  OKAY.  ALL RIGHT.  WELL THEN I -- DOES THAT ANSWER YOUR QUESTION?

MR. KLUGMAN:  YEAH.

MS. MAGORIEN:  I'M NOT SURE.  SO DOES SHE NEED AT THIS STAGE TO BRING A MOTION TO FILE AN AMENDED COMPLAINT, OR ARE YOU GIVING HER THE OPPORTUNITY TO

Transcript of Proceedings
July 14, 2022

FILE THE AMENDED COMPLAINT?

THE COURT:  I'M NOT GRANTING LEAVE TO DO ANYTHING.

MS. MAGORIEN:  OKAY.

THE COURT:  I'M GRANTING KAISER'S MOTION. THEY WILL GET JUDGMENT AGAINST HER, AND YOU SHOULD PREPARE A JUDGEMENT ACTUALLY.  DID YOU -- YOU MUST HAVE SUBMITTED --

MS. MAGORIEN:  I WILL.

THE COURT:  YEAH.  PREPARE A JUDGEMENT --

MS. MAGORIEN:  WE DID.

THE COURT:  SUBMIT IT TO THE COURT FOR SIGNATURE.  AND WITH RESPECT TO THE ABILITY TO AMEND THE COMPLAINT, THAT'S UP TO HER.  SHE NEEDS TO DECIDE WHAT TO DO.

MR. KLUGMAN:  RIGHT.

THE COURT:  BUT KAISER IS OUT.

MR. KLUGMAN:  OKAY.

MS. MAGORIEN:  OKAY.

MR. KLUGMAN:  THAT ENTITY IS OUT, RIGHT?

THE COURT:  YEAH.  KAISER IS OUT.

MR. KLUGMAN:  OKAY.

THE COURT:  OKAY?

MR. KLUGMAN:  RIGHT.  SO IF SHE FILES SOMETHING, IT WOULD BE STILL UNDER THIS CASE NUMBER, THE 21STCV41538?

THE COURT:  IT'S UP TO HER WHAT SHE WANTS TO DO.

Transcript of Proceedings
July 14, 2022

MR. KLUGMAN:  GOT IT.

THE COURT:  I MEAN, I CAN'T ADVISE HER WHAT TO DO.

MR. KLUGMAN:  YOU CAN'T ADVISE HER.  YEAH.  RIGHT.

THE COURT:  IT'S STILL A PENDING CASE.  THERE STILL ARE DOE DEFENDANTS.

MR. KLUGMAN:  RIGHT.

THE COURT:  THERE'S STILL A NAMED DEFENDANT.  THERE'S BEEN NO NOTICE.  AT LEAST IN THE COURT RECORD, NO NOTICE OF DEATH OR ANYTHING LIKE THAT.

MR. KLUGMAN:  RIGHT.

THE COURT:  SO THERE'S STILL A NAMED DEFENDANT.  SO THERE'S 60 DAYS NOW TO FIGURE OUT WHAT TO DO.

MR. KLUGMAN:  RIGHT.

THE COURT:  WE ALREADY HAVE A DATE, RIGHT?

MR. KLUGMAN:  YEAH.  SEPTEMBER THE 29TH.

THE COURT:  OKAY.

MR. KLUGMAN:  THANKS, YOUR HONOR.  I REALLY APPRECIATE IT.

THE COURT:  YOU'RE WELCOME, AND DEFENDANT WILL GIVE NOTICE.

MR. KLUGMAN:  YEAH.

MS. MAGORIEN:  THANK YOU, YOUR HONOR.

THE COURT:  YOU'RE WELCOME.

(PROCEEDINGS ADJOURNED AT 9:20 A.M.)

Transcript of Proceedings
July 14, 2022

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 57                          HON. STEVEN J. KLEIFIELD,
                                                              JUDGE


ESTHER ATAM,                           )
                                       )
            PLAINTIFF,                  )
                                       )          SUPERIOR COURT
      VS.                              )          NO. 21STCV41538
                                       )
KAISER FOUNDATION HOSPITALS, ET   )
AL.,                                   )          REPORTER'S
                                       )          CERTIFICATE
            DEFENDANTS.                 )
_____)


        I, AURORA BOWSER, REPORTER PRO TEMPORE OF THE

SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT I DID

CORRECTLY REPORT THE PROCEEDINGS CONTAINED HEREIN AND

THAT THE FOREGOING PAGES 1 THROUGH 10 INCLUSIVE,

COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT OF THE

PROCEEDINGS AND TESTIMONY TAKEN IN THE MATTER OF THE

ABOVE-ENTITLED CAUSE ON 14TH OF JULY, 2022.


        DATED THIS 3RD OF MARCH, 2026.

_____
AURORA BOWSER, CSR NO. 12801
COURT REPORTER PRO TEMPORE

Transcript of Proceedings
July 14, 2022

| | | | |
|---|---|---|---|
| **-** | **4** | **ADDRESS** 5:5 | **ATTORNEYS** 3:2 |
| ---OOO--- 2:10 | **4TH** 5:16 | **ADJOURNED** 10:27 | **AURORA** 2:7 11:13,25 |
| | | **ADVISE** 10:2,4 | **AVAILABLE** 6:23 |
| **1** | **5** | **AHEAD** 6:9 | **AVENUE** 6:23 |
| **1** 11:17 | **57** 2:5 11:3 | **ALLEGATIONS** 7:10 | |
| **10** 11:17 | | **ALTERNATIVELY** 3:14 | **B** |
| **10TH** 3:21 | **6** | **AMEND** 3:23,27 4:4, 21 6:20 9:13 | **BACK** 6:26 |
| **12801** 2:7 11:25 | **60** 5:8 6:26 7:18 10:14 | **AMENDED** 6:16 7:7 8:27 9:1 | **BASED** 3:6 |
| **14** 2:4 | | | **BASICALLY** 2:26 3:16 |
| **14TH** 11:20 | **8** | **AMENDING** 4:13,18 6:13 | **BASIS** 4:20 |
| | **8:30** 6:1,2 | **AMENDMENT** 6:18 | **BEGINS** 5:19 |
| **2** | | **ANGELES** 2:4 11:2,15 | **BEHALF** 2:19 |
| **2021** 3:21 | **9** | **ANSWER** 8:24 | **BELIEVE** 8:5,9 |
| **2022** 2:4 5:13 11:20 | **9:11** 2:8 | **ANYONE** 8:16 | **BETTER** 5:17 |
| **2026** 11:22 | **9:20** 10:27 | **APPEARANCES** 2:6 | **BOWSER** 2:7 11:13,25 |
| **21STCV41538** 2:1 9:26 11:7 | | **APPEARING** 2:15 5:1,2 | **BRING** 4:1,2 7:10 8:27 |
| **26TH** 5:11,13,22 | **A** | **APPRECIATE** 10:21 | **BRINGING** 7:9 |
| **29TH** 5:24,26 6:12 10:18 | **A.M.** 2:8 10:27 | **AROUND** 4:11 | **BROUGHT** 6:20 |
| | **ABILITY** 7:10 9:13 | **ASSISTANT** 5:11,16,21, 25 | |
| **3** | **ABLE** 6:15 | **ASSUMING** 7:12 | **C** |
| **3RD** 5:15 11:22 | **ABOVE-ENTITLED** 11:20 | **ATAM** 2:2,12 8:11 11:5 | **CALENDAR** 5:17 |
| | **ABSOLUTELY** 7:1 | **ATTORNEY** 3:4 | **CALIFORNIA** 2:4 11:1,14 |
| | **ACTION** 4:11,15 | | **CASE** 2:1,2 3:2 4:9,20 5:8 |
| | **ADD** 3:24 | | |

Transcript of Proceedings
July 14, 2022

| | | | |
|---|---|---|---|
| 6:3,10 7:6 8:4,14 9:25 10:6 | **COURT** 2:12,17,21, 25 3:18 4:9, 12,24,28 5:4,7,13,20, 26 6:1,5,15, 18,20,23,25 7:3,11,16, 19,21,24,27 8:3,7,12,16, 23 9:2,5,10, 12,17,21,23, 27 10:2,6,9, 10,13,17,19, 22,26 11:1, 7,14,25 | **DIFFERENT** 5:20 | **FEHA** 4:9 |
| **CERTIFICATE** 11:9 | | **DIRECTLY** 8:9 | **FIGURE** 10:14 |
| **CERTIFY** 11:15 | | **DISCUSS** 6:14 | **FILE** 7:7 8:27 9:1 |
| **CHALLENGES** 4:13 | | **DISMISS** 8:19 | **FILED** 3:1,21 4:16 6:3,16,18 |
| **CLAIMS** 4:2 | | **DISMISSED** 7:6 | **FILES** 9:24 |
| **CLIENT** 7:22 | | **DOE** 6:18 7:12 8:13 10:7 | **FIND** 6:26 |
| **COME** 6:26 | | **DOUBT** 8:3 | **FIRMS** 3:22,23 |
| **COMPLAINT** 3:24,28 4:4, 13,19,21 6:16,21 7:7, 9,10,12 8:28 9:1,14 | **CSR** 2:7 11:25 | ——————— **E** ——————— | **FORCED** 4:1 |
| | | | **FOREGOING** 11:17 |
| | ——————— **D** ——————— | **EMPLOYED** 4:6 | **FOUND** 7:22 |
| **COMPRISE** 11:18 | **DATE** 3:26 5:8,20 6:11 8:20 10:17 | **EMPLOYER** 4:18 | **FOUNDATION** 2:3,13,19 3:5 4:5 11:8 |
| **CONFERENCE** 4:20 5:9 | | **EMPLOYMENT** 4:2 | |
| **CONFERRED** 3:22 | **DATED** 11:22 | **ENTIRELY** 7:9 | **FULL** 11:18 |
| **CONTAINED** 11:16 | **DAY** 5:22 8:19 | **ENTIRETY** 7:6 | ——————— **G** ——————— |
| **CONTINUE** 4:19 | **DAYS** 5:8 6:26 7:18 10:14 | **ENTITY** 3:13,24 9:20 | **GIVE** 4:28 5:4,7 10:23 |
| **CONTINUED** 5:7 | **DEATH** 10:11 | **ESTATE** 8:21 | |
| **CORRECT** 3:13,24 11:18 | **DECIDE** 9:14 | **ESTHER** 2:2,12 11:5 | **GIVING** 8:28 |
| | | **ET** 11:8 | **GOING** 6:13 8:16 |
| **CORRECTLY** 11:16 | **DEFENDANT** 2:19 3:5 7:15,25,28 10:9,14,22 | **EVIDENCE** 3:10 4:5 | **GOOD** 2:14,17,18, 21 |
| **COUNSEL** 3:1,19,26,27 6:9 7:3 | | **EXPRESSED** 8:6 | |
| | **DEFENDANTS** 7:13 8:13 10:7 11:10 | ——————— **F** ——————— | **GRANT** 4:16 |
| **COUNTY** 11:2,15 | | | **GRANTED** 4:8,26 7:5 |
| **COURSE** 4:15 6:12 8:19 | **DEFENSE** 3:18 | **FAR** 6:6,13 | **GRANTING** 3:12 9:2,5 |
| | **DEPARTMENT** 2:5 11:3 | | |

Transcript of Proceedings
July 14, 2022

**GUESS**
  3:11,15

---

**H**

---

**HAPPEN**
  8:17
**HEAR**
  3:18
**HEARD**
  2:25 4:25
**HEARING**
  6:4
**HERETOFORE**
  2:6
**HOLIDAY**
  5:18
**HON**
  2:5 11:3
**HONOR**
  2:14,18,24,
  27 3:20 4:10
  5:12,17 6:4,
  8 10:20,25
**HOSPITAL**
  4:6
**HOSPITALS**
  2:3,13,20
  3:6 11:8

---

**I**

---

**INCLUDES**
  7:12,13
**INCLUSIVE**
  11:17
**INDIVIDUAL**
  7:15
**INTENTION**
  8:6
**ISSUE**
  7:14

---

**J**

---

**JOSHUA**
  2:15
**JUDGE**
  11:3
**JUDGEMENT**
  9:7,10
**JUDGMENT**
  9:6
**JUDICIAL**
  5:11,16,21,
  25
**JULY**
  2:4 11:20

---

**K**

---

**KAISER**
  2:2,12,19
  3:5 4:5,16,
  28 5:5 9:17,
  21 11:8
**KAISER'S**
  9:5
**KLEIFIELD**
  2:5 11:3
**KLUGMAN**
  2:14,15,24,
  26 4:10,23,
  27 5:2,10,
  14,18,23,27
  6:2,6,10,17,
  19,22,24
  7:1,20,22,26
  8:2,5,8,18,
  25 9:16,18,
  20,22,24
  10:1,4,8,12,
  16,18,20,24
**KNEW**
  7:21
**KNOW**
  3:5,9,12
  4:25 6:27
  8:12

---

**L**

---

**LAW**
  4:17
**LAWSUIT**
  3:21
**LEAVE**
  9:2
**LEGAL**
  3:24
**LISA**
  2:18
**LISTED**
  3:5
**LOOK**
  7:11
**LOS**
  2:4 11:2,15

---

**M**

---

**MAGORIEN**
  2:18,19 3:20
  5:6 6:8 7:4,
  14,17 8:15,
  26 9:4,9,11,
  19 10:25
**MAIN**
  2:28
**MAKE**
  7:4
**MANAGE**
  3:13
**MANAGEMENT**
  4:20 5:8
  6:3,11
**MARCH**
  11:22
**MATTER**
  2:22 4:17
  11:19
**MEAN**
  8:8,20 10:2
**MONTHS**
  4:8

**MORNING**
  2:14,17,18,
  21
**MOTION**
  4:16,25,26
  6:20 7:5,9
  8:27 9:5
**MOVE**
  6:28
**MSJ**
  4:1,7

---

**N**

---

**NAME**
  2:2
**NAMED**
  7:25,27
  10:9,13
**NECESSARY**
  6:5
**NEED**
  8:26
**NEEDED**
  6:11
**NEEDS**
  9:14
**NEVER**
  7:17
**NIGHT**
  5:19
**NINE**
  4:8
**NON-EMPLOYER**
  4:3
**NOTED**
  2:6
**NOTICE**
  5:1,4 10:10,
  11,23
**NOVEMBER**
  3:21
**NUMBER**
  2:1 9:25

Transcript of Proceedings
July 14, 2022

---

**O**

---

**OCTOBER**
  5:14,16
**OKAY**
  2:17,25 3:18
  4:23,24,27
  5:7,10,13,
  20,23,26
  6:2,6,17,22
  7:3 8:7,12,
  23 9:4,18,
  19,22,23
  10:19
**ONE**
  7:1
**OPPORTUNITY**
  8:28
**OPPOSITION**
  3:10 4:3
**OPTION**
  4:15

---

**P**

---

**PAGES**
  11:17
**PASSED**
  7:18
**PENDING**
  10:6
**PLAINTIFF**
  2:15,28
  3:20,25,27
  5:5 11:6
**PLAN**
  8:22
**POETTER**
  7:15 8:20
**POINT**
  2:28 3:9 4:8
  7:8
**POSE**
  4:12
**POSSIBLE**
  5:14

**PREPARE**
  9:7,10
**PRIOR**
  3:27
**PRO**
  2:16 3:3,11
  11:13,25
**PROCEEDINGS**
  10:27 11:16,
  19
**PRODUCE**
  6:13
**PROVIDE**
  3:10 4:5
**PROVIDING**
  2:27 7:7
**PURSUE**
  4:21 7:28
  8:3
**PURSUED**
  6:25 8:17
**PUT**
  3:13,14 8:19

---

**Q**

---

**QUESTION**
  8:24

---

**R**

---

**RE-FILE**
  3:15
**RECORD**
  5:5 10:10
**RELIEF**
  4:4
**REPORT**
  11:16
**REPORTER**
  2:7,22
  11:13,25
**REPORTER'S**
  11:9
**REPRESENT**
  3:22

**REPRESENTED**
  3:1,4
**REPRESENTING**
  3:11,17
**REQUEST**
  3:12
**RESEARCH**
  3:7
**RESPECT**
  4:18 9:13
**RESPONSE**
  3:10
**REVOLVING**
  4:11
**RIGHT**
  4:11,12,15
  5:3,4 6:19,
  24 7:3,7,24
  8:15,23
  9:16,20,24
  10:5,8,12,
  16,17

---

**S**

---

**SARAH**
  7:15 8:20
**SAYING**
  4:14
**SCPMG**
  3:14
**SEE**
  6:15
**SEEK**
  4:4 7:9
**SELECTED**
  3:8
**SEPTEMBER**
  5:11,13,22,
  24 6:12
  10:18
**SERVED**
  7:17
**SET**
  4:19
**SHOWN**
  4:17

**SIGNATURE**
  9:13
**SIR**
  5:25
**SPECIAL**
  5:1
**SPECIALLY**
  2:15 5:2
**STAGE**
  4:7 8:27
**STATE**
  11:1,14
**STATEMENT**
  6:3,11
**STEVEN**
  2:5 11:3
**SUBMIT**
  9:12
**SUBMITTED**
  9:8
**SUCCESSOR-IN-INTEREST**
  8:1
**SUE**
  8:21
**SUGGESTED**
  3:23
**SUM**
  2:27
**SUPERIOR**
  11:1,7,14
**SURE**
  2:26 3:6
  4:27 7:4
  8:26

---

**T**

---

**TAKE**
  4:15 7:11
**TAKEN**
  11:19
**TALKING**
  3:25
**TEMPORE**
  11:13,25

Transcript of Proceedings
July 14, 2022

| | |
|---|---|
| **TENTATIVE** | |
| 2:23,24,28 | |
| **TERMS** | |
| 3:16 | |
| **TESTIMONY** | |
| 11:19 | |
| **THANK** | |
| 10:25 | |
| **THANKS** | |
| 2:27 10:20 | |
| **THEORETICALLY** | |
| 7:28 | |
| **THINK** | |
| 3:1 4:14 6:5 | |
| 7:8 8:2,18, | |
| 21 | |
| **THINKING** | |
| 6:27 | |
| **THURSDAY** | |
| 2:4 5:23 | |
| **TIME** | |
| 2:8 3:4,22 | |
| 5:27 6:14 | |
| **TODAY** | |
| 2:16 4:25 | |
| **TOLD** | |
| 7:22 | |
| **TRANSCRIPT** | |
| 11:18 | |
| **TRUE** | |
| 11:18 | |
| **TWO** | |
| 3:2,22 | |

___

**U**

___

**UNDERSTAND**
7:5

___

**V**

___

**VERSUS**
2:12

___

**W**

___

**WANT**
2:25 6:2,26
**WANTED**
7:4
**WAY**
7:1
**WEEK**
5:22 7:18
**WENT**
3:3
**WHATNOT**
3:7
**WITHDREW**
3:26
**WORKS**
5:25

___

**Y**

___

**YEAH**
4:9 5:2,18
7:1,20,26,27
8:5,9,18,25
9:10,21
10:4,18,24

# EXHIBIT E

Lisa M. Magorien, Esq. (SBN: 259877)
lmagorien@lbbklaw.com
Morgan A. Chase, Esq. (SBN: 333573)
mchase@lbbklaw.com
LAGASSE BRANCH BELL + KINKEAD LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121
Telephone: (858) 345-5080
Facsimile: (858) 345-5025

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

FILED
Superior Court of California
County of Los Angeles

09/19/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy
S. Ontiveros

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ESTHER ATAM, | CASE NO.: 21STCV41538 |
| Plaintiff, | [~~PROPOSED~~] JUDGMENT RE DISMISSAL |
| vs. | Judge: Hon. Steven J. Kleifield |
| KAISER FOUNDATION HOSPITALS, a California corporation; SARAH POETTER, an individual; and DOES 1 through 100, inclusive, | Dept.: 57 |
| | Complaint filed: 11/10/2021 |
| Defendants. | Trial date: Not Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Kaiser Foundation Hospitals' (KFH) Motion for Summary Judgment or, in the Alternative, Summary Adjudication, came on regularly for hearing on July 14, 2022, at 8:30 a.m. before the Honorable Steven J. Kleifield, in Department 57 of the above-entitled court. Attorney Joshua Klugman specially appeared on behalf of Plaintiff Esther Atam. Attorney Lisa Magorien of Lagasse Branch Bell + Kinkead LLP appeared on behalf of KFH.

After considering the papers, evidence filed in support of and in opposition to the motion, and oral argument from the parties, the Court **GRANTED** KFH's Motion for Summary Judgment in its entirety. A true and correct copy of the Court's Tentative Ruling, which was

-1-
(PROPOSED) JUDGMENT

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

Electronically Received 07/20/2022 04:32 PM

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

adopted as the Final Ruling of the Court, is attached hereto as Exhibit A. Therefore, **IT IS**

**HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

  (1) Judgment, shall, and hereby is, entered in favor of Defendant Kaiser Foundation Hospitals against Plaintiff Esther Atam, resulting in a dismissal of the action; and

  (2) Plaintiff shall recover nothing by way of her Complaint. **IT IS SO ORDERED.**

Dated:   09/19/2022

Steven J. Kleifield
HONORABLE STEVEN J. KLEIFIELD
JUDGE OF THE SUPERIOR COURT
Steven J. Kleifield / Judge

-2-
(PROPOSED) JUDGMENT

# Exhibit A

TENTATIVE RULING

HEARING DATE:          July 14, 2022

CASE NUMBER:           21STCV41538
CASE NAME:             *Atam v. Kaiser Foundation Hospitals, et al.*

MOVING PARTY:          Defendant Kaiser Foundation Hospitals

RESPONDING PARTY:      Plaintiff Esther Atam

TRIAL DATE:            N/A

MOTION:                Motion for Summary Judgment or, in the Alternative, Summary Adjudication

This is an employment action. Per the Complaint, Plaintiff Esther Atam ("Plaintiff") is a woman of African and Cameroonian origin who alleges that she was discriminated against by her former employer, Defendant Kaiser Foundation Hospitals ("Kaiser"), and former supervisor, Defendant Sarah Poetter ("Poetter"), under the California Fair Employment and Housing Act ("FEHA").

Plaintiff began employment with Kaiser on January 20, 2020 and was terminated on March 18, 2021, during which she was an Emergency Room Registered Nurse. Plaintiff alleges that she was subject to discrimination based on disability, gender, race and national origin as well as harassment based on national origin and sexual harassment. She further alleges retaliation and wrongful termination.

### B. Procedural

On November 10, 2021, Plaintiff filed the Complaint against Defendants Kaiser Foundation Hospitals; Sarah Poetter; and Does 1-100 asserting the following causes of action, all in violation of FEHA: (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) race and national origin discrimination; (5) gender discrimination; (6) national origin harassment; (7) sexual harassment; (8) retaliation; and (9) failure to prevent discrimination, harassment, and retaliation. Plaintiff additionally asserts (10) wrongful termination in violation of FEHA and public policy and (11) hostile work environment.

On December 22, 2021, Kaiser filed an Answer. One of its affirmative defenses is that there was no employment relationship between Plaintiff and Kaiser.

On April 21, 2022, Kaiser filed and noticed the Motion for Summary Judgment or, in the Alternative, Summary Adjudication. The Motion was concurrently filed with a

1

Separate Statement, Declarations of Douglas Pruss and Lisa Magorien, Notice of Lodging Exhibits ("Ex. 1") and a proposed order.

On May 27, 2022, Plaintiff filed an Opposition.

The function of a motion for summary judgment or adjudication is to allow a determination as to whether an opposing party cannot show evidentiary support for a pleading or claim and to enable an order of summary dismissal without the need for trial. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.) Code of Civil Procedure section 437c(c) "requires the trial judge to grant summary judgment if all the evidence submitted, and 'all inferences reasonably deducible from the evidence' and uncontradicted by other inferences or evidence, show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (*Adler v. Manor Healthcare Corp.* (1992) 7 Cal.App.4th 1110, 1119.)

"The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues; the function of the affidavits or declarations is to disclose whether there is any triable issue of fact within the issues delimited by the pleadings." (*Juge v. County of Sacramento* (1993) 12 Cal.App.4th 59, 67, citing *FPI Development, Inc. v. Nakashima* (1991) 231 Cal. App. 3d 367, 381-382.)

