FILED

CLERK, U.S. DISTRICT COURT

06/09/26

CENTRAL DISTRICT OF CALIFORNIA

BY _____AF_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Esther Tendo Atam
13621 Arcturus Ave.
Gardena, CA 90249
Natashchan1@yahoo.com
Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER TENDO ATAM,<br><br>*Plaintiff*<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP; BOARD OF REGISTERED NURSING; LORETTA MELBY; GILLIAN FRIEDMAN; and GARY CARLIN,<br><br>*Defendants* | **Case No.: CV-24-05862-KK-AS**<br><br>**DECLARATION OF ESTHER TENDO ATAM IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

I, Esther Tendo Atam, declare as follows:

### I.    PURPOSE OF THIS DECLARATION AND CLARIFICATION OF THE RECORD

1.    I, ESTHER TENDO ATAM, am the Plaintiff in this action and submit this Declaration in support of Plaintiff's Objections to the Magistrate Judge's Report

1

**DECLARATION OF ESTHER TENDO ATAM**

and Recommendation pursuant to 28 U.S.C. § 636(b)(1). I make this Declaration based upon my personal knowledge, review of the pleadings, declarations, exhibits, administrative records, discovery responses, admissions, and documentary evidence contained within the record of this case.

2.      The purpose of this Declaration is not to present entirely new evidence to this Court. Rather, the purpose of this Declaration is to clarify, summarize, authenticate, and direct the Court's attention to evidence that was already before the Magistrate Judge during consideration of Plaintiff's Motion for Summary Judgment, including evidence submitted pursuant to the Court's supplemental briefing order (**Docket No. 188**) concerning the validity of the Petition and Order for Mental Examination issued under California Business and Professions Code section 820.

3.      Plaintiff respectfully submits that the supplemental briefing ordered by the Court addressed one of the most significant issues presented in this litigation. Specifically, the Court requested that the parties address whether the Petition and Order compelling Plaintiff to undergo a psychiatric examination were issued by an individual authorized by California law to exercise such authority.

4.      Plaintiff complied with that Order and submitted extensive briefing, documentary evidence, administrative records, declarations, and legal authorities demonstrating that serious questions exist regarding the validity of the Section 820 Petition and Order. Plaintiff respectfully submits that the evidence contained within **Docket No. 194** and its supporting exhibits was directly responsive to the Court's Order and therefore constitutes a critical part of the summary judgment record.

5.      Because the Court specifically requested briefing on this issue, Plaintiff respectfully submits that the evidence and arguments contained within Docket No. 194 should be considered part of the record when reviewing Plaintiff's Motion for Summary Judgment and Plaintiff's objections to the Report and Recommendation.

6.      Under 28 U.S.C. § 636(b)(1), a district court must conduct a de novo review of those portions of a Report and Recommendation to which specific objections are made. Plaintiff respectfully requests that the Court undertake such review and consider the evidence discussed herein together with the exhibits attached to Plaintiff's supplemental briefing.

II.      **EXECUTIVE OFFICER LORETTA MELBY'S SWORN TESTIMONY ESTABLISHES THAT SHE DID NOT AUTHOR,**

2

**DECLARATION OF ESTHER TENDO ATAM**

**REVIEW, APPROVE, OR ISSUE THE SECTION 820 PETITION AND ORDER**

7. Among the most important pieces of evidence submitted to the Court was the sworn declaration of Executive Officer Loretta Melby.

8. Prior to the submission of Ms. Melby's declaration, Plaintiff understood that the Petition and Order purported to have been issued in the name of the Executive Officer of the Board of Registered Nursing. Because California Business and Professions Code section 820 specifically references authority exercised by the Executive Officer or the Board, Plaintiff considered it critical to determine whether the Executive Officer personally participated in authorizing the challenged action.

9. Ms. Melby's declaration provided a direct answer to that question. In her sworn testimony, Ms. Melby expressly stated that she did not author the Petition and Order. She further stated that she did not review the Petition and Order before issuance. She further stated that she did not approve the Petition and Order. She further stated that she did not issue the Petition and Order.

10. **Ms. Melby additionally testified that members of the Board of Registered Nursing likewise did not author, review, approve, or issue the challenged Petition and Order. Plaintiff respectfully submits that these statements are highly significant because they directly concern the identity of the governmental official who exercised the authority used to compel Plaintiff to undergo a psychiatric examination.**

11. Ms. Melby's declaration further establishes that the Petition and Order were prepared and issued by Shannon Johnson, Chief of Enforcement for the Board of Registered Nursing. **Plaintiff respectfully submits that this evidence is undisputed because it originates from the sworn declaration of the Executive Officer herself and has not been contradicted by any declaration from Ms. Johnson claiming independent statutory authority to issue the challenged Petition and Order.**

12. **Plaintiff further submits that this testimony was not a minor or collateral issue. Rather, it directly addressed the specific question presented by the Magistrate Judge's supplemental briefing order and concerns the foundational validity of the Section 820 process itself.**

13. Plaintiff respectfully submits that the Report and Recommendation does not fully address the significance of Ms. Melby's admissions or explain how the challenged Petition and Order remained valid despite the Executive Officer's sworn testimony that she neither authored, reviewed, approved, nor issued it.

**DECLARATION OF ESTHER TENDO ATAM**

### III. CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 820 EXPRESSLY IDENTIFIES WHO MAY EXERCISE THE AUTHORITY TO COMPEL AN EXAMINATION

14.     Plaintiff further submits that California Business and Professions Code section 820 is significant because it establishes the statutory framework governing compelled mental and physical examinations of professional licensees.

15.     The authority granted by section 820 is not a routine administrative power. Rather, it is an extraordinary governmental power that permits the State to seek a court order compelling a professional licensee to submit to an involuntary examination based upon allegations concerning competence or fitness to practice. Plaintiff respectfully submits that such authority affects substantial property interests, liberty interests, reputational interests, and professional interests protected by the Due Process Clause of the Fourteenth Amendment.

16.     **Plaintiff's review of section 820 revealed that the statute identifies the Executive Officer or the Board as the governmental actors responsible for initiating and pursuing such actions**. Plaintiff found no language within section 820 expressly granting independent authority to the Chief of Enforcement to issue, authorize, approve, or execute a final Petition and Order under that statute.

17.     **Plaintiff therefore submitted evidence and argument demonstrating that the identity of the official exercising the authority under section 820 was not merely a procedural technicality but rather a jurisdictional issue affecting the validity of the challenged order.**

18.     Plaintiff further submitted authorities recognizing that administrative agencies possess only those powers granted by statute. See Morris v. Williams, 67 Cal. 2d 733, 748, 63 Cal. Rptr. 689, 433 P.2d 697 (1967), holding that administrative agencies may exercise only powers conferred upon them by law. Plaintiff also cited California Drive-In Restaurant Assn. v. Clark, 22 Cal. 2d 287, 302, 140 P.2d 657 (1943), recognizing that administrative action exceeding statutory authority cannot be sustained.

19.     Plaintiff respectfully submits that these principles are directly relevant because the evidence establishes that neither the Executive Officer nor the Board personally exercised the authority reflected in the challenged Petition and Order.

