Esther Tendo Atam
13621 Arcturus Ave.
Gardena, CA 90249
Natashchan1@yahoo.com
Plaintiff in Pro Per



FILED

CLERK, U.S. DISTRICT COURT

06/30/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____AF_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER TENDO ATAM, <br><br> *Plaintiff* <br><br> vs. <br><br> KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP; BOARD OF REGISTERED NURSING; LORETTA MELBY; GILLIAN FRIEDMAN; and GARY CARLIN, <br><br> *Defendants* | **Case No.: CV-24-05862-KK-AS** <br><br> **PLAINTIFF'S REPLY TO BRN DEFENDANTS' OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT** <br><br><br><br><br><br><br> Hon. Judge Kenley Kiya Kato |

## I.    INTRODUCTION

1.    Plaintiff respectfully submits this Reply to demonstrate that the BRN Defendants' Opposition fails as a matter of law. Defendants do not defend the merits of the Court's prior ruling, nor do they counter the specific legal errors identified in Plaintiff's Motion. Instead, they seek to avoid review by arguing that Plaintiff utilized the incorrect procedural vehicle. This argument fails. It is well settled in the Ninth Circuit and under the Federal Rules of Civil Procedure that

1

**PLAINTIFF'S REPLY TO BRN DEFENDANTS' OPPOSITION TO MOTION TO
ALTER OR AMEND JUDGMENT**

courts look to the substance of a motion, not its label, and retain broad authority to reconsider rulings before litigation ends.

## II.    THE    BRN    DEFENDANTS    MISCHARACTERIZE    THE PROCEDURAL POSTURE OF THIS CASE

2.      The BRN Defendants first contend that Plaintiff's motion is procedurally improper because "the Court has not entered final judgment in this action" and therefore Rule 59(e) is unavailable. That argument is incomplete and overlooks the unique procedural posture presented here.

3.      On June 17, 2026, this Court entered an order dismissing every claim asserted against the Board of Registered Nursing, Loretta Melby, and Gillian Friedman. As to those Defendants, nothing remained pending before the Court. The dismissal fully resolved all claims asserted against them and effectively terminated their participation in this litigation. Plaintiff thereafter filed the present motion on June 22, 2026—only five days after entry of the dismissal order and well within Rule 59(e)'s twenty-eight-day deadline.

4.      Accordingly, Plaintiff's motion was timely under any conceivable interpretation of Rule 59. The BRN Defendants do not dispute timeliness. Instead, they argue only that the absence of an overall final judgment deprives this Court of authority to revisit its own dismissal order. That proposition is legally incorrect.

## III.    EVEN IF RULE 59(E) DOES NOT TECHNICALLY APPLY, RULE 54(B) EXPRESSLY AUTHORIZES THIS COURT TO RECONSIDER ITS PRIOR ORDER

5.      Assuming solely for purposes of argument that the June 17, 2026 dismissal order is deemed interlocutory because claims remain pending against other Defendants, the BRN Defendants' argument still fails.

6.      Federal Rule of Civil Procedure 54(b) expressly provides that:

Any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties **may be revised at any time** before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

7.      Thus, Rule 54(b) expressly preserves the District Court's continuing jurisdiction to reconsider and modify interlocutory rulings whenever justice requires. Plaintiff expressly raised this alternative basis in her motion.

2

**PLAINTIFF'S REPLY TO BRN DEFENDANTS' OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT**

**8.** Federal courts routinely construe motions according to their substance rather than the caption placed upon them by a litigant, particularly where the moving party proceeds without counsel. A motion incorrectly labeled under Rule 59 may properly be treated as a motion for reconsideration under Rule 54(b) if the order challenged remains interlocutory. Consequently, even accepting Defendants' procedural premise, dismissal of Plaintiff's motion would elevate technical form over the Federal Rules' longstanding preference that cases be decided on their merits.

**9.** Simply put, whether analyzed under Rule 59(e), Rule 54(b), or the Court's inherent authority to reconsider interlocutory rulings, this Court unquestionably possesses jurisdiction to revisit its prior dismissal.

### IV.    DEFENDANTS' RELIANCE ON KAREEM IS MISPLACED

**10.** The BRN Defendants next rely upon **Kareem v. F.D.I.C., 811 F. Supp. 2d 279 (D.D.C. 2011)** to argue that Plaintiff cannot seek relief under Rule 59 because no trial occurred.

**11.** Their reliance is misplaced.

**12.** *Kareem* addressed Rule 59(a), which governs motions for a new trial. Plaintiff has not requested a new trial because no trial has occurred. Rather, Plaintiff seeks reconsideration of a Rule 12(b)(6) dismissal entered before summary judgment, or trial.

**13.** Rule 59(a) and Rule 59(e) serve fundamentally different purposes. Rule 59(a) concerns new trials following verdicts or bench trials. Rule 59(e), by contrast, authorizes alteration or amendment of judgments to correct manifest errors of law or fact, prevent manifest injustice, or consider newly discovered evidence. Plaintiff's motion falls squarely within the latter category.

**14.** Therefore, *Kareem* provides no support for Defendants' position because it addresses an entirely different subsection of Rule 59 and materially different procedural circumstances.

### V.    WMX TECHNOLOGIES CONCERNS APPELLATE JURISDICTION—NOT THIS COURT'S POWER TO RECONSIDER ITS OWN ORDERS

**15.** The BRN Defendants also rely upon **WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)** for the proposition that Plaintiff must wait

3

**PLAINTIFF'S REPLY TO BRN DEFENDANTS' OPPOSITION TO MOTION TO
ALTER OR AMEND JUDGMENT**

until final judgment before seeking relief.

