Esther Tendo Atam
13621 Arcturus Ave.
Gardena, CA 90249
Natashchan1@yahoo.com
Plaintiff in Pro Per



FILED

CLERK, U.S. DISTRICT COURT

06/30/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____AF_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER TENDO ATAM,<br><br>*Plaintiff*<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP; BOARD OF REGISTERED NURSING; LORETTA MELBY; GILLIAN FRIEDMAN; and GARY CARLIN,<br><br>*Defendants* | **Case No.: CV-24-05862-KK-AS**<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF REGARDING CLERICAL OMISSIONS, CORRECTION OF THE OFFICIAL DOCKET, AND REQUEST FOR AN ORDER DIRECTING THE CLERK OF COURT TO DOCKET PLAINTIFF'S COMPLETE SUBMISSIONS**<br><br>Hon. Judge Kenly Kiya Kato |

## I.    INTRODUCTION

1.    Plaintiff Esther Tendo Atam respectfully submits this Ex Parte Application seeking limited administrative relief concerning documented omissions and irregularities affecting the Court's electronic docket.

2.    This Application does not request reconsideration of any judicial

1

**PLAINTIFF'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF REGARDING CLERICAL OMISSIONS, CORRECTION OF THE OFFICIAL DOCKET, AND REQUEST FOR AN ORDER DIRECTING THE CLERK OF COURT TO DOCKET PLAINTIFF'S COMPLETE SUBMISSIONS**

ruling, nor does it seek relief on the merits of any pending motion. Instead, Plaintiff requests the Court's intervention to ensure that the official docket accurately reflects documents that Plaintiff timely submitted through the Court's Electronic Document Submission ("EDS") system but which were either omitted from the docket or processed in a manner inconsistent with Plaintiff's documented submissions.

3. Federal courts possess the inherent authority to supervise the administration of their dockets, correct clerical errors, and ensure that the official record accurately reflects the proceedings before the Court. Plaintiff respectfully requests the Court exercise that authority here because the present record demonstrates two separate filing irregularities occurring approximately four years apart, each involving documents timely submitted through EDS that were not fully reflected on the Court's docket.

4. Unless corrected, these omissions create an incomplete procedural record and risk prejudice by preventing the docket from accurately reflecting Plaintiff's filings and compliance with the Court's orders.

## II. STATEMENT OF FACTS

### A. PLAINTIFF'S JUNE 22, 2026 RULE 59 SUBMISSION

5. On June 22, 2026, Plaintiff electronically submitted three separate documents through the Court's Electronic Document Submission system in connection with Plaintiff's Motion pursuant to Rule 59 of the Federal Rules of Civil Procedure.

6. Those submissions consisted of:

a) Plaintiff's Rule 59 Motion;

b) Plaintiff's Proposed Order; and

c) Plaintiff's separately-filed Request to Take Judicial Notice.

7. Each document was transmitted as an independent filing accompanying Plaintiff's Rule 59 Motion.

8. On June 29, 2026, the Clerk of Court docketed Plaintiff's Rule 59 Motion together with the Proposed Order.

**PLAINTIFF'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF REGARDING CLERICAL OMISSIONS, CORRECTION OF THE OFFICIAL DOCKET, AND REQUEST FOR AN ORDER DIRECTING THE CLERK OF COURT TO DOCKET PLAINTIFF'S COMPLETE SUBMISSIONS**

**9.**   However, Plaintiff's separately submitted Request to Take Judicial Notice was never docketed.

**10.**   Plaintiff retained a true and correct copy of the omitted filing, attached hereto as **Exhibit D**.

**11.**   To Plaintiff's knowledge, no deficiency notice was issued regarding the Request to Take Judicial Notice, nor was Plaintiff advised that any further action was required.

**12.**   **As a result, Plaintiff's Rule 59 submissions remain incomplete on the official docket despite Plaintiff having timely submitted all accompanying documents.**

**B.**   **PLAINTIFF'S JUNE 2026 SUBMISSION OF THE SECOND AMENDED COMPLAINT**

**13.**   On June 17, 2026, this Court issued a Minute Order directing Plaintiff to submit a Second Amended Complaint no later than July 15, 2026.

**14.**   Plaintiff promptly prepared the Second Amended Complaint and submitted it through the Court's Electronic Document Submission system well before the Court-imposed deadline.

**15.**   On June 28, 2026, Plaintiff received an email from the Clerk's Office stating that "nothing was attached" to Plaintiff's electronic submission and advising that no action would be taken.

**16.**   A true and correct copy of that communication is attached as **Exhibit A**.

**17.**   Upon receiving that notification, Plaintiff immediately acted to ensure complete compliance with the Court's scheduling order.

**18.**   On June 28, 2026, Plaintiff resubmitted the complete Second Amended Complaint through EDS under Transaction No. **260628-003-4563**.

**19.**   Immediately thereafter, Plaintiff transmitted a copy of the Second Amended Complaint to all Defendants via electronic mail.

**20.**   A true and correct copy of that correspondence is attached as **Exhibit B**.

3

**PLAINTIFF'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF REGARDING CLERICAL OMISSIONS, CORRECTION OF THE OFFICIAL DOCKET, AND REQUEST FOR AN ORDER DIRECTING THE CLERK OF COURT TO DOCKET PLAINTIFF'S COMPLETE SUBMISSIONS**

**21.** Plaintiff further notified Chambers by email that the June 28, 2026 submission under **EDS Transaction No. 260628-003-4563** constituted Plaintiff's intended operative filing and was submitted to ensure timely compliance with the Court's June 17, 2026 Minute Order.

**22.** A true and correct copy of that correspondence is attached as **Exhibit C**.

**23.** Plaintiff therefore took every reasonable step available to ensure that the Court, opposing counsel, and Chambers received the operative pleading before expiration of the filing deadline.

### C.    SUBSEQUENT DOCKET ACTIVITY

**24. Following Plaintiff's corrective submission and notification to Chambers, Docket Entry No. 214 was created.**

**25.** Plaintiff respectfully believes that Docket Entry No. 214 does not accurately reflect Plaintiff's intended operative submission.

**26.** The current docket therefore presents an incomplete and potentially confusing procedural history regarding Plaintiff's Second Amended Complaint.

**27.** Plaintiff respectfully submits that clarification of the official record will assist both the Court and the parties by ensuring that the docket accurately reflects Plaintiff's intended filing and timely compliance with the Court's order.

**28.** The present Application is therefore directed solely toward correcting the administrative record and preserving the accuracy of the Court's docket.

### III.    **LEGAL STANDARD**

**29.** A. Federal Courts Possess Inherent Authority to Supervise Their Dockets and Preserve the Integrity of the Judicial Record

**30.** Federal courts possess inherent authority, independent of any statute or rule, to supervise the administration of cases before them, manage their dockets, and ensure the orderly and efficient disposition of litigation. This inherent authority includes the power to ensure that the Court's official records accurately reflect the proceedings that have occurred and the documents that have been submitted by the parties.

**PLAINTIFF'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF REGARDING CLERICAL OMISSIONS, CORRECTION OF THE OFFICIAL DOCKET, AND REQUEST FOR AN ORDER DIRECTING THE CLERK OF COURT TO DOCKET PLAINTIFF'S COMPLETE SUBMISSIONS**

**31.** The Supreme Court has repeatedly recognized that "[i]t has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,'" including the authority to manage proceedings and preserve the integrity of the judicial process. Dietz v. Bouldin, 579 U.S. 40, 45 (2016) (quoting United States v. Hudson, 11 U.S. (7 Cranch) 32, 34 (1812)). Likewise, the Supreme Court has held that every federal district court possesses the inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962).

**32.** These inherent powers are not limited to resolving disputes between litigants. They also encompass the Court's responsibility to supervise the maintenance of its own docket, ensure that filings are accurately reflected in the official record, correct administrative irregularities, and preserve public confidence in the judicial process. As the Supreme Court explained in Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991), federal courts possess inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

**33.** The Ninth Circuit has likewise recognized that district courts possess broad inherent authority to protect the integrity of judicial proceedings and to supervise the conduct of litigation before them. See Fink v. Gomez, 239 F.3d 989, 991-93 (9th Cir. 2001). This supervisory authority necessarily includes ensuring that the Court's docket accurately reflects the filings presented by litigants and correcting administrative errors that may affect the completeness of the record.

### IV.   LEGAL ARGUMENTS

### A.   RULE 60(a) AUTHORIZES CORRECTION OF CLERICAL MISTAKES AND OMISSIONS AFFECTING THE RECORD

**34.** Federal Rule of Civil Procedure 60(a) provides:

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.

**35.** The purpose of Rule 60(a) is to permit correction of clerical errors and administrative oversights so that the record accurately reflects what actually

**PLAINTIFF'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF REGARDING CLERICAL OMISSIONS, CORRECTION OF THE OFFICIAL DOCKET, AND REQUEST FOR AN ORDER DIRECTING THE CLERK OF COURT TO DOCKET PLAINTIFF'S COMPLETE SUBMISSIONS**

occurred. The Rule distinguishes between clerical or ministerial errors—which may be corrected at any time—and substantive judicial decisions, which are governed by other procedural rules. See Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987) ("Rule 60(a) allows a court to correct clerical mistakes and oversights that cause the judgment to fail to reflect what was intended at the time of trial.").

36.    The Ninth Circuit has further explained that Rule 60(a) applies whenever the record fails to accurately memorialize the Court's or the parties' actions because of clerical oversight or omission. See Tattersalls, Ltd. v. DeHaven, 745 F.3d 1294, 1297-98 (9th Cir. 2014). The Rule serves an important administrative function by allowing courts to ensure that the official record faithfully reflects the actual proceedings before the Court without altering the substantive rights of any party.

37.    Here, Plaintiff does not seek reconsideration of any judicial determination. Rather, Plaintiff requests correction of administrative omissions so that the Court's docket accurately reflects Plaintiff's timely submissions and compliance with the Court's filing procedures.

**B.    THE COURT HAS BROAD EQUITABLE AUTHORITY TO CORRECT THE RECORD AND ENTER APPROPRIATE NUNC PRO TUNC RELIEF**

38.    Federal courts possess equitable authority to issue nunc pro tunc orders when necessary to make the record accurately reflect actions that previously occurred but were not properly recorded due to clerical oversight or administrative error. The purpose of a nunc pro tunc order is not to rewrite history but to ensure that the official record truthfully memorializes historical events.

39.    The Supreme Court has explained that nunc pro tunc relief is appropriate to reflect what actually occurred rather than to create a legal fiction. See Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano, 589 U.S. 57, 61 (2020) ("Federal courts may issue nunc pro tunc orders to reflect the reality of what has already occurred."). When supported by competent evidence demonstrating that an act occurred but was not properly reflected in the record, courts may direct that the record be corrected to correspond with the historical facts.

40.    Accordingly, where documentary evidence establishes that a filing

**PLAINTIFF'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF REGARDING CLERICAL OMISSIONS, CORRECTION OF THE OFFICIAL DOCKET, AND REQUEST FOR AN ORDER DIRECTING THE CLERK OF COURT TO DOCKET PLAINTIFF'S COMPLETE SUBMISSIONS**

was timely submitted but omitted from the official docket through administrative oversight, the Court possesses equitable authority to direct that the filing be entered nunc pro tunc to the date of its original submission, thereby preserving the completeness and accuracy of the judicial record without affecting the substantive rights of the parties.

## C. THE COURT'S AUTHORITY UNDER THE ALL WRITS ACT SUPPORTS ORDERS NECESSARY TO PROTECT THE INTEGRITY OF ITS PROCEEDINGS

41.    Congress has authorized federal courts to issue orders necessary to aid their jurisdiction and protect the integrity of judicial proceedings through the All Writs Act, 28 U.S.C. § 1651(a), which provides:

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

42.    The All Writs Act empowers federal courts to issue orders necessary to preserve their ability to administer justice effectively and to ensure that judicial proceedings are conducted upon an accurate and complete record. Although the Act does not create an independent source of jurisdiction, it authorizes courts to enter orders reasonably necessary to protect existing jurisdiction and the integrity of pending proceedings. See Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 40-43 (1985).

43.    Where administrative irregularities threaten the completeness or accuracy of the official record, an order directing review and correction of the docket falls within the Court's authority to protect its proceedings and ensure meaningful judicial review.

## D. GOOD CAUSE EXISTS FOR ADMINISTRATIVE RELIEF

44.    The relief requested in this Application is narrow, procedural, and administrative. Plaintiff does not ask the Court to revisit any substantive ruling or adjudicate the merits of any claim. Instead, Plaintiff seeks only to ensure that the Court's official docket accurately reflects documents Plaintiff contends were timely submitted through the Court's Electronic Document Submission system.

45.    The attached exhibits provide objective documentary evidence concerning the June 22, 2026 filing package and the June 2026 electronic

**PLAINTIFF'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF REGARDING CLERICAL OMISSIONS, CORRECTION OF THE OFFICIAL DOCKET, AND REQUEST FOR AN ORDER DIRECTING THE CLERK OF COURT TO DOCKET PLAINTIFF'S COMPLETE SUBMISSIONS**

submissions. If the Court determines that the record demonstrates omissions or administrative inconsistencies, correction of those matters will promote judicial efficiency, preserve the integrity of the official record, reduce future disputes concerning the procedural history of this action, and ensure that any subsequent review proceeds upon a complete and accurate docket.

**46.**    Under these circumstances, Plaintiff respectfully submits that good cause exists for the Court to exercise its inherent supervisory authority, its authority under Rule 60(a), its equitable power to enter appropriate nunc pro tunc relief where warranted, and its authority under 28 U.S.C. § 1651(a) to direct whatever administrative action the Court deems necessary to preserve the completeness, accuracy, and integrity of the official record.

## V.    PRAYER FOR RELIEF

**47.**    WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

**a)**    Finding that good cause exists for administrative correction of the Court's docket;

**b)**    Directing the Clerk of Court to review the processing history of Plaintiff's June 22, 2026 Electronic Document Submission relating to Plaintiff's Rule 59 Motion and accompanying filings;

**c)**    Directing the Clerk of Court to docket Plaintiff's June 22, 2026 Request to Take Judicial Notice, attached as Exhibit D, **nunc pro tunc** to June 22, 2026, so that the official record accurately reflects Plaintiff's original submission;

**d)**    Directing the Clerk of Court to review Plaintiff's June 2026 Electronic Document Submissions concerning the Second Amended Complaint, including EDS Transaction No. 260628-003-4563;

**e)**    Directing that Plaintiff's Second Amended Complaint submitted under EDS Transaction No. 260628-003-4563 be recognized and processed as Plaintiff's operative submission consistent with Plaintiff's contemporaneous notification to Chambers;

**f)**    Granting such additional administrative relief as the Court deems necessary to ensure that the official docket accurately reflects Plaintiff's filings and compliance with the Court's orders; and

8

**PLAINTIFF'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF REGARDING CLERICAL OMISSIONS, CORRECTION OF THE OFFICIAL DOCKET, AND REQUEST FOR AN ORDER DIRECTING THE CLERK OF COURT TO DOCKET PLAINTIFF'S COMPLETE SUBMISSIONS**

**g)** Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,
**/s/ Esther Tendo Atam**

Plaintiff, In Pro Per
13621 Arcturus Ave.
Gardena, CA 90249
Natashchan1@yahoo.com

**PLAINTIFF'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF REGARDING CLERICAL OMISSIONS, CORRECTION OF THE OFFICIAL DOCKET, AND REQUEST FOR AN ORDER DIRECTING THE CLERK OF COURT TO DOCKET PLAINTIFF'S COMPLETE SUBMISSIONS**

**EXHIBIT A:**

# EXHIBIT A

A message has been posted to your record (EDS-260622-003-4386)

From:   CACD Civil Intake (no-reply@cacd.uscourts.gov)

To:     natashchan1@yahoo.com

Date:   Sunday, June 28, 2026 at 12:02 PM PDT

Dear Esther Tendo Atam

A message has been posted to your record.

Tracking #: EDS-260622-003-4386
Date: 6/28/2026 12:02:52 PM

HELLO, NOTHING IS ATTACH TO THIS EMAIL NO ACTION TAKEN

If you have any questions, please let us know.

Civil Intake
United States District Court
Central District of California
Tel: (213) 894-3535

# EXHIBIT B

Re: A message has been posted to your record (EDS-260622-003-4386)

From:    natasha tendo (natashchan1@yahoo.com)

To:      no-reply@cacd.uscourts.gov; jamil.ghannam@doj.ca.gov; crowley@seyfarth.com; thix@seyfarth.com;
         gary@garycarlinlaw.com; bill@garycarlinlaw.com

Date:    Sunday, June 28, 2026 at 01:49 PM PDT

---

**Date:** June 28, 2026
**To:** Clerk of the Court
**From:** Esther Atam, Plaintiff Pro Se
**Case Number:** [**Case No.:  2:24-cv-05862-KK-AS**]

**Subject:** Clarification of Recent Electronic Filings and Service

Dear Clerk of the Court,

I am writing as the Plaintiff Pro Se to clarify the filing status of the Second Amended Complaint submitted today, June 28, 2026.

Please note the following sequence to avoid any confusion:

- **Initial Notification:** I received an automated alert confirming no filing upload under Tracking Number EDS-260622-003-4386

- **Corrective Filing:** To ensure completeness, I immediately and diligently re-uploaded the **Second Amended Complaint**.

- **Name:** Esther Tendo Atam
  **Tracking Number:** EDS-260628-003-4563
  **Date:** 6/28/2026

- **Service:** I have already emailed a copy of this Second Amended Complaint to the Defendants.

Please Kindly ensure the Second Amended Complaint is properly docketed for this case. Thank you for your time and assistance.

Respectfully submitted,

Esther Atam, Plaintiff Pro Se

[310-421-6581]

On Sunday, June 28, 2026 at 12:27:53 PM PDT, natasha tendo <natashchan1@yahoo.com> wrote:

Hello,

Thank you for your message.

I am not sure I understand, but I have attached proof that I requested assistance with clerks' attention to my second amended complaint submissions.

Please if you could further clarify if any further action such as re-submission is required.

Thank you,
Esther Atam
Plaintiff in Pro Se

On Sunday, June 28, 2026 at 12:02:53 PM PDT, CACD Civil Intake <no-reply@cacd.uscourts.gov> wrote:

Dear Esther Tendo Atam

A message has been posted to your record.

Tracking #: EDS-260622-003-4386
Date: 6/28/2026 12:02:52 PM

HELLO, NOTHING IS ATTACH TO THIS EMAIL NO ACTION TAKEN

If you have any questions, please let us know.

Civil Intake
United States District Court
Central District of California
Tel: (213) 894-3535


SECOND AMENDED COMPLAINT STRUCTURE.docx - Kaiser Copy.pdf
1.1 MB

# EXHIBIT C

## A message has been posted to your record (EDS-260628-003-4563)

From:   CACD Civil Intake (no-reply@cacd.uscourts.gov)

To:     natashchan1@yahoo.com

Date:   Monday, June 29, 2026 at 02:57 PM PDT

Dear Esther Tendo Atam

A message has been posted to your record.

Tracking #: EDS-260628-003-4563
Date: 6/29/2026 2:57:34 PM

Your filing was forwarded to MJ Chambers. Additionally, a note was provided to Chambers to ignore the previous submission, 4483.

If you have any questions, please let us know.

Civil Intake
United States District Court
Central District of California
Tel: (213) 894-3535

RE: A message has been posted to your record (EDS-260624-003-4483)

From:   ecf-helpdesk CACD (ecf-helpdesk@cacd.uscourts.gov)

To:     natashchan1@yahoo.com

Date:   Monday, June 29, 2026 at 11:54 AM PDT

Your email has been forwarded to the Civil Intake Department who hand EDSS submission.

CM/ECF-HELP DESK TEAM

U.S. District Court, Central District of California

http://www.cacd.uscourts.gov/e-filing/cmecf-helpdesk

213-894-0242

CM/ECF Hours 10:00am-12:00pm & 2:00pm-4:00pm

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**From:** natasha tendo <natashchan1@yahoo.com>

**Sent:** Monday, June 29, 2026 11:48 AM

**To:** no-reply CACD <no-reply@cacd.uscourts.gov>; AGRChambers <AGR_Chambers@cacd.uscourts.gov>; ecf-helpdesk CACD <ecf-helpdesk@cacd.uscourts.gov>; jamil.ghannam@doj.ca.gov; crowley@seyfarth.com; thix@seyfarth.com; lhuldi@seyfarth.com; bill@garycarlinlaw.com; gary@garycarlinlaw.com

**Subject:** Re: A message has been posted to your record (EDS-260624-003-4483)

**CAUTION - EXTERNAL:**

Dear Clerk ,

Kindly note that I have made several attempts to alert the clerks regarding the correct EDS submission.

I also submitted a follow-up email to this email for further clarification.

I will have no choice but file an Ex parte Application in the even that wrong submission is processed and I have rigorously documented every attempt made at clarity.

The fact that Civil team reached out to me on Sunday June 28, 2026, with a communication that I interpreted as a missing upload to an EDS submission, to which I asked for clarification on re-submitting, and then proceeded to submit # EDS 260268-003-4563.

To CLARIFY, I will move swiftly and attach all emails that show the WRONG #EDS submission was processed.

Respectfully,

Esther Atam

Yahoo Mail: Search, Organize, Conquer

On Mon, Jun 29, 2026 at 11:08 AM, CACD Civil Intake <no-reply@cacd.uscourts.gov> wrote:

> Dear Esther Tendo Atam
>
> A message has been posted to your record.
>
> Tracking #: EDS-260624-003-4483
> Date: 6/29/2026 11:08:31 AM
>
> ---
>
> Your filing was forwarded to MJ Chambers.
>
> ---
>
> If you have any questions, please let us know.
>
> Civil Intake
> United States District Court
> Central District of California
> Tel: (213) 894-3535

**EXHIBIT D**

## Submission Confirmation

From:    Civil Intake (do-not-reply@cacd.uscourts.gov)

To:      natashchan1@yahoo.com

Date:    Monday, June 22, 2026 at 07:20 PM PDT

**Dear Esther Tendo Atam:**

This email confirms that the document(s) listed below were received by the United States District Court for the Central District of California at the date and time indicated:

**Name:** Esther Tendo Atam
**Tracking Number:** EDS-260622-003-4387
**Date:** 6/22/2026 7:20:04 PM

Uploaded files:

- **6. PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ALTER.docx1.edit.REQUEST FOR JUDICIAL NOTICE..pdf**
  *REQUEST TO TAKE JUDICIAL NOTICE*

The document(s) have not yet been filed. Just like documents received through the U.S. Mail, documents received through the Electronic Document Submission System ("EDSS") will not be considered filed until court staff have uploaded them into the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Documents submitted using EDSS will be processed in the order they are received and should be uploaded to CM/ECF within 3-5 business (or court) days after receipt. However, the date of EDSS submission will be considered the filing date for any documents received through EDSS and later filed into CM/ECF.

If you are registered for electronic service of documents and receiving e-service in this case, you will receive a Notice of Electronic Filing ("NEF") from the CM/ECF System as soon as each document listed above has been filed. (Click here for information about registering for electronic service or to add e-service in this case.) If you are not registered for electronic service, you may check the status of your documents by checking the docket for your case on PACER (https://pacer.uscourts.gov). Please wait at least two business days after receiving this email and check the docket for your case on PACER before contacting the Court regarding the status of documents submitted through EDSS.

If you are trying to file a document in a case pending before the United States Bankruptcy Court, or in any case pending in any court other than the United States District Court for the Central District of California, your document will not be filed and you will not receive any response to your EDSS submission. Likewise, if you are an attorney required by the local rules to file your documents electronically using the Court's CM/ECF System, your document(s) will not be filed if submitted through EDSS, and you will not receive any further communication from the Court about your EDSS submission.

Please include the tracking number listed above as your reference on any communications with the Court about this submission. We recommend that you keep this email for your records.

Civil Intake

United States District Court

Central District of California

Tel: (213) 894-3535