"[T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact." (*Aguilar*, supra, 25 Cal.4th at 850.) The moving plaintiff meets this burden of showing that there is no defense to a cause of action by proving each element of the cause of action. (Code Civ. Proc. § 437c(p)(1).)

The burden then shifts to the opposing party to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. (Id.) To establish a triable issue of material fact, the party opposing the motion must produce substantial responsive evidence. (*Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 162.)

Courts "liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (*Dore v. Arnold Worldwide, Inc.* (2006) 39 Cal.4th 384, 389.)

A party may move for summary adjudication as to one or more causes of action, affirmative defenses, claims for damages, issues of duty. (Code Civ. Proc. § 437c(f)(1).) A motion for summary adjudication proceeds in all procedural aspects as a motion for summary judgment. (Ibid.) Therefore, the Motion will be discussed as a whole below.

Kaiser moves for summary judgment or, in the alternative, summary adjudication on the basis that Plaintiff's claims against Kaiser fail as a matter of law because she cannot establish that Kaiser was her employer. This Motion is made pursuant to California Code of Civil Procedure section 437c on the ground that there is no triable issue of material fact.

2

Kaiser submits the following undisputed material facts Southern California Permanente Medical Group (SCPMG) hired Plaintiff on December 18, 2019 as an Emergency Room Registered Nurse at the West Los Angeles Medical Center. (UMF 1.) SCPMG was the only Kaiser entity that employed Plaintiff between January 20, 2020 and March 18, 2021. (UMF 2.) SCMPG controlled Plaintiff's work. (UMF 3.) SCPMG paid Plaintiff throughout the duration of her employment. (UMF 4.)

Kaiser argues that it never employed Plaintiff, thus she has no basis to allege her employment claims against Kaiser. Kaiser presents evidence that SCPMG at all relevant times employed Plaintiff. SCPMG is a health care provider that employs nurses, doctors and other health care specialists who provide services to patients at Kaiser. (Pruss Decl., ¶ 2.) SCPMG's Human Resources Director confirms that SCPMG was the only Kaiser entity which employed Plaintiff between January 20, 2020 and March 18, 2021, when she was separated. (Id., ¶ 4.) Kaiser submits Plaintiff's paystubs reflecting her first and last week of employment. (Motion, Ex. 1.) There, "Employer Name" is unmistakably "Southern California Permanente Medical Group." (Ibid.)

Plaintiff's claims of discrimination, harassment and retaliation in violation of FEHA and wrongful termination claim in violation of public policy may only be asserted against her employer. (Gov. Code § 12940(a), (h), (j)(1); *Kim v. Konad USA Distribution, Inc.* (2014) 226 Cal.App.4th 1336, 1351.)

In her Opposition, Plaintiff asserts, she "demonstrates that there are myriad triable questions of material fact that preclude Defendant from being entitled to judgment as a matter of law on any of Plaintiff's claims." (Opposition, 3.) Apart from this assertion, however, Plaintiff presents no admissible evidence tending to show that Kaiser employed Plaintiff or otherwise controlled Plaintiff's work or pay.

Additionally, Plaintiff has not filed a responsive separate statement, which as noted by Defendant, constitutes a sufficient ground for granting the motion. CCP sec. 437c(b)(3).

The court determines that Kaiser has established by competent evidence that Plaintiff is not her employee as a matter of law. The motion for summary judgment is granted.

**EXHIBIT F**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 57

**21STCV41538**                                                    July 14, 2022
**ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et**                    8:30 AM
**al.**

Judge: Honorable Steven J. Kleifield          CSR: Aurora D. Bowser (CSR #12801)
Judicial Assistant: Julian Araujo             ERM: None
Courtroom Assistant: Senorina Jusi            Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Joshua Klugman specially appearing for Esther Atam

For Defendant(s): Lisa Magorien by LACourtConnect

**NATURE OF PROCEEDINGS:** Hearing on Motion for Summary Adjudication; Case Management Conference

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Aurora D. Bowser, CSR # 12801, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court's tentative ruling is provided to counsel appearing this date by e-mail and in open court.

The matters are called for hearing.

The Court hears oral argument on Defendant's Motion for Summary Judgment.

The Court, having read and considered all papers filed and oral argument given, now rules as follows:

The Court's tentative ruling is adopted as the final ruling of the Court this date.

The Defendant's Motion for Summary Judgment filed by Kaiser Foundation Hospitals on 04/21/2022 is Granted.

This is an employment action. Per the Complaint, Plaintiff Esther Atam ("Plaintiff") is a woman of African and Cameroonian origin who alleges that she was discriminated against by her former employer, Defendant Kaiser Foundation Hospitals ("Kaiser"), and former supervisor, Defendant Sarah Poetter ("Poetter"), under the California Fair Employment and Housing Act ("FEHA").

Minute Order                                                           Page 1 of 4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 57

**21STCV41538**                                                                July 14, 2022
**ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et**                              8:30 AM
**al.**

Judge: Honorable Steven J. Kleifield          CSR: Aurora D. Bowser (CSR #12801)
Judicial Assistant: Julian Araujo             ERM: None
Courtroom Assistant: Senorina Jusi            Deputy Sheriff: None

Plaintiff began employment with Kaiser on January 20, 2020 and was terminated on March 18, 2021, during which she was an Emergency Room Registered Nurse. Plaintiff alleges that she was subject to discrimination based on disability, gender, race and national origin as well as harassment based on national origin and sexual harassment. She further alleges retaliation and wrongful termination.

B. Procedural

On November 10, 2021, Plaintiff filed the Complaint against Defendants Kaiser Foundation Hospitals; Sarah Poetter; and Does 1-100 asserting the following causes of action, all in violation of FEHA: (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) race and national origin discrimination; (5) gender discrimination; (6) national origin harassment; (7) sexual harassment; (8) retaliation; and (9) failure to prevent discrimination, harassment, and retaliation. Plaintiff additionally asserts (10) wrongful termination in violation of FEHA and public policy and (11) hostile work environment.

On December 22, 2021, Kaiser filed an Answer. One of its affirmative defenses is that there was no employment relationship between Plaintiff and Kaiser.

On April 21, 2022, Kaiser filed and noticed the Motion for Summary Judgment or, in the Alternative, Summary Adjudication. The Motion was concurrently filed with a Separate Statement, Declarations of Douglas Pruss and Lisa Magorien, Notice of Lodging Exhibits ("Ex. 1") and a proposed order.

On May 27, 2022, Plaintiff filed an Opposition.

The function of a motion for summary judgment or adjudication is to allow a determination as to whether an opposing party cannot show evidentiary support for a pleading or claim and to enable an order of summary dismissal without the need for trial. (Aguilar v. Atlantic Richfield Co. (2001) 25 Cal.4th 826, 843.) Code of Civil Procedure section 437c(c) "requires the trial judge to grant summary judgment if all the evidence submitted, and 'all inferences reasonably deducible from the evidence' and uncontradicted by other inferences or evidence, show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Adler v. Manor Healthcare Corp. (1992) 7 Cal.App.4th 1110, 1119.)

"The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues; the function of the affidavits or declarations is to disclose whether there is any triable

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

**21STCV41538**                                                                July 14, 2022
**ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.**                        8:30 AM

| | |
|---|---|
| Judge: Honorable Steven J. Kleifield | CSR: Aurora D. Bowser (CSR #12801) |
| Judicial Assistant: Julian Araujo | ERM: None |
| Courtroom Assistant: Senorina Jusi | Deputy Sheriff: None |

---

issue of fact within the issues delimited by the pleadings." (Juge v. County of Sacramento (1993) 12 Cal.App.4th 59, 67, citing FPI Development, Inc. v. Nakashima (1991) 231 Cal. App. 3d 367, 381-382.)

"[T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact." (Aguilar, supra, 25 Cal.4th at 850.) The moving plaintiff meets this burden of showing that there is no defense to a cause of action by proving each element of the cause of action. (Code Civ. Proc. § 437c(p)(1).)

The burden then shifts to the opposing party to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. (Id.) To establish a triable issue of material fact, the party opposing the motion must produce substantial responsive evidence. (Sangster v. Paetkau (1998) 68 Cal.App.4th 151, 162.)

Courts "liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (Dore v. Arnold Worldwide, Inc. (2006) 39 Cal.4th 384, 389.)

A party may move for summary adjudication as to one or more causes of action, affirmative defenses, claims for damages, issues of duty. (Code Civ. Proc. § 437c(f)(1).) A motion for summary adjudication proceeds in all procedural aspects as a motion for summary judgment. (Ibid.) Therefore, the Motion will be discussed as a whole below.

Kaiser moves for summary judgment or, in the alternative, summary adjudication on the basis that Plaintiff's claims against Kaiser fail as a matter of law because she cannot establish that Kaiser was her employer. This Motion is made pursuant to California Code of Civil Procedure section 437c on the ground that there is no triable issue of material fact.

Kaiser submits the following undisputed material facts Southern California Permanente Medical Group (SCPMG) hired Plaintiff on December 18, 2019 as an Emergency Room Registered Nurse at the West Los Angeles Medical Center. (UMF 1.) SCPMG was the only Kaiser entity that employed Plaintiff between January 20, 2020 and March 18, 2021. (UMF 2.) SCMPG controlled Plaintiff's work. (UMF 3.) SCPMG paid Plaintiff throughout the duration of her employment. (UMF 4.)

Kaiser argues that it never employed Plaintiff, thus she has no basis to allege her employment claims against Kaiser. Kaiser presents evidence that SCPMG at all relevant times employed

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

**21STCV41538**                                                July 14, 2022
**ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et                      8:30 AM
al.**

Judge: Honorable Steven J. Kleifield          CSR: Aurora D. Bowser (CSR #12801)
Judicial Assistant: Julian Araujo             ERM: None
Courtroom Assistant: Senorina Jusi            Deputy Sheriff: None

---

Plaintiff. SCPMG is a health care provider that employs nurses, doctors and other health care specialists who provide services to patients at Kaiser. (Pruss Decl., ¶ 2.) SCPMG's Human Resources Director confirms that SCPMG was the only Kaiser entity which employed Plaintiff between January 20, 2020 and March 18, 2021, when she was separated. (Id., ¶ 4.) Kaiser submits Plaintiff's paystubs reflecting her first and last week of employment. (Motion, Ex. 1.) There, "Employer Name" is unmistakably "Southern California Permanente Medical Group." (Ibid.)

Plaintiff's claims of discrimination, harassment and retaliation in violation of FEHA and wrongful termination claim in violation of public policy may only be asserted against her employer. (Gov. Code § 12940(a), (h), (j)(1); Kim v. Konad USA Distribution, Inc. (2014) 226 Cal.App.4th 1336, 1351.)

In her Opposition, Plaintiff asserts, she "demonstrates that there are myriad triable questions of material fact that preclude Defendant from being entitled to judgment as a matter of law on any of Plaintiff's claims." (Opposition, 3.) Apart from this assertion, however, Plaintiff presents no admissible evidence tending to show that Kaiser employed Plaintiff or otherwise controlled Plaintiff's work or pay.

Additionally, Plaintiff has not filed a responsive separate statement, which as noted by Defendant, constitutes a sufficient ground for granting the motion. CCP sec. 437c(b)(3).

The court determines that Kaiser has established by competent evidence that Plaintiff is not her employee as a matter of law. The motion for summary judgment is granted.

Defendant is to prepare a proposed judgment, and submit it for the Court's signature.

On the Court's own motion, the Case Management Conference scheduled for 07/14/2022 is continued to 09/29/2022 at 08:30 AM in Department 57 at Stanley Mosk Courthouse.

Defendant is to give notice.

---

# EXHIBIT G

Electronically FILED by Superior Court of California, County of Los Angeles on 10/18/2022 01:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

Lisa M. Magorien, Esq. (SBN: 259877)
lmagorien@lbbklaw.com
Michelle Gonzalez, Esq. (SBN: 322626)
mgonzalez@lbbklaw.com
LAGASSE BRANCH BELL + KINKEAD LLP
4365 Executive Drive, Suite 950
San Diego, CA  92121
Telephone:  (858) 345-5080
Facsimile:  (858) 345-5025

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ESTHER ATAM,<br><br>Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HOSPITALS, a California corporation; SARAH POETTER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 21STCV41538<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Steven J. Kleifield<br>Dept.:  57<br>Date: October 31, 2022<br>Time: 8:30 a.m.<br><br>**Reservation ID: 201079682108**<br><br>Complaint filed: 11/10/2021<br>Trial date:          Not Set |

*Lagasse Branch Bell + Kinkead LLP*
*4365 Executive Drive, Suite 950*
*San Diego, CA  92121*

-1-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Defendant Kaiser Foundation Hospitals (KFH) submits this Opposition to Plaintiff Esther Atam's Motion for Leave to File a First Amended Complaint (Motion).

## I. INTRODUCTION

Plaintiff has no standing to request leave to file a First Amended Complaint (FAC). KFH prevailed on a Motion for Summary Judgment on July 14, 2022, *resulting in a complete dismissal of Plaintiff's action three months ago*. On September 19, 2022, this Court entered Judgment in KFH's favor, confirming a dismissal of the entire action. Plaintiff now improperly and untimely requests leave to file a FAC.

Plaintiff filed her Complaint on November 10, 2021. Plaintiff had ample opportunity to seek leave to amend at any point *before* the dismissal of her matter eight months later, including after receipt of KFH's Motion for Summary Judgment addressing the fatal flaws in her operative pleading. Plaintiff determined not to seek leave to amend her Complaint and instead opposed KFH's Motion for Summary Judgment. Significantly, Plaintiff's opposition on summary judgment failed to argue, or even mention, an amendment to her Complaint. Simply put, Plaintiff's ability to amend her Complaint came and went. Plaintiff's Motion provides no authority suggesting leave could even be considered at this stage.

Plaintiff's Motion is but one of several improper motions she has filed congesting this Court's calendar, including an unintelligible "Motion to Take Judicial Notice," a frivolous "Motion for Fraud" against her prior counsel following an inadvertent filing, and a "Motion for Discovery Sanctions" against the Board of Registered Nursing (a non-party). Six of KFH's employees currently have restraining orders against Plaintiff following alarming death threats she made throughout 2022, resulting in extensive attorney work and cost to KFH. KFH has prevailed in its prior litigation against Plaintiff and is entitled to move on from this vexatious litigant. Accordingly, KFH respectfully requests that the Court deny Plaintiff's Motion.

## II. STATEMENT OF FACTS

Plaintiff alleged employment-related claims for discrimination, harassment, retaliation, and wrongful termination. On July 14, 2022, this Court granted KFH's Motion for Summary Judgment and concluded Plaintiff was not KFH's employee as a matter of law. The Court also

-2-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

confirmed Plaintiff's failure to file a responsive separate statement constituted a sufficient ground for granting KFH's motion under California Code of Civil Procedure section 437c(b)(3). (See Court's Ruling on KFH's Motion for Summary Judgment, dated July 14, 2022.) On September 19, 2022, this Court executed and entered the Judgment resulting in a dismissal of the action.

On July 27, 2022, Plaintiff filed a FAC without seeking leave to amend. The Court rejected Plaintiff's improper FAC on September 22, 2022. Now, Plaintiff moves for leave to amend despite the Court's Judgment dismissing the action and the Court's ruling on KFH's Motion for Summary Judgment. Plaintiff set a hearing date for October 31, 2022, requiring Plaintiff to serve KFH with her Motion by October 5, 2022. Plaintiff untimely served KFH on October 6, 2022.

### III.  LEGAL ANALYSIS

### A.      <u>The Court Dismissed the Action, Rendering Plaintiff's Motion Moot.</u>

Each party may amend its pleading *once* without leave of court within a brief time after its original pleading is filed. (*Hedwall v. PCMV, LLC* (2018) 22 CA5th 564, 574.) The court may thereafter grant leave to amend at any stage of litigation, however, the motion to amend must be *timely* made.  (*Dye v. Caterpillar, Inc.* (2011) 195CA4th 1366, 1380; see also *Morgan v. Sup.Ct.* (1959) 172 CA2d 527, 530.)  A "summary judgment" is a dispositive motion and, when granted, *it terminates the action* and results in a judgment in favor of the prevailing party. (Cal. Code of Civ. Proc. section 437(c); Rylaarsdam & Edmon, *California Practice Guide* [Rutter 2014] section 10:26.) In other words, the litigation is over. While courts may entertain certain post-judgment motions, a motion for leave to amend the complaint is not a proper motion after the action has been dismissed.[1]

[1] Motions that may be brought after a dismissal are, in relevant part, a motion for relief under Section 473, a motion for reconsideration, or a motion to vacate judgment. (See California Code of Civ. Proc. §§ 473(b), 1008(a), 663.) Here, Plaintiff has not filed a motion seeking relief, reconsideration, or a judgment vacated. Instead, Plaintiff seeks to amend a complaint that has already been dismissed. Even were Plaintiff to file a motion for relief, she cannot demonstrate the "mistake, inadvertence, surprise, or excusable neglect" required of such a motion. Plaintiff had notice by at least April 21, 2022, when KFH filed its Motion for Summary Judgment, that SCPMG and not KFH employed her. Plaintiff then had 84 days to seek such relief and amend her Complaint during the pendency of the litigation. She did not do so and she provides no justification warranting relief. Further, Plaintiff is time-barred from bringing a motion for reconsideration or a motion to vacate judgment. Pursuant to California Code of Civil

-3-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA  92121

Here, KFH prevailed on its Motion for Summary Judgment on July 14, 2022. The Court entered KFH's Judgment on September 19, 2022, resulting in a complete dismissal of the action. Accordingly, Plaintiff's Motion is untimely, improper, and must be denied. In her Motion, Plaintiff provides **no authority** even remotely suggesting a plaintiff can simply seek leave to amend her complaint **after the action has been dismissed**. (Motion, supra.) Indeed, Plaintiff's authority all contemplates amendments *during the pendency of the litigation*. (Motion, 5:11-6:10, citing *California Casualty Gen. Ins. Co. v. Superior Court* (1985) 173 Cal.App.3d 274 [inapposite case addressing the defendant's ability to amend an answer during the litigation]; *Hirsa v. Sup. Ct.* (1981) 118 Cal.App. 3d 486, 488-89 [the plaintiff sought leave to amend the complaint four days after taking the defendant's deposition, during the discovery process]; *Morgan v. Superior Court*, (1959), 172 Cal. App. 2d 527, 530 [the plaintiff in a divorce proceeding sought leave to amend the complaint after obtaining evidence of adultery; the court reiterated the motion must be "timely made" and allowed the amendment given that the litigation was in early stages and "had not been set for trial."]; *Board of Trustees of Leland Stanford Jr. University v. Superior Court* (2007) 149 Cal.App.4th 1154, 1163 [the plaintiff in a personal injury case sought leave to amend after being served with a motion for summary judgment but before the hearing]; *Higgins v. Del Faro* (1981) 123 Cal.App.3d 558 [the plaintiff in a real property dispute sought leave to amend at the commencement of trial to insert the correct exhibit to the pleading].) Plaintiff explicitly recognizes in her Motion that amendments must be made within the litigation proceeding, irrelevantly arguing plaintiffs are liberally permitted to amend pleadings "at any stage of the proceeding." (Motion, 6:14-16.) Here, of course, the parties are not in any stage of the litigation proceeding. The proceeding has been over for three months.

Procedure section 1008(a), Plaintiff must move for reconsideration within 10 days of service of the Notice of Entry of Judgment, which was served by KFH's counsel on September 21, 2022. Plaintiff therefore had until October 1, 2022 to bring such a motion, which she did not do. Additionally, to move for reconsideration Plaintiff must show there are new or different facts or a change in law. Here, Plaintiff cannot identify any new or different facts because the factual background of this matter has not changed since the inception of this case. Finally, any motion to vacate must be made within 15 days of service of the Notice of Entry of Judgment. (California Code of Civ. Proc. § 663.) Accordingly, a motion to vacate must have been filed before October 6, 2022. Further, Section 663 allows a party to move to vacate a judgment if she shows (1) incorrect or erroneous legal basis for the decision, not consistent with or not supported by facts, or (2) a judgment or decree not consistent with or not supported by the special verdict. Here, Plaintiff cannot show an incorrect or erroneous legal basis for this Court's decision. This Court correctly determined that KFH established by competent evidence that Plaintiff is not KFH's employee as a matter of law.

-4-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA  92121

Plaintiff further claims this Court instructed her to file a FAC before September 29, 2022. (Motion, 6:19-20.) KFH disagrees the Court made such an instruction. Even if this did occur, September 29, 2022 has passed rendering this argument irrelevant. KFH requests this Court deny Plaintiff's Motion as it is untimely and improper.

**B.    An Amendment at This Late Stage is Inexcusable and Would Result in Substantial Prejudice.**

Courts have repeatedly declined to permit amendment when it would cause prejudice to the adverse party or when the party seeking amendment has been dilatory. (See *Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 487; *Atkinson v. Elk Corp.,* (2003) 109 Cal. App. 4th 739, 761; *Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 175.)

> Although courts are bound to apply a policy of great liberality in permitting amendments to the complaint at any stage of the proceedings, up to and including trial [citations] ***this policy should be applied only 'where no prejudice is shown to the adverse party…' [citation] A different result is indicated 'where inexcusable delay and probable prejudice to the opposing party' is shown. [Citation.]***

(*Magpali, supra,* at p. 487 [upholding trial court's denial of request for leave to amend complaint on the eve of trial, in part because granting amendment would necessitate trial continuance to conduct further discovery]; see also, *Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 770-771 [no abuse of discretion in the trial court's denial of plaintiff's request for leave to amend the complaint, when the plaintiff unnecessarily delayed by waiting several months after learning of the proposed ground for amendment].)

Here, there is both an inexcusable delay and immediate prejudice to Kaiser in the event Plaintiff is allowed leave to amend. Plaintiff filed her Complaint on November 10, 2021. KFH notified Plaintiff and her two separate counsel on numerous occasions spanning months that Plaintiff named the incorrect entity in her Complaint. Plaintiff neglected to correct the entity, forcing KFH to bring a Motion for Summary Judgment.[2] To the extent Plaintiff now claims she was unaware of her own employer, Plaintiff had notice of her correct employer by at least April

---

[2] Plaintiff instead focused her time throughout the first half of 2022 sending threatening emails to Kaiser employees, requiring KFH to incur substantial fees and costs securing restraining orders to protect its employees.

-5-

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

21, 2022, when she was pro per and KFH filed its Motion for Summary Judgment. Plaintiff then had another 84 days to seek leave to amend her Complaint prior to the hearing on KFH's Motion for Summary Judgment. Plaintiff determined not to seek leave to amend her Complaint and instead opposed KFH's Motion for Summary Judgment. Plaintiff has now served this Motion on October 16, 2022, over three months after the dismissal of her action. Plaintiff fails to state any reason, let alone good cause, for her delay in seeking to file her FAC.

Further, Plaintiff openly concedes she was well aware of the allegations that form the basis for her new "hostile work environment" and "retaliation" claims. Indeed, she confirms she experienced these acts firsthand during her employment. (See, i.e., FAC, ¶¶ 190 [identifying letters she received and reviewed from KFH on February 1, 2021 and February 5, 2021].) Plaintiff provides no explanation or justification for the delay in asserting such claims. Rather, she seems to be operating under a false assumption that she can amend as a matter of right. Plaintiff simply concludes, for example, "the chronology of events showing how Plaintiff was subjected to a hostile work environment are stated in depth at the Declaration in support of this Motion, and in the Amended Complaint." (Motion 12:4-6.) Plaintiff's Motion is inexcusably delayed and must be denied on that basis alone.

Amendment will also unfairly prejudice Kaiser. Prejudice exists where the amendment would result added costs of preparation and an increased burden of discovery. (*Magpali, supra,* at pp. 486-488.) Courts have consistently refused to allow an amendment when it would require a defendant to conduct new discovery and would shift the tenor of the case. (*Ibid.* at pp. 486-487 [finding that prejudice justified denial of leave to amend when it would require the deposition of new witnesses and "would have changed the tenor and complexity of the complaint and its original focus"]; *Gamble v. General Foods Corp.* (1991) 229 Cal.App.3d 893, 897 [denying leave to amend where "amendment of the pleadings would necessitate new discovery"].) Here, of course, there would be immediate and substantial prejudice to Kaiser in the event Plaintiff is able to reopen this dismissed action. As it stands, the action is dismissed and the Kaiser entities are no longer forced to incur fees and costs litigating this action. In the event the Court allows Plaintiff to revive her case, Kaiser will be forced to reopen this litigation, conduct extensive

-6-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

discovery, and incur substantial fees bringing a second Motion for Summary Judgment. Plaintiff cannot establish the absence of prejudice to Kaiser and the request for leave to amend should be denied.

### C.   Plaintiff's FAC Fails to State a Valid Basis for Relief.

A motion for leave to amend may be denied if the proposed amendment would be futile or would otherwise be subject to dismissal. (*Royalty Carpet Mills, Inc. v. City of Irvine* (2005) 125 Cal.App.4th 1110, 1124; *Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 230-231.)

Even if the Court were to consider Plaintiff's FAC, Plaintiff seeks leave to make several improper changes to the Complaint that would nevertheless be subject to dismissal. For example, Plaintiff inexplicably seeks leave to include numerous factual allegations concerning her post-employment conflict with the Attorney General and the Board of Registered Nursing, both non-parties to this litigation. (Motion, 10:19-11:12.) Plaintiff states she "needs to demonstrate how she was subjected to an illegal order from the BRN through Thomas Rinaldi, Attorney General, compelling her to a Section 820 mental examination," arguing the Board of Registered Nursing interfered with unidentified due process rights. (Motion, 10:18-21; 11:5-9.) In her FAC, Plaintiff curiously asks the Court to issue an injunction against the Board of Registered Nursing. (FAC, ¶ 214.) These allegations are irrelevant and subject to dismissal as they do not have any tendency to make the allegations against KFH more or less likely. KFH and the Board of Registered Nursing are not related and KFH does not have any control over the Board of Registered Nursing's actions toward Plaintiff.

Finally, Plaintiff asks the Court to grant leave to amend because she "needs to show the Court why Defendants should be sanctioned." (Motion, 10:1.) Plaintiff points to paragraphs 210-214 of her FAC, which only reference purported misconduct by the Board of Registered Nursing. (See Motion, 10:1-8; FAC, ¶¶ 210-214.) Plaintiff's proposed amendments are subject to dismissal.

### IV.   CONCLUSION

Plaintiff has continued to abuse the Court system through her many improper filings, including a Request for Judicial Notice, a Motion to Report Fraud, a Motion for Discovery

-7-

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA  92121

Sanctions against the Board of Registered Nursing, and the instant Motion for Leave to File a FAC on a matter that has already been dismissed. Plaintiff's meritless motions have caused KFH to continue incurring unnecessary fees and costs on a matter that should be closed. KFH requests the Court deny Plaintiff's Motion.

Dated:  October 18, 2022                    Lagasse Branch Bell + Kinkead LLP

By: _____
Lisa M. Magorien, Esq.
Michelle Gonzalez, Esq.
Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA  92121

-8-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

| LOS ANGELES COUNTY SUPERIOR COURT<br>STATE OF CALIFORNIA | COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): TELEPHONE NO.:<br>Lisa M. Magorien, Esq. (SBN: 259877) Tel: (858) 345-5080<br>Michelle Gonzalez, Esq. (SBN: 322626)<br>Lagasse Branch Bell + Kinkead LLP<br>4365 Executive Drive, Suite 950<br>San Diego, CA 92121 | |
| SHORT CASE TITLE<br>Esther Atam v. Kaiser Foundation Hospitals, et al. | |
| ATTORNEY FOR DEFENDANT:<br>KAISER FOUNDATION HOSPITALS | CASE NUMBER:<br>21STCV41538 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 4365 Executive Drive, Suite 950, San Diego, CA 92121.

On October 18, 2022, I caused to be served the within document(s):

**DEFENDANT KAISER FOUNDATION HOSPITALS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

by placing a copy thereof in a separate envelope for each addressee named hereafter and addressed as follows:

Esther Atam
13621 Arcturus Avenue
Gardena, CA 90249
Natashchan1@yahoo.com
***Plaintiff In Pro Per***

( X ) **BY MAIL.** I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.

( ) **BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through Lagasse Branch Bell + Kinkead LLP's electronic mail system to the e-mail address(s) set forth above, or as stated on the above service list.

( ) **BY FAX.** In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addressee pursuant to Code of Civil Procedure §1013(e).

( ) **BY PERSONAL SERVICE.** I caused said documents to be hand-delivered to the addressee(s) on said date below, pursuant to Code of Civil Procedure §1011.

( ) **BY PERSONAL SERVICE BY CAUSE.** Personal service by cause of said documents to be hand-delivered to the addressee(s) on said date below, pursuant to Code of Civil Procedure §1011.

( ) **BY OVERNIGHT DELIVERY.** I deposited said document(s) in a box or other facility regularly maintained by the express service carrier providing Norco overnight delivery pursuant to Code of Civil Procedure §1013(c).

( ) **BY CERTIFIED MAIL.** I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1020.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 18, 2022, at San Diego, California.

_Emily Kelly_
Emily Kelly

1

PROOF OF SERVICE

# EXHIBIT H

SEYFARTH SHAW LLP
Timothy L. Hix (SBN 184372)
thix@seyfarth.com
Lukas T. Huldi (SBN 357194)
lhuldi@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ESTHER TENDO ATAM,<br><br>                  Plaintiff,<br><br>       v.<br><br>KAISER FOUNDATION HOSPITALS, et al.<br><br>                  Defendants. | Case No. 21STCV41538 (Related to Case No. 22STCV37929 )<br><br>Assigned for All Purposes to: THE HONORABLE MICHAEL SMALL<br><br>**DEFENDANT KAISER FOUNDATION HOSPITAL'S OBJECTION AND OPPOSITION TO PLAINTIFF'S MOTION TO VACATE VOID ORDER ENTERED ON JULY 14, 2022**<br><br>Date:        February 19, 2026<br>Time:       8:30 AM<br>Dept:        1<br><br>Date Action Filed: November 10, 2021 |

DEFENDANTS' OBJECTION AND OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ORDER

## I.    INTRODUCTION

Defendant Kaiser Foundation Hospitals ("KFH") objects to Plaintiff Esther Tendo Atam's Motion to Vacate Void Order Entered on July 14, 2022, Pursuant to Code of Civil Procedure §§ 473(d), 663, and the Court's Inherent Power to Set Aside Void Orders.

On July 14, 2022, Judge Steven J. Kleifield granted KFH's motion for summary judgment and dismissed this action because KFH established that it never employed Atam. Atam was declared a vexatious litigant on December 22, 2022, and has been subject to a prefiling order since July 7, 2025. Despite this Court's ample patience and clear instructions, Atam has once again filed an improper motion. The sole purpose of the motion is to harass KFH.

On December 24, 2025, Atam filed an Ex Parte Application Re Hearing for Motion to Vacate Void Order Entered on July 22, 2022. This Court heard and denied the application on January 22, 2026. (Min. Order, Jan. 22, 2026.) The night before the ex parte application was even decided, Atam filed the motion now before the Court. Atam's "new" motion simply restates the same arguments that have been found meritless many times before and is improper for several reasons. (*See* Pl.'s Mot. to Vacate Void Order, Jan. 21, 2026.)

**First**, Atam has not followed the Court's instructions for filing new litigation. The order denying Atam's ex parte application details how Atam may request permission to file new litigation. (*Id.* at 4.) Rather than follow the Court's direction, Atam has elected to keep this motion on calendar. Because Atam again filed her motion without seeking permission, she has again violated Judge Small's prefiling order of July 7, 2025, and Civil Procedure Code section 391.7.

**Second**, there is no legal basis for Atam's motion. The time to seek relief under Civil Procedure Code section 663 has long expired and there is no basis for a motion for reconsideration under section 1008.

**Third**, the motion simply raises the same arguments that this Court rejected in its January 22 Order. (Min. Order, Jan. 22, 2026.) Atam's motion is, again, intended only to harass Defendant and waste the Court's time. Simply put, there is nothing left for this Court to decide.

2

DEFENDANTS' OBJECTION AND OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ORDER

It is clear that Atam has no intention of stopping her vexatious litigation tactics or following this Court's clear orders. KFH renews its request that Atam be sanctioned for her never ending stream of meritless and recycled motions.

## II.    ATAM IS NOT PERMITTED TO FILE THE INSTANT MOTION

The Civil Procedure Code is clear: a vexatious litigant subject to a prefiling order may not file any new litigation "in propria persona without first obtaining the leave of the presiding judge of the court where the litigation is proposed to be filed." Cal. Civ. Proc. Code § 391.7(a). "The clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding justice or presiding judge permitting the filing." *Id.* § 391.7(c).

### A.    Atam Disregarded this Court's Clear Instructions

This motion is just like Atam's last eighteen post-judgment motions. And, as usual, Atam disregarded the Court's clear instructions. In its January 22, 2026, order, this Court instructed Atam on how she was to seek leave to file any new litigation:

> Atam did not follow Department 1's established procedure for seeking leave to file new litigation when subject to a prefiling order. Department 1 accepts requests to file new litigation by vexatious litigants subject to prefiling orders at the filing window in the Stanley Mosk Courthouse. The submission is then reviewed by the Court and an order is issued to the litigant. The matter will not be set for hearing and a hearing should not be reserved. At the initial stage of review, oppositions are neither required nor typically submitted.

(Minute Order 4, Jan. 22, 2026.) Despite this clear admonition, Atam has again filed the same motion and reserved a February 19 hearing date.

### B.    There Is No Legal Basis for this Motion

As the Court noted in its January 22, 2026, order, "Atam cannot seek relief pursuant to Code of Civil Procedure 663 as the jurisdictional time to do so has long expired." (*Id.* at 2.) Nor can she file a motion for reconsideration. A motion for reconsideration must be "based upon new or different facts, circumstances, or law . . . ." Cal. Civ. Proc. Code § 1008(a). There are no new or different facts here. Indeed, Atam filed the instant motion *before* the Court even denied her previous motion. Thus, even if

3

the Court construed Atam's motion as a motion for reconsideration, it would be invalid and could be denied on that basis alone. *See Branner v. Regents of Univ. of Cal.*, 175 Cal. App. 4th 1043, 1049 (2009).

**III.    ATAM ONCE AGAIN RAISES THE SAME MOOT POINTS**

Atam's latest motion is a near-facsimile of the motion this Court denied on January 22, 2026. The Court has already rejected each of Atam's arguments:

- The jurisdictional time to seek relief from the July 14, 2022 order under Civil Procedure Code section 663 has long expired. (Min. Order 2, Jan. 22, 2026 (citing Cal. Civ. Proc. Code § 663(a).)

- Atam's jurisdictional arguments lack merit and do not provide a basis to vacate the order entered on July 14, 2022. "Atam submitted to the jurisdiction of the court by filing the law suit and the court had jurisdiction over Atam's employment claims. Accordingly, the summary judgment order is not void for a lack of jurisdiction and the time to seek relief has expired." (*Id.* at 3 (citing *Lee v. An*, 168 Cal. App. 4th 558, 566 (2008).)

- Atam's declaration provides no basis to conclude that the July 14, 2022 order was the product of extrinsic fraud. Atam's declaration primarily attacks the Board of Registered Nursing's ("BRN") administrative actions against Atam. This argument is irrelevant because the BRN is not a party to this action. Any actions the BRN might have taken are therefore "immaterial to whether the summary judgment order entered in favor of Kaiser Foundation Hospital should be set aside." (*Id.*)

- "Atam cannot establish a basis for relief upon extrinsic fraud as a matter of law." (*Id.*)

- "Atam's grievances with her former counsel naming the incorrect entity similarly do not provide a basis for relief." (*Id.* at 4 (citing *Hogan v. Hogan*, 131 Cal. App. 2d 281, 284 (1955).)

- Atam's memorandum of points and authorities exceeds the fifteen-page limit that the California Rules of Court impose. (*Id.*) On that basis alone, the Court could properly decline to consider the motion. Cal. R. Ct. 3.1300(d).

Atam's motion simply restates the same arguments that have already been denied several times over. There is no reason for the Court to revisit these arguments.

**IV.    CONCLUSION**

Atam has yet again failed to adhere to the prefiling order and has filed this motion without obtaining leave of Court. She has not followed Department 1's established process for seeking permission to file new litigation, there is no legal basis to bring the motion, and she again raises the same points that the Court already rejected when it considered her previous motion. KFH respectfully requests that the Court advance and vacate the February 19, 2026 hearing on Atam's motion.

DATED: January 28, 2026                                   Respectfully submitted,

                                                          SEYFARTH SHAW LLP


                                                          By: _Lukas Huldi_____
                                                               Timothy L. Hix
                                                               Lukas T. Huldi
                                                               Attorneys for Defendant
                                                               KAISER FOUNDATION HOSPITALS

5

DEFENDANTS' OBJECTION AND OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ORDER

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                              ) SS
COUNTY OF LOS ANGELES )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 601 South Figueroa Street, Suite 3300 Los Angeles, California 90017.

     On **January 28, 2026**, I served the within document(s):

**DEFENDANT KAISER FOUNDATION HOSPITAL'S OBJECTION AND OPPOSITION TO PLAINTIFF'S MOTION TO VACATE VOID ORDER ENTERED ON JULY 14, 2022**

| ☒ | by transmitting the document(s) listed above, electronically, via the e-mail address set forth below. |
|---|---|

| **ESTHER ATAM** | Plaintiff In Pro Per |
|---|---|
| 13621 Arctus Avenue, Gardena, California 90249 Email: natashchan1@yahoo.com | |

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on **January 28, 2026**, at Los Angeles, California.

_____
              Lukas Huldi

PROOF OF SERVICE

# EXHIBIT I

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 57

**21STCV41538**                                                    March 17, 2023
**ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et**                     3:00 PM
**al.**

Judge: Honorable Michael Small                CSR: None
Judicial Assistant: Julian Araujo             ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Notice of Related Cases

The Court reviews the Notices of Related Cases filed on 3/8/2023 and 3/15/2023, and orders as follows:

The Court finds that the following cases, 21STCV41538 and 22STCV37929, are related within the meaning of California Rules of Court, rule 3.300(a). 21STCV41538 is the lead case. For good cause shown, said cases are assigned to Judge Michael Small in Department 57 at Stanley Mosk Courthouse for all purposes.

All hearings in cases other than the lead case are advanced and taken off calendar. This order is made without prejudice to the parties making a motion to consolidate in the newly assigned department. The moving party is ordered to serve notice of this order (including hearings vacated, if necessary) by mail forthwith on all interested parties within ten (10) days of the receipt of this minute order.

Case Management Conference is scheduled for 03/28/2023 at 08:30 AM in Department 57 at Stanley Mosk Courthouse.

Certificate of Mailing is attached.

Case 2:24-cv-05862-KK-AS   Document 210   Filed 05/31/26   Page 172 of 244   Page ID #:8417

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 02/06/2024                                    Page 1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 57    HON. MICHAEL C. SMALL, JUDGE

ESTHER ATAM,                          )
                        PLAINTIFF,    )
                                      )
VS.                                   )
                                      ) NO. 21STCV41538
KAISER FOUNDATION HOSPITALS, ET       )
AL.,                                  )
                        DEFENDANT,)
_____)

**CERTIFIED COPY**

REPORTER'S TRANSCRIPT OF PROCEEDINGS

TUESDAY, FEBRUARY 6, 2024

APPEARANCES:

FOR PLAINTIFF:

     ESTHER ATAM
     IN PRO SE

FOR DEFENDANT:

     LAFOLLETTE, JOHNSON, DEHAAS, FESLER & AM
     BY:  JEFFREY A. RECTOR
     701 N. BRAND BOULEVARD
     SUITE 600
     GLENDALE, CA 91203

                    KATIE THIBODEAUX, CSR 9858, RPR, CRR
                    J.D. COURT REPORTING, JOB NO. 12849

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 02/06/2024                         Page 2

                              I N D E X

                              SESSIONS


     TUESDAY, FEBRUARY 6, 2024                              PAGE

     A.M. SESSION                                              3

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 02/06/2024

Page 3

LOS ANGELES, CALIFORNIA; FEBRUARY 6, 2024

9:09 A.M.

DEPARTMENT 57        HON. MICHAEL C. SMALL, JUDGE

APPEARANCES:  (SEE APPEARANCE PAGE.)

THE COURT:  ALL RIGHT.  NEXT UP IS ESTHER ATAM VERSUS KAISER FOUNDATION.  WE HAVE THE PLAINTIFF HERE IN THE COURTROOM.

WHY DON'T YOU COME ON UP, MS. ATAM, AND, WHEN YOU GET UP TO THE TABLE, PLEASE STATE YOUR APPEARANCE FOR THE RECORD.

OKAY.  PLEASE STATE YOUR NAME.

MS. ATAM:  ESTHER ATAM.  I AM REPRESENTING MYSELF.

THE COURT:  OKAY.  AND, THEN, COUNSEL FOR DEFENSE?

MR. RECTOR:  GOOD MORNING, YOUR HONOR.  THIS IS JEFF RECTOR APPEARING ON BEHALF OF THE DEFENDANT.

THE COURT:  ANYBODY ELSE ON FOR THIS CASE TODAY?  WE HAVE A COURT REPORTER HERE.

WE ARE ON CALENDAR TODAY FOR A MOTION THAT MS. ATAM FILED TO VACATE THE JUDGMENT ENTERED BY MY PREDECESSOR STEVEN KLEIFIELD, A JUDGMENT THAT DETERMINED THAT MS. ATAM WAS A VEXATIOUS LITIGANT.

THIS MOTION TO VACATE JUDGE KLEIFIELD'S JUDGMENT FOLLOWS ON THE HEELS OF A MOTION THAT MS. ATAM FILED, A

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 02/06/2024                                        Page 4

TIMELY MOTION THAT SHE FILED FOR RECONSIDERATION OF JUDGE KLEIFIELD'S DETERMINATION.

WHEN WE LAST WERE TOGETHER ON THIS CASE WHICH -- WE WERE TOGETHER ON THIS CASE IN AUGUST FOR THE MOTION FOR RECONSIDERATION, AND I DENIED THE MOTION FOR RECONSIDERATION.  I DIDN'T FEEL THAT THE -- THAT RECONSIDERATION WAS WARRANTED UNDER CODE OF CIVIL PROCEDURE SECTION 1008 WHICH IS THE PROVISION THAT GOVERNS MOTIONS FOR RECONSIDERATION.

SO HERE WE ARE NOW SEVERAL MONTHS LATER WITH THIS MOTION TO VACATE JUDGE KLEIFIELD'S JUDGMENT.  IT IS ESSENTIALLY A MOTION THAT ASKS ME TO RECONSIDER MY DECISION TO NOT RECONSIDER JUDGE KLEIFIELD'S DETERMINATION.

AND WITH THIS MOTION TO VACATE, IT IS AN UNTIMELY MOTION FOR RECONSIDERATION UNDER CCP, SECTION 1008, AND, IN ANY EVENT, A COURT ON ITS OWN MOTION, LEAVING ASIDE A PLAINTIFF'S MOTION FOR RECONSIDERATION, A COURT ON ITS OWN MOTION CAN RECONSIDER A RULING REGARDLESS OF THE TIMING OF MOTIONS FOR RECONSIDERATION BY LITIGANT.

BUT MS. ATAM HAS NOT PRESENTED ANYTHING IN THIS MOTION TO VACATE THAT WOULD COMPEL ME TO CONCLUDE THAT I SHOULD RECONSIDER MY DETERMINATION THAT JUDGE KLEIFIELD'S VEXATIOUS LITIGATION DETERMINATION SHOULD NOT BE RECONSIDERED.

AND SO THIS MOTION THAT WAS ON OUR CALENDAR TODAY IS DENIED.

MR. RECTOR, IN YOUR OPPOSITION, YOU SUGGESTED

THAT THE COURT SHOULD ENTER A PREFILING ORDER THAT WOULD LIMIT MS. ATAM'S ABILITY TO -- IN THIS COURT, IN THIS CASE WHICH IS A CASE THAT IS OVER, WOULD LIMIT HER ABILITY TO FILE REPETITIVE MOTIONS.

YOU HAVE NOT FILED A MOTION FOR A PREFILING ORDER.  YOU SHOULD DO THAT IF YOU THINK ONE IS WARRANTED, BUT I AM NOT GOING TO ENTER A PREFILING ORDER TODAY.

ANYTHING YOU WANT TO SAY TO THAT, MR. RECTOR?

MR. RECTOR:  NO, YOUR HONOR.

THE COURT:  OKAY.  MS. ATAM, YOU HAVE THE FLOOR.  GO AHEAD.

MS. ATAM:  OKAY.  SO EVIDENCE WAS PRESENTED BY KAISER FOUNDATION HOSPITAL TO ATTEST TO MY EMPLOYMENT BY SOUTHERN CALIFORNIA PERMANENTE GROUP THEREBY DISTANCING THEMSELVES FROM ANY DIRECT EMPLOYMENT ASSOCIATION.  THIS DIVERGENCE IS PERTINENT TO THE -- THIS DIVERSION IS PERTINENT TO THE FOUNDATIONAL ACQUISITION OF PSYCHOSIS WHICH FORMS THE CRUX OF MY LEGAL ACTION AGAINST KAISER.

I HAVE A LONG ORAL ARGUMENT, BUT I WILL JUST SPEAK PERTINENT INFORMATION THAT I WANT TO HAVE TRANSCRIBED.

THE COURT:  LET ME ASK YOU THIS, THOUGH.

MS. ATAM:  SURE.

THE COURT:  WE ARE HERE TODAY ON A MOTION TO VACATE THE VEXATIOUS LITIGANT JUDGMENT.

MS. ATAM:  I UNDERSTAND.

THE COURT:  SO IT IS NOT --

MS. ATAM:  YOU PRESENTED ME THE FLOOR.  SO MAY I

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 02/06/2024                    Page 6

JUST FINISH WHAT I HAVE TO SAY THEN.

THE COURT:  I AM TRYING TO DIRECT YOU.  SO HERE IS WHAT WE ARE HERE FOR.  YOU WANT TO MAKE YOUR RECORD. YOU GOT YOUR COURT REPORTER.  GREAT.  BUT THE RECORD NEEDS TO BE PERTINENT TO THIS MOTION.

MS. ATAM:  I UNDERSTAND.  I AM MOVING FORWARD TO THAT.  I JUST MADE AN INTRODUCTION.

THE COURT'S CONFLATION OF THE ENTITIES AS KAISER INADVERTENTLY SERVES TO VALIDATE DATE THE FRAUD I HAVE ALLEGED BECAUSE JUDGE SMALL, HE RELATED THE CASES MARCH 17TH, 2023.  WHEN KAISER IS SAYING I HAVE FILED POST JUDGMENT MOTIONS AND THAT IS THE BASIS FOR ME BEING LABELED A VEXATIOUS LITIGANT, ALL I WAS TRYING TO DO WAS ALERT THE COURT THAT THERE IS FRAUD IN THIS SITUATION AND THAT THERE IS AN ANOMALY IN HOW KAISER IS STRUCTURED.

SO SAYING I AM NOT AN EMPLOYEE OF KAISER IS FRAUDULENT.  SO, ESSENTIALLY, THIS ACTION BY RELATING THE CASES SEEMINGLY CONTRADICTS THE SUMMARY JUDGMENT THAT WAS GRANTED JULY 14TH, 2022, WHEREIN THE COURT HAD ALREADY ASSERTED MY NON-EMPLOYMENT STATUS WITH KAISER.

CALIFORNIA CIVIL CODE, PROCEDURE 437(C) OUTLINES THE PROCEDURES FOR SUMMARY JUDGMENT, AND, IN MY CASE, THE COURT'S ACKNOWLEDGMENT OF SOUTHERN CALIFORNIA PERMANENTE GROUP EMPLOYMENT CONTRADICTS THE PREVIOUS SUMMARY JUDGMENT WHICH, OF COURSE, I HAVE MADE MULTIPLE CONCERNS ABOUT THIS INCONSISTENCY IN THE LEGAL PROCEEDINGS.

OKAY.  SO NOW THE VEXATIOUS LITIGANT APPEARS TO FUNCTION AS A PUNITIVE MEASURE FOR MY ENDEAVORS TO RECTIFY

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 02/06/2024                                    Page 7

THE STRUCTURAL ANOMALY.  KAISER IS SET UP WITH THREE LEGAL ENTITIES, KAISER FOUNDATION HOSPITAL AND KAISER FOUNDATION HEALTH PLAN AND THE PERMANENTE MEDICAL GROUPS, ALL ARE A SINGLE EMPLOYER.  SO FOR KAISER FOUNDATION HOSPITAL TO SAY THAT THERE IS NO EMPLOYMENT RELATIONSHIP AND THE JUDGE TO GRANT SUMMARY JUDGMENT, AND THEN YOU MERGE THE CASES AND THEN YOU PUT KAISER FOUNDATION HOSPITAL AS THE LEAD CASE, YOU ARE ESSENTIALLY -- YOU HAVE ESSENTIALLY MERGED THE TWO ENTITIES.

THEREFORE ANYTHING THAT I WAS SAYING AFTER POST JUDGMENT TO CLARIFY THE STRUCTURE OF KAISER CANNOT BE SEEN AS BEING VEXATIOUS, IT IS NOT MERITLESS.  WITHIN THE SCOPE OF MY SITUATION, BEING LABELED A VEXATIOUS AMPLIFIES THE CHALLENGES I FACE IN ASSERTING MY RIGHTS AND DEFENDING MY PROFESSIONAL REPUTATION AGAINST GRAVE ACCUSATIONS.

CALIFORNIA CODE OF CIVIL PROCEDURE 391.1 TO 391.7, THIS SETS THE SET OF STATUTES THAT DEFINES AND OUTLINES THE PROCEDURES FOR DEALING WITH VEXATIOUS LITIGANT.  MY DESIGNATION AS VEXATIOUS IS DISCUSSED IN RELATION TO THESE STATUTES EMPHASIZING THE POTENTIAL PUNITIVE NATURE THIS CLASSIFICATION IN THE BROADER CONTEXT OF MY SITUATION.

SO I AM GOING TO END THIS.  I AM ALMOST DONE.

SO MY COMMITMENT TO THE PURSUIT OF JUSTICE SHOULD NOT BE UNDULY HAMPERED BY PROCEDURAL IRREGULARITIES AND SIMILARLY DISPROPORTIONATE CLASSIFICATIONS THEREBY LABELING ME A VEXATIOUS LITIGANT.  IN THE CONTEXT OF MY SITUATION WHERE MY PROFESSIONAL REPUTATION AND MY MENTAL

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,  on 02/06/2024                                    Page 8

HEALTH ARE DIRECTLY IMPLICATED, I IMPLORE VERIFICATION OF

ANY PROCEDURAL ERRORS AND A STEADFAST ADHERENCE TO

PRINCIPLES OF FAIRNESS AND JUSTICE IN THIS MATTER.

        I HAVE A COPY FOR YOU, YOUR HONOR, IF YOU WOULD

LIKE A COPY.

        THE COURT:  THAT IS OKAY.  IT IS IN THE RECORD.

SO, MS. ATAM, SO MY PREDECESSOR JUDGE KLEIFIELD

MADE A DETERMINATION.  HE DEEMED YOU A VEXATIOUS LITIGANT

BASED ON THE EVIDENCE HE HAD.  YOU EXERCISED YOUR RIGHT

UNDER THE CODE OF CIVIL PROCEDURE TO ASK ME TO RECONSIDER

THAT.  YOU FILED A TIMELY MOTION FOR RECONSIDERATION.  I

HAVE REVIEWED WHAT YOU SUBMITTED IN CONNECTION WITH THE

MOTION FOR RECONSIDERATION, AND I DENIED THE MOTION FOR

RECONSIDERATION.

        AT THAT POINT, YOUR REMEDY COULD HAVE BEEN,

SHOULD HAVE BEEN, I THINK AN APPEAL TO THE COURT OF APPEAL

AND TAKE UP YOUR ISSUES WITH THEM.  I DON'T KNOW WHETHER

THE TIME FOR APPEALING HAS RUN.  I AM NOT HERE TO TALK TO

YOU ABOUT THAT.

        BUT YOU ARE BACK HERE TODAY ASKING ME

ESSENTIALLY TO DO WHAT I DECLINED TO IN CONNECTION WITH

THE MOTION FOR RECONSIDERATION, AND THE ARGUMENTS YOU ARE

PRESENTING ARE ESSENTIALLY THE SAME ARGUMENTS YOU

PRESENTED IN THE MOTION FOR RECONSIDERATION.  THAT IS WHY

YOUR MOTION IS BEING DENIED TODAY.

        NOW, MAYBE, MAYBE, IF YOU HAD GONE TO THE COURT

OF APPEAL IN THE FIRST INSTANCE RATHER THAN COMING HERE OR

IF YOU STILL HAVE TIME TO GO, I DON'T KNOW, MAYBE THE

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 02/06/2024                          Page 9

COURT OF APPEAL WILL SEE IT DIFFERENTLY.  THEY ARE ABLE TO OVERTURN JUDGE KLEIFIELD'S VEXATIOUS LITIGANT ORDER AND ARE ABLE TO OVERTURN MY ORDER DENYING YOUR MOTION FOR RECONSIDERATION OF WHAT KLEIFIELD DID.  BUT IT MAY BE TOO LATE FOR YOU TO DO THAT.

IT IS JUST YOU ARE ASKING ME NOW TO DO SOMETHING YOU HAVE ALREADY ASKED ME TO DO, AND I AM NOT GOING TO DO IT.

MS. ATAM:  YOU HAVE VALIDATED FRAUD UPON THE COURT BECAUSE WHEN YOU MERGE -- YOU FILED A STATEMENT SAYING THAT YOU WERE NOT AWARE OF ANY CIRCUMSTANCES THAT WOULD REQUIRE YOU TO RECUSE YOURSELF IN THIS CASE.  NOW, YOU UNDERSTAND THE KAISER STRUCTURE.  IF KAISER FOUNDATION SAYS NO EMPLOYMENT RELATIONSHIP WITH ME KNOWING THAT THE BUILDING WHICH I WORKED FOR KAISER, WEST LOS ANGELES, IS OWNED BY KAISER FOUNDATION HOSPITAL.  KAISER FOUNDATION HOSPITAL WAS ACTIVELY INVOLVED IN THE EMPLOYMENT CONFLICT I HAD WITH SOUTHERN CALIFORNIA PERMANENTE GROUP.  THAT IS GROUNDS TO UNDERSTAND THAT THEY COMMITTED FRAUD.  SO ANY JUDGMENT GRANTED IN THAT REGARD CANNOT HOLD.

I ALSO PRESENTED VERY CLEAR EVIDENCE OF EXTRINSIC FRAUD THAT MY PRIOR ATTORNEYS COMMITTED FRAUD AS WELL.  THERE WAS A FORGED RETAINER THAT I PRESENTED TO JUDGE KLEIFIELD.  ALL OF THAT WAS DISREGARDED.  SO, ESSENTIALLY, IF KAISER FOUNDATION HOSPITAL PRESENTS EVIDENCE TO JUDGE KLEIFIELD AND SAYS I AM NOT AN EMPLOYEE OF KAISER AND THEN I FILE A SEPARATE SUIT AGAINST SOUTHERN CALIFORNIA PERMANENTE GROUP BECAUSE HE DISALLOWED ME FROM

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,  on 02/06/2024                    Page 10

AMENDING THE COMPLAINT TO INCLUDE SOUTHERN CALIFORINA PERMANENTE GROUP, AND, THEN, YOU COME ALONG AND YOU MERGE BOTH ENTITIES AS ONE UNDER THE UMBRELLA OF KAISER, YOU HAVE JUST ESSENTIALLY INVALIDATED JUDGE KLEIFIELD'S ARGUMENT OR ORDER GRANTING SUMMARY JUDGMENT AND ESSENTIALLY MOVING FOR VEXATIOUS LITIGANT STATUS BASED ON MY ATTEMPT TO ALLOW THE COURT TO UNDERSTAND THAT THERE HAS BEEN FRAUD PRESENTED ALLOWING TO PROCEED WITH MY CASE IN A FAIR AND JUST MANNER.

AND, BY THE WAY, THIS MOTION THAT I BROUGHT UPON THE COURT TODAY FOR FRAUD UPON THE COURT, THERE IS NO TIME LIMIT TO BRING THIS MOTION. IF YOU GO BACK TO THE RECORDS, I HAVE TAKEN DELIBERATE, CONSCIENTIOUS STEPS TO ALERT THE COURT THAT THERE IS FRAUD IN THIS CASE WHICH THE COURT IS REFERRING TO YOU, JUDGE SMALL, THAT YOU HAVE COMPLETELY AND UTTERLY DISREGARDED ANY KIND OF EVIDENTIARY FILING THAT I HAVE DONE TO ALERT YOU THAT THERE HAS BEEN FRAUD THAT HAS NOT ALLOWED ME TO CARRY ON WITH THIS CASE.

SO IF I AM BEING LABELED VEXATIOUS BECAUSE I MADE MERITLESS FILINGS TO ALERT THE COURT OF FRAUD, I CANNOT BE LABELED --

THE COURT:  LET ME REPEAT WHAT I SAID.

BEFORE I GOT HERE, MY PREDECESSOR MADE A DETERMINATION.  I DIDN'T MAKE IT.  HE DID.  AND HE HAD A RECORD BEFORE HIM, AND HIS DETERMINATION WAS MADE AFTER HE ENTERED SUMMARY JUDGMENT AGAINST YOU AND IN FAVOR OF KAISER IN THIS CASE.  SO THE ENTRY OF SUMMARY JUDGMENT IN THIS CASE ENDS THIS CASE.

Case 2:24-cv-05862-KK-AS   Document 210   Filed 05/31/26   Page 182 of 244   Page ID #:8427
ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,  on 02/06/2024                    Page 11

AND IF YOU DIDN'T LIKE THAT OUTCOME, YOU COULD HAVE AND SHOULD HAVE APPEALED.  FILINGS PERSIST, AND, THEN, JUDGE KLEIFIELD, WHILE HE IS STILL HERE SAYS, OKAY, BASED ON THIS RECORD BEFORE ME, I DETERMINE THAT MS. ATAM IS A VEXATIOUS LITIGANT.  AND WHETHER HE IS RIGHT OR WRONG OR NOT, YOU -- YOU THINK HE WAS WRONG, YOU COULD HAVE APPEALED.  YOU DIDN'T.  YOU ASKED ME TO RECONSIDER IT, AND YOUR MOTION FOR RECONSIDERATION WAS TIMELY.  AND I LOOKED AT IT AND SAID I AM NOT GOING TO RECONSIDER IT.

NOW, YOU ARE BACK HERE AGAIN ASKING ME TO DO THE SAME THING, AND THE ARGUMENTS YOU ARE MAKING I THINK COMBINE ARGUMENTS THAT KLEIFIELD WAS WRONG TO DEEM YOU A VEXATIOUS LITIGANT WITH ARGUMENTS THAT HE WAS WRONG TO ENTER A SUMMARY JUDGMENT FOR KAISER IN THE FIRST PLACE.

THERE MAY BE A REMEDY HERE FOR YOU -- I DON'T KNOW -- WITH THE COURT OF APPEAL.  IT MAY BE YOUR TIME TO APPEAL HAS RUN OUT, BUT, AT THIS POINT, THERE IS NO REMEDY IN THIS COURTROOM.  I AM NOT GOING TO LIFT THE VEXATIOUS LITIGANT ORDER.  I SEE NO BASIS TO DO THAT.

WHAT I HAD TOLD MR. RECTOR IS THIS JUST SO YOU UNDERSTAND IT.  MR. RECTOR, IN HIS OPPOSITION, ASKED ME TODAY TO ENTER WHAT IS KNOWN AS A PREFILING --

MS. ATAM:  THERE IS NO SUCH THING.

THE COURT:  SORRY?

MS. ATAM:  THERE IS NO SUCH THING AS A PREFILING ORDER FOR MOTIONS.

THE COURT:  OKAY.  WELL, IF YOU LET ME FINISH, I WILL TELL YOU WHAT HE SAID AND WHAT I TOLD HIM.

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 02/06/2024                              Page 12

SO MR. RECTOR ASKED ME DO SOMETHING TODAY THAT I SAID IS NOT IN FRONT OF ME HERE TODAY.  SO I AM NOT ENTERING A PREFILING ORDER HERE TODAY.

I TOLD HIM, THOUGH, THAT IF HE FELT INCLINED AND THINKS THAT I SHOULD ENTER A PREFILING ORDER AND HE CAN FILE A MOTION TO IMPOSE A PREFILING ORDER, AND MY UNDERSTANDING OF THE LAW -- AGAIN, THIS IS NOT IN FRONT OF ME HERE TODAY -- MY UNDERSTANDING OF THE LAW, MS. ATAM, IS THAT A PREFILING ORDER CAN AND DOES APPLY NOT JUST TO NEW LAWSUITS BUT MOTIONS WITHIN LAWSUITS.

AND I WILL GIVE YOU THE CASE CITE, AND YOU CAN TAKE A LOOK AT THAT IN ADVANCE OF WHAT MR. RECTOR MAY FILE.  JUST BEAR WITH ME ONE MOMENT.  TAKE A LOOK AT THIS CASE.  HOLD ON.

AND WHAT I AM CALLING UP IS ORDERS THAT I HAVE MADE BEFORE IN OTHER CASES, IN ANOTHER CASE WHERE I ENTERED A PREFILING ORDER.  BEAR WITH ME.

(PAUSE IN PROCEEDINGS.)

THE COURT:  SO THE CASE THAT I AM REFERRING TO IS CALLED IN RE R.H.  IT IS A 2009 DECISION, 170 CAL.APP.4TH, 678, AT PAGES 698, 699, AND THAT STANDS FOR THE PROPOSITION THAT A PREFILING ORDER CAN APPLY TO MOTIONS IN A CASE NOT JUST TO IN CASES.  IN RE R.H. WAS OVERRULED ON OTHER GROUNDS BY A CASE CALLED JOHN VERSUS SUPERIOR COURT, 63 CAL.4TH, 91, BUT THE PROPOSITION THAT I AM REFERRING TO HERE TODAY STANDS.

AND YOU CAN -- BOTH SIDES CAN TAKE A LOOK AT THAT, BUT I AM NOT DECIDING HERE TODAY WHETHER A PREFILING

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 02/06/2024                    Page 13

MOTION SHOULD BE ENTERED.  MR. RECTOR, IF HE WANTS, CAN FILE A MOTION, AND MAYBE, MS. ATAM, I AM WRONG ABOUT IN RE R.H., AND YOU CAN TRY TO TALK ME OUT OF IT IF HE FILES A PREFILING MOTION.

IN ANY EVENT, THAT IS THE RULING HERE TODAY.

WILL YOU WAIVE NOTICE OF THE MINUTE ORDER?

MS. ATAM:  WELL, I WOULD JUST LIKE TO SAY THAT ON APRIL 27TH, YOU LIED UNDER OATH OF PERJURY THAT UNDER NO CIRCUMSTANCES YOU ARE ACKNOWLEDGING RIGHT NOW THAT I AM NOT AN EMPLOYEE OF KAISER DESPITE ALL THE EVIDENTIARY FILINGS THAT I AM AN EMPLOYEE OF KAISER.  YOU ARE WELL AWARE.  YOU HAVE DENIED A MOTION FOR RECONSIDERATION.  YOU ARE DENYING TO VACATE THE VEXATIOUS LITIGANT STATUTE BASED ON EXTRINSIC FRAUD.  SO JUST WANT IT ON RECORD, AND, YES, IF HE GOES AHEAD AND FILES FOR A PREFILING -- THEIR POSITION PRESENTED NOTHING.  JUST BLATANTLY SAID ACCUSATIONS.  I DIDN'T MAKE THIS UP.  THE KAISER STRUCTURE STANDS AS IT IS.

THIS IS NOT ESTHER ATAM'S DECISION TO OR IS MAKING STUFF UP ABOUT KAISER'S STRUCTURE.  SO, IN THAT EVENT, IF HE DOES FILE A PREFILING MOTION, HE WILL BE HIT WITH A VERY STRONG OPPOSITION, AND WE WILL BE BACK IN YOUR COURTROOM.  AND, THEN, I WILL TAKE A LOOK AT THE TRANSCRIPT BECAUSE I CAN'T REMEMBER WHAT YOU JUST QUOTED. I WILL TAKE A LOOK AT THE TRANSCRIPT, AND, YES, I WILL MAKE MY ARGUMENTS BASED ON THAT AS WELL.

THE COURT:  THANK YOU TO OUR COURT REPORTER.

NOTICE -- MAYBE IT IS BEST, MR. RECTOR, IF YOU

GIVE NOTICE TO MS. ATAM.

MR. RECTOR:  YES, YOUR HONOR.  I WILL DO THAT.

THE COURT:  SO THE MINUTE ORDER WILL SAY FOR THE REASONS STATED ON THE RECORD HERE TODAY, THE MOTION TO VACATE IS DENIED.  THANK YOU.

(THE PROCEEDINGS WERE CONCLUDED.)

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,  on 02/06/2024                                    Page 15

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES


DEPARTMENT 57    HON. MICHAEL C. SMALL, JUDGE

ESTHER ATAM,                        )
                          PLAINTIFF, )
                                    )
VS.                                 )   NO. 21STCV41538
                                    )
KAISER FOUNDATION HOSPITALS, ET     )
AL.,                                )
                          DEFENDANT,)
_____)




REPORTER'S CERTIFICATION

TUESDAY, FEBRUARY 6, 2024




STATE OF CALIFORNIA   )
                      )
COUNTY OF LOS ANGELES )


        I, KATIE THIBODEAUX, OFFICIAL REPORTER PRO

TEMPORE OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

FOREGOING PAGES 1 THROUGH 14, COMPRISE A FULL, TRUE, AND

CORRECT TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE MATTER

OF THE ABOVE-ENTITLED CAUSE ON FEBRUARY 6, 2024.



                                    _Katie Thibodeaux_

                                    OFFICIAL REPORTER, CSR #9858

*JD Court Reporting | 818-851-9910*

Case 2:24-cv-05862-KK-AS    Document 210    Filed 05/31/26    Page 187 of 244    Page ID #:8432

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 02/06/2024                                    Index: 1008..DATE

## 1

**1008** 4:8,17
**14TH** 6:19
**170** 12:20
**17TH** 6:11

## 2

**2009** 12:20
**2022** 6:19
**2023** 6:11
**2024** 3:1
**27TH** 13:8

## 3

**391.1** 7:16
**391.7** 7:17

## 4

**437(C)** 6:21

## 5

**57** 3:3

## 6

**6** 3:1
**63** 12:25
**678** 12:21
**698** 12:21
**699** 12:21

## 9

**91** 12:25
**9:09** 3:2

## A

**A.M.** 3:2
**ABILITY** 5:2,3
**ACCUSATIONS** 7:15 13:17
**ACKNOWLEDGING** 13:9
**ACKNOWLEDGMENT** 6:23
**ACQUISITION** 5:17
**ACTION** 5:18 6:17
**ACTIVELY** 9:17
**ADHERENCE** 8:2
**ADVANCE** 12:12
**AHEAD** 5:11 13:15
**ALERT** 6:14 10:14,17,20
**ALLEGED** 6:10
**ALLOWED** 10:18
**ALLOWING** 10:8
**AMENDING** 10:1
**AMPLIFIES** 7:13
**ANGELES** 3:1 9:15
**ANOMALY** 6:15 7:1
**APPEAL** 8:16,27 9:1 11:16,17
**APPEALED** 11:2,7
**APPEALING** 8:18
**APPEARANCE** 3:4,12
**APPEARANCES** 3:4
**APPEARING**
3:20
**APPEARS** 6:27
**APPLY** 12:9,22
**APRIL** 13:8
**ARGUMENT** 5:19 10:5
**ARGUMENTS** 8:22,23 11:11,12, 13 13:26
**ASKS** 4:12
**ASSERTED** 6:20
**ASSERTING** 7:14
**ASSOCIATION** 5:15
**ATAM** 3:8,11,15, 24,26,28 4:21 5:10,12,23,26,28 6:6 8:7 9:9 11:4, 23,25 12:8 13:2,7 14:1
**ATAM'S** 5:2 13:19
**ATTEMPT** 10:7
**ATTEST** 5:13
**ATTORNEYS** 9:22
**AUGUST** 4:4
**AWARE** 9:11 13:12

## B

**BACK** 8:20 10:12 11:10 13:22
**BASED** 8:9 10:6 11:4 13:13,26
**BASIS** 6:12 11:19
**BEAR** 12:13,17
**BEHALF** 3:20
**BLATANTLY** 13:16
**BRING** 10:12

**BROADER** 7:21
**BROUGHT** 10:10
**BUILDING** 9:15

## C

**CAL.4TH** 12:25
**CAL.APP.4TH** 12:21
**CALENDAR** 3:23 4:26
**CALIFORINA** 10:1
**CALIFORNIA** 3:1 5:14 6:21,23 7:16 9:18,28
**CALLED** 12:20, 24
**CALLING** 12:15
**CARRY** 10:18
**CASE** 3:21 4:3,4 5:2,3 6:22 7:7 9:12 10:8,14,18, 27,28 12:11,14, 16,19,23,24
**CASES** 6:10,18 7:6 12:16,23
**CCP** 4:16
**CHALLENGES** 7:14
**CIRCUMSTANCES** 9:11 13:9
**CITE** 12:11
**CIVIL** 4:7 6:21 7:16 8:10
**CLARIFY** 7:11
**CLASSIFICATION** 7:21
**CLASSIFICATIONS** 7:26
**CLEAR** 9:21
**CODE** 4:7 6:21 7:16 8:10

**COMBINE** 11:12
**COMMITMENT** 7:24
**COMMITTED** 9:19,22
**COMPEL** 4:22
**COMPLAINT** 10:1
**COMPLETELY** 10:16
**CONCERNS** 6:25
**CONCLUDE** 4:22
**CONCLUDED** 14:6
**CONFLATION** 6:8
**CONFLICT** 9:17
**CONNECTION** 8:12,21
**CONSCIENTIOUS** 10:13
**CONTEXT** 7:21, 27
**CONTRADICTS** 6:18,24
**COPY** 8:4,5
**COUNSEL** 3:17
**COURT** 3:8,17, 21,22 4:17,19 5:1, 2,10,22,24,27 6:2, 4,14,19 8:6,16,26 9:1,10 10:7,11,14, 15,20,22 11:16, 24,27 12:19,25 13:27 14:3
**COURT'S** 6:8,23
**COURTROOM** 3:10 11:18 13:23
**CRUX** 5:18

## D

**DATE** 6:9

Case 2:24-cv-05862-KK-AS Document 210 Filed 05/31/26 Page 188 of 244 Page ID #:8433

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT, on 02/06/2024 Index: DEALING..LABELED

**DEALING** 7:18

**DECIDING** 12:28

**DECISION** 4:13 12:20 13:19

**DECLINED** 8:21

**DEEM** 11:12

**DEEMED** 8:8

**DEFENDANT** 3:20

**DEFENDING** 7:14

**DEFENSE** 3:18

**DEFINES** 7:17

**DELIBERATE** 10:13

**DENIED** 4:5,27 8:13,25 13:12 14:5

**DENYING** 9:3 13:13

**DEPARTMENT** 3:3

**DESIGNATION** 7:19

**DETERMINATION** 4:2,14,23,24 8:8 10:24,25

**DETERMINE** 11:4

**DETERMINED** 3:25

**DIFFERENTLY** 9:1

**DIRECT** 5:15 6:2

**DIRECTLY** 8:1

**DISALLOWED** 9:28

**DISCUSSED** 7:19

**DISPROPORTIONATE** 7:26

**DISREGARDED** 9:24 10:16

**DISTANCING** 5:14

**DIVERGENCE** 5:16

**DIVERSION** 5:16

**E**

**EMPHASIZING** 7:20

**EMPLOYEE** 6:16 9:26 13:10,11

**EMPLOYER** 7:4

**EMPLOYMENT** 5:13,15 6:24 7:5 9:14,17

**END** 7:23

**ENDEAVORS** 6:28

**ENDS** 10:28

**ENTER** 5:1,7 11:14,22 12:5

**ENTERED** 3:24 10:26 12:17 13:1

**ENTERING** 12:3

**ENTITIES** 6:8 7:2,9 10:3

**ENTRY** 10:27

**ERRORS** 8:2

**ESSENTIALLY** 4:12 6:17 7:8 8:21,23 9:25 10:4,6

**ESTHER** 3:8,15 13:19

**EVENT** 4:17 13:5,21

**EVIDENCE** 5:12 8:9 9:21,26

**EVIDENTIARY** 10:16 13:10

**EXERCISED** 8:9

**EXTRINSIC** 9:22 13:14

**F**

**FACE** 7:14

**FAIR** 10:9

**FAIRNESS** 8:3

**FAVOR** 10:26

**FEBRUARY** 3:1

**FEEL** 4:6

**FELT** 12:4

**FILE** 5:4 9:27 12:6,13 13:2,21

**FILED** 3:24,28 4:1 5:5 6:11 8:11 9:10

**FILES** 13:3,15

**FILING** 10:17

**FILINGS** 10:20 11:2 13:11

**FINISH** 6:1 11:27

**FLOOR** 5:10,28

**FORGED** 9:23

**FORMS** 5:18

**FORWARD** 6:6

**FOUNDATION** 3:9 5:13 7:2,4,7 9:13,16,25

**FOUNDATIONAL** 5:17

**FRAUD** 6:9,14 9:9,19,22 10:8,11, 14,18,20 13:14

**FRAUDULENT** 6:17

**FRONT** 12:2,7

**FUNCTION** 6:28

**G**

**GIVE** 12:11 14:1

**GOOD** 3:19

**GOVERNS** 4:8

**GRANT** 7:6

**GRANTED** 6:19 9:20

**GRANTING** 10:5

**GRAVE** 7:15

**GREAT** 6:4

**GROUNDS** 9:19 12:24

**GROUP** 5:14 6:24 9:18,28 10:2

**GROUPS** 7:3

**H**

**HAMPERED** 7:25

**HEALTH** 7:3 8:1

**HEELS** 3:28

**HIT** 13:21

**HOLD** 9:20 12:14

**HON** 3:3

**HONOR** 3:19 5:9 8:4 14:2

**HOSPITAL** 5:13 7:2,4,7 9:16,17,25

**I**

**IMPLICATED** 8:1

**IMPLORE** 8:1

**IMPOSE** 12:6

**INADVERTENTLY** 6:9

**INCLINED** 12:4

**INCLUDE** 10:1

**INCONSISTENCY** 6:26

**INFORMATION** 5:20

**INSTANCE** 8:27

**INTRODUCTION** 6:7

**INVALIDATED** 10:4

**INVOLVED** 9:17

**IRREGULARITIES** 7:25

**ISSUES** 8:17

**J**

**JEFF** 3:20

**JOHN** 12:24

**JUDGE** 3:3,27 4:1,11,13,23 6:10 7:5 8:7 9:2,24,26 10:4,15 11:3

**JUDGMENT** 3:24,25,27 4:11 5:25 6:12,18,22, 24 7:6,11 9:20 10:5,26,27 11:14

**JULY** 6:19

**JUSTICE** 7:24 8:3

**K**

**KAISER** 3:9 5:13, 18 6:8,11,15,16, 20 7:1,2,4,7,11 9:13,15,16,25,27 10:3,27 11:14 13:10,11,17

**KAISER'S** 13:20

**KIND** 10:16

**KLEIFIELD** 3:25 8:7 9:4,24,26 11:3,12

**KLEIFIELD'S** 3:27 4:2,11,13,23 9:2 10:4

**KNOWING** 9:14

**L**

**LABELED** 6:13 7:13 10:19,21

Case 2:24-cv-05862-KK-AS   Document 210   Filed 05/31/26   Page 189 of 244   Page ID #:8434

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,  on 02/06/2024                     Index: LABELING..SETS

**LABELING** 7:27

**LATE** 9:5

**LAW** 12:7,8

**LAWSUITS** 12:10

**LEAD** 7:7

**LEAVING** 4:18

**LEGAL** 5:18 6:26 7:1

**LIED** 13:8

**LIFT** 11:18

**LIMIT** 5:2,3 10:12

**LITIGANT** 3:26 4:20 5:25 6:13,27 7:19,27 8:8 9:2 10:6 11:5,13,19 13:13

**LITIGATION** 4:24

**LONG** 5:19

**LOOKED** 11:8

**LOS** 3:1 9:15

**M**

**MADE** 6:7,25 8:8 10:20,23,25 12:16

**MAKE** 6:3 10:24 13:17,26

**MAKING** 11:11 13:20

**MANNER** 10:9

**MARCH** 6:11

**MATTER** 8:3

**MEASURE** 6:28

**MEDICAL** 7:3

**MENTAL** 7:28

**MERGE** 7:6 9:10 10:2

**MERGED** 7:8

**MERITLESS** 7:12 10:20

**MICHAEL** 3:3

**MINUTE** 13:6 14:3

**MOMENT** 12:13

**MONTHS** 4:10

**MORNING** 3:19

**MOTION** 3:23,27, 28 4:1,4,5,11,12, 15,16,17,18,19, 22,26 5:5,24 6:5 8:11,13,22,24,25 9:3 10:10,12 11:8 12:6 13:1,2,4,12, 21 14:4

**MOTIONS** 4:9,20 5:4 6:12 11:26 12:10,23

**MOVING** 6:6 10:6

**MULTIPLE** 6:25

**N**

**NATURE** 7:21

**NON-EMPLOYMENT** 6:20

**NOTICE** 13:6,28 14:1

**O**

**OATH** 13:8

**OPPOSITION** 4:28 11:21 13:22

**ORAL** 5:19

**ORDER** 5:1,6,7 9:2,3 10:5 11:19, 26 12:3,5,6,9,17, 22 13:6 14:3

**ORDERS** 12:15

**OUTCOME** 11:1

**OUTLINES** 6:21 7:18

**OVERRULED** 12:24

**OVERTURN** 9:2, 3

**OWNED** 9:16

**P**

**PAGES** 12:21

**PAUSE** 12:18

**PERJURY** 13:8

**PERMANENTE** 5:14 6:23 7:3 9:18,28 10:2

**PERSIST** 11:2

**PERTINENT** 5:16,17,20 6:5

**PLACE** 11:14

**PLAINTIFF** 3:9

**PLAINTIFF'S** 4:18

**PLAN** 7:3

**POINT** 8:15 11:17

**POSITION** 13:16

**POST** 6:11 7:10

**POTENTIAL** 7:20

**PREDECESSOR** 3:25 8:7 10:23

**PREFILING** 5:1, 5,7 11:22,25 12:3, 5,6,9,17,22,28 13:4,15,21

**PRESENTED** 4:21 5:12,28 8:24 9:21,23 10:8 13:16

**PRESENTING** 8:23

**PRESENTS** 9:25

**PREVIOUS** 6:24

**PRINCIPLES** 8:3

**PRIOR** 9:22

**PROCEDURAL** 7:25 8:2

**PROCEDURE** 4:8 6:21 7:16 8:10

**PROCEDURES** 6:22 7:18

**PROCEED** 10:8

**PROCEEDINGS** 6:26 12:18 14:6

**PROFESSIONAL** 7:15,28

**PROPOSITION** 12:22,25

**PROVISION** 4:8

**PSYCHOSIS** 5:17

**PUNITIVE** 6:28 7:21

**PURSUIT** 7:24

**PUT** 7:7

**Q**

**QUOTED** 13:24

**R**

**R.H.** 12:20,23 13:3

**REASONS** 14:4

**RECONSIDER** 4:12,13,19,23 8:10 11:7,9

**RECONSIDERA TION** 4:1,5,6,7,9, 16,18,20 8:11,13, 14,22,24 9:4 11:8 13:12

**RECONSIDERE D** 4:25

**RECORD** 3:13 6:3,4 8:6 10:25 11:4 13:14 14:4

**RECORDS** 10:13

**RECTIFY** 6:28

**RECTOR** 3:19,20 4:28 5:8,9 11:20,

21 12:1,12 13:1, 28 14:2

**RECUSE** 9:12

**REFERRING** 10:15 12:19,26

**REGARD** 9:20

**RELATED** 6:10

**RELATING** 6:17

**RELATION** 7:20

**RELATIONSHIP** 7:5 9:14

**REMEDY** 8:15 11:15,17

**REMEMBER** 13:24

**REPEAT** 10:22

**REPETITIVE** 5:4

**REPORTER** 3:22 6:4 13:27

**REPRESENTING** 3:15

**REPUTATION** 7:15,28

**REQUIRE** 9:12

**RETAINER** 9:23

**REVIEWED** 8:12

**RIGHTS** 7:14

**RULING** 4:19 13:5

**RUN** 8:18 11:17

**S**

**SCOPE** 7:12

**SECTION** 4:8,16

**SEEMINGLY** 6:18

**SEPARATE** 9:27

**SERVES** 6:9

**SET** 7:1,17

**SETS** 7:17

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,  on 02/06/2024

Index: SIDES..WRONG

**SIDES** 12:27

**SIMILARLY** 7:26

**SINGLE** 7:4

**SITUATION** 6:14 7:13,22,28

**SMALL** 3:3 6:10 10:15

**SOUTHERN** 5:14 6:23 9:18,27 10:1

**SPEAK** 5:20

**STANDS** 12:21, 26 13:18

**STATE** 3:12,14

**STATED** 14:4

**STATEMENT** 9:10

**STATUS** 6:20 10:6

**STATUTE** 13:13

**STATUTES** 7:17, 20

**STEADFAST** 8:2

**STEPS** 10:13

**STEVEN** 3:25

**STRONG** 13:22

**STRUCTURAL** 7:1

**STRUCTURE** 7:11 9:13 13:17, 20

**STRUCTURED** 6:15

**STUFF** 13:20

**SUBMITTED** 8:12

**SUGGESTED** 4:28

**SUIT** 9:27

**SUMMARY** 6:18, 22,24 7:6 10:5,26, 27 11:14

**SUPERIOR**

12:25

**T**

**TABLE** 3:12

**TALK** 8:18 13:3

**THING** 11:11,23, 25

**THINKS** 12:5

**TIME** 8:18,28 10:11 11:16

**TIMELY** 4:1 8:11 11:8

**TIMING** 4:20

**TODAY** 3:21,23 4:27 5:7,24 8:20, 25 10:11 11:22 12:1,2,3,8,26,28 13:5 14:4

**TOLD** 11:20,28 12:4

**TRANSCRIBED** 5:21

**TRANSCRIPT** 13:24,25

**U**

**UMBRELLA** 10:3

**UNDERSTAND** 5:26 6:6 9:13,19 10:7 11:21

**UNDERSTANDING** 12:7,8

**UNDULY** 7:25

**UNTIMELY** 4:16

**UTTERLY** 10:16

**V**

**VACATE** 3:24,27 4:11,15,22 5:25 13:13 14:5

**VALIDATE** 6:9

**VALIDATED** 9:9

**VERIFICATION** 8:1

**VERSUS** 3:9 12:24

**VEXATIOUS** 3:26 4:24 5:25 6:13,27 7:12,13, 18,19,27 8:8 9:2 10:6,19 11:5,13, 18 13:13

**W**

**WAIVE** 13:6

**WARRANTED** 4:7 5:6

**WEST** 9:15

**WORKED** 9:15

**WRONG** 11:5,6, 12,13 13:2

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 57    HON. MICHAEL SMALL, JUDGE

ESTHER ATAM,                          )
                        PLAINTIFF,    )
                                      )
VS.                                   )   NO. 22STCV37929
                                      )
KAISER FOUNDATION HOSPITALS, ET       )
AL.,                                  )
                        DEFENDANT,)
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

THURSDAY, MAY 9, 2024

APPEARANCES:

FOR PLAINTIFF:

    (NO APPEARANCE)

FOR DEFENDANT:

    LAFOLLETTE, JOHNSON, DEHAAS, FESLER & AM
    BY:  JEFFREY A. RECTOR
    701 N. BRAND BOULEVARD
    SUITE 600
    GLENDALE, CA 91203

CERTIFIED COPY

                        KATIE THIBODEAUX, CSR 9858, RPR, CRR
                        J.D. COURT REPORTING, CASE NO. 13003

DEPARTMENT vs KAISER FOUNDATION HOSPITALS
SUPERIOR COURT TRANSCRIPT,   on 05/09/2024                                      Page 2

                              I N D E X

                            SESSIONS


     THURSDAY, MAY 9, 2024

     A.M. SESSION                                            3

LOS ANGELES, CALIFORNIA; MAY 9, 2024

9:45 A.M.

DEPARTMENT 57        HON. MICHAEL SMALL, JUDGE

APPEARANCES:  (SEE APPEARANCE PAGE.)

THE COURT:  ALL RIGHT.  ATAM VERSUS SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP.

COUNSEL FOR DEFENSE?

MR. RECTOR:  YES, YOUR HONOR.  THIS IS JEFF RECTOR APPEARING ON BEHALF OF THE DEFENDANT.

THE COURT:  OKAY.  MR. RECTOR, MS. ATAM IS NOT ON THE LINE; CORRECT, JULIAN?  MS. ATAM IS NOT ON THE LINE, AND SHE IS NOT HERE IN COURT.

YOU HAVE FILED A MOTION FOR A PREFILING ORDER IN LIGHT OF -- IN LIGHT OF MS. ATAM'S STATUS AS A VEXATIOUS LITIGANT AND HER CONTINUED PRACTICE OF FILING MOTIONS IN THIS CASE EVEN THOUGH IT HAS BEEN DISMISSED AND IN THE OTHER CASE EVEN THOUGH THAT HAS BEEN DISMISSED; CORRECT?

MR. RECTOR:  CORRECT.

THE COURT:  OKAY.  I AM GOING TO GRANT YOUR MOTION FOR A PREFILING ORDER.

DID YOU SEND IN A PROPOSED ORDER WITH YOUR MOTION?

MR. RECTOR:  WE DID, YOUR HONOR.

THE COURT:  OKAY.  BEAR WITH ME ONE MOMENT.  LET ME JUST CALL IT UP.

OKAY.  SO, MR. RECTOR, WE ARE GOING TO ENTER YOUR ORDER.  I AM GOING TO PUT SOME LANGUAGE IN THE MINUTE ORDER VERY BRIEF LANGUAGE WHICH I WILL GIVE TO JULIAN THAT EXPLAINS WHY I AM GRANTING THIS MOTION, BUT I AM PERSUADED ABOUT YOUR ARGUMENTS IN YOUR MOTION AS TO WHY IT SHOULD BE GRANTED.

IT WAS OPPOSED.  I HAVE CONSIDERED THE ARGUMENTS OF MS. ATAM, AND I AM NOT PERSUADED BY THEM AND THAT IS WHY I AM GRANTING YOUR MOTION.

YOU WILL HAVE TO GIVE NOTICE OF THIS RULING OF THE MINUTE ORDER TO MRS. ATAM AND, THEN, WHEN THE ORDER IS ENTERED, SERVE THE ORDER ON HER.

WILL YOU WAIVE NOTICE FOR YOURSELF OF BOTH THE MINUTE ORDER AND THE ORDER?

MR. RECTOR:  YES, YOUR HONOR.

THE COURT:  OKAY.  ANYTHING ELSE FOR YOU TODAY?

MR. RECTOR:  NO, YOUR HONOR.  THANK YOU.

THE COURT:  I THINK WE ARE GOING TO BE BACK HERE.  THERE IS ACTUALLY A HEARING ON A MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT OF MS. ATAM THAT IS ON FOR MAY 13TH SO WE WILL SEE YOU NEXT WEEK ON THAT.

MR. RECTOR:  SOUNDS GOOD, YOUR HONOR.

THE COURT:  THANK YOU, SIR.

(THE PROCEEDINGS WERE CONCLUDED.)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES


DEPARTMENT 57    HON. MICHAEL SMALL, JUDGE

ESTHER ATAM,                        )
                     PLAINTIFF,  )
                                    )
VS.                                 )   NO. 22STCV37929
                                    )
KAISER FOUNDATION HOSPITALS, ET    )
AL.,                                )
                     DEFENDANT,)
_____)




REPORTER'S CERTIFICATION

THURSDAY, MAY 9, 2024




STATE OF CALIFORNIA    )
                       )
COUNTY OF LOS ANGELES )


        I, KATIE THIBODEAUX, OFFICIAL REPORTER PRO

TEMPORE OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

FOREGOING PAGES 1 THROUGH 4, COMPRISE A FULL, TRUE, AND

CORRECT TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE MATTER

OF THE ABOVE-ENTITLED CAUSE ON MAY 9, 2024.



*Katie Thibodeaux*

OFFICIAL REPORTER, CSR #9858

DEPARTMENT vs KAISER FOUNDATION HOSPITALS
SUPERIOR COURT TRANSCRIPT,  on 05/09/2024                          Index: 13TH..WEEK

**1**

**13TH** 4:21

**2**

**2024** 3:1

**5**

**57** 3:3

**9**

**9** 3:1
**9:45** 3:2

**A**

**A.M.** 3:2
**AMENDED** 4:20
**ANGELES** 3:1
**APPEARANCE** 3:4
**APPEARANCES** 3:4
**APPEARING** 3:12
**ARGUMENTS** 4:5,7
**ATAM** 3:8,13,14 4:8,11,20
**ATAM'S** 3:17

**B**

**BACK** 4:18
**BEAR** 3:27
**BEHALF** 3:12

**C**

**CALIFORNIA** 3:1,9

**CALL** 3:28
**CASE** 3:19,20
**COMPLAINT** 4:20
**CONCLUDED** 4:24
**CONSIDERED** 4:7
**CONTINUED** 3:18
**CORRECT** 3:14, 20,21
**COUNSEL** 3:10
**COURT** 3:8,13, 15,22,27 4:16,18, 23

**D**

**DEFENDANT** 3:12
**DEFENSE** 3:10
**DEPARTMENT** 3:3
**DISMISSED** 3:19,20

**E**

**ENTER** 4:1
**ENTERED** 4:12
**EXPLAINS** 4:4

**F**

**FILE** 4:20
**FILED** 3:16
**FILING** 3:18

**G**

**GIVE** 4:3,10
**GOOD** 4:22
**GRANT** 3:22

**GRANTED** 4:6
**GRANTING** 4:4,9
**GROUP** 3:9

**H**

**HEARING** 4:19
**HON** 3:3
**HONOR** 3:11,26 4:15,17,22

**J**

**JEFF** 3:11
**JUDGE** 3:3
**JULIAN** 3:14 4:3

**L**

**LANGUAGE** 4:2, 3
**LEAVE** 4:19
**LIGHT** 3:17
**LITIGANT** 3:18
**LOS** 3:1

**M**

**MEDICAL** 3:9
**MICHAEL** 3:3
**MINUTE** 4:2,11, 14
**MOMENT** 3:27
**MOTION** 3:16,23, 25 4:4,5,9,19
**MOTIONS** 3:18

**N**

**NOTICE** 4:10,13

**O**

**OPPOSED** 4:7

**ORDER** 3:16,23, 24 4:2,3,11,12,14

**P**

**PERMANENTE** 3:9
**PERSUADED** 4:4,8
**PRACTICE** 3:18
**PREFILING** 3:16, 23
**PROCEEDINGS** 4:24
**PROPOSED** 3:24
**PUT** 4:2

**R**

**RECTOR** 3:11, 12,13,21,26 4:1, 15,17,22
**RULING** 4:10

**S**

**SEND** 3:24
**SERVE** 4:12
**SIR** 4:23
**SMALL** 3:3
**SOUNDS** 4:22
**SOUTHERN** 3:8
**STATUS** 3:17

**T**

**TODAY** 4:16

**V**

**VERSUS** 3:8
**VEXATIOUS** 3:17

**W**

**WAIVE** 4:13
**WEEK** 4:21

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 26     HON. YOLANDA OROZCO, JUDGE

ESTHER ATAM,
                              PLAINTIFF,     )
                                            )
VS.                                         )
                                            )
KAISER FOUNDATION HOSPITALS, ET    ) NO.  21STCV41538
AL.,                                        )
                              DEFENDANT,     )
_____)

**CERTIFIED COPY**

REPORTER'S TRANSCRIPT OF PROCEEDINGS

FRIDAY, APRIL 19, 2024

APPEARANCES:

FOR PLAINTIFF:

     ESTHER ATAM
     IN PRO SE

FOR DEFENDANT:

     LAFOLLETTE, JOHNSON, DEHAAS, FESLER & AM
     BY:  JEFFREY A. RECTOR
     701 N. BRAND BOULEVARD
     SUITE 600
     GLENDALE, CA 91203

                    KATIE THIBODEAUX, CSR 9858, RPR, CRR
                    J.D. COURT REPORTING, CASE NO. 12850

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 04/19/2024                                    Page 2

                         I N D E X

                        SESSIONS


    FRIDAY, APRIL 19, 2024
                                                        PAGE
    A.M. SESSION                                          3

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 04/19/2024                    Page 3

LOS ANGELES, CALIFORNIA; APRIL 19, 2024

9:27 A.M.

DEPARTMENT 26        HON. YOLANDA OROZCO, JUDGE

APPEARANCES:  (SEE APPEARANCE PAGE.)

THE COURT:  NO. 13, TENDRA ATAM VERSUS SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP.

THE CLERK:  YOUR HONOR, I HAVE BEEN INFORMED THAT THIS CASE HAS BEEN TRANSFERRED TO JUDGE SMALL IN DEPARTMENT 57.

NO.  THIS CASE BELONGED TO JUDGE SMALL BECAUSE MOVING PARTY RESERVED IT IN OUR DEPARTMENT BY MISTAKE, AND I WASN'T PAYING ATTENTION TO TRANSFER IT BACK.

THE COURT:  SO IS THIS CASE PROPERLY HERE OR NOT?

THE CLERK:  THIS CASE DOES NOT BELONG TO US.  IT BELONGS TO 57.

MS. ATAM:  YOUR HONOR, I HAVE BEEN PRESENT AT 57, AND THEY SENT ME DOWN HERE AND SAID THE SAME THING SHE IS SAYING THAT THE CASE IS IN 26.  THEY ARE SAYING EXACTLY THE SAME THING SO I AM GETTING THE RUN AROUND UNFORTUNATELY.

THE COURT:  I WONDER WHY.  THIS CASE HAS BEEN HERE.

MS. ATAM:  YES.  IN MARCH 17 OF 2023, JUDGE --

THE COURT:  CAN YOU SIT IN THIS CHAIR BECAUSE I

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 04/19/2024                         Page 4

CAN'T SEE YOU.  THANK YOU.

MS. ATAM:  OKAY.  I WILL SIT HERE.

ON MARCH 17, 2023, THE CASE WAS MOVED.  THE CASE IN DEPARTMENT 57 WAS MADE THE LEAD CASE AND TRANSFERRED FOR ALL PURPOSES TO 57.  SO EVERYTHING THAT WAS SCHEDULED HERE WAS CANCELED AND MOVED TO 57.  SO ESSENTIALLY I HAVE BEEN GOING TO 57 BECAUSE THAT WAS THE ORDER FROM JUDGE SMALL.

THE COURT:  AND WHAT HAPPENED?

MS. ATAM:  AND SO, FOR EXAMPLE, I DO HAVE A REPORTER HERE PRESENT.  EVEN THOUGH IT SAYS 26, I SAID THE CASE HAS BEEN TRANSFERRED TO 57.  THAT IS WHY WE HAVE BEEN GOING TO 57.  I HAVE BEEN UP THERE.

THE COURT:  YOU WERE THERE TODAY?

MS. ATAM:  CORRECT.  THAT IS WHERE I SHOWED UP FIRST, AND MY NAME IS NOT ON THE CALENDAR.  SO I ASKED THE COURT CLERK TO PLEASE EXPLAIN TO ME WHERE I AM SUPPOSED TO BE, AND SHE SAID SHE WOULD LOOK INTO IT AND SAID MY CASE WILL NOT BE HEARD BY JUDGE SMALL AND ASKED ME TO COME DOWN HERE.  AND SHE IS TELLING ME THE SAME THING.

THE COURT:  ALL RIGHT.  WELL, HERE IS THE -- THE CASE HAS BEEN HERE SINCE 2022, AND YOU WERE ORDERED IN THIS CASE I GUESS -- PLEASE STOP.  MARCH 17 IS THE ORDER. I'M SORRY.

MS. ATAM:  YES.  MARCH 17, 2023 WAS THE ORDER.

THE COURT:  YOU WERE SUPPOSED TO FILE A BOND, POST A BOND IN THE AMOUNT OF $10,000 AND YOU DIDN'T, AND THAT IS WHY THE CASE WAS DISMISSED.  THAT IS A DIFFERENT

JUDGE WAS SITTING HERE.

MS. ATAM:  RIGHT.

THE COURT:  AND SO I DON'T KNOW WHAT --

MS. ATAM:  AS YOU PROCEED, YOUR HONOR, WHENEVER YOU NEED INFORMATION, I WILL EXPLAIN MYSELF.

THE COURT:  WELL, IT IS NOT A MATTER OF EXPLAINING.  I JUST READ THE PRIOR ORDER, AND THERE WAS AN ORDER THAT YOU POST $10,000 BOND.  YOU DON'T KNOW WHEN THAT ORDER CAME.

MS. ATAM:  DECEMBER 13TH, 2023.

MR. RECTOR:  GOOD MORNING, YOUR HONOR.  THIS IS JEFF RECTOR ON COURTCONNECT APPEARING FOR THE DEFENDANTS. I JUST WANT TO MAKE IT CLEAR THAT I AM HERE.

THE COURT:  OH.  HELLO.

I AM LOOKING AT DECEMBER 24.

THE CLERK:  JUDGE SMALL DISMISSED ON DECEMBER 1ST.

THE COURT:  DECEMBER 13TH, JUDGE SMALL DISMISSED THE CASE.

THE COURT:  SO THERE IS NO CASE PENDING BEFORE JUDGE SMALL.  THAT CASE HAS BEEN DISMISSED.

MS. ATAM:  OKAY.

THE COURT:  AS OF 12/13/2023.  SO YOU ARE IN HERE.  I AM TRYING TO FIND THE ORDER WHEN YOU WERE ORDERED TO --

MS. ATAM:  THE FIRST ORDER WAS MAY 9TH.

THE COURT:  WHEN YOU WERE ORDERED TO POST A BOND, WHEN DID THAT HAPPEN?

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 04/19/2024                        Page 6

MS. ATAM:  MAY 19TH, 2023, AND THEN IT WAS CONTINUED UP UNTIL DECEMBER.

THE COURT:  AND YOU HAVEN'T POSTED THE BOND?

MS. ATAM:  WELL, THERE IS SUBSTANTIAL PAPERWORK FILED IN BETWEEN THEN AND DECEMBER 13TH INCLUDING UP UNTIL PRESENT.

THE COURT:  WELL, WHEN THE COURT ORDERS A BOND POSTED, THAT MEANS YOU HAVE TO POST IT WITHIN A CERTAIN AMOUNT OF TIME, AND IT DOESN'T SOUND LIKE YOU HAVE DONE THAT SINCE SEPTEMBER.

ALL RIGHT.  YOU WERE TOLD SEPTEMBER 11, 2023.  THERE IS A MINUTE ORDER SAID YOU WERE LATE POSTING A SECURITY AND THE CASE WOULD BE DISMISSED IF YOU DIDN'T POST.  YOU REQUESTED THE HEARING BE CONTINUED BECAUSE YOU WERE ILL, AND THEN YOUR DISCOVERY MATTERS WERE CONTINUED.

HAVE YOU POSTED THE $10,000 BOND?

MS. ATAM:  THAT WAS BASED ON PREFILING ORDERS THAT ARE NONEXISTENT.

THE COURT:  OKAY.  I UNDERSTAND WHAT YOU ARE SAYING, BUT HAVE YOU POSTED THE BOND?

MS. ATAM:  THERE IS NO NEED TO POST A BOND.

THE COURT:  ALL RIGHT.  WELL, COUNSEL FOR DEFENDANT DIFFERS.

COUNSEL FOR DEFENDANT, CAN YOU ILLUMINATE THIS MATTER?  I HAVE NOT BEEN HERE FOR THE HISTORY OF THIS CASE HERE.

MR. RECTOR:  YOUR HONOR, THIS CASE IS NO LONGER IN THIS COURTROOM.  I BELIEVE IT WAS -- THIS MOTION WAS

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,  on 04/19/2024                    Page 7

IMPROPERLY NOTICED FOR DEPARTMENT 26, AND THAT IS WHY IT IS HERE.  THESE CASES ARE WITH JUDGE SMALL NOW.

THE COURT:  APPARENTLY, JUDGE SMALL DISMISSED THIS CASE IN AN ORDER DECEMBER 13TH, 2023.

MR. RECTOR:  THAT'S CORRECT.  THIS CASE IS OVER.  MS. ATAM NEEDS TO FILE POST DISMISSAL MOTIONS.  TO THE EXTENT THOSE MOTIONS ARE EVEN PROPER, THEY SHOULD BE HEARD BY JUDGE SMALL, BUT, YOU KNOW, SHE LISTED DEPARTMENT 26 ON THE CAPTION OF HER MOTION, AND I THINK THAT IS THE ONLY REASON WE ARE HERE TODAY.

THE COURT:  THAT IS NOT THE ONLY REASON.  THERE WAS AN APPEARANCE HERE, AND A COURT ORDER, JUDGE LU AND OTHER JUDGES HAVE BEEN FILING ORDERS AND NOTICES OF RULING HAVE BEEN -- NOTICES OF NON OPPOSITION APRIL 20, 2024, MOTION FOR LEAVE TO AMEND.  THERE HAS BEEN A LOT OF FILINGS MADE BY BOTH PARTIES IN THIS CASE.  SO WHETHER OR NOT THIS CASE WAS PROPERLY HERE TO BEGIN WITH, IF THE COMPANION CASE IN JUDGE SMALL'S DEPARTMENT HAS BEEN -- HAS BEEN DISMISSED, THIS CASE IS STILL HERE ON A MOTION TO VACATE THE DISMISSAL.

DID YOU READ THE COURT'S TENTATIVE?

MS. ATAM:  NO, BUT, YOUR HONOR --

THE COURT:  OKAY.  SHOULD HAVE ASKED THAT QUESTION TO BEGIN WITH.

CAN YOU PRINT A COPY OF THE TENTATIVE AND HAND IT TO MS. ATAM.

MS. ATAM:  YOUR HONOR, WILL I BE AWARDED ANY OPPORTUNITY TO PRESENT MY ARGUMENTS?

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 04/19/2024                    Page 8

THE COURT:  YES, YOU ARE, BUT YOU HAVE TO REED THE TENTATIVE FIRST.

MS. ATAM:  OKAY.

THE COURT:  AND YOUR COMMENTS WILL BE ONLY DIRECTED TO THE TENTATIVE.  I WILL HAVE A COPY MADE FOR YOU.  WE WILL TAKE A 10-MINUTE RECESS.

(RECESS FROM 9:36 TO 9:40 A.M.)

THE COURT:  RECALLING THE NO. 13, ATAM VERSUS SOUTHERN CALIFORNIA PERMANENTE.  ALL RIGHT.

I WILL HEAR FROM YOU BRIEFLY.  GO AHEAD.

MS. ATAM:  OKAY.  THANK YOU, YOUR HONOR.

I AM JUST GOING TO RELAY MY ARGUMENTS BASED ON THE RULING THAT --

SO, IN REFERENCE TO THE RULING TODAY WHICH, OF COURSE, YOU SAY THE MOTION IS DENIED.

THE COURT:  HOLD ON A MINUTE.  THERE IS A BUTTON IN THE MIDDLE OF THIS.  CAN YOU TURN IT ON SO IT IS GREEN.

MS. ATAM:  SO THE DISMISSAL BACK IN DECEMBER 13, 2023, WAS DUE TO MY ALLEGED FAILURE TO POST A $10,000 SECURITY DEPOSIT, BUT THAT WAS BASED ON, MY OPINION, FRAUDULENT PREFILING ORDERS AND MISREPRESENTATIONS OF FACTS.

I WOULD JUST LIKE TO POSE A COUPLE OF QUESTIONS IN REGARDS TO THAT.  SO I WILL START BY SAYING IT IS NOT TRUE THAT THERE IS NO RECORD OF ANY VALID PREFILING ORDERS AT THE TIME MY CASE WAS FILED DECEMBER 5TH, 2022.

FURTHERMORE, IT IS NOT TRUE THAT THERE IS NO RECORD OF ANY HEARING HELD ON THURSDAY, DECEMBER 22ND,

*JD Court Reporting | 818-851-9910*

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,  on 04/19/2024                            Page 9

2022, DURING WHICH PREFILING ORDERS WERE PURPORTEDLY GRANTED.  SO UNDER CALIFORNIA CODE OF CIVIL PROCEDURE 2 AND 1.7A, THE COURT MAY ISSUE PREFILING ORDERS TO PREVENT A VEXATIOUS LITIGANT FROM INITIATING LITIGATION WITHOUT PROPER APPROVAL, BUT THIS IS ONLY DONE THROUGH MOTION EITHER BY THE COURT OR REQUESTING PARTY WHICH WOULD BE KAISER.  HOWEVER, THERE IS NO RECORD OF A HEARING ON DECEMBER 22ND, 2022, DURING WHICH PREFILING ORDERS WERE PURPORTEDLY GRANTED.

ADDITIONALLY, THE PREFILING ORDERS CURRENTLY IN EFFECT WERE SUBMITTED TO THE COURT ON DECEMBER 9TH, 2022, APPROXIMATELY 14 DAYS PRIOR TO SIGNING IN ADVANCE -- LET ME CLARIFY.  IT WAS SUBMITTED DECEMBER 9, 2022, 14 DAYS PRIOR TO ITS SIGNING AND FILING ON DECEMBER OF 22ND, 2022.

MY CASE WAS FILED ON DECEMBER 5TH, 2022, AND AS SUCH I WAS NOT REQUIRED TO SEEK PERMISSION BEFORE INITIATING THIS ACTION.  UNDER CALIFORNIA CODE OF CIVIL PROCEDURE 39.13A, IT SPECIFIES THAT PREFILING ORDERS ONLY APPLY TO LITIGATION FILED BY A VEXATIOUS LITIGANT WHO WAS REPRESENTED BY COUNSEL AT THE TIME OF THE FILING AND SUBSEQUENTLY BECAME SELF REPRESENTED.  I WAS NOT REPRESENTED BY COUNSEL WHEN I FILED THIS CASE.  THE PREFILING ORDER SHOULD NOT HAVE APPLIED.

MOREOVER, THE ONLY RECORDS ON FILE REGARDING PREFILING ORDERS FILED BY KAISER IS SCHEDULED FOR MAY 9, 2024, APPROXIMATELY 15 MONTHS AFTER PURPORTEDLY BEING GRANTED PREFILING ORDERS ON DECEMBER 22ND, 2022.  THIS RAISES DOUBT REGARDING THE TIMING AND VALIDITY OF SUCH

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 04/19/2024                                    Page 10

ORDERS.

FURTHERMORE, KAISER'S INVOCATION OF SPECIAL CIRCUMSTANCES UNDER CALIFORNIA CODE OF CIVIL PROCEDURE 291.7D IS UNWARRANTED AS THIS PROVISION PERTAINS TO PROCEEDINGS UNDER FAMILY CODE OR PROBATE CODE WHICH IS NOT APPLICABLE TO THIS CIVIL LITIGATION INVOLVING AN EMPLOYMENT DISPUTE AND NOW ALLEGED CRIMINAL ACTS BY KAISER.  THIS STATUTE RELATES TO APPOINTMENT OF GUARDIAN AD LITEM IN CIVIL AND PROBATE MATTERS INVOLVING MINORS AND INCAPACITATED PERSONS WHICH IS NOT THE CASE OR ISSUE AT HAND IN THIS PRESENT CASE.

SO THIS DELIBERATE MISREPRESENTATION DOES CONSTITUTE FRAUDULENT CONDUCT AND UNDERMINES THE FAIRNESS AND INTEGRITY OF THE JUDICIAL PROCEEDINGS.  SO HAVING SAID THAT, CAN WE TRUST THE VALIDITY AND LEGALITY OF THE PREFILING ORDERS ISSUED WITHOUT DUE PROCESS PARTICULARLY WHEN ITS USE WAS GRANTED FOR DISMISSING MY CASE WITH PREJUDICE.

I AM RESPECTFULLY REQUESTING THE COURT TO REEVALUATE ITS DECISION AND ALLOW MY CASE TO PROCEED ON ITS MERITS UNTAINTED BY PROCEDURAL IRREGULARITIES, UNJUST BURDENS AND FRAUDULENT ACTIONS.

THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH FOR YOUR COMMENTS.

MS. ATAM:  SURE.  THANK YOU.

THE COURT:  COUNSEL FOR DEFENDANT, PLEASE ADDRESS THE COMMENTS MADE BY PLAINTIFF HERE.

MR. RECTOR:  YES.  YOUR HONOR, THIS IS -- THESE

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 04/19/2024                              Page 11

ARGUMENTS HAVE BEEN PREVIOUSLY RAISED BY MS. ATAM IN JUDGE SMALL'S COURTROOM ON NUMEROUS OCCASIONS.  IT IS REALLY A COLLATERAL ATTACK ON THE FINDINGS THAT SHE WAS A VEXATIOUS LITIGANT.  THIS ARGUMENT HAS BEEN PREVIOUSLY REJECTED BY JUDGE SMALL, BUT TO TRY TO GET DOWN TO THE SUBSTANCE OF WHAT HAS HAPPENED, THE REASON THIS CASE WAS DISMISSED IS BECAUSE MS. ATAM WAS ORDERED TO POST A SECURITY AND SHE FAILED TO DO SO.

AND THE ORDER THAT SHE -- THE ORDER THAT REQUIRED HER TO POST A SECURITY DIDN'T HAVE ANYTHING TO DO WITH THE FACT THAT SHE WAS SUBSEQUENTLY SUBJECTED TO A PREFILING ORDER FOR NEW LITIGATION.  THAT ORDER WAS BASED ON THE FACT THAT JUDGE SMALL FOUND THAT SHE HAD -- THAT SHE WAS A VEXATIOUS LITIGANT, SHE HAD NO SUBSTANTIAL LIKELIHOOD OF PREVAILING ON THE MERITS AND FOR THAT REASON SHE WAS REQUIRED TO POST A SECURITY.  AND SHE DIDN'T DO -- SHE DIDN'T DO SO.

SO THE CASE WAS DISMISSED.  SO THE ARGUMENTS ABOUT PREFILING ORDERS ARE REALLY NEITHER HERE NOR THERE. THAT IS ALL I HAVE TO SAY.

THE COURT:  ALL RIGHT.

MS. ATAM, AS I POINTED OUT IN MY TENTATIVE, TO THE EXTENT YOU BELIEVE THAT JUDGE SMALL COMMITTED VARIOUS ERRORS WHETHER HOLDING YOU TO BE A VEXATIOUS LITIGANT, WHETHER REQUIRING A BOND, ANYTHING THAT HE DID WITH WHICH YOU OBJECT, YOUR ONLY RECOURSE WAS TO EITHER APPEAL HIS ORDERS OR ASK HIM TO RECONSIDER HIS PRIOR ORDERS.

I DO NOT SIT AS A COURT OF APPEAL REVIEWING

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,  on 04/19/2024                                      Page 12

ANOTHER JUDGE'S ORDERS.  THAT IS PROHIBITED.  I CANNOT DO THAT.  I CANNOT UNDO WHAT ANOTHER JUDGE HAS DONE.  AGAIN, THE ONLY RECOURSE, YOU APPEAL OR TAKE A WRIT FROM THAT JUDGE'S ORDER, OR YOU ASK HIM THROUGH A WRITTEN MOTION TO RECONSIDER THE PRIOR ORDERS.  I DON'T HAVE ANY AUTHORITY OR JURISDICTION TO UNDO ANYTHING THAT JUDGE SMALL HAS DONE.

NOW, AS MY STAFF NOTIFIED ME, HE HAS DISMISSED HIS CASE SO I DON'T KNOW WHAT YOUR RECOURSE IS.  YOU SHOULD TALK TO A LAWYER, BUT THERE IS NO BASIS FOR ME TO GRANT THE MOTION TO VACATE A DISMISSAL BECAUSE THE COURT'S DOCKET, THERE WAS A LEGITIMATE ORDER WHICH HAS NOT BEEN APPEALED OR REVERSED REQUIRING YOU TO POST A SECURITY OF $10,000.  I AM NOT A COURT OF APPEAL.  I CAN NOT SIT HERE AND SAY THAT ORDER WAS WRONG, IT WAS AN ERROR, IT WAS PREJUDICIAL.  I DON'T SIT TO REVIEW OTHER JUDGE'S ORDERS.  ONLY A COURT OF APPEAL DOES.

SO I HAVE BEFORE ME A BONA FIDE ORDER OVER A YEAR OLD THAT YOU POST A $20,000 BOND.  YOU HAVEN'T DONE THAT SO YOUR CASE WAS DISMISSED I BELIEVE BY JUDGE LU, AND I THINK IT WAS A PROPER ORDER SHE ENTERED.  THE CASE IS DISMISSED IN THIS DEPARTMENT.

I AM NOT INCLINED, AND I AM NOT GOING TO CHANGE THE COURT'S TENTATIVE.  AND I HAVE LISTENED TO YOUR COMMENTS, BUT, AGAIN, THOSE ARE ALL ARGUMENTS YOU SHOULD HAVE PRESENTED TO JUDGE SMALL.

MS. ATAM:  OKAY.

THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 04/19/2024                    Page 13

MS. ATAM:  JUDGE SMALL REFUSED TO HEAR THE HEARING TODAY SO I JUST WANTED THAT TO GO ON RECORD THAT IT WAS ASSIGNED TO HIM.  I SHOWED UP TO DEPARTMENT 57, AND I WAS SENT DOWN HERE BEFORE YOU.  SO HE REFUSED TO HEAR THE HEARING.  THAT IS WHAT HIS COURT CLERK MENTIONED.

THE COURT:  YOU CAN TAKE A WRIT OR FILE AN APPEAL FROM WHATEVER ORDER HE MAY HAVE HE ENTERED LAST.  I CAN'T OVERRULE.

MS. ATAM:  THANK YOU, YOUR HONOR.

THE COURT:  I CAN'T MAKE JUDGE SMALL DO SOMETHING THAT HE DOESN'T WANT TO DO.  WE ARE INDEPENDENT JUDGES.

ALL RIGHT.  GOOD LUCK TO YOU, MA'AM.  THANK YOU VERY MUCH.

MS. ATAM:  THANK YOU.

THE COURT:  AND MOVING PARTY, DEFENDANTS PLEASE GIVE NOTICE.  THANK YOU ALL VERY MUCH.

MR. RECTOR:  THANK YOU, YOUR HONOR.

(THE PROCEEDINGS WERE CONCLUDED.)

ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et al.
SUPERIOR COURT TRANSCRIPT,   on 04/19/2024                                      Page 14

```
             SUPERIOR COURT OF THE STATE OF CALIFORNIA

                  FOR THE COUNTY OF LOS ANGELES



         DEPARTMENT 57    HON. YOLANDA OROZCO, JUDGE

 ESTHER ATAM,                          )
                     PLAINTIFF,        )
                                       )
 VS.                                   )   NO. 21STCV41538
                                       )
 KAISER FOUNDATION HOSPITALS, ET       )
 AL.,                                  )
                     DEFENDANT,        )
 _____)




                 REPORTER'S CERTIFICATION

                  FRIDAY, APRIL 19, 2024




 STATE OF CALIFORNIA    )
                        )
 COUNTY OF LOS ANGELES  )


          I, KATIE THIBODEAUX, OFFICIAL REPORTER PRO

 TEMPORE OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

 FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

 FOREGOING PAGES 1 THROUGH 14, COMPRISE A FULL, TRUE, AND

 CORRECT TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE MATTER

 OF THE ABOVE-ENTITLED CAUSE ON APRIL 19, 2024.
```

*Katie Thibodeaux*

                              OFFICIAL REPORTER, CSR #9858

*JD Court Reporting | 818-851-9910*

# EXHIBIT J

MC-700

| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>*(To be completed only if a party is making the motion)*<br>NAME: Lisa M. Magorien (SBN: 259877) / Michelle Gonzalez (SBN: 322626)<br>FIRM NAME: Lagasse Branch Bell + Kinkead, LLP<br>STREET ADDRESS: 4365 Executive Drive, Suite 950<br>CITY: San Diego   STATE: CA   ZIP CODE: 92121<br>TELEPHONE NO.: 858-345-5080   FAX NO.: 858-345-5025<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(name)*:   Defendant Kaiser Foundation Hospitals | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/22/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Araujo _____ Deputy |
|---|---|

STATE BAR NO.:

- [ ] COURT OF APPEAL,   **APPELLATE DISTRICT, DIVISION**
- [x] SUPERIOR COURT OF CALIFORNIA,   COUNTY OF Los Angeles
  STREET ADDRESS: 111 N. Hill Street
  MAILING ADDRESS: 111 N. Hill Street
  CITY AND ZIP CODE:   Los Angeles, CA 90012
  BRANCH NAME:   Stanley Mosk Courthouse

| CASE NAME:<br>Esther Atam v. Kaiser Foundation Hospitals | |
|---|---|
| **PREFILING ORDER—VEXATIOUS LITIGANT** | CASE NUMBER:<br>21STCV41538 |

1. Name and address of each plaintiff or cross-complainant or other party subject to this prefiling order:

   Esther Atam
   13621 Arcturus Avenue
   Gardena, CA 90249

2. This prefiling order is entered pursuant to a motion made by   [ ] the court   [x] party *(name)*: Kaiser Foundation Hospitals

3. The person or persons identified in item 1, unless represented by an attorney, are prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.

4. The clerk is ordered to provide a copy of this order to the California Judicial Council by fax at 415-865-4329 or by mail at the address below.

   > Vexatious Litigant Prefiling Orders
   > Judicial Council of California
   > 455 Golden Gate Avenue
   > San Francisco, California 94102-3688

Date:   _____12/22/2022_____



**Steven J. Kleifield**
JUDICIAL OFFICER

Steven J. Kleifield / Judge

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-700 [Rev. January 1, 2016] | **PREFILING ORDER—VEXATIOUS LITIGANT** | Code of Civil Procedure, § 391.7<br>www.courts.ca.gov |
|---|---|---|

Electronically Received 12/09/2022 01:00 PM

**EXHIBIT K**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

**21STCV41538**                                                           February 27, 2026
**ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et**                              1:30 PM
**al.**

Judge: Honorable Lawrence P. Riff          CSR: None
Judicial Assistant: Cecilia  Guerrero       ERM: None
Courtroom Assistant: Rosalie M. Cruz        Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 02/26/2026 for Hearing on Ex Parte Application to vacate void Judgment entered on September 19, 2022, now rules as follows:

The Ex Parte Application to vacate void Judgment entered on September 19, 2022 filed by Esther Atam on 02/24/2026 is Denied.

Based upon Judge Small's earlier order, plaintiff is obligated to obtain a pre-clearance from Department 1 for "new litigation" as those terms are understood under the statutory framework for vexatious litigants.

After considering the filing, the Court finds that the underlying motion lacks merit and thus may not proceed.

Plaintiff's earlier motion sought to vacate the underlying MSJ order entered on July 14, 2022. In the ex parte now before the Court, Atam attacks the judgment entered on September 19, 2022. Notably, the September 19 judgment attached the full ruling on the motion for summary judgment, which undermines any claimed misrepresentation.

The initial complaint asserted claims against two named defendants, Kaiser Foundation Hospitals and Sarah Poetter, as well as Does 1-100, arising out of Atam's alleged employment. Atam never made a Doe amendment.

The court granted summary judgment in favor of Kaiser on July 14, 2022, finding no employment relationship was fatal to all causes of action against Kaiser.

The court filed Atam's request for dismissal with prejudice as to Sarah Poetter on July 26, 2022, effective July 27, 2022.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 1

**21STCV41538**                                                    February 27, 2026
**ESTHER ATAM vs KAISER FOUNDATION HOSPITALS, et**                      1:30 PM
**al.**

Judge: Honorable Lawrence P. Riff            CSR: None
Judicial Assistant: Cecilia  Guerrero         ERM: None
Courtroom Assistant: Rosalie M. Cruz          Deputy Sheriff: None

Therefore, Atam's claims against the two named parties were fully resolved at the time the accompanying judgment was entered on September 19.

Atam filed an unauthorized First Amended Complaint on July 27, 2022, which the court struck on September 22, 2022. The court denied Atam's motion to amend the complaint on October 31, 2022.

Certificate of Service is attached.

---

Minute Order                                               Page 2 of 2

# EXHIBIT L



**KAISER PERMANENTE**
National HR Service Center

<mark>January 29, 2021</mark>

Employee ID: 10603644
Case Number: 9278706

Esther T Atam
13621 arcturus ave
Gardena, CA 90249

**Subject:** <mark>Denial Notice</mark> **- Under the Family and Medical Leave Act/California Family Rights Act (Family Leave)**

Dear Esther T Atam,

On 1/22/2021, we were informed that you needed leave beginning on 12/29/2020 for:

☐ The birth of a child, or placement of a child with you for adoption or foster care.

☒ <mark>Your own serious health condition.</mark>

☐ Your need to care for your <spouse child parent domestic partner family member> due to his/her serious health condition.

☐ An exigency arising out of the fact that your <spouse son or daughter parent> is on active duty or call to active duty status.

☐ Your need to care for your <spouse son or daughter parent next of kin> due to his/her serious injury or illness incurred in the line of duty as a covered servicemember.

This Notice is to inform you that you are <u>not eligible</u> for FMLA/CFRA leave, because:

☐ You have not met the 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately <Enter Num Mos> months towards this requirement. If you are still on leave at the completion of 12 months of service please contact the NHRSC to request your eligibility for FMLA/CFRA. For more information please see the attached notice of Employee Rights and Responsibilities.

☒ You have not met the 1,250 *hours worked* requirement in the 12 months preceding the start of your leave.

A determination was made using pay periods 12/29/2019 to 12/26/2020. You have worked 1024.19 hours towards the eligibility requirement. You have until the start date of your request to meet the required hours for initial FMLA eligibility.

*Worked hours* include only those hours actually worked. Paid time off such as Vacation, Sick Leave, Holidays and unpaid time are not included.

**National HR Service Center**
**Fax to: (877) 477-2329  Telephone: (877) 457-4772**
Executives: Contact your Executive Benefits Specialist

7087  09/20/2020  11
Page 1 of 4



## KAISER PERMANENTE
National HR Service Center

☐ You exhausted your <12 26>-week entitlement to leave under the <FMLA/CFRA>

☐ Your request is for a non-qualified family member.

☐ You failed to provide sufficient certification to support your request.

☐ A Health Care Provider Certification form was not received.

☐ The information provided on the Health Care Provider Certification did not meet the definition of a serious health condition.

☐ The Health Care Provider Certification did not include the Frequency and Duration for an intermittent leave.

☐ The Health Care Provider Certification did not indicate your adult child is incapable of self-care because of a physical or mental disability.

☐ You failed to provide sufficient documentation to establish the required relationship between you and your family member; proof of <birth adoption/foster care domestic partner relationship marriage>.

☐ Military Orders

☐ <Certification of Exigency Certification of an injured/ill servicemember>

☐ Other:

The *Employee Rights and Responsibilities* under the FMLA are attached for your review.

While your time off is not currently protected under the FMLA and CFRA; you may become eligible for FMLA/CFRA during your leave. Please refer to the *Employee Rights and Responsibilities* for eligibility criteria or requirements. You may also be eligible for other forms of leave under Kaiser's leave policies or under an applicable collective bargaining agreement.  If your leave is the result of a work-related injury, it may be subject to Workers' Compensation leave protection.

Policies, bargaining agreements and other information regarding leaves of absence can be found on HRconnect.



**KAISER PERMANENTE**
National HR Service Center

If you have any questions or concerns regarding the denial of your request for family leave, please contact Work Absence Management (WAM) at the National HR Service Center at **877-4KP-HRSC (877-457-4772).** Please reference the case number located in the upper right-hand corner of this letter.

Sincerely,
Work Absence Management (WAM)
Kaiser Permanente National HR Service Center

**National HR Service Center**
Fax to: (877) 477-2329  Telephone: (877) 457-4772
Executives: Contact your Executive Benefits Specialist

7087  09/20/2020  11
Page 3 of 4



**March 10, 2021**

_**Sent via Email and UPS**_

Esther T Atam
13621 Arcturus Ave
Gardena, CA 90249

**Re: Fitness for Duty Examination; Authorization**

Dear Ms. Atam,

As you know, my name is Wilbert Jones, Human Resources Disability Case Manager assigned to work with you and your manager during the interactive process to identify whether and to what extent you are able to safely return to work in your Registered Nurse position in the SCPMG West Los Angeles Emergency Department, either with or without reasonable accommodations, consistent with the terms of your Job Description and your Union collective bargaining agreement.

On numerous occasions, you have expressed your need for mental health care. Given that your provider was unable to certify that you can safely return to work or identify health-related work and functional limitations that you have, and has indicated to us that he is no longer treating you, we will be engaging a third party health care provider to perform a medical assessment to determine whether you will be able to safely return to work as a Registered Nurse and whether you will need any accommodations in order to do so. Therefore, as a condition of your employment, you will be required to undergo a Fitness for Duty assessment by an outside evaluator prior to your return to work. Please sign the enclosed authorization for the medical examination and release of medical information form and return it no later than **March 19, 2021**.

We have arranged to have a complete mental health/psychological evaluation performed by _Dr. Phani M. Tumu, M.D., located at 23371 Mulholland Drive, #143 Woodland Hills, CA 91364_. The Appointment will be scheduled shortly after you sign and return to me the "Authorization for Fitness for Duty Examination and Release of Medical Information," attached to this letter. You may return the signed Authorization form by to me by mail at Kaiser Permanente Medical Center, West Los Angeles, Human Resources, 6041 Cadillac Avenue, Los Angeles, CA 90034 or a pdf copy via email, wilbert.c.jones@kp.org. We will communicate with you further as soon as the date and time of your appointment have been set.

During the interim period, while the Fitness for Duty Examination in pending, you will remain on an unpaid medical leave of absence, consistent with your Per Diem employment status. Your participation and full cooperation in the interactive process and this medical assessment are **required**. If you fail to cooperate with this Fitness for Duty Examination procedure, we will

evaluate your employment status and make any employment-related decisions based on the information that we currently have regarding your ability to work.

If you have any questions or concerns about this process, please contact me at by phone at 323-857-3287 and/or email at wilbert.c.jones@kp.org.  Thank you for your cooperation with this process.


Sincerely,

*Wilbert C. Jones*

Wilbert Jones
Integrated Disability Management, HR Case Manager (HRCM)
WLA Human Resources Department


Enclosure:     Authorization for Fitness for Duty Examination and Release of Medical Information

**AUTHORIZATION FOR FITNESS FOR DUTY EXAMINATION AND RELEASE OF MEDICAL INFORMATION**


**Dr. Phani M. Tumu, M.D.**
23371 Mulholland Drive, #143
Woodland Hills, CA 91364

**Re: Esther T. Atam**
13621 Arcturus Ave
Gardena, CA 90249

I, <u>Esther Atam</u>, the undersigned, hereby authorize Dr. Phani Tumu to perform a Fitness for Duty Examination consisting of a complete mental health/psychological assessment and release the medical information regarding my ability to safely return to work to HR Disability Case Manager, Wilbert Jones, Kaiser Foundation Health Plan, Inc., Kaiser Permanente Medical Center, West Los Angeles, Human Resources, 6041 Cadillac Avenue, Los Angeles, CA 90034.

**Reason for Release of Medical Information**: To determine whether I, Esther Atam, can safely return to work as a Registered Nurse without presenting a risk of harm to myself or others, assess any health-related work limitations, and identify potential accommodations for any such limitations.

I hereby authorize Dr. Tumu, to furnish, in writing or orally, to Wilbert Jones, HR Disability Manager, Kaiser Foundation Health Plan, Inc., all medical information and data relating to my ability to safely return to work and perform my essential job functions, any restrictions/limitations I may have, and any need for reasonable accommodation relating to my employment. This information will be used to determine whether I can perform my essential job duties and whether an accommodation is necessary.

I hereby authorize Dr. Tumu to communicate directly with Wilbert Jones, HR Disability Case Manager, or any other person who is authorized by my Employer to handle medical information for accommodation purposes, in order to obtain clarification of issues relating to the functional limitations for which I may need an accommodation.

I further acknowledge that I have been informed that if the medical information contained herein is not released, it may impact my ability to return to work.

This authorization is subject to revocation by the undersigned at any time except to the extent that action has been taken in reliance on it, and if not revoked earlier, it shall terminate one year from the date of this authorization.

_____          _____
**Employee's Signature**                                                **Date**

February 10, 2021

Dear Wil Jones,

Please accept below statements as my answers to the request.

*What specific functional limitations does the patient have that preclude her from performing her nursing duties in the Emergency Department setting?*

I do not believe the patient has any specific functional limitations that should preclude her from performing her nursing duties in the Emergency Department setting at this point.

*What circumstances or situations do you expect would trigger her "trauma"?*

Based on the patient's report, she was told by her manager that she would be excluded from her shift until she can prove she is "not crazy", after she mention "voodoo" while she reported her bullying experience by a co-worker that started since May 2020 and fear around the person, which was intensified after two unexplainable car accidents within a month. Per her report, her manager's discriminative attitude and action against her was not expected, and it put her in unexpected potential job loss and financial difficulty. Since August, she presented significant level of anxiety, anger, and decreased energy due to sleep deprivation. The patient gradually regained her normal functioning after she started therapy (e.g., decreased anxiety and anger, improved sleep quality); however, if she goes back to the same environment where she experienced work harassment (i.e., if she must work with the managers and the co-worker who bullied her), she would not feel safe to work and may experience significant anxiety at work, which would interfere her work performance as a nurse. Please refer Diagnostic and Statistical Manual of Mental Disorders 5th edition if you have any question about functional consequences of anxiety.

*What is meant by "same or similar" work environment that she needs to avoid?*

The work environment where she must work with or deal with the managers who discriminated against her and the co-worker who bullied her last year.

*Explain what work limitations she would experience if her trauma was triggered or exasperated?*

In my opinion, the most impacted area would be "communication". Based on the job description, emergency department nurse cannot work as a solo practitioner. It naturally requires team commitment and communication. However, if she goes back to the same department in the same branch of Kaiser where the managers and the co-worker are still working, she may not be able to communicate with her co-workers as effective due to anxiety and fear of anticipated work harassment, based on her previous experience with the managers and the co-worker. Besides, the chronic anxiety at work would decrease her general work performance that requires specific attention and/or memory as a nurse.

*Based on the above clarifications, what accommodation do you recommend, if any, that would enable the patient to safely perform her duties in the Emergency Department?*

I believe that she can safely perform her duties in the Emergency Department if she does not have to work with or deal with the people who discriminated against her since August 2020.

Jiyun Kang, Ph.D.
Licensed Clinical Psychologist
PSY 31197

2/10/2021

Date

Electronically FILED by Superior Court of California, County of Los Angeles on 04/21/2022 08:27 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden, Deputy Clerk

Case 2:24-cv-05862-KK-AS    Document 210    Filed 05/31/26    Page 225 of 244   Page ID #:8470

Lisa M. Magorien, Esq. (SBN: 259877)
lmagorien@lbbklaw.com
Morgan A. Chase, Esq. (SBN: 333573)
mchase@lbbklaw.com
LAGASSE BRANCH BELL + KINKEAD LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121
Telephone: (858) 345-5080
Facsimile: (858) 345-5025

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ESTHER ATAM, | CASE NO.: 21STCV41538 |
| Plaintiff, | **DOUGLAS PRUSS DECLARATION IN SUPPORT OF DEFENDANT KAISER FOUNDATION HOSPITALS' MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| KAISER FOUNDATION HOSPITALS, a California corporation; SARAH POETTER, an individual; and DOES 1 through 100, inclusive, | Reservation ID: 536112562592<br>Date: July 14, 2022<br>Time: 8:30 AM<br>Judge: Hon. Steven J. Kleifield |
| Defendants. | Dept.: 57 |
| | Complaint filed: 11/10/2021<br>Trial date:      Not Set |

I, Douglas Pruss, declare as follows:

1.      I am a Human Resources Director for Southern California Permanente Medical Group (SCPMG), a position I have held since 2001. I have personal knowledge of the information contained in this declaration and if called as a witness in this matter I could and would competently testify thereto under oath.

2.      SCPMG is a Southern Californian based health care provider that employs nurses, doctors and other health care specialists that provide services to patients at Kaiser Foundation Hospitals, a not-for-profit hospital.

-1-

DOUGLAS PRUSS DECLARATION IN SUPPORT OF DEFENDANT KAISER FOUNDATION HOSPITALS'
MOTION FOR SUMMARY JUDGMENT

3. As a Human Resource Director, I oversee employee relations, recruitment, develop training materials and performance programs for employees, and investigate employee issues and conflicts.

4. In my capacity as a Human Resources Director, I have access to employee personnel files. I reviewed Plaintiff's personnel file and confirmed SCPMG hired Plaintiff on December 18, 2019 as an Emergency Room Registered Nurse at the West Los Angeles Medical Center. I further confirmed SCPMG was the only Kaiser entity which employed Plaintiff between January 20, 2020 and her separation on March 18, 2021. SCPMG paid Plaintiff, and SCPMG employees directed Plaintiff's work.

5. Kaiser Foundation Hospitals never employed Plaintiff, never compensated Plaintiff for hours worked, and never employed Plaintiff's supervisors.

6. SCPMG is the only entity that paid Plaintiff. A true and correct copy of Plaintiff's paystubs reflecting Plaintiff's first and last week of employment are attached hereto as Exhibit 1.

7. In August 2020, Plaintiff began making concerning and bizarre comments to her colleagues. Her statements included that she believes in voodoo, she found herself in the same car accident three times, and her coworker had energy like a vampire.

8. In late 2020 and into 2021, Plaintiff sent several overtly threatening emails to SCPMG employees. As a result, SCPMG required Plaintiff to undergo a fitness for duty examination.

9. Plaintiff failed to complete the fitness for duty examination and SCPMG accepted her noncompliance as a resignation on March 18, 2021.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on 4/19/2022 in Harbor City, California.

_____
Douglas Pruss

DOUGLAS PRUSS DECLARATION IN SUPPORT OF DEFENDANT KAISER FOUNDATION HOSPITALS' MOTION FOR SUMMARY JUDGMENT

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

# EXHIBIT M

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Stanley Mosk Courthouse, Department 26

**22STCV37929**                                                                February 16, 2023
**ESTHER TENDO ATAM vs SOUTHERN CALIFORNIA**                                   8:30 AM
**PERMANENTE MEDICAL GROUP (SCPMG), A**
**CALIFORNIA CORPORATION, et al.**

Judge: Honorable Elaine Lu                    CSR: None
Judicial Assistant: E. Lopez                  ERM: None
Courtroom Assistant: P. Aranda                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): ESTHER TENDO ATAM

For Defendant(s): Lisa Marie Magorien (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application for Order Dismissing Plaintiff's Complaint Pursuant to CCP 391.3 (b)

Pursuant to Government Code sections 68086, 70044, California Rules of Court, rule 2.956, and the stipulation of appearing parties, Ryan Wheeler, CSR #13717, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

Matter is called for hearing.

The Court hereby sets a status conference re filing of notice of related cases for April 10, 2023 at 8:30 am.

Status Conference re filing of notice of related cases is scheduled for 04/10/2023 at 08:30 AM in Department 26 at Stanley Mosk Courthouse.

The Court has read and considered Defendant's EX PARTE APPLICATION FOR AN ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE § 391.3(B) OR, ALTERNATIVELY, AN ORDER COMPELLING PLAINTIFF TO FURNISH SECURITY PURSUANT TO CODE OF CIVIL PROCEDURE § 391.3(A), OR, ALTERNATIVELY, AN ORDER SHORTENING TIME TO HEAR DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT; REQUEST FOR ORDER STAYING DISCOVERY, Defendant's supporting papers, and Plaintiff's opposing papers.

The Court finds that Defendants have established good cause for a stay of discovery. All discovery in this action is stayed pending resolution of Defendant's anticipated motion for dismissal or alternatively for order compelling Plaintiff to furnish security.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Stanley Mosk Courthouse, Department 26

**22STCV37929**                                                    February 16, 2023
**ESTHER TENDO ATAM vs SOUTHERN CALIFORNIA**                              8:30 AM
**PERMANENTE MEDICAL GROUP (SCPMG), A**
**CALIFORNIA CORPORATION, et al.**

Judge: Honorable Elaine Lu                CSR: None
Judicial Assistant: E. Lopez              ERM: None
Courtroom Assistant: P. Aranda            Deputy Sheriff: None

---

However, as to the other relief that Defendants seek, the Court reminds the parties that as set forth in this court's General Order, absent exigent circumstances, motions will be heard only on the hearing date that the moving party reserves through the Court Reservation System (CRS) on the court's website at www.lacourt.org. Defendants have failed to make any showing of irreparable harm, immediate danger, or any other statutory basis for the Court to dismiss the action or require posting of security on an ex parte basis. CRC § 3.1202(c). Accordingly, Defendants' ex parte request for a court order dismissing the action or requiring posting of security is denied without prejudice.

The Court hereby sets the following briefing schedule for Defendants' anticipated motion for order dismissing the action or requiring Plaintiff to furnish security currently reserved for May 9, 2023: Any moving papers must be filed and served no later than February 17, 2023. Any opposition to the motions must be filed and served no later than March 3, 2023. Any reply must be filed and served no later than March 10, 2023. The Court sets this special briefing schedule so that briefing will be complete so as to provide the moving party with the flexibility to advance the hearing on the motions based upon availability of an earlier hearing date on the online Court Reservation System (CRS). The Court notes that this special briefing schedule provides the opposing parties Plaintiff with statutory notice of the motion and sufficient time to file written oppositions pursuant to Code of Civil Procedure section 1005(b).

The Court encourages the parties to address in their briefs the applicability of CCP section 391.3(b) where Plaintiff was not subject to a prefiling order at the time Plaintiff initiated the instant action. Defendants should also make clear in their moving papers whether for purposes of CCP section 391.3(a) they are requesting the Court to make an independent finding that Plaintiff a vexatious litigant pursuant to CCP sections 391(b)(1), 391(b)(2), 391(b)(3), 391(b)(4), or 391(b)(5), or instead if Defendant believes that Judge Kleifield's declaration of Plaintiff's vexatious litigant status is sufficient and obviates the need for this Court to make any independent findings as to whether Plaintiff is a vexatious litigant.

The court encourages the moving parties (Defendants) to frequently check CRS to monitor whether a sooner hearing date before the trial becomes available if and when parties in other cases cancel their CRS hearing reservations. If so, CRS will allow the moving party to freely advance the hearing on the motion without court permission or intervention. If a sooner hearing date becomes available on CRS at least one week prior to the new hearing date, and if the hearing date is no earlier than March 17, 2023, the moving party may move the CRS reservation

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 26

**22STCV37929**                                                    February 16, 2023
**ESTHER TENDO ATAM vs SOUTHERN CALIFORNIA**                              8:30 AM
**PERMANENTE MEDICAL GROUP (SCPMG), A**
**CALIFORNIA CORPORATION, et al.**

Judge: Honorable Elaine Lu                    CSR: None
Judicial Assistant: E. Lopez                  ERM: None
Courtroom Assistant: P. Aranda                Deputy Sheriff: None

to that earlier hearing date, and the moving party must concurrently file and serve notice of the new hearing date with at least one week notice prior to the new hearing date. Unfortunately, if no sooner date becomes available through CRS than the currently reserved hearing date, the Court's limited resources will not allow for a sooner hearing.

Defendant is to give notice of this order to all parties and file proof of service.

Electronically FILED by Superior Court of California, County of Los Angeles on 02/17/2023 03:29 PM David W. Slayton, Executive Officer/Clerk of Court, by V. Sino-Cruz,Deputy Clerk

Case 2:24-cv-05862-KK-AS    Document 210    Filed 05/31/26    Page 231 of 244    Page ID #:8476

Lisa M. Magorien, Esq. (SBN: 259877)
lmagorien@lbbklaw.com
Michelle Gonzalez, Esq. (SBN: 322626)
mgonzalez@lbbklaw.com
LAGASSE BRANCH BELL + KINKEAD LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121
Telephone: (858) 345-5080
Facsimile: (858) 345-5025

Attorneys for Defendants
SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, CHERYL SURMA,
MICHAEL ZACKOS, MARLA HUNT, WILBERT JONES, XAVIER EDWARDS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ESTHER TENDO ATAM,<br><br>                              Plaintiff,<br><br>        vs.<br><br>SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP (SCPMG), a California corporation, CHERYL SURMA, MICHAEL ZACKOS, MARLA HUNT, WILBERT JONES and XAVIER EDWARDS,<br><br>                              Defendants. | CASE NO.: 22STCV37929<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE § 391.3(B) OR, ALTERNATIVELY, AN ORDER COMPELLING PLAINTIFF TO FURNISH SECURITY PURSUANT TO CODE OF CIVIL PROCEDURE § 391.3(A)**<br><br>Date:   May 9, 2023<br>Time:  8:30 a.m.<br>Judge: Hon. Elaine Lu<br>Dept.:  26<br><br>Complaint filed: 12/05/22<br>Trial date:           Not Set<br><br>RESERVATION ID: 192604497231 |

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND............................................................................... 2

III.    LEGAL ARGUMENT......................................................................................... 5

        A.      Plaintiff's Complaint Must be Dismissed Because Plaintiff is a Vexatious Litigant and the Complaint Has No Merit. ............................................................ 5

                1.      Plaintiff Will Not Prevail on Her Cause of Action for Defamation. .......... 6

                        a.      Plaintiff's Defamation Claim Fails to State Facts Sufficient to State a Cause of Action............................................................... 7

                        b.      Kaiser is Immune from Plaintiff's Defamation Claim under the Civil Code. ......................................................................... 7

                2.      Plaintiff Will Not Prevail on Her Cause of Action for Intentional Infliction of Emotional Distress................................................................ 9

                3.      Plaintiff Will Not Prevail on Her Cause of Action for "Fraud on the Court."................................................................................................ 10

        B.      Plaintiff Must be Ordered to Furnish Security Because There is No Reasonable Probability Plaintiff Will Prevail Against Defendants. ..................... 11

IV.     CONCLUSION.................................................................................................. 11

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA  92121

i

TABLE OF AUTHORITIES

**Cases**

*Alcorn v. Anbro Eng., Inc.* (1970) 2 Cal.3d 493 ............................................................................ 9

*Bierbower v. FHP, Inc.*
  (1999) 70 Cal. App. 4th 1 ........................................................................................................... 8

*Deaile v. General Tel. of CA*
  (1974) 40 Cal.App.3d 841 ........................................................................................................... 8

*Dowling v. Zimmerman*
  (2001) 85 Cal.App.4th 1400 ....................................................................................................... 7

*Gilbert v. Sykes*
  (2007) 147 Cal.App.4th 13 ......................................................................................................... 7

*Hassan v. Mercy Am. River Hosp.*
  (2003) 31 Cal.4th 709 ................................................................................................................. 9

*Hughes v. Pair* (2009) 46 Cal.4th 1035 ................................................................................ 9, 10

*Janken v. GM Hughes Electronics* (1996) 46 Cal.4th 55 ........................................................ 10

*Johnson v. Superior Court*
  (1994) 25 Cal.App.4th 1564 ....................................................................................................... 9

*Lundquist v. Reusser*
  (1994) 7 Cal.4th 1193 ................................................................................................................. 8

*Martin v. Kearney*
  (1975) 51 Cal.App.3d 309 ........................................................................................................... 8

*Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807 .................................. 10

*Smith v. Maldonado* (1992) 72 Cal. App.4th 637 .................................................................. 6, 7

*Vasquez v. Franklin Mgmt. Real estate Fund, Inc.* (2013) 222 Cal.4th 819 ............................ 9

**Statutes**

Cal. Civ. Code § 43.8 ................................................................................................................. 8, 9
Cal. Civ. Code § 47 ..................................................................................................................... 7, 8
Cal. Code of Civil Procedure § 391.3 ................................................................................ 2, 5, 6, 11

**Other Authorities**

5 Witkin, Cal. Proc. 5th
  (2008) Plead, § 739, p. 159 ......................................................................................................... 7

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA  92121

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Esther Atam is a ***vexatious litigant*** who is using this frivolous, bad-faith litigation to harass and impermissibly contact Defendants Southern California Permanente Medical Group (Kaiser), Cheryl Surma, Michael Zackos, Marla Hunt, Wilbert Jones, and Xavier Edwards (collectively "Defendants") in violation of a stipulated restraining order. Plaintiff originally brought a lawsuit against Kaiser Foundation Hospitals in 2021 in Department 57 of the Los Angeles Superior Court.[1] Plaintiff began sending ***written death threats to numerous Kaiser employees*** in 2022, including Ms. Hunt and Ms. Jones, resulting in ***restraining orders to protect those employees***. Plaintiff's two prior attorneys withdrew as counsel following Plaintiff's deeply disturbing behavior and Plaintiff proceeded in pro per. Kaiser Foundation Hospitals thereafter prevailed on summary judgment on July 14, 2022.

On December 9, 2022, the Honorable Steven J. Kleifield in Department 57 of the Los Angeles Superior Court deemed Plaintiff a vexatious litigant following ***14 bad faith, post-judgment motions***. Three days before the hearing to deem Plaintiff a vexatious litigant, Plaintiff filed and served the instant bad-faith Complaint. Plaintiff now absurdly alleges "fraud of the court" and intentional infliction of emotional distress against the Court and Kaiser's counsel stemming from being deemed a vexatious litigant. She also alleges a defamation claim without identifying who made the alleged statement, when the person made the alleged statement, or what the statement even said. Plaintiff does not identify how the statements were false, or whether the statements caused special damage. Further, Plaintiff's defamation claim is predicated on a *privileged* communication to the Board of Registered Nursing (BRN) after Plaintiff sent alarming, threatening communications in the workplace. Plaintiff also impermissibly asks the Court to take judicial notice of *twenty-one* irrelevant exhibits detailing various gripes against her colleagues. On their face, none of Plaintiff's allegations are sufficient

---

[1] This matter was entitled *Esther Atam v. Kaiser Foundation Hospitals, et al.*, Case Number: 21STCV41538, and was overseen by Honorable Steven J. Kleifield in Department 57. Plaintiff was represented by two different counsel. Her last counsel, Brennan Hershey, subsequently sought to be relieved as counsel on March 30, 2022 after learning Plaintiff sent death threats to her former employer and co-workers. (Magorien Decl. ¶ 7, Ex. F.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 391.3(B) OR, ALTERNATIVELY, AN ORDER COMPELLING PLAINTIFF TO FURNISH SECURITY PURSUANT TO CODE OF CIVIL PROCEDURE § 391.3(A)

to establish a cause of action against Defendants.

Plaintiff has since sent numerous death threats to Kaiser's counsel of record, Lisa Magorien, and **Ms. Magorien obtained a Temporary Restraining Order against Plaintiff on January 13, 2023**. (She continues to send threats in violation of the TRO and counsel and Kaiser are working with authorities.) As discussed in detail in Section IV of this Motion, the instant lawsuit was filed to harass Defendants, in violation of the restraining orders, and is blatantly meritless.

Due to Plaintiff's status as a vexatious litigant, the Court has authority to dismiss Plaintiff's meritless Complaint or require Plaintiff furnish security. (California Code of Civil Procedure (CCP) § 391.3.) Defendants request the Court dismiss Plaintiff's Complaint as Plaintiff's claims are subject to dismissal and are filed with the sole intent to harass Defendants, two of which have *existing restraining orders against Plaintiff*. Alternatively, Defendants request the Court order Plaintiff to furnish security as she is a vexatious litigant and has no probability of prevailing on her causes of action.

## II.    FACTUAL BACKGROUND

On November 10, 2021, Plaintiff, through her attorney Gary Carlin Esq., filed the lawsuit entitled *Esther Atam v. Kaiser Foundation Hospitals* Case Number: 21STCV41538.

On February 15, 2022, Mr. Carlin filed a Substitution of Attorney advising the Court that Mr. Brennan Hershey Esq. would assume Plaintiff's representation.

On March 30, 2022, Mr. Hershey filed a Motion to be Relieved as Counsel citing disturbing and frightening death threats from Plaintiff as the primary reason for his withdrawal. (Magorien Decl. ¶ 7, Ex. F.) Mr. Hershey's motion was approved by the Court and Plaintiff proceeded in propria persona.

On July 14, 2022, the Court granted Kaiser Foundation Hospitals' Motion for Summary Judgment, resulting in a dismissal of the prior action.[2] Between July 17, 2022 and November 2, 2022, Plaintiff filed *fourteen* frivolous post-judgment motions.[3]

---

[2] On September 19, 2022, the Court signed and entered KFH's Judgment regarding Dismissal.

[3] In relevant part, Plaintiff filed two Motions for Leave to Amend, a Motion to Take Judicial Notice of the Constitution and private correspondence, a Motion for Discovery Sanctions against non-party BRN, a Motion to

2

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

In addition to her frivolous filings, Plaintiff sent dozens of emails to several Kaiser's employees in 2022, resulting in **Ms. Hunt and Mr. Jones both obtaining restraining orders against Plaintiff**. (Magorien Decl., ¶ 2, Ex. A.) Plaintiff's communications included the following quotes:

- "What happens when I violate your restraining order? Jail Time? Let's see just how dirty this gets…I will take you lower until there is nowhere to hide."

- "Wilbert Jones. This will be a slow deadly decline for you…Please tell me how a restraining order is going to save any of you???"

- "The Bible makes it clear…to touch the anointed means to bring physical harm and/or death."

- "Sarah Poetter has barely three months to be on this earth. This will all die with her and I will get the resolution I am after."

- "Lord have mercy on your wretched souls to think you can attack me and get away with this."

- "Attempt to harm me and by the power of God you will drop dead instantly."

- "Every single person playing with me will suffer incredible Karmic consequences."

- "Miss Lady, Sarah Poetter is dying because she tried to destroy me."

- "May the God of Abraham, Isaac and Jacob strike down and stop you dead in your tracks…"

- "Diana, let me tell you this. Mark my words, 5 years from this date, you will have full blown MS. You will no longer be able to work."

- "I am waiting to be served. Silly fucks. Thinking a restraining order will save you…You will experience the wrath of the universe for tormenting an earth angel."

- "Wilbert Jones, you already know. Everything you put me through, the pain, suffering and turmoil I experienced from your actions, you will experience the same but you will not survive it. The suffering will cause your demise."
- Ms. Atam threatens Ms. Poetter, "You will die a thousand deaths before I die." (Magorien Decl., ¶ 3, Ex. "B".)

On <u>October 28, 2022</u>, Plaintiff emailed her former counsel and copied counsel for Kaiser stating, "perhaps I am wrong but he [Judge Kleifield] does not have much longer on that bench." (Magorien Decl. ¶ 4, Ex. "C".)

Report Fraud predicated on her previous counsel mistakenly filing a Case Management Statement on Plaintiff's behalf, and a Motion to Disqualify Judge Kleifield for allegedly denying Plaintiff's due process rights by ruling against her unmeritorious and frivolous motions.

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 391.3(B) OR, ALTERNATIVELY, AN ORDER COMPELLING PLAINTIFF TO FURNISH SECURITY PURSUANT TO CODE OF CIVIL PROCEDURE § 391.3(A)

On <u>October 29, 2022</u>, Plaintiff sent an overtly threatening email to counsel for Kaiser stating:

> Lisa, you are too easy. I got you cheap. You always take the **bait**.
> *Those daggers you sent my way … they are all reflected back at you.*
> *Make sure you can take the hit. Sarah Potter could not, and it killed her.*
>
> Esther. (*Ibid.* [emphasis in original].)[4]

Plaintiff then continued to send emails addressed to counsel for Kaiser overtly threatening her life. Such emails included the following:

- Lisa, I want you to know that Sarah Poetter was probably 10 times worse than you. She accused me of doing voodoo. It took a minute for her to know she had messed with the wrong person. It was back in Nov 2020; she as told she was a walking cancer. Pancreatic cancer. ***You are a walking time bomb. You will find out what gifts Esther has been working on just for you.*** I do not do voodoo. What I am and what I do is way more sinister than that. People like you need to understand, people like me, walk solo, never bothering anyone, never looking for a fight. ***But we are put on this earth to combat evil fucks such as yourself and your friends. It may take a minute, but you will know.*** That will be all. My message to you is complete. You got an F in Esther master class to heed warning for self-destruction. Now, silence. Esther.

- Lisa, you have played a pretty 'dirty and malicious' game so far. FYI, you cannot now try to 'blackmail' the crooks who hired you in the first place. You will get a taste of your own medicine. 2023 is not looking too good for you. I know, betrayal is the worse, even for someone like you, 'it hurts'.

- You see, my WILL to survive this is MUCH bigger than your desire for destruction Lisa. While you are trying to win and not look like stupido, I am trying to survive, and I do have justified righteous anger for the harm done to me. After all, you did not put me on this earth and you sure as hell have like ZERO say in how I spend my time on this earth. P.s. You chose to fight with a psychotic person. What do you expect? You will get psychotic version and legal version.

- Lisa, Since it appears you have an incomprehensible inability to feel any empathy, compassion or any sort of remorse, I will actively target your fragile ego with clear intent to utterly, completely, devastatingly, demolish, annihilate that ego.

- 2023 will be BRUTAL. (*Ibid.*)

Many of Plaintiff's emails to Kaiser's counsel end with "Let's play' and "You have been warned" or words to that effect. Plaintiff's threatening correspondence to Kaiser's counsel ultimately resulted in her obtaining a TRO against Plaintiff on January 13, 2023. (*Ibid.*)

///

---

[4] Sarah Poetter was the individual defendant in this matter who recently passed away and who Plaintiff thereafter dismissed from the lawsuit.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 391.3(B) OR, ALTERNATIVELY, AN ORDER COMPELLING PLAINTIFF TO FURNISH SECURITY PURSUANT TO CODE OF CIVIL PROCEDURE § 391.3(A)

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

Honorable Steven Kleifield deemed Plaintiff a vexatious litigant on <u>December 9, 2022</u> because Plaintiff has a history of filing frivolous, unmeritorious, and baseless pleadings with the Court, just as she did in this instance. (See Magorien Decl., ¶ 5, Ex. D.) On <u>December 22, 2022,</u> the Court entered Kaiser's Prefiling Order prohibiting Plaintiff from filing ***any new litigation in the courts of California without approval of the presiding judge or justice of the court in which the action is to be filed.*** (See *ibid* [emphasis added].)

### III.   LEGAL ARGUMENT

California Code of Civil Procedure defines a "vexatious litigant" in relevant part, as someone who does the following:

> Has ***previously*** been declared to be a vexatious litigant by a state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence. (CCP § 391(b)(4)[emphasis added].)

California's vexatious litigant statutes were implemented to address plaintiffs who file meritless motions, discovery, and complaints in propria persona. When a plaintiff is deemed a vexatious litigant, a defendant may, at any time before final judgment is rendered, move the court for an order dismissing the litigation or for an order requiring the plaintiff to furnish security. (CCP § 391.3.)

Here, Plaintiff was deemed a vexatious litigant in a prior related case entitled *Esther Atam v. Kaiser Foundation Hospitals* and is therefore considered a vexatious litigant in the instant matter. (Magorien Decl. ¶ 5; see also CCP § 391(b)(4).) Pursuant to the Court's order, Kaiser filed Judicial Council form MC-700 subjecting Plaintiff to a Prefiling Order. (Magorien Decl. ¶ 5, Ex. D.) The Prefiling Order prohibits Plaintiff from filing lawsuits, in propria persona, without first obtaining approval from the presiding judge or justice of the court in which the action is being filed. (See *ibid*.) Plaintiff's instant lawsuit was filed in propria persona, without approval from the presiding judge.

    A.    **Plaintiff's Complaint Must be Dismissed Because Plaintiff is a Vexatious Litigant and the Complaint Has No Merit.**

CCP section 391.3 subdivision (b) pertaining to vexatious litigants provides that, "[i]f, after hearing evidence on the motion, the court determines that the litigation has no merit and has

5

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

been filed for the purposes of harassment or delay, the court ***shall*** order the litigation dismissed. This subdivision shall only apply to litigation filed in a court of this state by a vexatious litigant subject to a prefiling order pursuant to Section 391.7 who was represented by counsel at the time the litigation was filed and who became in propria persona after the withdrawal of his or her attorney." (CCP § 391.3(b) [emphasis added].)

Here, this statute applies to Plaintiff as she is a vexatious litigant pursuant to CCP § 391(b)(4), is subject to a Prefiling Order, and Plaintiff was represented by counsel at the time the related litigation was filed but became in propria persona after Mr. Hershey withdrew as counsel. (See Magorien Decl. ¶¶ 5,7, Exs. D, F.) Plaintiff also has an undisputed history of harassing and threatening behavior. (See Magorien Decl., ¶ 2-6, Exs. A-E.) Further, each of Plaintiff's three causes of action have no merit and are intended solely to harass. Plaintiff creates her own cause of action, "fraud on the court," based upon being deemed a vexatious litigant. Plaintiff predicates her defamation claim on a privileged communication that cannot form the basis of a defamation claim, as a matter of law. Further, Plaintiff's allegations involve the BRN, her former counsel, Hon. Kleifield, and Kaiser's counsel, all of whom are *non-parties* to this action. As pled, Plaintiff's allegations are insufficient to establish a cause of action against Defendants for defamation, intentional infliction of emotional distress, or fraud. Substantively, Plaintiff's Complaint will fail. Each cause of action is discussed in turn.

1.      **Plaintiff Will Not Prevail on Her Cause of Action for Defamation.**

Defamation involves the intentional publication of a statement of fact that is false, *unprivileged*, and has a natural tendency to injure or which causes special damage. (*Smith v. Maldonado* (1992) 72 Cal. App.4th 637, 645.) Plaintiff's first cause of action for defamation fails to state sufficient facts pursuant to Code of Civil Procedure section 430.10. Plaintiff's defamation claim is also incurably flawed because Defendants are immune to such claims under the California Civil Code and California Government Code.

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 391.3(B) OR, ALTERNATIVELY, AN ORDER COMPELLING PLAINTIFF TO FURNISH SECURITY PURSUANT TO CODE OF CIVIL PROCEDURE § 391.3(A)

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

a.      Plaintiff's Defamation Claim Fails to State Facts Sufficient to State a Cause of Action.

Plaintiff's allegations lack the requisite specificity required for a defamation claim. As a matter of law, Plaintiff must plead defamation with factual specificity so that the alleged statement, publication, and defamatory meaning are identified. (See *Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 31; 5 Witkin, Cal. Proc. 5th (2008) Plead, § 739, p. 159.) Conclusory allegations with undefined "words and actions" and "false allegations" lack the specificity required for a defamation cause of action. (*Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1421.)

Plaintiff's allegations of defamation are uncertain, vague, and speculative at best. As a preliminary matter, Plaintiff does not identify which of the Defendants she brings this claim against making it impossible to determine which vague statements are attributable to which Defendant, if any. Further, Plaintiff merely alleges in a single sentence "false information about Plaintiff's mental state was sent to the Board of Registered Nursing." (Compl. ¶ 37.) ***Plaintiff does not identify the person who she claims made the alleged statement (and whether that person was even employed by Kaiser), when the person made the alleged statement, or what the person even said. Plaintiff does not identify why Plaintiff believes the statements were false, or whether the statements cause special damage.*** This is woefully insufficient as a matter of law. (*Smith, supra,* 72 Cal. App.4th at p. 645.) Plaintiff instead predicates her claim on the fact that the BRN invited her to participate in an intervention program. (Compl. ¶ 38.) Plaintiff then claims the BRN, ***a non-party***, issued false allegations that Plaintiff displayed concerning behavior. (Compl. ¶ 38.) This allegation is unrelated to defamation attributed to Defendants, and this claim fails.

b.      Kaiser is Immune from Plaintiff's Defamation Claim under the Civil Code.

In addition to the aforementioned pleading and substantive obstacles, any alleged defamatory statements by Defendants are barred by the common interest privilege set forth in California Civil Code section 47, subdivision (c), which provides a "qualified privilege for communications made without malice in the common interest of the speaker and listener."

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA  92121

7

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

Section 47 provides in relevant part:

> A privileged publication or broadcast is one made: (c) in a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent…(Cal. Civ. Code § 47.)

Thus, this privilege applies when the communicator and the recipient have a common interest, and the communication is reasonably calculated to further that interest. (*Deaile v. General Tel. of CA* (1974) 40 Cal.App.3d 841, 845-850.) Once a defendant establishes that a statement is privileged, the burden shifts to the plaintiff to establish that the statement was made with *malice*.[5] (*Id.* at p. 844; *Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1202.) In *Bierbower v. FHP, Inc.* (1999) 70 Cal. App. 4th 1, the court held that supervisorial employees' statements to human resources as part of an investigation into employee misconduct were privileged under Section 47 and thus could not form the basis of a defamation claim, stating:

> An employer certainly acts reasonably by having a mechanism for forwarding complaints on for an investigation even where there is something suspicious about the complaint…The idea that the formal investigation should be conducted by a firm's human relations or personnel departments rather than the supervisor who first receives the complaint is an eminently reasonable one, if only because it promotes neutrality in any investigation.

(*Id.* at pp. 6-7.)

Here, Kaiser's management and employees have a common interest concerning Plaintiff's job performance and behavioral issues, particularly given her role as a nurse providing direct patient care to patients. Any communication regarding the same only served to further that interest. Thus, the common-interest privilege protects Defendants from a defamation claim.

Defendants are also immune from Plaintiff's defamation claim pursuant to Civil Code section 43.8. This provision provides as follows:

> In addition to the privilege afforded by [Civil Code] Section 47, there shall be no monetary liability on the part of, and no Cause of Action for damages shall arise against, any person on account of the communication of information in the possession of such person to any hospital, hospital medical staff. . . when such

[5] General allegations of malice will not suffice and malice cannot be inferred from the statement itself. Instead, Plaintiff must establish detailed facts showing defendants' ill will toward her. (*Martin v. Kearney* (1975) 51 Cal.App.3d 309, 312; *Lundquist, supra,* at p. 1210-1213.)

8

communication is intended to aid in the evaluation of the qualifications, fitness, character, or insurability of a practitioner of healing arts.

This provision exists to encourage the free exchange of information about health care providers so as to protect public health and safety. (*Johnson v. Superior Court* (1994) 25 Cal.App.4th 1564, 1568-1569, overruled on other grounds in *Hassan v. Mercy Am. River Hosp.* (2003) 31 Ca1.4th 709.) Section 43.8 thus immunizes statements that "aid in the evaluation" of a health care provider, including statements about that health care provider's interpersonal behavior. (*Hassan, supra,* 31 Ca1.4th at p. 714.) Here, the allegedly defamatory statements are statements made to the BRN related to Plaintiff's fitness to practice medicine. Thus, Plaintiff's alleged statements fall squarely within the protections of Section 43.8. Defendants are immune from a cause of action for defamation upon such grounds.

<div align="center">

**2.    Plaintiff Will Not Prevail on Her Cause of Action for Intentional Infliction of Emotional Distress.**

</div>

A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffers severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050-1051.) Specifically, Plaintiff must show Defendants' actions were so extreme and outrageous the conduct should be "regarded as atrocious, and utterly intolerable in a civilized community." (*Alcorn v. Anbro Eng., Inc.* (1970) 2 Cal.3d 493, 499; *Vasquez v. Franklin Mgmt. Real estate Fund, Inc.* (2013) 222 Cal.4th 819, 832 [vituperative language or vindictive conduct must be shown.].)

Here, Plaintiff claims she was subjected to "emotional harm" on two occasions. First, when she was ordered **by the BRN** to undergo a mental examination. (Compl. ¶¶ 42-44.) Second, after counsel for Kaiser filed Plaintiff's threatening emails with the Court in support of Kaiser's vexatious litigant motion. (Compl. ¶ 46.) On their face, Plaintiff's claims fail as the alleged conduct is not attributed to any of the Defendants, but rather the BRN and counsel. Further, the

<div align="left" style="margin-left: 2em;">

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

</div>

<div align="center">9</div>

conduct as alleged clearly not outrageous or intended to inflict injury. (*Hughes, supra,* 46 Cal.4th at p. 1050-1051.) Even if the Court were to assume that someone at Kaiser lodged a report of Plaintiff's behavior to the BRN, this cannot support a claim for intentional infliction of emotional distress as such reporting was necessary for the welfare of society. Plaintiff was a nurse caring for patients while simultaneously demonstrating erratic and threatening behavior in the workplace. (See *Janken v. GM Hughes Electronics* (1996) 46 Cal.4th 55, 80 [management activity is insufficient to support a claim for intentional infliction of emotional distress even if improper motivation is alleged as it is necessary for welfare of society].)

Plaintiff alleges she was subjected to "emotional distress" after counsel for Kaiser filed a declaration with email correspondence from Plaintiff. (See Magorien Decl., ¶ 3-4, Ex. B-C.) Counsel for Kaiser filed this declaration with the Court in support of Kaiser's motion to deem Plaintiff a vexatious litigant. Kaiser cannot be liable if Plaintiff's own words now cause her "emotional distress." Lastly, Plaintiff cannot establish she suffered severe emotional distress. (See *Hughes, supra,* 46 Cal.4th at p. 1051 [discomfort, worry, anxiety, concern, and agitation are insufficient to establish severe motional distress.].) Plaintiff's claim for intentional infliction of emotional distress is baseless, made in bad-faith, and subject to dismissal.

3.    **Plaintiff Will Not Prevail on Her Cause of Action for "Fraud on the Court."**

Plaintiff creates her own fictional cause of action for "fraud on the court." (See Compl. ¶¶ 52-57.) In this claim, Plaintiff alleges (1) counsel for Defendants allegedly colluded with Plaintiff's previous attorney which resulted in the Court dismissing Plaintiff's previous lawsuit, (2) Hon. Steven Kleifield is corrupt because he ruled against Plaintiff, and (3) Kaiser sought to deem Plaintiff a vexatious litigant. (*Ibid*.) First, this cause of action **does not exist.** If Plaintiff is attempting to plead fraud, Plaintiff's allegations do not reasonably suggest Defendants concealed, misrepresented, or deceived Plaintiff. (See *Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807, 1816.) Plaintiff provides no explanation for her claims. Kaiser's motion deeming Plaintiff a vexatious litigant under CCP section 391 cannot not amount to fraud. Indeed, the Court found Kaiser's motion meritorious and deemed Plaintiff a vexatious litigant on

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

10

December 9, 2022. (Magorien Decl., ¶ 5, Ex. D.) Plaintiff's third cause of action is subject to dismissal.

**B.** **Plaintiff Must be Ordered to Furnish Security Because There is No Reasonable Probability Plaintiff Will Prevail Against Defendants.**

Defendants respectfully request this Court dismiss Plaintiff's frivolous Complaint in its entirety. However, if the Court is not inclined to dismiss Plaintiff's Complaint, Defendants respectfully request the Court order Plaintiff to furnish security pursuant to CCP section 391.3, subdivision (a) as there is no reasonable probability Plaintiff will prevail against Defendants as discussed in Sections IV(A)(1-3). (CCP § 391.3, subd. (a).)

## IV.   CONCLUSION

For all the above reasons, Defendants respectfully request the Court grant their Motion and dismiss Plaintiff's Complaint pursuant to CCP § 391.3, subdivision (b). Alternatively, Defendants request the Court order Plaintiff to furnish security pursuant to CCP § 391.3, subdivision (a).

Dated:  February 16, 2023

Lagasse Branch Bell + Kinkead LLP

By: _____
Lisa Magorien
Michelle Gonzalez
Attorneys for Defendants
SOUTHERN CALIFORNIA PERMANENTE
MEDICAL GROUP, CHERYL SURMA,
MICHAEL ZACKOS, MARLA HUNT,
WILBERT JONES, and XAVIER EDWARDS

Lagasse Branch Bell + Kinkead LLP
4365 Executive Drive, Suite 950
San Diego, CA  92121

11