### IV. THE EVIDENCE CONCERNING SHANNON JOHNSON'S ROLE PRESENTS A MATERIAL ISSUE THAT WARRANTS DE NOVO REVIEW

**DECLARATION OF ESTHER TENDO ATAM**

20. Plaintiff further submitted evidence concerning the role of Shannon Johnson, Chief of Enforcement. Plaintiff does not dispute that the Chief of Enforcement may possess significant responsibilities relating to investigations, complaint intake, enforcement oversight, evidence collection, and preparation of disciplinary matters. However, Plaintiff found no statute, regulation, Board resolution, or formal delegation authorizing the Chief of Enforcement to independently exercise the authority specifically identified in Business and Professions Code section 820.

21. Plaintiff further reviewed California Code of Regulations, title 16, section 3004(e), which delegates certain powers to the Executive Officer. Those delegated powers include receiving accusations, issuing notices of hearing, and issuing subpoenas.

22. While the Executive Officer can redelegate certain administrative, business-dispatch duties to subordinates like Chief of Enforcement Shannon Johnson, they cannot delegate non-delegable statutory powers—such as compelling a licensee to take a psychological or physical exam under Section 820—without a vote or specific directive from the Board itself.

23. Plaintiff found no provision within section 3004(e) authorizing the Chief of Enforcement to independently issue a final Petition and Order compelling a mental examination. Plaintiff respectfully submits that the distinction between administrative support functions and jurisdictional statutory authority is critical.

24. California courts have recognized that administrative officers may not assume powers not expressly granted by statute. See Yamaha Corp. of America v. State Bd. of Equalization, 19 Cal. 4th 1, 7-8, 78 Cal. Rptr. 2d 1, 960 P.2d 1031 (1998); Mooney v. Pickett, 4 Cal. 3d 669, 679, 94 Cal. Rptr. 279, 483 P.2d 1231 (1971).

25. Plaintiff respectfully submits that the evidence before the Court raises serious questions regarding whether the challenged Petition and Order were issued by an individual possessing the authority required by statute. Because the validity of the Petition and Order serves as a foundational component of subsequent disciplinary proceedings, Plaintiff respectfully submits that the issue is material and warrants careful review by the District Court.

## V.   ACTIONS TAKEN OUTSIDE STATUTORY AUTHORITY ARE ULTRA VIRES AND WITHOUT LEGAL EFFECT

26. Plaintiff further submits that the authority to compel a psychological examination implicates significant liberty and property interests, including a

**DECLARATION OF ESTHER TENDO ATAM**

professional nursing license protected by the Due Process Clause of the Fourteenth Amendment.

27.    Governmental actions taken beyond statutory authority are ultra vires and subject to invalidation. See Stanson v. Mott, 17 Cal. 3d 206, 210-11, 130 Cal. Rptr. 697, 551 P.2d 1 (1976); Bixby v. Pierno, 4 Cal. 3d 130, 141-43, 93 Cal. Rptr. 234, 481 P.2d 242 (1971).

28.    Plaintiff respectfully submits that the evidence contained within Docket No. 194 raises substantial questions regarding whether the Petition and Order compelling Plaintiff's examination were lawfully authorized under California law. Plaintiff further submits that if the Petition and Order were issued by an individual lacking statutory authority, then the validity of subsequent disciplinary actions flowing from that order becomes a matter of substantial constitutional significance.

## VI.    THE BOARD'S CONTRADICTORY REPRESENTATIONS REGARDING PLAINTIFF'S NOTICE OF DEFENSE

29.    Plaintiff also submitted evidence demonstrating that she timely submitted a Notice of Defense in response to the accusations filed by the Board.

30.    Plaintiff further submitted documentary evidence demonstrating that the Board previously acknowledged receipt of that Notice of Defense. Despite that acknowledgment, the Board later represented that it had "*never received*" Plaintiff's Notice of Defense and proceeded as though no response had been filed.

31.    Plaintiff respectfully submits that these contradictory positions are material because California Government Code sections 11506, 11507, and 11517 guarantee respondents the right to file a Notice of Defense and obtain an administrative hearing before adverse disciplinary action is imposed.

32.    The United States Supreme Court has long recognized that procedural due process requires notice and a meaningful opportunity to be heard before the government deprives an individual of a protected property interest. See Goldberg v. Kelly, 397 U.S. 254, 262-71 (1970); Mathews v. Eldridge, 424 U.S. 319, 332-35 (1976). Plaintiff respectfully submits that the record demonstrates that the Board's inconsistent representations concerning Plaintiff's Notice of Defense deprived Plaintiff of procedural protections guaranteed by both California law and the Fourteenth Amendment.

## VII.    REQUEST FOR DE NOVO REVIEW

**DECLARATION OF ESTHER TENDO ATAM**

**33.**     Plaintiff respectfully requests that the District Court conduct a de novo review of all evidence submitted with this Declaration and in Docket No. 194 and all exhibits attached thereto. Plaintiff further requests that the Court consider the undisputed evidence demonstrating that Executive Officer Melby testified she did not author, review, approve, or issue the challenged Petition and Order and that the action was instead undertaken by Chief of Enforcement Shannon Johnson.

**34.**     Plaintiff respectfully submits that these facts are material because they directly concern whether the challenged examination order was lawfully authorized and whether subsequent proceedings arising from that order complied with constitutional and statutory requirements.

**35.**     Plaintiff therefore respectfully submits this Declaration to ensure that the District Court has a complete and accurate understanding of the evidentiary record when reviewing the Magistrate Judge's Report and Recommendation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9 day of June, 2026, at Gardena, California.

Respectfully submitted,
**/s/ Esther Tendo Atam**

Plaintiff, In Pro Per
13621 Arcturus Ave.
Gardena, CA 90249
Natashchan1@yahoo.com

7

**DECLARATION OF ESTHER TENDO ATAM**

**EXHIBITS:**

**EXHIBIT A**

ROB BONTA
Attorney General of California
JAMIL R. GHANNAM
Acting Supervising Deputy Attorney General
State Bar No. 300730
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7674
  Fax: (916) 322-8288
  E-mail: Jamil.Ghannam@doj.ca.gov
*Attorneys for Defendants State of California, by and
through the Board of Registered Nursing, Loretta
Melby and Gillian Friedman*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

| | |
|---|---|
| **ESTHER TENDO ATAM,** | Case No. 2:24-cv-05862-KK-AGR |
| Plaintiff, | **DECLARATION OF LORETTA MELBY** |
| **v.** | Fed. R. Civ. P. 56 |
| **KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, GILLIAN FRIEDMAN, LORETTA MELBY, THE BOARD OF REGISTERED NURSING AND GARY CARLIN,** | Date: December 2, 2025<br>Time: 10:00 a.m.<br>Courtroom: 550, 5th Floor<br>Judge: The Honorable Alicia G. Rosenberg<br>Trial Date: TBD<br>Action Filed: 7/10/2024 |
| Defendants. | |

I, Loretta Melby, declare as follows:

1.  I am currently employed by defendant State of California, by and through the Board of Registered Nursing, (BRN) and have been since 2014. Since 2020, I have served as the Executive Officer of the BRN. The BRN is an independent agency within the State of California, under the Department of Consumer Affairs.

1

The BRN is the agency vested with the regulation of the practice of registered nursing in the state of California. (Cal. Bus. & Prof. Code, §§ 2701, 2708.1.) Specifically, the BRN is the entity vested with statutory authority to license, regulate, and discipline licensees in the profession of registered nursing within the state of California. As the Executive Officer of the BRN, my duties generally include, but are not limited to: As the Executive Officer of the BRN, my duties generally include, but are not limited to: under the general direction and leadership of the 9-member Board and its Administrative Committee, the Executive Officer (EO) of the Board of Registered Nursing functions as Chief EO who has overall responsibility for the management of the Board's resources and staff. The EO is also responsible for overseeing all aspects of the Boards regulatory requirements in the State of California which includes enforcement of general and advanced nursing practice standards, enforcement of professional conduct, maintenance of a recovery program for impaired nurses, and the requirement of mandatory continuing education and current practices for licensure renewal. As an expert in public policy, the EO is further responsible for interpreting and executing the intent of all Board policies to the public and to other governmental agencies. I have personal knowledge of the facts and opinions made within this declaration, and if called as a witness, I would and could testify competently thereto.

2. I have reviewed and am aware of Plaintiff Esther Atam's allegations against me in this proceeding, specifically, that she alleges I or others at the BRN conspired with unidentified individuals at Kaiser to revoke her nursing license.

3. I did not personally participate in the review of any nursing complaint sent to the BRN concerning Plaintiff's license to practice nursing. I also did not conduct, lead, or participate in the investigation into any complaint sent to the BRN concerning Plaintiff's license to practice nursing.

4. Review of complaints, investigations, and enforcement actions, if any, taken in response to complaints submitted to the BRN are performed by the BRN's

2

Enforcement Division, whose staff is supervised by, respectively, the Chief of Enforcement and Supervising Special Investigator. The BRN employs trained investigators to conduct investigations on behalf of the BRN. The BRN's Chief of Enforcement at the time concerning Plaintiff's license from 2021 to 2023, was Shannon Johnson. The Chief of Enforcement makes the determination concerning complaint and investigative assignments to BRN staff.

5. From 2021 to 2023, I did not have any written or verbal communications with any individuals from Plaintiff's workplace, Kaiser West Los Angeles Medical Center, or the Southern California Permanente Medical Group, regarding the Plaintiff, her work performance, or her capacity to perform the professional functions of a licensed nurse, or otherwise.

6. I did not author, review, or directly approve the Cal. Bus. & Prof. Code, § 820 order compelling an examination to determine fitness to practice regarding Plaintiff, in BRN Case No. 4002021005658. Such review and approval was performed by my designee and Chief of Enforcement, Shannon Johnson.

7. I did not author, review, or approve the Accusation regarding Plaintiff in BRN Case No. 4002021005658. Such review and approval was performed by my designee and Chief of Enforcement, Shannon Johnson.

8. I did not author, review, or determine the Default Decision and Order regarding Plaintiff in BRN Case No. 4002021005658. Such review and approval was performed by my designee and Chief of Enforcement, Shannon Johnson. My name appears in the top right corner bearing the seal of the BRN in order to certify the Default Decision and Order as a verified document of a public agency because such information regarding licenses are generally required to be made publicly available. (Cal. Bus. & Prof. Code, § 27.)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed November 5, 2025, at San Diego, California.

_____
Loretta Melby
Executive Officer
Board of Registered Nursing

LA2024304086
95659792.docx

# CERTIFICATE OF SERVICE

Case Name: **Atam v. Kaiser Foundation Health Plan, Inc., et al**    No.    **2:24-cv-05862-KK-AGR**

I hereby certify that on <u>November 6, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DECLARATION OF DEPUTY ATTORNEY GENERAL JAMIL R. GHANNAM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>November 6, 2025,</u> I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Esther Tendo Atam
13621 Arcturus Avenue
Gardena, CA  90249
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 6, 2025,</u> at Fresno, California.

| | |
|---|---|
| C. Vue | ***/s/ C. Vue*** |
| Declarant | Signature |

LA2024304086
95666488.docx

**EXHIBIT B**



**ROB BONTA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

RONALD REAGAN BUILDING
300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013

Public: (213) 269-6000
Telephone: (213) 269-6294
Facsimile: (916) 731-2126

December 15, 2022

Esther Tenao Atam, RN                                    ‹
13621 Arcturus Ave
Gardena, CA 90249

> Re:    TRANSMIT STIPULATED SURRENDER
> In the Matter of the Accusation Against:
> ESTHER TENAO ATAM
> Board of Registered Nursing Case No. 4002021005658

Dear Ms. Atam:

Enclosed please find a Stipulated Surrender of License and Order to effectuate the surrender of nursing license number 761179 that you requested in your August 8, 2022 letter to Supervising Deputy Attorney General Mr. Rinaldi. Please sign the enclosed settlement where indicated and return it to me no later than 15 days from the date of this letter. An envelope is enclosed for your convenience. We will then request that the Board issue the enclosed Decision and Order adopting the stipulated surrender as its decision in this case.

Should you instead wish to proceed to an administrative hearing on Accusation Case No. 4002021005658, we have been asked by the Office of Administrative Hearings (OAH) to coordinate hearing dates with respondents. Accordingly, please let us know your availability to attend an administrative hearing in the next four months, including any dates that you are unavailable for hearing. I anticipate that the hearing can be completed within ½ day. Please be advised that it is OAH's preference to calendar matters for hearing as soon as possible. Though my office can request that this matter be calendared during a specific range of months, ultimately OAH will set the matter based upon what works best for its calendar.

Sincerely,

*Gillian Friedman*

GILLIAN E. FRIEDMAN
Deputy Attorney General
For    ROB BONTA
Attorney General

GEF:hs
Enclosures: Stipulated Surrender of License
LA2022603755/65624399.docx

ROB BONTA
Attorney General of California
KIM KASRELIOVICH
Supervising Deputy Attorney General
GILLIAN E. FRIEDMAN
Deputy Attorney General
State Bar No. 169207
300 So. Spring Street, Suite 1702
Los Angeles, CA 90013
 Telephone: (213) 269-6294
 Facsimile: (916) 731-2126
*Attorneys for Complainant*

**BEFORE THE**
**BOARD OF REGISTERED NURSING**
**DEPARTMENT OF CONSUMER AFFAIRS**
**STATE OF CALIFORNIA**

| | |
|---|---|
| In the Matter of the Accusation Against: | Case No. 4002021005658 |
| **ESTHER TENAO ATAM**<br>**13621 Arcturus Ave**<br>**Gardena, CA 90249** | **STIPULATED SURRENDER OF**<br>**LICENSE AND ORDER** |
| **Registered Nurse License No. 761179** | |
| Respondent. | |

IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-entitled proceedings that the following matters are true:

**PARTIES**

1.     Loretta Melby, R.N., M.S.N. (Complainant) is the Executive Officer of the Board of Registered Nursing (Board). She brought this action solely in her official capacity and is represented in this matter by Rob Bonta, Attorney General of the State of California, by Gillian E. Friedman, Deputy Attorney General.

2.     Esther Tenao Atam (Respondent) is representing herself in this proceeding and has chosen not to exercise her right to be represented by counsel.

3.     On or about October 8, 2009, the Board issued Registered Nurse License No. 761179 to Respondent. The Registered Nurse License was in full force and effect at all times relevant to

1

the charges brought in Accusation No. 4002021005658 and will expire on September 30, 2023, unless renewed.

### JURISDICTION

4.    Accusation No. 4002021005658 was filed before the Board, and is currently pending against Respondent.  The Accusation and all other statutorily required documents were properly served on Respondent on November 16, 2022.  Respondent timely filed her Notice of Defense contesting the Accusation.  A copy of Accusation No. 4002021005658 is attached as Exhibit A and incorporated by reference.

### ADVISEMENT AND WAIVERS

5.    Respondent has carefully read, and understands the charges and allegations in Accusation No. 4002021005658.  Respondent also has carefully read, and understands the effects of this Stipulated Surrender of License and Order.

6.    Respondent is fully aware of her legal rights in this matter, including the right to a hearing on the charges and allegations in the Accusation; the right to be represented by counsel, at her own expense; the right to confront and cross-examine the witnesses against her; the right to present evidence and to testify on her own behalf; the right to the issuance of subpoenas to compel the attendance of witnesses and the production of documents; the right to reconsideration and court review of an adverse decision; and all other rights accorded by the California Administrative Procedure Act and other applicable laws.

7.    Respondent voluntarily, knowingly, and intelligently waives and gives up each and every right set forth above.

### CULPABILITY

8.    Respondent understands that the charges and allegations in Accusation No. 4002021005658, if proven at a hearing, constitute cause for imposing discipline upon her Registered Nurse License.

9.    For the purpose of resolving the Accusation without the expense and uncertainty of further proceedings, Respondent agrees that, at a hearing, Complainant could establish a factual basis for the charges in the Accusation and that those charges constitute cause for discipline.

2

Respondent hereby gives up her right to contest that cause for discipline exists based on those charges.

10.    Respondent understands that by signing this stipulation she enables the Board to issue an order accepting the surrender of her Registered Nurse License without further process.

## CONTINGENCY

11.    This stipulation shall be subject to approval by the Board.  Respondent understands and agrees that counsel for Complainant and the staff of the Board may communicate directly with the Board regarding this stipulation and surrender, without notice to or participation by Respondent.  By signing the stipulation, Respondent understands and agrees that she may not withdraw her agreement or seek to rescind the stipulation prior to the time the Board considers and acts upon it.  If the Board fails to adopt this stipulation as its Decision and Order, the Stipulated Surrender and Disciplinary Order shall be of no force or effect, except for this paragraph, it shall be inadmissible in any legal action between the parties, and the Board shall not be disqualified from further action by having considered this matter.

12.    The parties understand and agree that Portable Document Format (PDF) and facsimile copies of this Stipulated Surrender of License and Order, including PDF and facsimile signatures thereto, shall have the same force and effect as the originals.

13.    This Stipulated Surrender of License and Order is intended by the parties to be an integrated writing representing the complete, final, and exclusive embodiment of their agreement. It supersedes any and all prior or contemporaneous agreements, understandings, discussions, negotiations, and commitments (written or oral).  This Stipulated Surrender of License and Order may not be altered, amended, modified, supplemented, or otherwise changed except by a writing executed by an authorized representative of each of the parties.

14.    In consideration of the foregoing admissions and stipulations, the parties agree that the Board may, without further notice or formal proceeding, issue and enter the following Order:

## ORDER

IT IS HEREBY ORDERED that Registered Nurse License No. 761179, issued to Respondent Esther Tenao Atam, is surrendered and accepted by the Board.

3

1.    The surrender of Respondent's Registered Nurse License and the acceptance of the surrendered license by the Board shall constitute the imposition of discipline against Respondent. This stipulation constitutes a record of the discipline and shall become a part of Respondent's license history with the Board.

2.    Respondent shall lose all rights and privileges as a registered nurse in California as of the effective date of the Board's Decision and Order.

3.    If Respondent ever files an application for licensure or a petition for reinstatement in the State of California, the Board shall treat it as a petition for reinstatement.  Respondent must comply with all the laws, regulations and procedures for reinstatement of a revoked or surrendered license in effect at the time the petition is filed, and all of the charges and allegations contained in Accusation No. 4002021005658 shall be deemed to be true, correct and admitted by Respondent when the Board determines whether to grant or deny the petition.

4.    If and when Respondent's license is reinstated, she shall pay to the Board costs associated with its investigation and enforcement pursuant to Business and Professions Code section 125.3 in the amount of $1,898.75.  Respondent shall be permitted to pay these costs in a payment plan approved by the Board.  Nothing in this provision shall be construed to prohibit the Board from reducing the amount of cost recovery upon reinstatement of the license.

5.    If Respondent should ever apply or reapply for a new license or certification, or petition for reinstatement of a license, by any other health care licensing agency in the State of California, all of the charges and allegations contained in Accusation, No. 4002021005658 shall be deemed to be true, correct, and admitted by Respondent for the purpose of any Statement of Issues or any other proceeding seeking to deny or restrict licensure.

6.    Respondent shall not apply for licensure or petition for reinstatement for two (2) years from the effective date of the Board's Decision and Order.

### ACCEPTANCE

I have carefully read the Stipulated Surrender of License and Order.  I understand the stipulation and the effect it will have on my Registered Nurse License.   I enter into this

4

Stipulated Surrender of License and Order voluntarily, knowingly, and intelligently, and agree to be bound by the Decision and Order of the Board of Registered Nursing.


DATED: _____        _____
                                       ESTHER TENAO ATAM
                                       *Respondent*


## ENDORSEMENT

The foregoing Stipulated Surrender of License and Order is hereby respectfully submitted for consideration by the Board of Registered Nursing of the Department of Consumer Affairs.

DATED: 12/15/2023 _____        Respectfully submitted,

                                         ROB BONTA
                                         Attorney General of California
                                         KIM KASRELIOVICH
                                         Supervising Deputy Attorney General

                                         *Gillian Friedman*

                                         GILLIAN E. FRIEDMAN
                                         Deputy Attorney General
                                         *Attorneys for Complainant*

LA2022603755
65622947.docx

5

Stipulated Surrender of License (Case No. 4002021005658)

**Exhibit A**

**Accusation No. 4002021005658**

ROB BONTA
Attorney General of California
KIM KASRELIOVICH
Supervising Deputy Attorney General
GILLIAN E. FRIEDMAN
Deputy Attorney General
State Bar No. 169207
300 So. Spring Street, Suite 1702
Los Angeles, CA 90013
 Telephone: (213) 269-6294
 Facsimile: (916) 731-2126
*Attorneys for Complainant*

**BEFORE THE
BOARD OF REGISTERED NURSING
DEPARTMENT OF CONSUMER AFFAIRS
STATE OF CALIFORNIA**

In the Matter of the Accusation Against:

**ESTHER TENAO ATAM
13621 Arcturus Ave
Gardena, CA 90249**

**Registered Nurse License No. 761179**

                                        Respondent.

Case No. 4002021005658

**ACCUSATION**

## PARTIES

1.    Loretta Melby, R.N., M.S.N. (Complainant) brings this Accusation solely in her official capacity as the Executive Officer of the Board of Registered Nursing, Department of Consumer Affairs.

2.    On or about October 8, 2009, the Board of Registered Nursing issued Registered Nurse License Number 761179 to Esther Tenao Atam (Respondent).  The Registered Nurse License was in full force and effect at all times relevant to the charges brought herein and will expire on September 30, 2023, unless renewed.

///

///

1

(ESTHER TENAO ATAM) ACCUSATION

## JURISDICTION

3.    This Accusation is brought before the Board of Registered Nursing (Board), Department of Consumer Affairs, under the authority of the following laws. All section references are to the Business and Professions Code unless otherwise indicated.

4.    Section 2750 provides, in pertinent part, that the Board may discipline any licensee, including a licensee holding a temporary or an inactive license, for any reason provided in Article 3 (commencing with section 2750) of the Nursing Practice Act.

5.    Section 2764 provides, in pertinent part, that the expiration of a license shall not deprive the Board of jurisdiction to proceed with a disciplinary proceeding against the licensee or to render a decision imposing discipline on the license.

## STATUTORY PROVISIONS AND REGULATORY PROVISIONS

6.    Section 820 states:

> Whenever it appears that any person holding a license, certificate or permit under this division or under any initiative act referred to in this division may be unable to practice his or her profession safely because the licentiate's ability to practice is impaired due to mental illness, or physical illness affecting competency, the licensing agency may order the licentiate to be examined by one or more physicians and surgeons or psychologists designated by the agency. The report of the examiners shall be made available to the licentiate and may be received as direct evidence in proceedings conducted pursuant to Section 822.

7.    Section 821 of the Code provides that the licentiate's failure to comply with an order issued under section 820 shall constitute grounds for the suspension or revocation of the licentiate's certificate or license.

## COST RECOVERY

8.    Section 125.3 of the Code provides, in pertinent part, that the Board may request the administrative law judge to direct a licentiate found to have committed a violation or violations of the licensing act to pay a sum not to exceed the reasonable costs of the investigation and enforcement of the case, with failure of the licentiate to comply subjecting the license to not being renewed or reinstated. If a case settles, recovery of investigation and enforcement costs may be included in a stipulated settlement.

///

2

(ESTHER TENAO ATAM) ACCUSATION

## CAUSE FOR DISCIPLINE

### (Failure to Comply with Order to Compel Mental Examination)

9. Respondent is subject to disciplinary action under section 821, in that she failed to comply with an Order issued pursuant to Business and Professions Code Section 820. Specifically, on or about July 14, 2022, pursuant to Business and Professions Code section 820, the Board served an Order Compelling Mental and/or Physical Examination by a physician specializing in psychiatry or psychologist selected by the Board, or its designee, to determine whether Respondent is mentally and/or physically ill to such an extent as to affect her ability to practice as a registered nurse safely. The Order required Respondent to submit to the examiner no later than thirty (30) days after the service of the Order, and provided that if Respondent failed to comply with the Order, her license would be subject to discipline pursuant to section 821. To date, Respondent has failed to comply with the Order.

## PRAYER

WHEREFORE, Complainant requests that a hearing be held on the matters herein alleged, and that following the hearing, the Board of Registered Nursing issue a decision:

1. Revoking or suspending Registered Nurse License Number 761179, issued to Esther Tenao Atam;

2. Ordering Esther Tenao Atam to pay the Board of Registered Nursing the reasonable costs of the investigation and enforcement of this case, pursuant to Business and Professions Code section 125.3; and,

3. Taking such other and further action as deemed necessary and proper.

DATED: November 14, 2022

for LORETTA MELBY, R.N., M.S.N.
Executive Officer
Board of Registered Nursing
Department of Consumer Affairs
State of California
*Complainant*

LA2022603755
65545417.docx

3

(ESTHER TENAO ATAM) ACCUSATION

BEFORE THE
BOARD OF REGISTERED NURSING
DEPARTMENT OF CONSUMER AFFAIRS
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Accusation Against:<br><br>**ESTHER TENAO ATAM**<br>**13621 Arcturus Ave**<br>**Gardena, CA 90249**<br><br>**Registered Nurse License No. 761179**<br><br>Respondent. | Case No. 4002021005658 |

## DECISION AND ORDER

The attached Stipulated Surrender of License and Order is hereby adopted by the Board of

Registered Nursing, Department of Consumer Affairs, as its Decision in this matter.

This Decision shall become effective on _____.

It is so ORDERED _____.

_____

FOR THE BOARD OF REGISTERED NURSING
DEPARTMENT OF CONSUMER AFFAIRS

# EXHIBIT C



I hereby certify the foregoing to be a true copy of the documents on file in our office.

BOARD OF REGISTERED NURSING

Loretta Melby, RN, MSN
Executive Officer

**BEFORE THE
BOARD OF REGISTERED NURSING
DEPARTMENT OF CONSUMER AFFAIRS
STATE OF CALIFORNIA**

| | |
|---|---|
| In the Matter of the Accusation Against:<br><br>**ESTHER TENAO ATAM**<br>**13621 Arcturus Ave**<br>**Gardena, CA 90249**<br><br>**Registered Nurse License No. 761179**<br><br><br><br>                        Respondent. | Case No. 4002021005658<br><br><br>**DEFAULT DECISION AND ORDER**<br><br>[Gov. Code, §11520] |

## FINDINGS OF FACT

1.      On or about November 14, 2022, Complainant Loretta Melby, R.N., M.S.N., in her official capacity as the Executive Officer of the Board of Registered Nursing (Board), Department of Consumer Affairs, filed Accusation No. 4002021005658 against Esther Tenao Atam (Respondent) before the Board of Registered Nursing.  (Accusation attached as Exhibit A.)

2.      On or about October 8, 2009, the Board issued Registered Nurse License No. 761179 to Respondent.  The Registered Nurse License was in full force and effect at all times relevant to the charges brought in Accusation No. 4002021005658 and will expire on September 30, 2023, unless renewed.

///

1

3.    On or about November 16, 2022, Respondent was served by Certified and First Class Mail copies of the Accusation No. 4002021005658, Statement to Respondent, Notice of Defense, Request for Discovery, and Discovery Statutes (Government Code sections 11507.5, 11507.6, and 11507.7) at Respondent's address of record which, pursuant to California Code of Regulations, title 16, section 1409.1, is required to be reported and maintained with the Board. Respondent's address of record was and is:

13621 Arcturus Ave

Gardena, CA 90249.

4.    Service of the Accusation was effective as a matter of law under the provisions of Government Code section 11505(c) and/or Business and Professions Code section 124.

5.    Government Code section 11506(c) states, in pertinent part:

> (c)  The respondent shall be entitled to a hearing on the merits if the respondent files a notice of defense . . .  and the notice shall be deemed a specific denial of all parts of the accusation . . . not expressly admitted.  Failure to file a notice of defense . . . shall constitute a waiver of respondent's right to a hearing, but the agency in its discretion may nevertheless grant a hearing.

6.    The Board takes official notice of its records and the fact that Respondent failed to file a Notice of Defense within 15 days after service upon her of the Accusation, and therefore waived her right to a hearing on the merits of Accusation No. 4002021005658.

7.    California Government Code section 11520(a) states, in pertinent part:

> (a)  If the respondent either fails to file a notice of defense . . .  or to appear at the hearing, the agency may take action based upon the respondent's express admissions or upon other evidence and affidavits may be used as evidence without any notice to respondent . . . .

8.    Pursuant to its authority under Government Code section 11520, the Board finds Respondent is in default.  The Board will take action without further hearing and, based on the relevant evidence contained in the Default Decision Investigatory Evidence Packet in this matter, finds that the charges and allegations in Accusation No. 4002021005658, are separately and severally, found to be true and correct by clear and convincing evidence.

///

///

2

(ESTHER TENAO ATAM) DEFAULT DECISION & ORDER Case No. 4002021005658

**DETERMINATION OF ISSUES**

1.      Based on the foregoing findings of fact, Respondent Esther Tenao Atam has subjected her Registered Nurse License No. 761179 to discipline.

2.      The agency has jurisdiction to adjudicate this case by default.

3.      The Board of Registered Nursing is authorized to revoke Respondent's Registered Nurse License based upon the following violations alleged in the Accusation which are supported by the evidence contained in the Default Decision Investigatory Evidence Packet in this case:

a.      Respondent is subject to disciplinary action under section 821, in that she failed to comply with an Order issued pursuant to Business and Professions Code section 820. The circumstances surrounding the Order Compelling Mental and/or Physical Examination are further outlined in the Accusation, attached herein as Exhibit A.

**ORDER**

IT IS SO ORDERED that Registered Nurse License No. 761179, issued to Respondent Esther Tenao Atam, is revoked.

Pursuant to Government Code section 11520, subdivision (c), Respondent may serve a written motion requesting that the Decision be vacated and stating the grounds relied on within seven (7) days after service of the Decision on Respondent.  The agency in its discretion may vacate the Decision and grant a hearing on a showing of good cause, as defined in the statute.

This Decision shall become effective on    February 3, 2023                     .

It is so ORDERED    January 6, 2023

_____
FOR THE BOARD OF REGISTERED NURSING
DEPARTMENT OF CONSUMER AFFAIRS

65615559.DOCX
DOJ Matter ID:LA2022603755

Attachment:
Exhibit A:  Accusation

3

(ESTHER TENAO ATAM) DEFAULT DECISION & ORDER Case No. 4002021005658

# EXHIBIT D

**CH-100**

# Request for Civil Harassment Restraining Orders

Read *Can a Civil Harassment Restraining Order Help Me? (form CH-100-INFO)* before completing this form. Also fill out *Confidential CLETS Information (form CLETS-001)* with as much information as you know.

*Clerk stamps date here when form is filed.*

**F I L E D**
Clerk of the Superior Court

FEB 07 2023

By: V. Lozano, Clerk
**EAST COUNTY DIVISION**

**(1) Person Seeking Protection**

a. Your Full Name: Loretta Melby          Age: 45

Your Lawyer *(if you have one for this case)*
Name: _____ State Bar No.: _____

Firm Name: _____

*Fill in court name and street address:*

**Superior Court of California, County of San Diego**
☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☑ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

b. Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or email.)*

Address: 1108 La Mesa Ave

City: Spring Valley    State: CA    Zip: 91977

Telephone: 619 322 4515    Fax: _____

Email Address: ~~loretta.melby.caol.arm~~ Loretta.melby@dca.ca.gov

*Court fills in case number when form is filed.*

**Case Number:**
37-2023-00005213-CU-HR-EC

**(2) Person From Whom Protection Is Sought**

Full Name: Esther Tenao Atam          Age: 34

Address *(if known):* 13621 Arcturus Ave

City: Gardena          State: CA    Zip: 90249

**(3) Additional Protected Persons**

a. Are you asking for protection for any other family or household members? ☑ Yes ☐ No   *If yes, list them:*

| Full Name | Gender | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
| Kevin Gillette | M | 47 | ☑ Yes ☐ No | husband |
| Kristen Bass | F | 29 | ☑ Yes ☐ No | daughter |
| Jon Awen | M | 35 | ☑ Yes ☐ No | friend |
|  |  |  | ☐ Yes ☐ No |  |

☐ Check here if there are more persons. Attach a sheet of paper and write "Attachment 3a—Additional Protected Persons" for a title. You may use form MC-025, Attachment.

b. Why do these people need protection? *(Explain below):*

☐ Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 3b—Why Others Need Protection" for a title.

She has threatened "you take from me. I take from you." She knows my home address & I live with these people.

**This is not a Court Order.**

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2023, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9

**Request for Civil Harassment Restraining Orders**
**(Civil Harassment Prevention)**

CH-100, Page 1 of 6
→

| Case Number: |
| --- |
| 37-2023-00005213-CU-HR-EC |

**(4) Relationship of Parties**

How do you know the person in **(2)**? *(Explain below)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 4—Relationship of Parties" for a title.*

She is a licensee. I took her license away as part of my job at the CA Board of Registered Nursing.

**(5) Venue**

Why are you filing in this county? *(Check all that apply)*:

a. ☐ The person in **(2)** lives in this county.
b. ☒ I was harassed by the person in **(2)** in this county.
c. ☒ Other *(specify)*: I live in this county

**(6) Other Court Cases**

a. Have you or any of the persons named in **(3)** been involved in another court case with the person in **(2)**?

☒ Yes ☐ No *(If yes, check each kind of case and indicate where and when each was filed.)*

| | Kind of Case | Filed in *(County/State)* | Year Filed | Case Number *(if known)* |
| --- | --- | --- | --- | --- |
| (1) ☐ | Civil Harassment | | | |
| (2) ☐ | Domestic Violence | | | |
| (3) ☐ | Divorce, Nullity, Legal Separation | | | |
| (4) ☐ | Paternity, Parentage, Child Custody | | | |
| (5) ☐ | Elder or Dependent Adult Abuse | | | |
| (6) ☐ | Eviction | | | |
| (7) ☐ | Guardianship | | | |
| (8) ☐ | Workplace Violence | | | |
| (9) ☐ | Small Claims | | | |
| (10) ☐ | Criminal | | | |
| (11) ☒ | Other *(specify)*: RN License # 761179 revocation | Sacramento, CA | 2022 | 400202105658 |

b. Are there now any protective or restraining orders in effect relating to you or any of the persons in **(3)** and the person in **(2)**? ☒ No ☐ Yes *(If yes, attach a copy if you have one.)*

**(7) Description of Harassment**

Harassment means violence or threats of violence against you, or a course of conduct that seriously alarmed, annoyed, or harassed you and caused you substantial emotional distress. A course of conduct is more than one act.

a. Tell the court about the last time the person in **(2)** harassed you.

(1) When did it happen? *(provide date or estimated date)*: first email received 7/31/2022 continues to escalate through today.

(2) Who else was there? multiple other recipients on the many emails.

**This is not a Court Order.**

Case Number:
37-2023-00005213-CU-HR-EC

(7) a. (3) How did the person in (2) harass you? *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(3)—Describe Harassment" for a title.*

threats are varied states I will send exact note/ ur seven days straight and if anyone still thinks this is just random rant, I guess we shall find out!

States ot will come after me, she will not rest etc.

(4) Did the person in (2) use or threaten to use a gun or any other weapon?

☒ Yes ☐ No *(If yes, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(4)—Use of Weapons" for a title.*

mentioned stabbing in emails

(5) Were you harmed or injured because of the harassment?

☐ Yes ☒ No *(If yes, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(5)—Harm or Injury" for a title.*

(6) Did the police come? ☐ Yes ☒ No    Michael Pawura Investigator #358 Special operations unit DA I investigates had gone to her residence to ask her to stop.

If yes, did they give you or the person in (2) an Emergency Protective Order? ☐ Yes ☒ No    CHP threat assessment unit is involved

If yes, the order protects *(check all that apply):*    Investigate Jeff Legel # 2072A Dignatary Protection Service - South

☐ Me    ☐ The person in (2)    ☐ The persons in (3).    Chris Drouin   Deputy Rancho San Diego Station

*(Attach a copy of the order if you have one.)*    Filed incident report

b. Has the person in (2) harassed you at other times?

☒ Yes ☐ No *(If yes, describe prior incidents and provide dates of harassment below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7b—Previous Harassment" for a title.*

ongoing   escalating again after revocation of RV license 2/3/2013

This is not a Court Order.

**Request for Civil Harassment Restraining Orders**
**(Civil Harassment Prevention)**

Case Number:

37-2023-00005213-CU-HR-EC

## Check the orders you want. ☑

**(8) ☒ Personal Conduct Orders**

I ask the court to order the person in (2) **not** to do any of the following things to me or to any person to be protected listed in (3):

a. ☐ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

b. ☒ Contact the person, either directly or indirectly, in **any** way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by email, by text message, by fax, or by other electronic means.

c. ☒ Other *(specify):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 8c—Other Personal Conduct Orders," for a title.*

Work place - including home office
California Board of Registered Nursing, 1747 N. Market Blvd suite 150, Sacramento CA 95834

*The person in* (2) *will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

**(9) ☒ Stay-Away Orders**

a. I ask the court to order the person in (2) to stay at least 100 yards away from *(check all that apply):*

|     |     |     |     |
| --- | --- | --- | --- |
| (1) ☒ Me. | | (8) ☒ My vehicle. |
| (2) ☒ The other persons listed in (3). | | (9) ☐ Other *(specify):* |
| (3) ☒ My home. | | |
| (4) ☒ My job or workplace. | | |
| (5) ☐ My school. | | |
| (6) ☐ My children's school. | | |
| (7) ☐ My children's place of child care. | | |

b. If the court orders the person in (2) to stay away from all the places listed above, will he or she still be able to get to his or her home, school, or job?  ☒ Yes ☐ No  *(If no, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 9b—Stay-Away Orders," for a title.*

**(10) Firearms (Guns), Firearm Parts, and Ammunition**

Does the person in (2) own or possess any firearms (guns), firearm parts, or ammunition? This includes firearm receivers and frames, and any item that may be used as or easily turned into a receiver or frame (see Penal Code section 16531).    ☐ Yes ☐ No ☒ I don't know

*If the judge grants a protective order, the person in* (2) *will be prohibited from owning, possessing, purchasing, receiving, or attempting to purchase or receive firearms (guns), firearm parts, and ammunition while the protective order is in effect. The person in* (2) *will also be ordered to turn in to law enforcement, or sell to or store with a licensed gun dealer, any firearms (guns) and firearm parts within their immediate possession or control.*

This is not a Court Order.

**Request for Civil Harassment Restraining Orders**
**(Civil Harassment Prevention)**

Case Number:
37-2023-00005213-CU-HR-EC

**(11)** ☒ **Temporary Restraining Order**

I request that a Temporary Restraining Order (TRO) be issued against the person in ② to last until the hearing. I am presenting form CH-110, *Temporary Restraining Order,* for the court's signature together with this *Request.*

Has the person in ② been told that you were going to go to court to seek a TRO against him or her?

☒ Yes ☐ No *(If you answered no, explain why below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 11—Temporary Restraining Order" for a title.*

due t emails rec.

**(12)** ☒ **Request to Give Less Than Five Days' Notice of Hearing**

*You must have your papers personally served on the person in ② at least five days before the hearing, unless the court orders a shorter time for service. (Form CH-200-INFO explains* What Is "Proof of Personal Service"? *Form CH-200,* Proof of Personal Service, *may be used to show the court that the papers have been served.)*

If you want there to be fewer than five days between service and the hearing, explain why below:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 12—Request to Give Less Than Five Days' Notice" for a title.*

Seven day cnal down in emals rec starting 212 for revocatin of license 213/2023

**(13)** ☒ **No Fee for Filing or Service**

a. ☒ There should be no filing fee because the person in ② has used or threatened to use violence against me, has stalked me, or has acted or spoken in some other way that makes me reasonably fear violence.

b. ☒ The sheriff or marshal should serve (notify) the person in ② about the orders for free because my request for orders is based on unlawful violence, a credible threat of violence, or stalking.

c. ☐ There should be no filing fee and the sheriff or marshal should serve the person in ② for free because I am entitled to a fee waiver. *(You must complete and file form FW-001,* Application for Waiver of Court Fees and Costs *.)*

**(14)** ☐ **Lawyer's Fees and Costs**

I ask the court to order payment of my ☐ lawyer's fees ☐ Court costs.

The amounts requested are:

| Item | Amount | Item | Amount |
|------|--------|------|--------|
|      | $      |      | $      |
|      | $      |      | $      |
|      | $      |      | $      |

☐ *Check here if there are more items. Put the items and amounts on the attached sheet of paper or form MC-025 and write "Attachment 14—Lawyer's Fees and Costs" for a title.*

This is not a Court Order.

Case Number:

37-2023-00005213-CU-HR-EC

**(15)** ☐ **Possession and Protection of Animals**

I ask the court to order the following:

a.  ☐  That I be given the sole possession, care, and control of the animals listed below, which I own, possess, lease, keep, or hold, or which reside in my household.
    *(Identify animals by, e.g., type, breed, name, color, sex.)*

_____

_____

I request sole possession of the animals because *(specify good cause for granting order)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 15a—Possession of Animals" for a title.*

_____

_____

_____

b.  ☐  That the person in **(2)** must stay at least_____ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

**(16)** ☐ **Additional Orders Requested**

I ask the court to make the following additional orders *(specify)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 16—Additional Orders Requested," for a title.*

_____

_____

_____

**(17)** Number of pages attached to this form, if any: _____

Date: _____2l6 b023_____

_____ | ▶ _____
Lawyer's name (if any)          |        Lawyer's signature

I declare under penalty of perjury under the laws of the State of California that the information above and on all attachments is true and correct.

Date: ___2l6/2023_____

_Loretta Melby_____ | ▶ _Loretta Melby_____
Type or print your name         |        Sign your name

This is not a Court Order.

**Request for Civil Harassment Restraining Orders**
**(Civil Harassment Prevention)**

# EXHIBIT E

**ROB BONTA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

RONALD REAGAN BUILDING
300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA  90013

Public:  (213) 269-6000
Telephone:  (213) 269-6310
Facsimile:  (916) 731-2126

July 14, 2022

**SENT VIA CERTIFIED AND FIRST CLASS MAIL**

Esther Tenao Atam, RN
13621 Arcturus Ave
Gardena, CA 90249

Re:  **ORDER COMPELLING EXAMINATION**
In the Matter of the Petition and Order Compelling Mental and/or Physical
Examination of: Esther Tenao Atam
OAH No. N/A
Board of Registered Nursing Case No. 4002021005658

Dear Ms. Atam:

My office represents the Board of Registered Nursing (Board).  Enclosed please find a copy of the Board's Petition and Order Compelling Mental and/or Physical Examination as authorized by Business and Professions Code section 820.

Pursuant to the enclosed order, you are directed to submit to an examination by a psychiatrist or psychologist selected by the Board or its designee.  To make the arrangements for such examination, you should contact Kevin Narine at the Board of Registered Nursing at Kevin.Narine@dca.ca.gov as soon as you receive this letter.

Timeliness is crucial because, pursuant to the Order, this examination must take place no later than 30 days from service of the Order.  Refusal or failure to comply with this Order or to cooperate with the examiner to whom you are referred shall, in itself, be grounds for disciplining your license pursuant to Business and Professions Code section 821.

Finally, if you prefer to surrender your Registered Nurse License rather than submit to examination, please be aware that Business and Professions Code section 2751 offers a limited approach to accepting a licensee's surrender based on their impaired practice due to mental or physical illness.  I would be happy to discuss this alternative with you if you are interested in exploring license surrender.

Esther Tenao Atam
July 14, 2022
Page 2

If you have any questions about the enclosed Order or have any difficulty reaching Kevin Narine, please call me directly at (213) 269-6310. Thank you for your anticipated cooperation.

Sincerely,

THOMAS L. RINALDI
Supervising Deputy Attorney General

For    ROB BONTA
Attorney General

TLR:bh
Enclosure

cc: Kevin Narine, Board of Registered Nursing

LA2022601601
65271713.docx

ROB BONTA
Attorney General of California
KIM KASRELIOVICH
Supervising Deputy Attorney General
THOMAS L. RINALDI
Supervising Deputy Attorney General
State Bar No. 206911
300 So. Spring Street, Suite 1702
Los Angeles, CA 90013
  Telephone: (213) 269-6310
  Facsimile: (916) 731-2126
*Attorneys for Petitioner*

BEFORE THE
BOARD OF REGISTERED NURSING
DEPARTMENT OF CONSUMER AFFAIRS
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Petition and Order Compelling Mental and/or Physical Examination of:<br><br>**ESTHER TENAO ATAM**<br>13621 Arcturus Ave<br>Gardena, CA 90249<br><br>Registered Nurse License No. 761179<br><br>Respondent. | Case No. 4002021005658<br><br>**PETITION AND ORDER COMPELLING MENTAL AND/OR PHYSICAL EXAMINATION**<br><br>[Bus. & Prof. Code § 820] |

Petitioner alleges:

## PARTIES

1.     Loretta Melby, R.N., M.S.N. (Petitioner) brings this Petition and Order Compelling Mental and/or Physical Examination solely in her official capacity as the Executive Officer of the Board of Registered Nursing ("Board"), Department of Consumer Affairs.

2.     On or about October 8, 2009, the Board of Registered Nursing issued Registered Nurse License Number 761179 to Esther Tenao Atam (Respondent). The Registered Nurse License was in full force and effect at all times relevant to the charges brought in this Petition and will expire on September 30, 2023, unless renewed.

///

1

Petition and Order Compelling Mental and/or Physical Examination

## JURISDICTION

3. This Petition and Order Compelling Mental and/or Physical Examination is brought before the Board, Department of Consumer Affairs under the authority of the following laws. All section references are to the Business and Professions Code ("Code") unless otherwise indicated.

4. Section 820 of the Code states:

Whenever it appears that any person holding a license, certificate or permit under this division or under any initiative act referred to in this division may be unable to practice his or her profession safely because the licentiate's ability to practice is impaired due to mental illness, or physical illness affecting competency, the licensing agency may order the licentiate to be examined by one or more physicians and surgeons or psychologists designated by the agency. The report of the examiners shall be made available to the licentiate and may be received as direct evidence in proceedings conducted pursuant to Section 822.

5. Section 821 of the Code provides that the licentiate's failure to comply with an order issued under section 820 shall constitute grounds for the suspension or revocation of the licentiate's certificate of license.

6. Section 822 of the Code states:

If a licensing agency determines that its licentiate's ability to practice his or her profession safely is impaired because the licentiate is mentally ill, or physically ill affecting competency, the licensing agency may take action by any one of the following methods:

(a) Revoking the licentiate's certificate or license.

(b) Suspending the licentiate's right to practice.

(c) Placing the licentiate on probation.

(d) Taking such other action in relation to the licentiate as the licensing agency in its discretion deems proper.

The licensing section shall not reinstate a revoked or suspended certificate or license until it has received competent evidence of the absence or control of the condition which caused its action and until it is satisfied that with due regard for the public health and safety the person's right to practice his or her profession may be safely reinstated.

7. Section 2764 of the Code provides, in pertinent part, that the expiration of a license shall not deprive the Board of jurisdiction to proceed with a disciplinary proceeding against the licensee or to render a decision imposing discipline on the license.

///

2

Petition and Order Compelling Mental and/or Physical Examination

## CAUSE FOR MENTAL AND/OR PHYSICAL EXAMINATION
(Possible Mental and/or Physical Illness Impairing Safe Practice)

8.   Respondent's ability to safely practice as a registered nurse may be impaired due to mental and/or physical illness. The circumstances are as follows:

9.   Respondent worked as a per diem nurse at Kaiser Permanente West Los Angeles Emergency Department from January 2020 to October 2020. On or about August 28, 2020, several staff members reported to the manager that Respondent was possibly having a mental breakdown. The manager subsequently met with Respondent, during which she displayed concerning behavior, which included bizarre ideas about voodoo and vampires. This prompted the manager to release Respondent from her licensed duties and request that she submit to a Fitness for Duty exam before she could return to work. Respondent was asked several times to submit to the exam, but she failed to comply and was therefore placed on administrative leave. As a result of her failure to comply, Respondent was subject to termination but before that could occur, she submitted her resignation.

10.   After Respondent separated from Kaiser, she began sending disturbing and threatening emails to various staff members. The emails referenced her being in a crisis, being psychotic, needing therapy, and having extreme rage. Respondent also threatened revenge against her former manager and was asked several times to cease from further communication with Kaiser staff.

11.   Based on the foregoing, Respondent is subject to an order of the Board requiring that Respondent be mentally and physically examined under Code section 820 in that it appears that Respondent may be unable to safely practice as a registered nurse because Respondent's ability to practice is impaired due to mental illness and/or physical illness affecting competency.

### ORDER

In consideration of the foregoing information, it appears that Respondent may be mentally and/or physically ill to the extent that Respondent's competency to practice safely as a registered nurse is impaired.

IT IS THEREFORE ORDERED, under Business and Professions Code section 820:

3

1.    That Respondent Esther Tenao Atam shall submit to a mental and/or physical examination conducted by a physician specializing in psychiatry or a psychologist selected by the Board, or its designee, to determine whether Respondent is mentally and/or physically ill to such an extent as to affect her ability to practice as a registered nurse safely;

2.    That the examination(s) of Respondent shall be conducted at a time that is mutually convenient to Respondent and the examiner selected by the Board, but in no case later than thirty (30) days after the service of this Order;

3.    That the examination(s) shall continue from day to day until completed, and shall include any and all examinations and tests ordered and/or conducted by the examining psychiatrist or psychologist as considered necessary in their professional judgment.  The results of said examination(s) shall be reported by the examiner(s) in a detailed written report, setting forth their findings and conclusions, whereupon such reports shall be delivered to the Executive Officer of the Board, with a copy of said report(s) to be provided to Respondent; and

4.    That the failure of Respondent to comply with this Order by either refusing or failing to submit to the examinations, or by refusing or failing to cooperate with the examiners, shall constitute grounds for disciplinary action against her Registered Nurse License, pursuant to Business and Professions Code section 821.

IT IS SO ORDERED THIS _____13th_____ day of _____July_____, 2022.

_Sharron Johnson_
_for_ LORETTA MELBY, R.N., M.S.N.
Executive Officer
Board of Registered Nursing
Department of Consumer Affairs
State of California
*Petitioner*

LA2022601601
65259714.docx

4

Petition and Order Compelling Mental and/or Physical Examination

## DECLARATION OF SERVICE BY CERTIFIED MAIL AND FIRST CLASS MAIL
(Separate Mailings)

Case Name:    **In the Matter of the Petition for 820 Examination of: Esther Tenao Atam**

Case No.:    **4002021005658**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On July 14, 2022, I served the attached **COVER LETTER; PETITION AND ORDER COMPELLING MENTAL AND/OR PHYSICAL EXAMINATION** by placing a true copy thereof enclosed in a sealed envelope as certified mail with return receipt requested, and another true copy of the **COVER LETTER; PETITION AND ORDER COMPELLING MENTAL AND/OR PHYSICAL EXAMINATION** was enclosed in a second sealed envelope as first class mail in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA  90013-1230, addressed as follows:

Esther Tenao Atam
13621 Arcturus Ave
Gardena, CA 90249
*Respondent*

**Certified Article Number**

9414 7266 9904 2178 2445 26

**SENDER'S RECORD**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 14, 2022, at Los Angeles, California.

_____
Declarant

_____
Signature

LA2022601601
65271776.docx