16. Again, Defendants misapply controlling authority.

17. *WMX* Technologies concerns appellate jurisdiction under 28 U.S.C. § 1291 and explains when a litigant may immediately appeal to the Ninth Circuit. It does not limit a district court's authority to reconsider, revise, or vacate its own interlocutory orders before entry of final judgment.

18. Plaintiff is not presently seeking appellate review. Plaintiff has not filed a Notice of Appeal. Plaintiff instead asks this Court—the very court that entered the dismissal order—to exercise its well-established authority to correct legal error before the case proceeds further.

19. Those are entirely different procedural questions.

20. Accordingly, *WMX* Technologies does not support denial of Plaintiff's motion because it addresses appellate jurisdiction, not a district court's reconsideration authority under Rule 54(b) or its inherent power to revise interlocutory decisions.

## VI. DEFENDANTS ENTIRELY FAIL TO ADDRESS THE SUBSTANTIVE ERRORS IDENTIFIED IN PLAINTIFF'S MOTION

21. Notably absent from Defendants' opposition is any meaningful response to the substantive legal errors identified in Plaintiff's Motion to Alter or Amend Judgment.

22. Rather than defend the correctness of the dismissal itself, Defendants rely exclusively upon procedural objections. They do not dispute Plaintiff's assertions concerning the Court's alleged misapprehension of material facts, overlook of controlling authority, or manifest legal error. Nor do they meaningfully address Plaintiff's contention that reconsideration is necessary to prevent manifest injustice.

23. The failure to confront the merits of Plaintiff's motion underscores that Defendants seek dismissal on procedural grounds alone because they cannot adequately defend the underlying ruling.

24. **The Omission and the Purpose of Rule 59(e)**. Defendants' opposition entirely ignores the significance of Plaintiff's concurrently filed Request

4

**PLAINTIFF'S REPLY TO BRN DEFENDANTS' OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT**

for Judicial Notice (Doc. No. 216), which seeks recognition of controlling adjudicative facts already contained within this Court's own record. Rule 59(e) exists precisely to permit a district court to correct manifest errors of law or fact before those errors become final. See *School District No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that Rule 59(e) permits reconsideration to correct clear error or prevent manifest injustice). Here, Plaintiff has identified critical evidence that was already before the Court but was not properly considered in resolving the BRN Defendants' motion.

**25.     The Mandatory Command of Rule 201(c)(2).** Federal Rule of Evidence 201(c)(2) removes any discretionary barrier to this correction by providing that a court ***must*** take judicial notice when a party requests it and supplies the necessary information. The use of the mandatory term "must" reflects Congress's intent that courts recognize indisputable adjudicative facts when the Rule's requirements are satisfied. The evidence Plaintiff asks the Court to notice consists of official filings and materials already contained within the Court's own record, the authenticity and accuracy of which cannot reasonably be questioned.

**26.     The Obligation to Reconsider and Lack of Rebuttal.** Because these judicially noticeable facts directly undermine the factual and legal premises upon which dismissal was entered, the Court has both the authority under Rule 59(e) and the obligation under Rule 201(c)(2) to reconsider its prior ruling. Defendants' failure to address either the mandatory nature of Rule 201(c)(2) or the controlling significance of the judicially noticeable record leaves Plaintiff's showing of manifest error entirely unrebutted.

## VII.     THE FOOTNOTE REGARDING THE SECOND AMENDED COMPLAINT IS IMPROPER AND IRRELEVANT

**27.     Finally,** Defendants devote a footnote to asserting that Plaintiff's recently filed Second Amended Complaint is "of null effect" and that they will not respond to it.

**28.     That** issue is not before the Court.

**29.     The** only matter presently before this Court is Plaintiff's Motion to Alter or Amend Judgment. Whether Plaintiff's subsequently filed pleading is procedurally effective is a separate issue that may be addressed, if necessary, through the appropriate procedural mechanisms.

**30.     The** inclusion of that footnote serves no legitimate purpose in

5

**PLAINTIFF'S REPLY TO BRN DEFENDANTS' OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT**

resolving the instant motion and should therefore be disregarded as irrelevant.

## VIII.   CONCLUSION

**31.**   The BRN Defendants' opposition rests entirely upon an incorrect procedural premise. Plaintiff timely sought reconsideration within five days of the dismissal order. Even assuming Rule 59(e) is deemed technically inapplicable, Rule 54(b) expressly authorizes this Court to revise interlocutory orders at any time before final judgment. Neither **Kareem** nor **WMX Technologies** limits this Court's authority to reconsider its own rulings, and Defendants cite no authority holding otherwise.

**32.**   Because this Court retains jurisdiction to revisit its dismissal order, and because Defendants have failed to address the substantive legal errors identified in Plaintiff's motion, the Court should reject Defendants' procedural objections, construe Plaintiff's motion under the appropriate Federal Rule if necessary, and grant Plaintiff's Motion to Alter or Amend Judgment.

Respectfully submitted,
**/s/ Esther Tendo Atam**

Plaintiff, In Pro Per
13621 Arcturus Ave.
Gardena, CA 90249
Natashchan1@yahoo.com

6

**PLAINTIFF'S REPLY TO BRN DEFENDANTS' OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT**