Esther Tendo Atam
13621 Arcturus Ave.
Gardena, CA 90249
Natashchan1@yahoo.com
Plaintiff in Pro Per



FILED

CLERK, U.S. DISTRICT COURT

07/03/26

CENTRAL DISTRICT OF CALIFORNIA

BY _____ AF _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ESTHER TENDO ATAM,<br><br>*Plaintiff*<br><br>vs.<br><br>KAISER  FOUNDATION HOSPITALS ET AL.,<br><br>*Defendants* | **Case No.: 2:24-cv-05862-KK-AS**<br><br>**AMENDED PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)** |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**1.** Plaintiff submits this **Amended Request for Judicial Notice** to clarify the exact nature, scope, and specific text of the matters to be noticed.

23

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)**

Prior versions of this request did not sufficiently detail the precise text or delineate exactly *what* the Court is being asked to notice. This amendment explicitly separates the *existence* of the court filings from the specific *party admissions* contained therein, and provides the verbatim statutory language of the public records. This ensures the Court can accurately determine that these matters are capable of immediate and accurate determination from sources whose accuracy cannot reasonably be questioned.

2.    The documents identified below are matters of public record, are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and are proper subjects of judicial notice. Plaintiff requests judicial notice not for the truth of disputed factual assertions contained therein, but for the existence of the documents, the statements made therein, the procedural history reflected thereby, and the fact that such materials were before the Court during the pendency of these proceedings.

## I. ADJUDICATIVE FACTS (COURT RECORDS)

3.    **The Existence and Contents of Defendant's Sworn Declaration:** That

4.    on November 5, 2025, Defendant Loretta Melby filed a signed, sworn declaration under penalty of perjury in this action. (Attached hereto as Exhibit 3).

5.    **Defendant's Admission of Non-Approval:** The fact that Defendant Melby explicitly stated in her sworn declaration that she did not directly approve or sign the Section 820 order issued against Plaintiff. (Exhibit 3).

6.    **The Section 820 Order**: The existence and contents of the Section 820 order filed in this action, which is signed by subordinate Shannon Johnson. A true and correct copy is attached hereto as **Exhibit 1**.

7.    **Defendant's Statement Regarding Subordinate Action:** The fact that Defendant Melby explicitly stated under oath that a subordinate, Shannon Johnson, approved and executed the default decision and revocation of Plaintiff's Registered Nurse (RN) license. (Exhibit 3).

## II. PUBLIC RECORDS AND MATTERS OF LAW

24

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)

**8.**      **California Code of Regulations, Title 16, Section 1405:** The existence, validity, and text of California Code of Regulations, Title 16, Section 1405 which governs the Executive officer's authority and contains no provision authorizing the sub-delegation of Section 820 order approvals to subordinates. This regulation is judicially noticeable under FRE 201 as a matter of state public law.

**9.**      **California Business and Professions Code (BPC) Section 2759:** The existence, validity, and text of California Business and Professions Code Section 2759, which mandates in relevant part: "The board shall discipline the holder of any license... by any of the following methods: (a) Suspending judgment. (b) Placing him upon probation. (c) Suspending his right to practice nursing for a period not exceeding one year. (d) Revoking his license." This statute is judicially noticeable as an official public legislative act.

**10.**      **Statutory Requirement Text:** The explicit text of BPC Section 2759, which states: "The board shall discipline the holder of any license, whose default has been entered or who has been heard by the board..."

**11.**      **Board Voting Requirements:** The existence and text of California Business and Professions Code or Government Code provisions governing the voting requirements of the Board of Registered Nursing. Specifically, that official disciplinary actions, license revocations, or adoptions of default decisions require a formal vote or action by the Board itself, rather than unilateral delegation to a subordinate.

## DOCUMENTS FOR WHICH JUDICIAL NOTICE IS REQUESTED

**Exhibit A**

Minutes and Order Re: Plaintiff's Motion for Summary Judgment, dated December 2, 2025.

**Exhibit 1**

Petition and Order for Mental and Physical Examination Pursuant to California Business and Professions Code § 820, approved and executed by Shannon Johnson on or about July 13, 2022.

**Exhibit 2**

25

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)**

Defendants' Sur-Reply in Opposition to Plaintiff's Motion for Summary Judgment, filed December 3, 2025.

**Exhibit 3**

Declaration of Loretta Melby submitted in connection with Defendants' Summary Judgment filings and Statement of Undisputed Facts, dated November 5, 2025.

**Exhibit 4**

Petition for Civil Harassment Restraining Order filed by Loretta Melby, dated February 6, 2023.

**Exhibit 5**

Magistrate Judge's Report and Recommendation issued May 19, 2026.

**Exhibit 6**

District Court Order Accepting the Report and Recommendation and Entering Judgment, dated June 17, 2026.

**Exhibit B**

Proof of Electronic Service reflecting service of Plaintiff's Rule 59 Motion and related filings.

**Exhibit C**

Plaintiff's Proposed Second Amended Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

12.    Federal Rule of Evidence 201(b) authorizes a court to take judicial notice of facts that are not subject to reasonable dispute because they are either generally known within the court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

13.    Federal courts routinely take judicial notice of their own records,

26

dockets, orders, pleadings, and proceedings. See Headwaters Inc. v. United States Forest Service, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (court may take judicial notice of proceedings in other courts if they have a direct relation to matters at issue); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice appropriate for court filings and matters of public record); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991).

14.    The requested exhibits consist primarily of documents already filed in this action, documents expressly referenced in the Court's prior proceedings, and records relied upon by the parties during summary judgment briefing. Judicial notice of these materials is therefore appropriate and necessary to ensure an accurate understanding of the procedural and factual record.

15.    Importantly, Plaintiff is not attempting to introduce entirely new evidence through this Request. Rather, Exhibits A through 6 consist of documents that were already before the Court, filed on the Court's docket, or submitted by the parties during the summary judgment proceedings. These materials formed part of the record available for consideration before issuance of the Report and Recommendation and before entry of Judgment.

16.    Judicial notice is particularly appropriate because Plaintiff's Rule 59(e) Motion asserts that critical portions of the record were overlooked or omitted during the review process. Specifically, Plaintiff contends that evidence concerning the issuance of the Section 820 Order, Defendant Loretta Melby's admissions regarding delegated authority, and related constitutional issues were not substantively addressed in the Report and Recommendation despite being presented to the Court through prior briefing and evidentiary submissions.

17.    A Rule 59(e) motion may properly be granted where necessary to correct manifest errors of law or fact or to prevent manifest injustice. See Allstate Insurance Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011); School District No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Judicial notice of the complete record is necessary to permit the Court to evaluate whether material evidence and arguments were omitted from consideration and whether amendment of the Judgment is warranted.

27

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)**

18.     Plaintiff respectfully submits that the documents identified herein are directly relevant to the issues presented by Plaintiff's Rule 59(e) Motion and Plaintiff's request for leave to amend under Rule 15(a)(2). Consideration of these materials will assist the Court in conducting a complete review of the record and ensuring that all relevant constitutional, statutory, and procedural issues are fully considered.

19.     WHEREFORE, Plaintiff respectfully requests that this Court take judicial notice of Exhibits A, 1 through 6, Exhibit B, and Exhibit C, and consider such materials in connection with Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) and Motion for Leave to File a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

### DECLARATION OF AUTHENTICITY AND SUPPORT

20.     I am the Plaintiff in the above-entitled action. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

21.     **Authenticity of Exhibit 1:** Exhibit 1 is a true and correct copy of the Section 820 order signed by Shannon Johnson, which I received directly from the administrative record of the Board of Registered Nursing.

22.     **Authenticity of Exhibit 3:** Exhibit 3 is a true and correct copy of the Sworn Declaration of Defendant Loretta Melby, which was formally filed by Defendant in this specific action on November 5, 2025.

23.     **Authenticity of Public Records:** The statutory texts set forth for California Code of Regulations, Title 16, Section 1405 and California Business and Professions Code Section 2759 are true, accurate, and faithful transcriptions of the official public laws of the State of California currently in effect.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 3 day of July, 2026, at Gardena California.

28

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)**

Dated: July 3, 2026
Respectfully submitted,

_____
ESTHER TENDO ATAM
Plaintiff, Pro Se

29

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)**

# EXHIBITS:

| Exhibits | Document Description | Document Date | Page Range |
|---|---|---|---|
| EXHIBIT A | Proceeding: Minutes and Order Re: Plaintiff's Motion for Summary Judgment | 12/02/2025 | Pages 8 – 9 |
| EXHIBIT 1 | Petition and Order for Section 820 Exam | 07/13/2022 | Pages 11 – 15 |
| EXHIBIT 2 | Sur-Reply in support of Opposition to motion for summary judgment / Petition and Order | 12/03/2025 | Pages 17 – 21 |
| EXHIBIT 3 | Declaration Of Loretta Melby for Summary Judgement | 11/05/2025 | Pages 23 – 26 |
| EXHIBIT 4 | Pettion Of Loretta Melby for Civil Harassment Restraining Order | 02/06/2023 | Pages 28 – 33 |

| Exhibits | Document Description | Document Date | Page Range |
|---|---|---|---|
| EXHIBIT 5 | Magistrate Judge's Report and Recommendation | 05/19/2026 | Pages 35 – 75 |
| EXHIBIT 6 | Order accepting Magistrate Judge's Report and Recommendation | 06/16/2026 | Pages 77 – 79 |
| EXHIBIT B | Proof of Electronic Service | 06/22/2026 | Pages 81 – 82 |
| EXHIBIT C | Proposed Second Amended Complaint as to Loretta Melby in her Personal and Official Capacity | 06/22/2026 | Pages 84 |

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-24-05862-KK-AGR                                    Date: December 2, 2025

Title      Esther Tendo Atam v. Kaiser Foundation Health Plan Inc., et. al.

Present: The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

|  K. Lozada  |  CS 12/02/2025  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Plaintiff (appearing *pro se*): | Attorney(s) Present for Defendants: |
|---|---|
| Esther Tendo Atam | Christian J. Rowley |
|  | Jamil R. Ghannam |
|  | William Welden |

**Proceedings: MINUTES & ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 168)**

Case is called.  Plaintiff appears pro se.  Counsel state that their appearances.  The court hears oral argument.

At the hearing, Plaintiff raises, for the first time, an argument that the Section 820 order was not validly issued by the person who signed it.  The court therefore gives the affected parties the opportunity to file supplemental briefs on this narrow question.

IT IS ORDERED that:

1.  The BRN Defendants may file a supplemental brief on the question of whether the Section 820 order was validly issued by the person who signed it by December 9, 2025.

2.  If the BRN Defendants file a supplemental brief by December 9, 2025, Plaintiff may file a supplemental brief in response by December 16, 2025.

3.  The court will take Plaintiff's motion for summary judgment under submission after the day the last supplemental brief is filed without further oral argument.

---

CV-90 (03/15)                        Civil Minutes – General                        Page **1** of **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-24-05862-KK-AGR                                             Date: December 2, 2025

Title     Esther Tendo Atam v. Kaiser Foundation Health Plan Inc., et. al.

|  | 0:45 |
|---|---|
| **Initials of Preparer** | kl |

# EXHIBIT 1

ROB BONTA
Attorney General of California
KIM KASRELIOVICH
Supervising Deputy Attorney General
THOMAS L. RINALDI
Supervising Deputy Attorney General
State Bar No. 206911
300 So. Spring Street, Suite 1702
Los Angeles, CA 90013
  Telephone: (213) 269-6310
  Facsimile: (916) 731-2126
*Attorneys for Petitioner*

BEFORE THE
BOARD OF REGISTERED NURSING
DEPARTMENT OF CONSUMER AFFAIRS
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Petition and Order Compelling Mental and/or Physical Examination of:<br><br>**ESTHER TENAO ATAM**<br>13621 Arcturus Ave<br>Gardena, CA 90249<br><br>Registered Nurse License No. 761179<br><br>Respondent. | Case No. 4002021005658<br><br>**PETITION AND ORDER COMPELLING MENTAL AND/OR PHYSICAL EXAMINATION**<br><br>[Bus. & Prof. Code § 820] |

Petitioner alleges:

**PARTIES**

1.    Loretta Melby, R.N., M.S.N. (Petitioner) brings this Petition and Order Compelling Mental and/or Physical Examination solely in her official capacity as the Executive Officer of the Board of Registered Nursing ("Board"), Department of Consumer Affairs.

2.    On or about October 8, 2009, the Board of Registered Nursing issued Registered Nurse License Number 761179 to Esther Tenao Atam (Respondent). The Registered Nurse License was in full force and effect at all times relevant to the charges brought in this Petition and will expire on September 30, 2023, unless renewed.

///

1

Petition and Order Compelling Mental and/or Physical Examination

## JURISDICTION

3. This Petition and Order Compelling Mental and/or Physical Examination is brought before the Board, Department of Consumer Affairs under the authority of the following laws. All section references are to the Business and Professions Code ("Code") unless otherwise indicated.

4. Section 820 of the Code states:

Whenever it appears that any person holding a license, certificate or permit under this division or under any initiative act referred to in this division may be unable to practice his or her profession safely because the licentiate's ability to practice is impaired due to mental illness, or physical illness affecting competency, the licensing agency may order the licentiate to be examined by one or more physicians and surgeons or psychologists designated by the agency. The report of the examiners shall be made available to the licentiate and may be received as direct evidence in proceedings conducted pursuant to Section 822.

5. Section 821 of the Code provides that the licentiate's failure to comply with an order issued under section 820 shall constitute grounds for the suspension or revocation of the licentiate's certificate of license.

6. Section 822 of the Code states:

If a licensing agency determines that its licentiate's ability to practice his or her profession safely is impaired because the licentiate is mentally ill, or physically ill affecting competency, the licensing agency may take action by any one of the following methods:

(a) Revoking the licentiate's certificate or license.

(b) Suspending the licentiate's right to practice.

(c) Placing the licentiate on probation.

(d) Taking such other action in relation to the licentiate as the licensing agency in its discretion deems proper.

The licensing section shall not reinstate a revoked or suspended certificate or license until it has received competent evidence of the absence or control of the condition which caused its action and until it is satisfied that with due regard for the public health and safety the person's right to practice his or her profession may be safely reinstated.

7. Section 2764 of the Code provides, in pertinent part, that the expiration of a license shall not deprive the Board of jurisdiction to proceed with a disciplinary proceeding against the licensee or to render a decision imposing discipline on the license.

///

2

Petition and Order Compelling Mental and/or Physical Examination

## CAUSE FOR MENTAL AND/OR PHYSICAL EXAMINATION
### (Possible Mental and/or Physical Illness Impairing Safe Practice)

8.    Respondent's ability to safely practice as a registered nurse may be impaired due to mental and/or physical illness. The circumstances are as follows:

9.    Respondent worked as a per diem nurse at Kaiser Permanente West Los Angeles Emergency Department from January 2020 to October 2020. On or about August 28, 2020, several staff members reported to the manager that Respondent was possibly having a mental breakdown. The manager subsequently met with Respondent, during which she displayed concerning behavior, which included bizarre ideas about voodoo and vampires. This prompted the manager to release Respondent from her licensed duties and request that she submit to a Fitness for Duty exam before she could return to work. Respondent was asked several times to submit to the exam, but she failed to comply and was therefore placed on administrative leave. As a result of her failure to comply, Respondent was subject to termination but before that could occur, she submitted her resignation.

10.    After Respondent separated from Kaiser, she began sending disturbing and threatening emails to various staff members. The emails referenced her being in a crisis, being psychotic, needing therapy, and having extreme rage. Respondent also threatened revenge against her former manager and was asked several times to cease from further communication with Kaiser staff.

11.    Based on the foregoing, Respondent is subject to an order of the Board requiring that Respondent be mentally and physically examined under Code section 820 in that it appears that Respondent may be unable to safely practice as a registered nurse because Respondent's ability to practice is impaired due to mental illness and/or physical illness affecting competency.

### ORDER

In consideration of the foregoing information, it appears that Respondent may be mentally and/or physically ill to the extent that Respondent's competency to practice safely as a registered nurse is impaired.

IT IS THEREFORE ORDERED, under Business and Professions Code section 820:

3

Petition and Order Compelling Mental and/or Physical Examination

1.    That Respondent Esther Tenao Atam shall submit to a mental and/or physical examination conducted by a physician specializing in psychiatry or a psychologist selected by the Board, or its designee, to determine whether Respondent is mentally and/or physically ill to such an extent as to affect her ability to practice as a registered nurse safely;

2.    That the examination(s) of Respondent shall be conducted at a time that is mutually convenient to Respondent and the examiner selected by the Board, but in no case later than thirty (30) days after the service of this Order;

3.    That the examination(s) shall continue from day to day until completed, and shall include any and all examinations and tests ordered and/or conducted by the examining psychiatrist or psychologist as considered necessary in their professional judgment. The results of said examination(s) shall be reported by the examiner(s) in a detailed written report, setting forth their findings and conclusions, whereupon such reports shall be delivered to the Executive Officer of the Board, with a copy of said report(s) to be provided to Respondent; and

4.    That the failure of Respondent to comply with this Order by either refusing or failing to submit to the examinations, or by refusing or failing to cooperate with the examiners, shall constitute grounds for disciplinary action against her Registered Nurse License, pursuant to Business and Professions Code section 821.

IT IS SO ORDERED THIS _____13th_____ day of _____July_____, 2022.

_Sharron Johnson_
_for_ LORETTA MELBY, R.N., M.S.N.
Executive Officer
Board of Registered Nursing
Department of Consumer Affairs
State of California
_Petitioner_

LA2022601601
65259714.docx

4

Petition and Order Compelling Mental and/or Physical Examination

## DECLARATION OF SERVICE BY CERTIFIED MAIL AND FIRST CLASS MAIL
(Separate Mailings)

Case Name:    **In the Matter of the Petition for 820 Examination of: Esther Tenao Atam**

Case No.:    **4002021005658**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On July 14, 2022, I served the attached **COVER LETTER; PETITION AND ORDER COMPELLING MENTAL AND/OR PHYSICAL EXAMINATION** by placing a true copy thereof enclosed in a sealed envelope as certified mail with return receipt requested, and another true copy of the **COVER LETTER; PETITION AND ORDER COMPELLING MENTAL AND/OR PHYSICAL EXAMINATION** was enclosed in a second sealed envelope as first class mail in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA 90013-1230, addressed as follows:

Esther Tenao Atam
13621 Arcturus Ave
Gardena, CA 90249
*Respondent*

**Certified Article Number**

9414 7266 9904 2178 2445 26

**SENDER'S RECORD**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 14, 2022, at Los Angeles, California.

_____        _____
Declarant                                                    Signature

LA2022601601
65271776.docx

# EXHIBIT 2

.

ROB BONTA
Attorney General of California
JAMIL R. GHANNAM
Supervising Deputy Attorney General
State Bar No. 300730
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-7674
 Fax: (916) 322-8288
 E-mail: Jamil.Ghannam@doj.ca.gov
*Attorneys for Defendants State of California, by and through the Board of Registered Nursing, Loretta Melby and Gillian Friedman*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

| | |
|---|---|
| **ESTHER TENDO ATAM,** | Case No. 2:24-cv-05862-KK-AGR |
| Plaintiff, | **SUR-REPLY IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| v. | Fed. R. Civ. P. 56 |
| **KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, GILLIAN FRIEDMAN, LORETTA MELBY, THE BOARD OF REGISTERED NURSING AND GARY CARLIN,** | Date: December 2, 2025<br>Time: 10:00 a.m.<br>Courtroom: 550, 5th Floor<br>Judge: The Honorable Alicia G. Rosenberg<br>Trial Date: TBD<br>Action Filed: 7/10/2024 |
| Defendants. | |

**INTRODUCTION**

At the hearing on the motion for summary judgment on December 2, 2025, the Court requested Defendants State of California, by and through the Board of Registered Nursing (BRN), Loretta Melby and Gillian Friedman (BRN Defendants) to provide additional briefing regarding the limited issue of whether Cal. Bus. & Prof. Code, § 820 orders and licensing accusations can be issued by persons

1

delegated to perform such tasks within the BRN, or whether those tasks must be performed by the executive officer of the BRN.

Review of pertinent legal authorities provides that these matters can be validly performed by others within the licensing agency. It is the licensing agencies which have the statutory authority to utilize the investigatory tool provided by Cal. Bus. & Prof. Code, § 820, and there is nothing in the statute's text that limits its use to only certain officers of any agency. California regulations further provide that the BRN's executive officer can delegate their authority to issue licensing accusations to his or her designee. The § 820 order and Accusation in this case are each a valid exercise of the BRN's statutory and regulatory authority.

As set forth in the BRN's motion to dismiss (Dkt. No. 156) and opposition to Plaintiff's motion for summary judgment (Dkt. No. 173), Plaintiff's motion for summary judgment should be denied and the BRN's motion to dismiss granted without leave to amend.

## ARGUMENT

**I. THE BRN HAS THE AUTHORITY TO ISSUE CAL. BUS. & PROF. CODE, § 820 ORDERS, AND THE BRN'S EXECUTIVE OFFICER CAN DELEGATE THEIR POWER TO ISSUE ACCUSATIONS**

Cal. Bus. & Prof. Code, § 820 provides that those orders are issued by the licensing agencies, and the statute's text does not place a limitation upon which officer within the agency can issue it. "Whenever it appears that any person holding a license, certificate or permit under this division or under any initiative act referred to in this division may be unable to practice his or her profession safely because the licentiate's ability to practice is impaired due to mental illness, or physical illness affecting competency, *the licensing agency* may order the licentiate to be examined by one or more physicians and surgeons or psychologists designated by the agency." Cal. Bus. & Prof. Code, § 820 (emphasis added).

Nothing in the text of Business and Professions Code section 820 limits who within the licensing agency can authorize the issuance of any such order. "Section

2

820 applies to all healing arts practitioners licensed or certificated by the state[.]" *Alexander D. v. State Bd. of Dental Examiners*, 231 Cal. App. 3d 92, 95 (Ct. App. 1991). Cal. Bus. & Prof. Code, § 820 examinations are an investigatory tool, where the licensee faces no potential discipline until formal adjudicatory proceedings are commenced. (*Id*. at 97.) "[P]ublic agencies may delegate the performance of ministerial tasks, including the investigation and determination of facts preliminary to agency action." *California Sch. Emps. Assn. v. Pers. Comm'n*, 3 Cal. 3d 139, 144 (1970); see also Cal. Gov't Code § 7 ("Whenever a power is granted to, or a duty is imposed upon, a public officer, *the power may be exercised* or the duty may be performed *by a deputy of the officer* or by a person authorized, pursuant to law, by the officer, *unless this code expressly provides otherwise*.") Thus, employees of a licensing agency can employ the investigatory tool of issuing a § 820 order.

The BRN's executive officer then has the authority to direct the work of BRN staff and delegate their power to file accusations to his or her designee. The BRN shall appoint an executive officer who shall perform the duties delegated by the board and be responsible to the board for the accomplishment of those duties. Cal. Bus. & Prof. Code, § 2708(a). The BRN has statutory authority to "prosecute all persons guilty of violating this chapter." Cal. Bus. & Prof. Code, § 2715. "Every certificate holder or licensee, including licensees holding temporary licenses, or licensees holding licenses placed in an inactive status, may be disciplined as provided in this article." Cal. Bus. & Prof. Code, § 2750. In addition to the statutory definition of unprofessional conduct as grounds for discipline described in Cal. Bus. & Prof. Code, § 2761, failure to cooperate and participate in any board investigation pending against the licensee is unprofessional conduct that is grounds for discipline. See Cal. Code Regs. tit. 16, § 1441(b). The BRN shall discipline the holder of any license whose default has been entered or who has been heard and found guilty by suspending judgment, placing them upon probation, suspending the

3

right to practice, revoking their license, or taking any other action within the BRN's discretion it deems proper. See Cal. Bus. & Prof. Code, § 2759, (a)-(e).

California Code of Regulations, title 16, section 1405, authorizes the executive officer of the BRN to, among other duties, plan, direct supervise and organize the work of the staff of the board; and, to administer examinations, collect fees, issue licenses and permits and investigate complaints. Cal. Code. Regs., tit. 16, § 1405(a), (d) (Authority of Executive Officer). The executive officer further has the authority to delegate certain functions, including the power and discretion to receive and file accusations, issue subpoenas, set and calendar matters for hearing and perform other functions necessary to the efficient dispatch of the business of conducting the BRN's administrative hearings to his or her designee. See Cal. Code. Regs., tit. 16, § 1403 (Delegation of Certain Functions).

## II. THE § 820 ORDER AND ACCUSATION IN THIS MATTER ARE VALID

Pursuant to the foregoing statutes and regulations, there does not appear to be any impropriety concerning the issuance of the Cal. Bus. & Prof. Code, § 820 order concerning Plaintiff on July 18, 2022, or the resulting Accusation filed on November 14, 2022, and served upon Plaintiff on November 16, 2022.

Here, the Petition and Order Compelling Mental and/or Physical Examination was issued by Shannon Johnson, on behalf of Loretta Melby. (Dkt. No. 170, pp. 94-98.)[1] Cal. Bus. & Prof. Code, § 820 provides those orders are issued by licensing agencies, the executive officer of the BRN can plan, direct, supervise and organize the work of BRN staff regarding investigatory complaints, § 820 orders are considered an investigatory tool, and investigative fact finding is a ministerial task that can be delegated to agency employees. See Cal. Code. Regs., tit. 16, § 1405(a), (d); *Alexander D., supra*; *California Sch. Emps. Assn., supra*. Thus, Shannon Johnson, as the Chief of Enforcement for the BRN (Dkt. No. 173-3, p. 34), can

---

[1] Such materials are maintained as confidential by the BRN. However, it is Plaintiff that filed an unredacted copy of the petition with her summary judgment materials.

utilize the investigatory tool of issuing a Bus. & Prof. Code, § 820 order to a licensee on behalf of the BRN.

The subsequent Accusation against Plaintiff's license (Dkt. No. 173-3, pp. 5-19) signed by Shannon Johnson as the designee of Executive Officer Loretta Melby, is also valid because the executive officer of the BRN has the authority to delegate to his or her designee the authority to issue disciplinary accusations. Cal. Code. Regs., tit. 16, § 1403. Both items are a valid exercise of the BRN's statutory and regulatory authority.

## CONCLUSION

Licensing agencies have the statutory authority to utilize the investigatory tool provided by Cal. Bus. & Prof. Code, § 820, and there is nothing in the statute's text that limits its use to only certain officers of the agency. Additionally, the BRN's executive officer has the authority to delegate his or her authority to issue licensing accusations to his or her designee. The § 820 order and Accusation in this case are each a valid exercise of the BRN's statutory and regulatory authority.

As set forth in the BRN's motion to dismiss (Dkt. No. 156) and opposition to Plaintiff's motion for summary judgment (Dkt. No. 173), Plaintiff's motion for summary judgment should be denied and the BRN's motion to dismiss granted without leave to amend.

Dated: December 3, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

*/s/ Jamil R. Ghannam*

JAMIL R. GHANNAM
Supervising Deputy Attorney General
*Attorneys for Defendants State of California, by and through the Board of Registered Nursing, Loretta Melby and Gillian Friedman*

LA2024304086
39490561

5

# EXHIBIT 3

.

ROB BONTA
Attorney General of California
JAMIL R. GHANNAM
Acting Supervising Deputy Attorney General
State Bar No. 300730
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7674
  Fax: (916) 322-8288
  E-mail: Jamil.Ghannam@doj.ca.gov
*Attorneys for Defendants State of California, by and through the Board of Registered Nursing, Loretta Melby and Gillian Friedman*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

| | |
|---|---|
| **ESTHER TENDO ATAM,** | Case No. 2:24-cv-05862-KK-AGR |
| Plaintiff, | **DECLARATION OF LORETTA MELBY** |
| **v.** | Fed. R. Civ. P. 56 |
| **KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, GILLIAN FRIEDMAN, LORETTA MELBY, THE BOARD OF REGISTERED NURSING AND GARY CARLIN,** | Date: December 2, 2025<br>Time: 10:00 a.m.<br>Courtroom: 550, 5th Floor<br>Judge: The Honorable Alicia G. Rosenberg<br>Trial Date: TBD<br>Action Filed: 7/10/2024 |
| Defendants. | |

I, Loretta Melby, declare as follows:

1. I am currently employed by defendant State of California, by and through the Board of Registered Nursing, (BRN) and have been since 2014. Since 2020, I have served as the Executive Officer of the BRN. The BRN is an independent agency within the State of California, under the Department of Consumer Affairs.

1

The BRN is the agency vested with the regulation of the practice of registered nursing in the state of California. (Cal. Bus. & Prof. Code, §§ 2701, 2708.1.) Specifically, the BRN is the entity vested with statutory authority to license, regulate, and discipline licensees in the profession of registered nursing within the state of California. As the Executive Officer of the BRN, my duties generally include, but are not limited to: As the Executive Officer of the BRN, my duties generally include, but are not limited to: under the general direction and leadership of the 9-member Board and its Administrative Committee, the Executive Officer (EO) of the Board of Registered Nursing functions as Chief EO who has overall responsibility for the management of the Board's resources and staff. The EO is also responsible for overseeing all aspects of the Boards regulatory requirements in the State of California which includes enforcement of general and advanced nursing practice standards, enforcement of professional conduct, maintenance of a recovery program for impaired nurses, and the requirement of mandatory continuing education and current practices for licensure renewal. As an expert in public policy, the EO is further responsible for interpreting and executing the intent of all Board policies to the public and to other governmental agencies. I have personal knowledge of the facts and opinions made within this declaration, and if called as a witness, I would and could testify competently thereto.

2. I have reviewed and am aware of Plaintiff Esther Atam's allegations against me in this proceeding, specifically, that she alleges I or others at the BRN conspired with unidentified individuals at Kaiser to revoke her nursing license.

3. I did not personally participate in the review of any nursing complaint sent to the BRN concerning Plaintiff's license to practice nursing. I also did not conduct, lead, or participate in the investigation into any complaint sent to the BRN concerning Plaintiff's license to practice nursing.

4. Review of complaints, investigations, and enforcement actions, if any, taken in response to complaints submitted to the BRN are performed by the BRN's

2

Enforcement Division, whose staff is supervised by, respectively, the Chief of Enforcement and Supervising Special Investigator. The BRN employs trained investigators to conduct investigations on behalf of the BRN. The BRN's Chief of Enforcement at the time concerning Plaintiff's license from 2021 to 2023, was Shannon Johnson. The Chief of Enforcement makes the determination concerning complaint and investigative assignments to BRN staff.

5. From 2021 to 2023, I did not have any written or verbal communications with any individuals from Plaintiff's workplace, Kaiser West Los Angeles Medical Center, or the Southern California Permanente Medical Group, regarding the Plaintiff, her work performance, or her capacity to perform the professional functions of a licensed nurse, or otherwise.

6. I did not author, review, or directly approve the Cal. Bus. & Prof. Code, § 820 order compelling an examination to determine fitness to practice regarding Plaintiff, in BRN Case No. 4002021005658. Such review and approval was performed by my designee and Chief of Enforcement, Shannon Johnson.

7. I did not author, review, or approve the Accusation regarding Plaintiff in BRN Case No. 4002021005658. Such review and approval was performed by my designee and Chief of Enforcement, Shannon Johnson.

8. I did not author, review, or determine the Default Decision and Order regarding Plaintiff in BRN Case No. 4002021005658. Such review and approval was performed by my designee and Chief of Enforcement, Shannon Johnson. My name appears in the top right corner bearing the seal of the BRN in order to certify the Default Decision and Order as a verified document of a public agency because such information regarding licenses are generally required to be made publicly available. (Cal. Bus. & Prof. Code, § 27.)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed November 5, 2025, at San Diego, California.

3

_____
Loretta Melby
Executive Officer
Board of Registered Nursing

LA2024304086
95659792.docx

4

# EXHIBIT 4

.

**CH-100**

# Request for Civil Harassment Restraining Orders

Read *Can a Civil Harassment Restraining Order Help Me? (form CH-100-INFO)* before completing this form. Also fill out *Confidential CLETS Information (form CLETS-001)* with as much information as you know.

Clerk stamps date here when form is filed.

**F I L E D**
Clerk of the Superior Court

FEB 07 2023

By: V. Lozano, Clerk
EAST COUNTY DIVISION

**① Person Seeking Protection**

a. Your Full Name: Loretta Melby    Age: 45

Your Lawyer *(if you have one for this case)*
Name: _____ State Bar No.: _____
Firm Name: _____

Fill in court name and street address:

**Superior Court of California, County of San Diego**
☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☑ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

b. Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or email.)*

Address: 1108 La Mesa Ave
City: Spring Valley    State: CA    Zip: 91977
Telephone: 619 322 4515    Fax: _____
Email Address: ~~lorettamelby.eastern~~ Loretta.melby@dca.ca.gov

Court fills in case number when form is filed.

**Case Number:** 37-2023-00005213-CU-HR-EC

**② Person From Whom Protection Is Sought**

Full Name: Esther Tenho Atam    Age: 34
Address *(if known)*: 13621 Arcturus Ave
City: Gardena    State: CA    Zip: 90249

**③ Additional Protected Persons**

a. Are you asking for protection for any other family or household members? ☑ Yes ☐ No    *If yes, list them:*

| Full Name | Gender | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
| Kevin Gillette | M | 47 | ☑ Yes ☐ No | husband |
| Kristen Bass | F | 29 | ☑ Yes ☐ No | daughter |
| Jon Owen | M | 35 | ☑ Yes ☐ No | friend |
|  |  |  | ☐ Yes ☐ No |  |

☐ *Check here if there are more persons. Attach a sheet of paper and write "Attachment 3a—Additional Protected Persons" for a title. You may use form MC-025, Attachment.*

b. Why do these people need protection? *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 3b—Why Others Need Protection" for a title.*

She has threatened "you take from me. I take from you" She knows my home address & I live with these people.

**This is not a Court Order.**

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2023, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9
**Request for Civil Harassment Restraining Orders (Civil Harassment Prevention)**
CH-100, Page 1 of 6 →

| Case Number: |
| --- |
| 37-2023-00005213-CU-HR-EC |

**(4) Relationship of Parties**

How do you know the person in (2)? *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 4—Relationship of Parties" for a title.*

She is a licensee. I took her license away as part of my job at the CA Board of Registered Nursing.

**(5) Venue**

Why are you filing in this county? *(Check all that apply):*

a. ☐ The person in (2) lives in this county.

b. ☒ I was harassed by the person in (2) in this county.

c. ☒ Other *(specify):* I live in this county

**(6) Other Court Cases**

a. Have you or any of the persons named in (3) been involved in another court case with the person in (2)?

☒ Yes   ☐ No   *(If yes, check each kind of case and indicate where and when each was filed.)*

| | Kind of Case | Filed in *(County/State)* | Year Filed | Case Number *(if known)* |
| --- | --- | --- | --- | --- |
| (1) ☐ | Civil Harassment | | | |
| (2) ☐ | Domestic Violence | | | |
| (3) ☐ | Divorce, Nullity, Legal Separation | | | |
| (4) ☐ | Paternity, Parentage, Child Custody | | | |
| (5) ☐ | Elder or Dependent Adult Abuse | | | |
| (6) ☐ | Eviction | | | |
| (7) ☐ | Guardianship | | | |
| (8) ☐ | Workplace Violence | | | |
| (9) ☐ | Small Claims | | | |
| (10) ☐ | Criminal | | | |
| (11) ☒ | Other *(specify):* RN License # 761179 revocation | Sacramento, CA | 2022 | 400202105658 |

b. Are there now any protective or restraining orders in effect relating to you or any of the persons in (3) and the person in (2)? ☒ No   ☐ Yes   *(If yes, attach a copy if you have one.)*

**(7) Description of Harassment**

Harassment means violence or threats of violence against you, or a course of conduct that seriously alarmed, annoyed, or harassed you and caused you substantial emotional distress. A course of conduct is more than one act.

a. Tell the court about the last time the person in (2) harassed you.

(1) When did it happen? *(provide date or estimated date):* first email received 7/5/2022 continues to escalate through today.

(2) Who else was there? multiple other recipients on the many emails.

This is not a Court Order.

Case Number:
37-2023-00005213-CU-HR-EC

⑦  a. (3)  How did the person in ② harass you?  *(Explain below):*

☐  *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(3)—Describe Harassment" for a title.*

threats are varied   states   I will send exact note for seven days straight and if anyone still thinks this is just random runs, you're we shall find out!

states she will come after me, she will not rest etc.

(4)  Did the person in ② use or threaten to use a gun or any other weapon?

☒ Yes  ☐ No  *(If yes, explain below):*

☐  *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(4)—Use of Weapons" for a title.*

mentioned stabbing in emails

(5)  Were you harmed or injured because of the harassment?

☐ Yes  ☒ No  *(If yes, explain below):*

☐  *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(5)—Harm or Injury" for a title.*

(6)  Did the police come?  ☐ Yes  ☒ No

Michael Pamuro Investigator #358 Special opurations unit
DyE investigates have gone to her residence to ask her to stop.

If yes, did they give you or the person in ② an Emergency Protective Order?  ☐ Yes  ☒ No

CHP threat assessment unit is involved
Investigate Jeff Legal # 2012h Dignatary Protection Section - south

If yes, the order protects *(check all that apply):*

☐ Me   ☐ The person in ②   ☐ The persons in ③.

Chris Brouin  Deputy Rancho San Diego Station

*(Attach a copy of the order if you have one.)*

Filed incident report

b.  Has the person in ② harassed you at other times?

☒ Yes  ☐ No  *(If yes, describe prior incidents and provide dates of harassment below):*

☐  *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7b—Previous Harassment" for a title.*

ongoing   escalating again after revocation of RV license 2/3/2013

This is not a Court Order.

**Request for Civil Harassment Restraining Orders**
**(Civil Harassment Prevention)**

Case Number:

37-2023-00005213-CU-HR-EC

**Check the orders you want.** ☑

**(8) ☒ Personal Conduct Orders**

I ask the court to order the person in **(2) not** to do any of the following things to me or to any person to be protected listed in **(3)**:

a. ☐ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

b. ☒ Contact the person, either directly or indirectly, in **any** way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by email, by text message, by fax, or by other electronic means.

c. ☒ Other *(specify):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 8c—Other Personal Conduct Orders," for a title.*

Work place - including home office
California Board of Registered Nursing    1747 N. Market blvd suite 150    Sacrament CA
95834

*The person in* **(2)** *will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

**(9) ☒ Stay-Away Orders**

a. I ask the court to order the person in **(2)** to stay at least 100 yards away from *(check all that apply):*

(1) ☒ Me.

(2) ☒ The other persons listed in **(3)**.

(3) ☒ My home.

(4) ☒ My job or workplace.

(5) ☐ My school.

(6) ☐ My children's school.

(7) ☐ My children's place of child care.

(8) ☒ My vehicle.

(9) ☐ Other *(specify):*

b. If the court orders the person in **(2)** to stay away from all the places listed above, will he or she still be able to get to his or her home, school, or job?    ☒ Yes  ☐ No   *(If no, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 9b—Stay-Away Orders," for a title.*

**(10) Firearms (Guns), Firearm Parts, and Ammunition**

Does the person in **(2)** own or possess any firearms (guns), firearm parts, or ammunition? This includes firearm receivers and frames, and any item that may be used as or easily turned into a receiver or frame (see Penal Code section 16531).    ☐ Yes ☐ No ☒ I don't know

*If the judge grants a protective order, the person in* **(2)** *will be prohibited from owning, possessing, purchasing, receiving, or attempting to purchase or receive firearms (guns), firearm parts, and ammunition while the protective order is in effect. The person in* **(2)** *will also be ordered to turn in to law enforcement, or sell to or store with a licensed gun dealer, any firearms (guns) and firearm parts within their immediate possession or control.*

This is not a Court Order.

Case Number:
37-2023-00005213-CU-HR-EC

(11) ☒ **Temporary Restraining Order**

I request that a Temporary Restraining Order (TRO) be issued against the person in ② to last until the hearing. I am presenting form CH-110, *Temporary Restraining Order*, for the court's signature together with this *Request*.

Has the person in ② been told that you were going to go to court to seek a TRO against him or her?
☒ Yes ☐ No *(If you answered no, explain why below):*
☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 11—Temporary Restraining Order" for a title.*

due to emails rec.

(12) ☒ **Request to Give Less Than Five Days' Notice of Hearing**

*You must have your papers personally served on the person in ② at least five days before the hearing, unless the court orders a shorter time for service. (Form CH-200-INFO explains* What Is "Proof of Personal Service"? *Form CH-200,* Proof of Personal Service, *may be used to show the court that the papers have been served.)*

If you want there to be fewer than five days between service and the hearing, explain why below:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 12—Request to Give Less Than Five Days' Notice" for a title.*

Seven day count down in emails rec. starting 2/12 for revocation
of license 2/3/2023

(13) ☒ **No Fee for Filing or Service**

a. ☒ There should be no filing fee because the person in ② has used or threatened to use violence against me, has stalked me, or has acted or spoken in some other way that makes me reasonably fear violence.

b. ☒ The sheriff or marshal should serve (notify) the person in ② about the orders for free because my request for orders is based on unlawful violence, a credible threat of violence, or stalking.

c. ☐ There should be no filing fee and the sheriff or marshal should serve the person in ② for free because I am entitled to a fee waiver. *(You must complete and file form FW-001, Application for Waiver of Court Fees and Costs.)*

(14) ☐ **Lawyer's Fees and Costs**

I ask the court to order payment of my ☐ lawyer's fees ☐ Court costs.

The amounts requested are:

| Item | Amount | Item | Amount |
|------|--------|------|--------|
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |

☐ *Check here if there are more items. Put the items and amounts on the attached sheet of paper or form MC-025 and write "Attachment 14—Lawyer's Fees and Costs" for a title.*

This is not a Court Order.

Case Number:

37-2023-00005213-CU-HR-EC

**(15)** ☐ **Possession and Protection of Animals**

I ask the court to order the following:

a. ☐ That I be given the sole possession, care, and control of the animals listed below, which I own, possess, lease, keep, or hold, or which reside in my household.
*(Identify animals by, e.g., type, breed, name, color, sex.)*

_____

_____

I request sole possession of the animals because *(specify good cause for granting order)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 15a—Possession of Animals" for a title.*

_____

_____

_____

b. ☐ That the person in **(2)** must stay at least_____ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

**(16)** ☐ **Additional Orders Requested**

I ask the court to make the following additional orders *(specify)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 16—Additional Orders Requested," for a title.*

_____

_____

_____

**(17)** Number of pages attached to this form, if any: _____

Date: 2/6/2023

_____        ▶ _____
*Lawyer's name (if any)*                    *Lawyer's signature*

I declare under penalty of perjury under the laws of the State of California that the information above and on all attachments is true and correct.

Date: 2/6/2023

Loretta Melby
*Type or print your name*

▶ *(signature)*
*Sign your name*

This is not a Court Order.

# EXHIBIT 5

.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ESTHER TENDO ATAM

PLAINTIFF(S)

v.

KAISER FOUNDATION HEALTH PLAN INC., et al.

DEFENDANT(S)

CASE NUMBER:

2:24−cv−05862−KK−AGR

**NOTICE OF FILING OF
MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

TO:      All Parties of Record

You are hereby notified that the Magistrate Judge's Report and Recommendation has been filed on  May 19, 2026 .

Any party having Objections to the Report and Recommendation and/or order shall, not later than  June 11, 2026 , file and serve a written statement of Objections with points and authorities in support thereof before the Honorable  Magistrate Judge Alicia G. Rosenberg . A party may respond to another party's Objections within 14 days after being served with a copy of the Objections.

Failure to object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of Objections and any Response thereto, or upon expiration of the time for filing Objections or a Response, the case will be submitted to the District Judge for disposition. Following entry of Judgment and/or Order, all motions or other matters in the case will be considered and determined by the District Judge.

The Report and Recommendation of a Magistrate Judge is not a Final Appealable Order. A Notice of Appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a Judgment and/or Order by the District Judge.

CLERK, UNITED STATES DISTRICT COURT

Dated:  May 19, 2026 

By:  /s/ *Karl Lozada* 
Deputy Clerk

M−51A (12/09)          NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTHER TENDO ATAM, | Case No. CV-24-05862-KK (AGR) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| KAISER FOUNDATION HEALTH PLAN INC., *et. al.*, | |
| Defendants. | |

The court submits this Report and Recommendation to the Honorable Kenly Kiya Kato, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the court recommends the disposition set forth at the end of the Report.

## I.

## <mark>SUMMARY OF PERTINENT PROCEEDINGS</mark>

On July 10, 2024, Plaintiff Esther Tendo Atam, proceeding *pro se*, filed this civil rights action.  (Dkt. No. 1.)  The complaint names three categories of defendants:  (1) Kaiser Foundation Health Plan Inc. ( KFHP ), Kaiser Foundation Hospitals ( KFH ), Southern California Permanente Medical Group ( SCPMG ) (collectively,  Kaiser Defendants ); (2) Board of Registered Nursing, ( BRN ), BRN Executive Director Loretta Melby ( Melby ), and Deputy Attorney General Gillian Friedman ( Friedman ) (collectively,  BRN Defendants ); and (3) private attorney Gary Carlin ( Carlin ).

On August 18, 2025, Plaintiff was granted leave to file a First Amended Complaint ( FAC ) against all Defendants.  (Dkt. No. 137.)  Plaintiff filed the operative FAC on September 18, 2025.  (Dkt. Nos. 144, 147.)

The following motions are pending before the court:

1. The Kaiser Defendants  motion to dismiss.  (Dkt. Nos. 154, 155.) Plaintiff filed an opposition.  (Dkt. Nos. 161, 162.)

2. The BRN Defendants  motion to dismiss.  (Dkt. No. 156.)  Plaintiff filed an opposition.  (Dkt. No. 167.)

3. Plaintiff s motion for leave to file a Second Amended Complaint.  (Dkt. No. 163, 180.)  Plaintiff filed a supplemental brief.  (Dkt. No. 165.)  The BRN Defendants filed an opposition.  (Dkt. No. 166.)

4. Plaintiff s motion for summary judgment.[1]  (Dkt. No. 168.)  Plaintiff filed an opening brief.  (Dkt. Nos. 168-70.)  All Defendants filed opposition briefs.  (Dkt. Nos. 173-75.)  Plaintiff filed a reply and supplemental

---

[1] The court construes Plaintiff s ex parte application regarding the timeliness of her motion for summary judgment as a supplemental brief.  (Dkt. No. 180.)

briefs.  (Dkt. Nos. 180, 181, 187, 199-203.)[2]  The BRN and Plaintiff filed supplemental briefs in response to a court order.  (Dkt. Nos. 190, 194.)

5. Defendant Carlin s motion to set aside default.  (Dkt. No. 177.)  Plaintiff filed an opposition.  (Dkt. No. 186.)

6. Plaintiff s motion for default judgment against Defendant Carlin.  (Dkt. No. 182, 183.)  Defendant Carlin filed an opposition.  (Dkt. No. 195.)  Plaintiff filed a reply.  (Dkt. No. 197.)

The motions have been taken under submission.

## II.

## FACTUAL BACKGROUND

Plaintiff was formerly employed as a registered nurse by SCPMG.  (FAC. ¶¶ 17, 21.)  The BRN is a California regulatory body that licenses and regulates registered nurses.  (*Id.* ¶ 25.)  Defendant Melby is the Executive Officer of the BRN.  (*Id.* ¶ 26.)  Defendant Friedman is a Deputy Attorney General who represented the BRN in proceedings that culminated in the revocation of Plaintiff s registered nursing license.  (*Id.* ¶ 30.)  Defendant Carlin is a private attorney.  (*Id.* ¶ 33.)

Plaintiff alleges that she experienced discrimination and bullying during her employment by SCPMG.  (*Id.* ¶ 392.)  Plaintiff alleges that she reported the bullying and harassment to SCPMG management, but SCPMG failed to conduct a proper investigation. (*Id.* ¶ 397-98.)  Plaintiff alleges that SCPMG retaliated against her for raising her complaint by placing her on a verbal suspension.  (*Id.*)  Plaintiff s employment was terminated on March 18, 2021.  (*Id.* ¶ 189.)

---

[2] On February 6, March 11, March 29, April 16, and May 6, 2026, Plaintiff filed five additional pleadings relating to the motions under consideration in this R&R.  (Dkt. Nos 199-203).  The Court exercises its discretion to consider these filings despite any procedural irregularities or timeliness issues.  Plaintiff is cautioned against serial filings in the future without leave of court.  Such serial filings delay the court s ability to take motions under submission.  The court also considers BRN s reply brief notwithstanding any timeliness issues.

Plaintiff hired Defendant Carlin to represent her in litigation against her former employer. On November 21, 2021, he filed a complaint against KFH on her behalf. (*Id.* ¶ 48.) According to Plaintiff, Carlin named solely KFH as a defendant instead of also naming SCPMG and KFHP. KFH was able to obtain summary judgment on the ground that no employment relationship existed between it and Plaintiff. (*Id.* ¶ 49.) KFH claimed that the summary judgment covered all Kaiser entities. (*Id.*) On December 5, 2022, Plaintiff filed another lawsuit against the Kaiser entity SCPMG and was subsequently labeled a vexatious litigant by the state court. (*Id.* ¶¶ 56-59, 84.)

On July 14, 2022, Plaintiff received a Petition and Order purporting to compel Plaintiff to submit to a mental and/or physical examination under Cal. Bus. & Prof. Code § 820. (*Id.* ¶ 115.) Plaintiff alleges that the petition rested on fabricated grounds and was intended to tarnish Plaintiff s reputation and discredit her professionally. (*Id.* ¶¶ 116-18.) She alleges collusion between the BRN Defendants and the Kaiser Defendants based on the timing of the petition and the vexatious litigant order. (*Id.* ¶ 126.)

Plaintiff alleges that the BRN Defendants defamed Plaintiff by distributing false and damaging information about her mental health and professional competence to the National Practitioner Data Bank (NPDB) and the Department of Health Care Services (DHCS). (*Id.* ¶¶ 174-76.) Plaintiff further alleges that the BRN s § 820 proceedings were a sham to retaliate against Plaintiff for complaining about discrimination. (*Id.* ¶¶ 171-72.) Plaintiff alleges the BRN Defendants actions were motivated by racial and cultural animus. Plaintiff claims the BRN Defendants weaponiz[ed] Plaintiff s cultural expressions, distort[ed] her words into claims of irrationality, and pursu[ed] false mental health stigmatization. (*Id.* ¶¶ 181-82.)

# III.

## LEGAL STANDARDS

### A. Motion to Dismiss

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6),  a complaint must contain sufficient factual matter, accepted as true, to  state a claim to relief that is plausible on its face.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a  probability requirement,  but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are  merely consistent with  a defendant s liability, it  stops short of the line between possibility and plausibility of entitlement to relief.   *Id.* (citations and internal quotation marks omitted).

The  tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.* at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   In sum, for a complaint to survive a motion to dismiss, the non-conclusory  factual content,  and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.   *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

A *pro se* complaint is  to be liberally construed.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Before dismissing a *pro se* civil rights complaint, the plaintiff should be given  notice of the deficiencies in his or her complaint  and provided  an opportunity to amend the complaint to overcome deficiencies unless it is clear [the deficiencies] cannot be cured by amendment.   *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987); *see also Lopez v. Smith*, 203 F.3d 1122,

1129 (9th Cir. 2000) (en banc). Nevertheless, [u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely. *Lopez*, 203 F.3d at 1129.

### B. Motion to Vacate Entry of Default

The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In assessing whether good cause exists, courts look at three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; and (3) whether reopening the default judgment would prejudice the other party. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc*., 375 F.3d 922, 925-26 (9th Cir. 2004). These three factors are disjunctive, meaning that default may be entered or set aside if any of these three factors are met. *Id.* (quoting *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.2000)). The test is the same as for vacating a default judgment under Fed. R. Civ. P. 60(b), but the three factors are more liberally interpreted when considering relief from entry of default. *Hawaii Carpenters Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

[A] defendant s conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (emphasis in original; citations and quotation marks omitted). [T]o treat a failure to answer as culpable, the [defendant] must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process. *Id.* (citation and quotation marks omitted). The defendant cannot be treated as culpable simply for having made a conscious choice not to answer. *Id.* In general, a defendant s failure to respond to the complaint is considered culpable for purposes of the good cause factors when there is no explanation of the default

6

inconsistent with a devious, deliberate, willful, or bad faith failure to respond. *Id.* (citation omitted). Simple carelessness is not enough. *Id.*

### C. Motion for Default Judgment

[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984). As such, default judgments are ordinarily disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff s substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*. at 1471-72.

### D. Motion to File Second Amended Complaint

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); Fed. R. Civ. P. 15(a)). Although leave to amend shall be freely given when justice so requires, Fed. R. Civ. P. 15(a), it is not to be granted automatically. *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation omitted). Rather, [t]he court considers five factors in assessing the propriety of leave to amend bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors are not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845

7

(9th Cir. 1995), *superseded by statute on other grounds,* Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1226 (1996). Prejudice to the opposing party is also a crucial factor. *See Eminence Capital*, 316 F.3d at 1052 ( it is the consideration of prejudice to the opposing party that carries the greatest weight ).

### E. Motion for Summary Judgment

Summary judgment should be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and set forth specific facts that show a genuine issue for trial. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (citing *Celotex Corp.,* 477 U.S. at 323-24). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986).

The court must view all evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in its favor. *Anderson*, 477 U.S. at 255. A plaintiff must produce at least some significant probative evidence tending to support the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990) (internal quotation marks and citations omitted). The court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

This is true even when a party appears *pro se*. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

Not every factual dispute will defeat summary judgment. [T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphases in original, citation and quotation marks omitted). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co, Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.,* 213 F.3d 474, 480 (9th Cir. 2000) (citation omitted). Put another way, when a plaintiff moves for summary judgment on a claim for relief, the plaintiff must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also* Hon. A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial,* § 14:140 (rev. ed. 2015) (when plaintiff seeks summary judgment, its burden is to demonstrate (1) with admissible evidence that no genuine dispute of material fact exists as to any element of its claim for relief, entitling it to judgment as a matter of law, and (2) the lack of any genuine dispute of material fact as to defendant's affirmative defenses).

## IV.

## <mark>BRN DEFENDANTS REQUEST FOR JUDICIAL NOTICE</mark>

The BRN Defendants request that the court take judicial notice of certain

proceedings in *The Matter of Accusation against: Esther Tenao Atam*, Case No. 4002021005658 ( Accusation ) in connection with their motion to dismiss the complaint. Specifically, they seek judicial notice that: (1) on November 14, 2022, an Accusation was filed by the BRN against Plaintiff (Declaration of Jamil R. Ghannam ( Ghannam Decl. ), Exh. B at 4-6); (2) the Accusation, Statement to Respondent, Notice of Defense, Request for Discovery, and Discovery statutes were served by mail on or about November 16, 2022 to Plaintiff s address of record with the BRN (*Id.*, Exh. B at 16); (3) the BRN issued a Default Decision and Order against Plaintiff on January 6, 2023 (*Id.*, Exh. C at 1-3); (4) the Default Decision and Order found that Plaintiff was served the Accusation and certain other documents by mail on or about November 16, 2022, but she never responded to the Accusation and did not file a Notice of Defense (*Id.*, Exh. C at 2 ¶¶ 3, 6); (5) the Default Decision and Order found that Plaintiff was in default, and BRN would take action regarding the Accusation based on the evidence in the record without a hearing (*Id.*, Exh. C at 2 ¶¶ 7-8); and (6) that Defendant Friedman was one of three attorneys listed on the Accusation (*Id.*, Exh. B at 1, 4, 11). (*See* Dkt. No. 31-3.) Plaintiff did not oppose the BRN Defendants request for judicial notice.

Judicial notice may be taken of records of state agencies and other undisputed matters of public record. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Courts may not take judicial notice of disputed facts contained within public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

Plaintiff does not oppose the BRN Defendants request for judicial notice. The BRN Defendants request for judicial notice is GRANTED.

10

## V.

<mark>**BRN DEFENDANTS  MOTION TO DISMISS**</mark>

On August 18, 2025, the District Court adopted this Court s Report and Recommendation ( Report ) with respect to the BRN Defendants  motion for judgment on the pleadings.  (Dkt. No. 137.)  The District Court granted leave to amend only as to the  (i) federal official capacity claims against Defendant Melby for prospective injunctive relief; (ii) federal individual capacity claims against Defendants Melby and Friedman; and (iii) due process claims under the California Constitution against Defendants Melby and Friedman for relief other than damages.  (*Id.*)  The District Court ordered that should Plaintiff file a First Amended Complaint, it must  be complete in and of itself without reference to a prior complaint, attachment, exhibit, pleading, or other document.   (*Id.*)

The Court dismissed without leave to amend  (i) all federal claims against the BRN and Deputy Attorney General Gillian Friedman ( Friedman ) (collectively,  BRN Defendants ) in her official capacity under the Eleventh Amendment; (ii) all federal claims against Defendant BRN Executive Director Loretta Melby, ( Melby ), in her official capacity except for prospective injunctive relief; (iii) all damages claims for violation of the California Constitution; and (iv) all state law tort claims against the BRN Defendants.   (*Id.*)

Despite the Order, it appears that Plaintiff s FAC includes claims that were dismissed without leave to amend.  It is recommended that the claims previously dismissed without leave to amend be dismissed with prejudice for the same reasons previously articulated in the Report and the District Court order.

In addition, the BRN Defendants move to dismiss Plaintiff s FAC on the grounds that (1) Plaintiff fails to state sufficient facts to establish claims against Defendant Melby in her personal capacity or in her official capacity for prospective injunctive relief; (2) Plaintiff fails to state facts sufficient to establish claims against Defendant Friedman in her personal capacity; (3) Plaintiff fails to allege facts

11

sufficient to show violations of Plaintiff s due process rights with respect to her nursing license; and (4) Plaintiff fails to state plausible claims for relief against the BRN Defendants under the Americans with Disabilities Act ( ADA ) or criminal statutes.[3]

### A. Individual Capacity Claims Against Defendant Loretta Melby

The FAC alleges that Defendant Melby initiated the § 820 proceedings in an effort  to protect Kaiser, to silence Plaintiff, and to permanently damage her professional credibility.   (FAC ¶ 275.)  Specifically, Plaintiff argues that the fact that the BRN s § 820  petition was filed on the same day that the Kaiser Defendants obtained a court order that Plaintiff was not a Kaiser employee is evidence of coordinated efforts on the part of the BRN Defendants and the Kaiser Defendants.  (FAC ¶ 279.)  Defendant Melby thereby enabled and furthered a conspiracy of  long-standing abuse coordinated and rallied by Kaiser  against Plaintiff in the form of psychological abuse and torment.  (FAC ¶¶ 276-77.)

The BRN Defendants argue that Plaintiff s FAC contains no facts indicating that Defendant Melby took any actions in an individual capacity to initiate or participate in a conspiracy.  The BRN Defendants also argue that Plaintiff s FAC fails to establish that Defendant Melby participated in any part of the proceedings resulting in the revocation of Plaintiff s nursing license.  Plaintiff argues that her FAC sufficiently pleads claims against Defendant Melby because it alleges that  (1) Defendant Melby personally participated in retaliatory actions, including approving and signing petitions containing false and discriminatory statements against Plaintiff (FAC ¶¶ 232, Exhibits 10-15, pg 250-297); (2) the BRN defendants ratified and advanced Kaiser s retaliatory efforts in the BRN proceedings, including misuse of prefiling orders and support of vexatious litigant

---

[3]  Because the court recommends dismissal of all claims against the BRN Defendants with prejudice, the court need not address the BRN Defendants argument that the FAC fails to satisfy Fed. R. Civ. P. 8.

designations (FAC ¶¶ 249), and (3) Defendant Melby s actions were not ministerial but deliberate, aimed at depriving Plaintiff of her constitutional rights. (Dkt. No. 161 ¶¶ 74-76.)

### 1. Standard

On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.   *Id*., at 166.  However,  [v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.   *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

Claims of conspiracy under § 1985 are subject to a heightened pleading standard which requires specific facts. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) To allege a conspiracy, Plaintiff must allege facts to support an  agreement or meeting of the minds to violate constitutional rights.  *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quotation marks omitted). Conclusory allegations of a conspiracy are insufficient to state a § 1983 claim.  *Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1126 (9th Cir. 1989). Rather,  the plaintiff must state specific facts to support the existence of the claimed conspiracy.  *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (quotation and citation omitted). Finally, parallel independent conduct is insufficient to establish a conspiracy. *Gaetz v. City of Riverside*, 722 F.Supp.3d 1054, 1070 (C.D. Cal. 2024).

### 2. Discussion

Plaintiff s FAC does not include any facts demonstrating how Defendant Melby caused any violation of Plaintiff s constitutional rights in her individual capacity.  Similarly, the FAC does not allege facts to support Plaintiff s conclusory allegations of conspiracy between Defendant Melby and the Kaiser Defendants to deprive her of her constitutional rights.  The fact that the BRN issued the order for examination under § 820 on July 14, 2022, on the same date that the Superior

13

Court issued a ruling on Kaiser s motion for summary judgment in Plaintiff s state court action (Dkt. No. 147 at 156-58; Dkt. No. 170 at 76-79) does not raise a plausible inference of conspiracy between Melby or any BRN defendant, on the one hand, and a Kaiser Defendant, on the other hand.  *Ashcroft*, 556 U.S. at 678 (requiring allegation of facts sufficient to raise  reasonable inference that the defendant is liable for the misconduct alleged  and not merely  sheer possibility that a defendant has acted unlawfully ).

Given that Plaintiff was previously given an opportunity to amend, it is recommended that Plaintiff s claims against Defendant Melby be dismissed with prejudice.  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999) (district court s discretion to deny leave to amend is  particularly broad  when plaintiff previously received leave to amend).

**B. Official Capacity Claims for Prospective Injunctive Relief**

Plaintiff argues that her FAC  alleges specific due process violations by BRN defendants, including their collusion with Kaiser to impose unlawful prefiling orders, their support of a $10,000 vexatious litigant bond, and their denial of notice and meaningful hearing rights during the revocation process (FAC ¶¶ 249, Exhibits 10-15, 250-297).

**1.  Procedural Due Process**

The Fourteenth Amendment provides that a state shall not deprive a person of life, liberty, or property without due process of law.  U.S. Const. Amend. XIV.  To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.  *Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011).  A professional license is considered property protected by the Constitution, and an agency cannot deprive a licensee of a license without due process.  *Mishler v. Nevada State Bd. of Medical Examiners*, 896 F.2d 408,

14

409-10 (9th Cir. 1990); *see also Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996) (holding physician has constitutionally protected interest in medical license).

The essence of procedural due process is that individuals whose property interests are at stake are entitled to notice and an opportunity to be heard. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Due process requires an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978) (emphasis added). The state must afford an opportunity to be heard at a meaningful time and in a meaningful manner. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982). However, a state certainly affords due process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule. *Id.*

The BRN is responsible for administering the statutory scheme governing the licensing of registered nurses and for disciplining registered nurses it has licensed. Cal. Bus. & Prof. Code §§ 2701, 2732, 2750, 2759. The BRN may order a licensee to undergo an examination whenever it appears that the licensee s ability to practice his or her profession is impaired due to mental illness or physical illness affecting competency.[4] Cal. Bus. & Prof. Code § 820. Failure to comply with a § 820 order shall constitute grounds for the suspension or revocation of the licentiate s certificate or license. Cal. Bus. & Prof. Code § 821. The Board is not required to show good cause for a section 820 order nor is a licensee entitled to challenge the basis for the order before submitting to the

---

[4] *See* Cal. Bus. & Prof. Code § 820 (authorizing licensing agency to order licentiate to be examined). At the hearing, Plaintiff argued that someone signed the § 820 order on the Melby s behalf. Nothing prohibits the executive officer from having a designee sign on her behalf. *See* Cal. Bus. & Prof. Code § 2708(a) (appointment of executive officer); 16 Cal. Code Regs. § 1405 (authority of executive officer); *Id.* § 1403 (delegation to executive officer s designee).

15

required examination.  *Fettgather v. Bd. of Psychology*, 17 Cal. App. 5th 1340, 1342 (2017); *Lee v. Bd. of Registered Nursing*, 209 Cal. App. 4th 793, 796-98 (2012).

A § 820 examination  is an investigatory, not an accusatory, procedure, and, as such, courts have been unwilling to find that these procedures violate due process. *See Arnett v. Dal Cielo*, 14 Cal. 4th 4, 9 (1996).   [R]equiring [a licensee] to submit to the section 820 mental examination and challenge the results of that examination only after a formal accusation alleging mental illness is brought strikes  the appropriate balance between the private and public interest.  *Id.* at 1348 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976); *see Fettgather*, 17 Cal. App. 5th at 1347 ( It is settled that [the licensee s] right to practice was not implicated by the order for a mental examination . . . as  [t]he order did not immediately threaten his license, but was merely an authorized administrative inquiry, falling squarely within the police power to protect the public. )  (citations omitted)).

Plaintiff s FAC, its attachments, and documents of which the court has taken judicial notice demonstrate that:  On July 14, 2022, the BRN issued a § 820 order that Plaintiff undergo a mental examination.  Plaintiff did not comply with the order.  On November 14, 2022, the BRN filed an Accusation charging Plaintiff with failure to comply with the § 820 order.  On January 6, 2023, the BRN issued a Default Decision and Order finding that Plaintiff had waived her right to a hearing by failing to file a Notice of Defense within 15 days after service of the Accusation, and that the BRN would take action based on the evidence in the record without a hearing.  (Ghannan Decl., Exh. C.)  The Default Decision and Order found the charge supported by clear and convincing evidence, and revoked Plaintiff s nursing license.  (*Id.*)

Like her initial complaint, Plaintiff s FAC does not plausibly allege a deprivation of her federal due process rights by virtue of the issuance of the § 820

16

order. The § 820 order was merely part of the investigative phase and did not impair Plaintiff s right to practice as a registered nurse, which could only happen with a successful accusation leading to the Board imposing discipline. *Lee*, 209 Cal. App. 4th at 798 (denying due process claim of registered nurse who did not comply with § 820 order and argued order should not have been issued).

Plaintiff s claims of a federal due process violation in connection with the revocation of her registered nursing license after the Accusation was filed fair no better. Plaintiff alleges that she filed a formal objection to the § 820 order on July 26, 2022 and filed a Notice of Defense on August 8, 2022 before the Accusation was filed. (FAC ¶ 120.) Plaintiff does not claim to have filed a Notice of Defense [w]ithin 15 days after service of the accusation, but rather that she filed a Notice of Defense before the Accusation was filed. (FAC ¶ 124.)

The facts as alleged in Plaintiff s FAC fall short of a federal due process violation. Plaintiff s FAC demonstrates that Plaintiff failed to comply with an Order issued pursuant to Business and Professions Code section 820 by failing to file her Notice of Defense within 15 days of service of the accusation. [5] Thus, Plaintiff s failure to comply with the § 820 order does not constitute a federal due process violation. *See Fettgather*, 17 Cal. App. 5th at 1348; *Lee*, 209 Cal. App. 4th at 798 (finding irrelevant, in § 821 proceeding based on failure to comply with § 820 order, plaintiff s argument that § 820 order should not have issued).

Given that Plaintiff previously had an opportunity to amend, it is recommended that Plaintiff s procedural due process claim against the BRN Defendants be dismissed without further leave to amend. *Griggs*, 170 F.3d at 879.

---

[5] The record before the court does not contain any indication that Plaintiff challenged the BRN s Default Decision and Order in a writ proceeding pursuant to Cal. Civ. Proc. Code § 1094.5.

## 2. <mark>Substantive Due Process</mark>

Plaintiff s substantive due process claim arises from her allegation that the BRN  reli[ed] on fabricated allegations and procedural irregularities resulted in revocation [of Plaintiff s nursing license] without the constitutionally required safeguards.  (FAC ¶ 297.)

To state a substantive due process claim, Plaintiff must allege a  government deprivation of life, liberty, or property.  *See Costanich v. Dep t of Social & Health Serv.*, 627 F.3d 1101, 1110-11 (9th Cir. 2010) (analyzing deliberate fabrication of evidence claim in foster care license revocation proceeding under substantive due process).  To sustain a deliberate fabrication of evidence claim, [courts] have held that a plaintiff must, *at a minimum*, point to evidence that supports at least one of the following two propositions:  (1) Defendants continued their investigation of [plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information.  *Id.* at 1111 (citation omitted; emphasis in original).

Plaintiff s FAC does not allege facts to support a deliberate fabrication of evidence claim under either theory.  Just as in *Lee*, Plaintiff challenges her employer s allegations against her as false.  The *Lee* court concluded that such a  challenge  might have been relevant if the revocation was actually based on a claimed lack of mental fitness.  But matters never got to that stage.  *Lee*, 209 Cal. App. 4th at 798.  Instead, Lee s license as a registered nurse was revoked in a § 821 proceeding after she refused to submit to a mental examination pursuant to a § 820 order.  *Id.* at 795-96; *see also Fettgather*, 17 Cal. App. 5th at 1348 (following the analysis in *Lee*).

Similarly, Plaintiff has not plausibly alleged a deprivation of her substantive due process rights by virtue of the § 820 order, which was  part of the

18

investigative phase  and did not impair Plaintiff s right to practice as a registered nurse,  which could only happen with a successful accusation leading to the Board imposing discipline.   *Lee*, 209 Cal. App. 4th at 798.  The government s interest in compliance with the § 820 order is compelling.  *Fettgather*, 17 Cal. App. 5th at 1349.  At the same time, the licentiate s right to privacy  is adequately protected by the statutory mechanism that keeps the investigation confidential up until the filing of an accusation charging incompetency on the merits.   *Id.* at 1348; *Id.*  at 1347 (noting Board is authorized to consider § 820 examination in closed session under Cal. Bus. & Prof. Code § 827; noting § 820 examination report is confidential until accusation is filed under Cal. Bus. & Prof. Code § 828).  Requiring compliance with the § 820 order  protects a licentiate from groundless charges because it allows the Board to initially and confidential[ly] determine that mental state prior to the bringing of any accusation to revoke a license.   *Id.* at 1349.  Moreover, Plaintiff s FAC does not allege facts supporting a deliberate fabrication of evidence claim in connection with the § 821 proceeding.

Given that Plaintiff previously had an opportunity to amend, it is recommended that Plaintiff s substantive due process claim against the BRN Defendants be dismissed without further leave to amend.  *Griggs*, 170 F.3d at 879.

### C. Claims Against Friedman

Plaintiff s FAC alleges that Defendant Friedman served as an attorney to the BRN on the Accusation filed in Case No. 4002021005658, and drafted legal pleadings and advanced legal theories that contained false and defamatory allegations against Plaintiff. (FAC ¶¶ 39-42.)  Plaintiff alleges that these proceedings ultimately resulted in revocation of her nursing license.  (FAC ¶ 39.)  Plaintiff alleges that Friedman  acted personally and intentionally in revoking Plaintiff's nursing license and retaliating against her for engaging in protected

activity. [6]  (FAC ¶¶ 302, 568-69.)

The BRN Defendants argue that these allegations implicate Defendant Friedman s absolute immunity as a prosecuting attorney.  Plaintiff argues that Friedman  engaged in investigative and conspiratorial acts with Kaiser, supporting misuse of prefiling orders and enforcement tactics (FAC ¶¶ 293).

Prosecutors are entitled to absolute immunity from § 1983 lawsuits for their actions in initiating and presenting the government s case. *Imbler v. Pachtman* (1976) 424 U.S. 409, 427-31.  Courts have held that deputy attorney generals representing medical boards have prosecutorial immunity from lawsuits for any actions they commit while discharging their litigation-related duties during proceedings concerning revocation of a medical license.  *See Yoonessi v. Albany Med. Ctr.,* 352 F.Supp.2d 1096, 1098, 1103 (C.D. Cal. 2005).  Specifically,  [a]n attorney in the Attorney General's Office is immune from lawsuits for any action she commits in discharging her litigation-related duties.  *Id.*

Plaintiff s FAC fails to allege facts sufficient to establish claims against Defendant Friedman that do not invoke Defendant Friedman s prosecutorial immunity.  Given that Plaintiff previously had an opportunity to amend, it is recommended that Plaintiff s claims against Defendant Friedman be dismissed without further leave to amend.  *Griggs*, 170 F.3d at 879.

**D. ADA Claims**

Plaintiff alleges that the BRN Defendants violated her rights under the Americans with Disabilities Act ( ADA ) by retaliating against her for complaining about harassment and discrimination in the workplace.  (FAC ¶ 328.) Plaintiff alleges that  by submitting false NPDB records to permanently damage Plaintiff's career  the BRN Defendants engaged in an  additional retaliatory measure  designed to prevent Plaintiff from securing future employment or licensure, linking

---

[6]   To be clear, Defendant Friedman was an attorney of record for the BRN on the Accusation and did not issue the Default Decision and Order.

the misconduct directly to Plaintiff's protected activity.   (FAC ¶ 329.)

The BRN Defendants argue that Plaintiff did not have leave to amend her complaint to allege violations of the ADA against the BRN Defendants and that Plaintiff s allegations relate to discrimination she experienced during her employment with Kaiser, not the BRN.  Plaintiff argues that her allegations of violations of the ADA against the BRN Defendants arise under Title II of the ADA for  Public Services,  not Title I of the ADA for  Employment.

Assuming Plaintiff intended to bring a cause of action against the BRN Defendants under Title II of the ADA, the ADA does not provide for individual capacity lawsuits against state officials.  *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ( The ADA applies only to public entities. ); *Simmons v. Miranda-Mares*, 2023 WL 6783290, at *3 (C.D. Cal. Sept. 15, 2023); *see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ( Insofar as Garcia is suing the individual defendants in their individual capacities, neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials. )  Plaintiff cannot bring such ADA claims against Defendant Melby or Defendant Friedman.

Even assuming Plaintiff could overcome Eleventh Amendment immunity against the BRN, Plaintiff does not allege any facts to support a plausible ADA claim.  Title II of the ADA provides:   No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.   42 U.S.C. § 12132.  A complaint must allege facts showing that (1) Plaintiff is a qualified individual with a disability; (2) Plaintiff was either excluded from participation in or denied the benefits of a public entity s services, program, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *Weinrich v. Los Angeles Cty. Metro. Transp. Authority*,

21

114 F.3d 976, 978 (9th Cir. 1997).  Intentional discrimination requires the complaint to allege facts showing  that a defendant acted with  deliberate indifference,  which requires  both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that . . . likelihood.   *Updike v. Multnomah Cty.*, 870 F.3d 939, 950-51 (9th Cir. 2017) (citation omitted).    When the plaintiff has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test.      To meet the second prong, the entity s failure to act  must be a result of conduct that is more than negligent, and involves an element of deliberateness.    *Id.* at 951 (citation omitted).

The FAC alleges no facts to support a plausible claim that Plaintiff was excluded from participation in, or denied the benefits of, any services, programs, or activities of the BRN or was subjected to discrimination by the BRN by reason of any disability she has.  Indeed, it is undisputed that Plaintiff did not participate in the § 820 mental examination.  Therefore, as described above, the proceedings before the BRN terminated before the nature and degree of Plaintiff s disability, and the nature of any accommodation for her, ever came before the BRN.  The FAC does not allege any facts to support either prong of deliberate indifference.

For these same reasons, the FAC does not plausibly allege facts showing that any protected activity was the but-for cause of the revocation of her license for purposes of a retaliation claim.  *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (holding plaintiff must allege but for causation to establish retaliation claim); *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (applying but for causation to retaliation claims under Title II of ADA); *see also Sabatini v. Cal. Bd. of Registered Nursing*, 849 Fed. Appx. 634, 636-37 (9th Cir. 2021) (affirming dismissal without leave to

22

amend of retaliation claims for failure to allege facts supporting but for causation in Title II ADA claim).  The FAC also does not plausibly allege facts showing that any protected activity was the but-for cause of reporting to the National Practitioner Data Bank ( NPDB ).  *See* 42 U.S.C. § 1396r-2 (mandating reporting of revocation or suspension of license by state licensing authority); 45 C.F.R. §§ 60.3, 60.5 (mandating reporting of license revocation or suspension after formal proceeding to NPDB); *see also* Cal. Welf. & Inst. Code § 14043.6 (suspension by DHCS of individual whose license has been revoked or suspended by state licensing authority).

Because Plaintiff cannot cure these deficiencies, it is recommended that Plaintiff s claims for violations of the ADA against the BRN Defendants be dismissed without leave to amend.  *Lopez*, 203 F.3d at 1129.

### E. Criminal Statutes

In her FAC, Plaintiff references various criminal statutes as the basis for some of her claims against the BRN Defendants.  For example, the FAC references violations of 18 U.S.C. § 241, 18 U.S.C. § 371, 18 U.S.C. § 1001, and 18 U.S.C. § 249.

Plaintiff does not have a private right of action to bring these claims against the BRN Defendants because these are <u>criminal</u> statutes.  *See, e.g.*, *Peabody v. United States*, 394 F.2d 175, 177 (9th Cir.1968) (stating that § 241 does not provide a private right of action); *Soloman v. Scheper*, 2025 WL 2995473, at *5 (C.D. Cal. July 30, 2025) (citing *Rockefeller v. U.S. Ct. of Appeals Office*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (no private right of action under 18 U.S.C. § 242 and 371)).  *See also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ( We have been quite reluctant to infer a private right of action from a criminal prohibition alone; in *Cort v. Ash*, 422 U.S. 66, 80, 95 S.Ct. 2080, 2089, 45 L.Ed.2d 26 (1975), for example, we refused to infer a private right of action from  a bare criminal statute.  And we have not

suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions. (See *Touche Ross*, 442 U.S., at 568, 99 S.Ct., at 2485 ( [Q]uestion of the existence of a statutory cause of action is, of course, one of statutory construction )). (citations omitted).

Because Plaintiff cannot cure these deficiencies, it is recommended that Plaintiff s claims for violations of 18 U.S.C. § 241, 18 U.S.C. § 371, 18 U.S.C. § 1001, and 18 U.S.C. § 249, and other criminal statutes be dismissed without leave to amend. *Lopez*, 203 F.3d at 1129.

**VI.**

## <mark>KAISER DEFENDANTS MOTION TO DISMISS</mark>

The Kaiser Defendants move to dismiss the FAC on the grounds that (1) it fails to satisfy Fed. R. Civ. P. 8; (2) the FAC does not allege that Plaintiff exhausted her administrative remedies, and (3) Plaintiff s causes of action for intentional infliction of emotional distress and whistleblower retaliation pursuant to Cal. Lab. Code § 1102.5 are barred by the applicable statute of limitations.

**A.    Rule 8**

The Kaiser Defendants argue that Plaintiff s FAC should be dismissed in its entirety for failing to comply with Fed. R. Civ. P. 8.

Plaintiff s FAC contains 599 numbered paragraphs, not including subparagraphs, and 48 exhibits. The FAC asserts claims for the following against the Kaiser Defendants:[7]

(1)    Civil Rights Conspiracy (42 U.S.C. §§ 1983, 1985) against all Defendants;

(2)    Conspiracy Against Rights (18 U.S.C. § 241) against all Defendants;

---

[7] Although the FAC makes allegations against the Attorney General s Office and Superior Court Judge Small (FAC ¶¶ 39, 43-47, 69-83, 149), they are not named as defendants in the caption and are not included in the list of defendants in the body of the FAC. Therefore, the court concludes that they are not defendants in this action.

24

(3)  Conspiracy to Obstruct Justice (18 U.S.C. § 371) against all Defendants;

(4)  Retaliation in Violation of Title VII of the Civil Rights Act of 1964 against Defendants SCPMG and KFHP;

(5)  Disability Discrimination in Violation of the ADA against Defendants SCPMG and KFHP;

(6)  Disability Discrimination and Retaliation in Violation of the ADA against Defendants SCPMG and KFHP.

(7)  Wrongful Termination in Violation of Title VII of the Civil Rights Act of 1964;

(8)  Retaliation and Failure to Accommodate in Violation of the California Fair Employment and Housing Act ( FEHA ) against Defendants SCPMG and KFHP;

(9)  Whistleblower Retaliation under Cal. Lab. Code §1102.5 against Defendants SCPMG and KFHP; and

(10)  Intentional Infliction of Emotional Distress against Defendants SCPMG and KFHP.

In addition, throughout the FAC, Plaintiff identifies numerous causes of action, some of which do not identify a corresponding defendant. (*See* FAC ¶¶ 474-86.)  These causes of action include, but are not limited to: Deprivation of Rights under Color of Law (18 U.S.C. § 242); Violation of the Due Process Clause of the Fifth Amendment and Fourteenth Amendment; and Violation of the Equal Protection Clause of the Fifth Amendment and Fourteenth Amendment.  Plaintiff may also be asserting claims under the First Amendment as well as state tort claims, including claims for defamation and breach of fiduciary duty.  (*Id.* ¶¶ 36, 194-96, 284-87, 437-41.)  Plaintiff seeks (1) economic damages; (2) compensatory damages; (3) punitive damages; (4) injunctive relief; and (5) attorney s fees and costs.  (*Id.* ¶ 599.)  The FAC also includes sections titled

25

Plaintiff s Arguments to Strike Kaiser Defendants Defenses,   Plaintiff s Arguments to Strike BRN Defenses,  and  Plaintiff s Arguments to Strike Carlin s Defenses.  (*See generally Id.* ¶¶ 519-98, Sections XXX-XXXII.)  These sections appear to be Plaintiff s responses to defenses raised in Defendants  answers to Plaintiff s initial complaint.

### 1. <mark>Legal Standard</mark>

Rule 8 requires  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.   Fed. R. Civ. P. 8(a); *see Ashcroft*, 556 U.S. at 677-78 ( [T]he pleading standard Rule 8 announces does not require  detailed factual allegations,  but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. ).  The  short and plain  statement  must simply  give the defendant fair notice of what the plaintiff s claim is and the grounds upon which it rests.   *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (citation omitted).   Each allegation must be simple, concise, and direct.   Fed. R. Civ. P. 8(d)(1).   A pleading that offers  labels and conclusions  or  a formulaic recitation of the elements of a cause of action will not do.   Nor does a complaint suffice if it tenders  naked assertion[s] devoid of  further factual enhancement.    *Ashcroft*, 556 U.S. at 678 (internal citations omitted).

Rule 8 s requirement of  each averment of a pleading to be  simple, concise, and direct,  applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6).  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  In other words,  dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit,  but rather focuses on whether the complaint  provide[s] defendants notice of what legal claims are

asserted against which defendants. *Id.* at 1176, 1179. A pleading violates Rule 8 [when] it involves so-called shotgun pleading. Shotgun pleading occurs when: (1) one party pleads that multiple parties did an act, without identifying which party did what specifically; or (2) when one party pleads multiple claims and does not identify which specific facts are allocated to which claim. *Manago v. Santoro*, No. 1:21-cv-01464-ADA-HBKPC, 2023 WL 7342730, at *3 (E.D. Cal. Nov. 7, 2023), *accepted by* 2024 WL 1312933 (E.D. Cal. Mar. 26, 2024)).

### 2. **Discussion**

The Kaiser Defendants argue that the FAC violates Rule 8 because the FAC (1) is lengthy and includes impermissible legal arguments and citations; and (2) contains conclusory, argumentative, confusing, and irrelevant factual allegations. (Dkt. Nos. 154, 156.) In her opposition,[8] Plaintiff argues that her FAC contains 599 numbered paragraphs and 48 exhibits that document retaliation, discrimination, conspiracy, fabrication of sham pleadings, and due process violations, and permissibly states facts to support her causes of action. (Dkt. No. 161 ¶ 1.) Further, Plaintiff argues she is entitled to include exhibits with her complaint pursuant to Rule 10(c).

In *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996), the plaintiffs second amended complaint was dismissed because the it did not provide defendants with notice of what legal claims [were] asserted against which defendants, and instead was argumentative with prolix allegations consisting of mostly narrative ramblings and storytelling or political griping. *Id.* at 1175. In dismissing the second amended complaint, the district court gave the plaintiffs specific instructions on how to draft to draft the third amended complaint to avoid dismissal. Specifically, the district court told the plaintiffs to file a complaint

---

[8] Plaintiff s opposition addresses both the BRN Defendants and the Kaiser Defendants motions to dismiss collectively instead of filing separate oppositions. Plaintiff s opposition is confusing in that it refers to Defendants generally instead of specifying which Defendants argument is being addressed.

which states clearly how each and every defendant is alleged to have violated plaintiffs' legal rights  and to  edit their twenty-six-page introduction and focus on linking their factual allegations to actual legal claims.  *Id.*

The plaintiffs failed to follow the judge s instructions.  *Id.* at 1176.  The third amended complaint was 35 pages long and mostly repeated  the vices  of the second amended complaint.  While  the claims for relief designated legal theories on which the relief was based . . . [the] plaintiffs did not specify which defendants were liable on which of the claims. Instead, each claim says  defendants   conduct violated various rights of plaintiffs, without saying which defendants.   *Id.*  The third amended complaint read  like a magazine story instead of a traditional complaint.  *Id.*  As such, the district court dismissed the plaintiffs  third amended complaint without leave to amend.  *Id.*

The Ninth Circuit affirmed the district court s dismissal of the plaintiffs  third amended complaint on the grounds that the complaint was  argumentative, prolix, replete with redundancy, and largely irrelevant.  *Id.* at 1177.  The Ninth Circuit Court held that  dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit.   *Id.* at 1179.  In fact, the magistrate judge found some claims that may have survived a Rule 12(b)(6) motion to dismiss.  However, the plaintiffs  failure to file a  simple, concise, and direct  pleading was sufficient for dismissal independent of Rule 12(b)(6).  *Id.*[9]

Plaintiff argues that *McHenry* is inapplicable because *McHenry* involved  a complaint where it was impossible to tell  who is being sued, for what relief, and on what theory.    (Dkt. No. 161 ¶¶ 16, 25, 41.)  Plaintiff heavily relies on *Hearns v. San Bernardino Police Dep t.*, 530 F.3d 1124 (9th Cir. 2008), to support her claim that her FAC satisfies Rule 8.  In *Hearns*, the district court dismissed the

---

[9] The Ninth Circuit Court also held that while dismissal of a complaint with prejudice is a harsh remedy, the dismissal of the plaintiffs  complaint with prejudice was proper in light of the fact that the district court permitted the plaintiffs the opportunity to amend their complaint twice.  *McHenry*, 84 F.3d at 1178-79.

plaintiff s 81-page complaint without prejudice because of the length and unnecessary detail of the factual section.  The plaintiff filed a first amended complaint that was 68 pages but substantively similar.  *Id.* at 1127.  The district court dismissed the first amended complaint with prejudice for failing to comply with Rule 8 and the court s prior order.  *Id.*  The Ninth Circuit Court vacated the dismissal and remanded for further proceedings.  *Id.* at 1133.  The Ninth Circuit found that the plaintiff s complaint was  logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and legal basis therefor.   *Id.* at 1132.  The defendants did  not attempt to identify particular allegations as immaterial or unnecessary. They [did] not assert that the complaint fails to set forth cognizable causes of action, that the legal theories are incoherent, or that they cannot tell which causes of action are alleged against which Defendants. *They simply object that the complaint provides too much factual detail*.   *Id.* (emphasis added).  Although  [t]he FAC and the original complaint contain[ed] excessive detail, [they] [were] intelligible and clearly delineate[d] the claims and the Defendants against whom the claims are made.  *Id.*  As such, the FAC in *Hearns* did not violate Rule 8.  *Id.*

After review, Plaintiff s FAC contains some similarity to the complaint in *McHenry*.  The FAC contains lengthy sections of legal arguments and argumentative and seemingly irrelevant facts.  For example, numerous sections and paragraphs discussing Los Angeles Superior Court Judge Small and the Attorney General s Office.  (FAC ¶¶ 39, 43-47, 60-64, 87, 91-92, 96-114, 125-27, 149-50.)  The FAC includes nearly 80 paragraphs in which plaintiff  strikes  the various defendants  defenses.  (*See, e.g.*, FAC ¶¶ 519-598.)  Similar to *McHenry*, the FAC is confusing, ambiguous, and often unintelligible.  Plaintiff s initial complaint was 71 pages with 217 paragraphs and 188 pages of exhibits, totaling 259 pages.  (Dkt. No. 1.)  Conversely, Plaintiff s FAC is 110 pages with 599

paragraphs and 570 pages of exhibits, totaling 680 pages. Despite being significantly longer, Plaintiff s FAC does not clearly identify (1) how many causes of action are alleged, (2) what those causes of action are, and (3) against whom those causes of action are alleged. (*See* FAC ¶¶ 474-86.) Instead, the causes of action are hidden amongst hundreds of paragraphs. Indeed, Plaintiff s FAC s cover page states that, besides the enumerated causes of action, there are other related claims as alleged below, thus failing to identify all causes of action herself. (*See* FAC at 1.)

Because it is recommended that the Kaiser Defendants motion to dismiss be granted with leave to amend on other grounds, the court does not separately recommend dismissal based on Rule 8. Plaintiff is cautioned that any second amended complaint should remove legal argument, clearly list each claim and the defendants against whom the claim is asserted, and clearly allege the facts supporting liability against each defendant under that claim.

**B.**  <mark>**Exhaustion of Administrative Remedies**</mark>

The Kaiser Defendants argue that Plaintiff s claims for violations of Title VII, the ADA, and/or FEHA should be dismissed on the grounds that the FAC fails to allege that Plaintiff exhausted her administrative remedies prior to filing her lawsuit. (Dkt. No. 154.) In her opposition, Plaintiff claims she exhausted her remedies by obtaining a Right-to-Sue letter from California s Civil Rights Department ( CRD ).[10] (Dkt. No. 161, ¶ 55.)[11]

---

[10] Plaintiff s opposition claims that she received a Right-to-Sue letter from California s DFEH. The California Civil Rights Department ( CRD ) was known as the California Department of Fair Employment and Housing ( DFEH ) until July 2022.

[11] Plaintiff also filed a document titled Plaintiff s Brief in Support of Declaratory Relief on Exhaustion of Administrative Remedies. (Dkt. No. 162.) It is unclear what relief Plaintiff is seeking as Plaintiff subsequently filed a motion to file an amended complaint including allegations relating to exhaustion of her administrative remedies. (Dkt. No. 163.)

As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the Equal Employment Opportunity Commission (EEOC[)].  *Fort Bend Cty. v. Davis*, 587 U.S. 541, 543 (2019).  The exhaustion requirement applies to Plaintiff s claims under the ADA as well.  *See Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999) (citing 42 U.S.C. § 12117(a)). Similarly,  [b]efore filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies with [the CRD].  *Willis v. Superior Court*, 195 Cal. App. 4th 143, 153 (2011).   Exhaustion includes the timely filing of administrative complaints addressing the claims and parties at issue, as well as the procurement of right-to-sue letters.   *Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336, 1345 (2014).

Title VII s exhaustion requirement is a claim-processing rule,  albeit a mandatory one.   *Fort Bend*, 587 U.S. at 551.  A court  must enforce the rule if a party  properly raise[s]  it.   *Id.* at 549 (citation omitted).  The FAC does not allege that Plaintiff exhausted her administrative remedies prior to bringing her claims under Title VII, the ADA, or the FEHA.  Plaintiff seems to acknowledge the omission because she filed a  Motion for Leave to File [Second] Amended Complaint [12] that would be  limited solely to the inclusion of a clarifying paragraph expressly pleading exhaustion of administrative remedies  after the Kaiser Defendants filed their motion to dismiss.  (Dkt. No.  163, ¶ 1.)

It is recommended that the Kaiser Defendants  motion to dismiss Plaintiff s claims under Title VII, the ADA, and the FEHA be granted with leave to amend. Allegations outside the FAC may not be considered on a motion to dismiss.  *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003); *Schneider v. Cal. Dep t of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Nevertheless, the court may

---

[12] In her motion, Plaintiff seeks leave to file a first amended complaint. However, Plaintiff has already filed a First Amended Complaint. As such, the court interprets Plaintiff s motion as requesting leave to file a Second Amended Complaint.

consider Plaintiff s arguments in determining whether leave to amend is warranted.  Here, Plaintiff may be able to allege facts showing exhaustion of remedies.  Plaintiff s motion for summary judgment alleges that she obtained a right-to-sue letter from the CRD on May 10, 2021, although it is not mentioned in or attached to the Separate Statement of Undisputed Facts.  (Dkt. No. 168 at 7 ¶ 18; Dkt. No. 170.)

C. <mark>Statute of Limitations</mark>

The Kaiser Defendants argue that Plaintiff s claims for intentional infliction of emotional distress ( IIED ) and whistleblower retaliation under Cal. Lab. Code § 1102.5 are barred by the applicable statute of limitations.  (Dkt. No. 154.)

A complaint is subject to dismissal when the statute of limitations bar is established on the face of the complaint.  *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010).

1. <mark>IIED</mark>

IIED has a two-year statute of limitations.  Cal. Civ. Code § 335.1.  The two-year time period accrues once the plaintiff suffers severe emotional distress as a result of outrageous conduct on the part of the defendant.  *See Wassmann v. S. Orange Cty. Cmty. Coll. Dist.*, 24 Cal. App. 5th 825, 853 (2018).

Plaintiff alleges that she suffered IIED from the Kaiser Defendants  conduct in  fabricating disciplinary records, denying accommodations despite medical documentation, retaliating against protected activity, and escalating threats up to termination and license revocation.   (FAC ¶ 516.)  According to the FAC, this conduct occurred from August 2020 through February 2021.  (FAC ¶ 458.)  Accordingly, the two-year statute of limitations expired two years later in February 2023.  Plaintiff did not bring the pending lawsuit against the Kaiser Defendants until July 10, 2024, and Plaintiff s initial complaint did not include a cause of action for IIED.  (*See* Dkt. No. 1.)  Plaintiff first alleged a claim for IIED in the FAC on

32

September 18, 2025, well beyond the limitations period.  (Dkt. No. 144.)  Absent equitable tolling, which is addressed below, her claim would be barred.

### 2. <mark>Whistleblower Retaliation</mark>

The Kaiser Defendants argue that Plaintiff s claims for whistleblower retaliation under Cal. Lab. Code § 1102.5 are barred by the applicable statute of limitations.  (Dkt. No. 154.)

California law prohibits an employer from retaliating against an employee  for disclosing information to a government or law enforcement agency,  if the employee reasonably believes this information relates to a violation of state or federal statutes or regulations.  Cal. Lab. Code § 1102.5(b).  A claim for whistleblower retaliation under California Labor Code § 1102.5 is generally subject to the three-year statute of limitations for  liability created by statute  under Cal. Civ. Proc. Code § 338(a). *See e.g., Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 917 (E.D. Cal. 2017).  Plaintiff s employment was terminated by SCMPG on March 18, 2021.  (FAC ¶ 189.)  The statute of limitations expired three years later on March 18, 2024.  Plaintiff did not file the pending lawsuit until July 10, 2024, four months after the statute of limitations expired.  (Dkt. No. 1.)  Absent equitable tolling, Plaintiff s whistleblower retaliation claims would be barred.

### 3. <mark>Equitable Tolling</mark>

Under California law, equitable tolling is available to a plaintiff  when, possessing several legal remedies [s]he, reasonably and in good faith, pursues one designed to lessen the extent of [her] injuries or damage.   *Butler v. Nat l Cmty. Renaissance of Calif.*, 766 F.3d 1191, 1204 (9th Cir. 2014).  To show entitlement to equitable tolling,  a plaintiff must establish  timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.   *Id.* (internal quotation marks and citation omitted).

Timely exhaustion of remedies with a state agency may constitute a good faith pursuit of a legal remedy designed to lessen the extent of a plaintiff's damages." *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 696 (9th Cir. 2003*).* "If a plaintiff's first claim and second claim concern different wrongs, however, equitable tolling is not available." *Id.* at 695. Moreover, the first claim must be timely filed. *See Beaudoin v. Schlachter*, 672 Fed. Appx. 706, 707 (9th Cir. 2016) (affirming denial of equitable tolling when first claim was untimely").

It is recommended that the Kaiser Defendants motion to dismiss based on the statute of limitations be granted with leave to amend. The Separate Statement of Undisputed Facts in support of Plaintiff s motion for summary judgment does not contain facts in support of equitable tolling. Nevertheless, as discussed above, Plaintiff s motion alleges receipt of a right-to-sue letter on May 10, 2021 and may be able to establish equitable tolling as to one or more causes of action. *See Broam*, 320 F.3d at 1026 n.2; *Schneider*, 151 F.3d at 1197 n.1.

## VII.

## PLAINTIFF S MOTION FOR LEAVE TO FILE

## SECOND AMENDED COMPLAINT

On October 9, 2025, Plaintiff filed a motion requesting leave to file a second amended complaint. (Dkt. No. 163.) Plaintiff requested leave to amend her complaint to include a clarifying paragraph expressly pleading exhaustion of administrative remedies. (*Id.* ¶ 1.) The BRN Defendants filed an opposition on October 21, 2025. (Dkt. No. 166.)

It is recommended that Plaintiff s motion for leave to file the second amended complaint be denied without prejudice to her ability to file a Second Amended Complaint within the parameters set forth in this Report. Plaintiff s current proposed second amended complaint contains claims that have been previously dismissed with prejudice or that do not raise a plausible claim for relief for the reasons set forth in this Report.

34

**VIII.**

<mark>**DEFENDANT CARLIN S MOTION TO SET ASIDE ENTRY OF DEFAULT AND**</mark>

<mark>**PLAINTIFF S MOTION FOR DEFAULT JUDGMENT**</mark>

Defendant Carlin moves to vacate entry of his default on the grounds that (1) Defendant Carlin s failure to answer Plaintiff s FAC was not willful; (2) Defendant Carlin has several meritorious defenses to the allegations contained in Plaintiff s FAC; and (3) Plaintiff is not prejudiced by the Court vacating default of Defendant Carlin.  Conversely, Plaintiff moves for entry of default judgment against Defendant Carlin on the grounds that Defendant Carlin failed to answer her FAC.

**A. Relevant Procedural History**

**1. <mark>Original Complaint</mark>**

On July 10, 2024, Plaintiff filed this civil lawsuit.  (Dkt. No. 1.)  On September 26, 2024, Plaintiff requested that the Court enter default against Defendant Carlin for failing to answer Plaintiff s original complaint.  (Dkt. Nos. 39, 40.)  On September 27, 2024, Defendant Carlin filed his answer to Plaintiff s original complaint.  (Dkt. No. 38.)

On September 30, 2024, Plaintiff filed a motion to strike Defendant Carlin s answer to Plaintiff s initial complaint.  (Dkt. No. 53.)  Plaintiff s motion was denied on August 18, 2025.  (Dkt. No. 137.)

**2. <mark>FAC</mark>**

On September 18, 2025, Plaintiff filed her FAC, which alleges claims for legal malpractice and fraudulent concealment against Defendant Carlin.  (Dkt. No. 144.)  On October 30, 2025, Plaintiff filed a motion requesting entry of default against Defendant Carlin for failing to answer Plaintiff s FAC.  (Dkt. No. 171.)  Default was entered against Defendant Carlin on November 4, 2025.  (Dkt. No. 172.)

35

On November 12, 2025, Defendant Carlin filed a motion to set aside his default. (Dkt. No. 177.) Defendant Carlin attached a draft answer to Plaintiff s FAC as an exhibit to his motion. (*Id.*)

On November 13, 2025, Plaintiff filed a motion for default judgment against Defendant Carlin. (Dkt. No. 182.)

On November 20, 2025, Plaintiff filed an opposition to Defendant Carlin s motion to vacate entry of his default. (Dkt. No. 186.)

On December 31, 2025, Defendant Carlin filed a second motion to vacate/void default judgement. (Dkt. No. 195.)

On January 5, 2026, Plaintiff filed an objection and response to Defendant Carlin s second motion to vacate/void default judgment. (Dkt. Nos. 196, 197.)

B. **Defendant Carlin s Motion to Set Aside Entry of Default and Plaintiff s Motion for Default Judgment**

On September 18, 2025, Plaintiff filed and served Defendant Carlin with her FAC. (Dkt. Nos. 147, 171.) As such, Defendant Carlin s response to Plaintiff s FAC was due on or before October 25, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Carlin did not file a response to Plaintiff s FAC by October 25, 2025. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Thus, the clerk entered default against Defendant Carlin on November 4, 2025. (Dkt. No. 172.)

The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In assessing whether good cause exists, courts look at three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; and (3) whether reopening the default would prejudice the other party. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). These factors are liberally interpreted when considering relief from an entry of default. *Hawaii*

36

*Carpenters Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).   As these factors are disjunctive, the district court was free to deny the motion  if any of the three factors was true.   *Franchise Holding II, LLC*, 375 F.3d at 926 (quoting *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.2000)).

In his motion, Defendant Carlin argues that all three factors weigh in favor of setting aside his default.  (Dkt. No. 177.)  First, Defendant Carlin argues that his failure to respond to Plaintiff s FAC was not culpable.  Defendant Carlin states that the failure to respond to Plaintiff s FAC arose from  administrative oversight during the transition of case files and calendaring at his law office.   Defendant Carlin states that his law office lost three attorneys between June 2024 and September 2025, and that the increase in caseload resulted in  difficulty keeping up with Plaintiff s myriad of emails.   Second, Defendant Carlin argues that he has meritorious defenses to the claims Plaintiff raises in her FAC, including lack of personal involvement and failure to state a claim.  Defendant Carlin attached a proposed answer to his motion to set aside default which contains such defenses. Third, Defendant Carlin argues that Plaintiff would not be prejudiced by setting aside his default because the litigation is still in its early stages.  As such, Defendant Carlin argues that his failure to timely respond to Plaintiff s FAC is a result of excusable neglect warranting setting aside his default.

In her opposition, Plaintiff argues that Defendant Carlin did not show excusable neglect warranting setting aside his default.  First, Plaintiff argues that the amount of time between the service of her FAC and the entry of default evidence culpable conduct on behalf of Defendant Carlin.  Plaintiff also points to Defendant Carlin s actions in a state court proceeding to show that Defendant Carlin was willfully refusing to participate in this federal action.  Second, Plaintiff argues that Defendant Carlin s purported defenses are not meritorious and thus do not warrant setting aside his default.  Finally, Plaintiff argues that she would be

37

prejudiced by the court setting aside Defendant Carlin's default for various reasons, including Defendant Carlin's pattern of behavior resulting in Plaintiff's prior request for default against Defendant Carlin, as well as ongoing reputational harm from which Plaintiff suffers.

Defaults are highly disfavored, and a default may be set aside for good cause. *Franchise Holding II, LLC*, 375 F.3d at 925. [S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010).

While Defendant Carlin's actions evidence excusable neglect, there is nothing suggesting that Defendant Carlin's failure to respond to Plaintiff's FAC was devious, deliberate, willful, or done in bad faith. In the declaration submitted in support of the motion to set aside default, Defendant Carlin's counsel states that the failure to respond to Plaintiff's FAC was due to an administrative oversight resulting from the departure of several attorneys at Defendant Carlin's law office, in addition to the overwhelming number of communications exchanged between the parties in this matter. Indeed, Defendant Carlin filed an opposition to Plaintiff's motion for summary judgment a day prior to filing his pending motion to set aside default, evidencing an intention to engage in the present litigation. (Dkt. No. 175.)

Further, it is unlikely that Plaintiff will suffer prejudice by setting aside Defendant Carlin's default. Given that the litigation is still at the pleading stage, Plaintiff will not suffer prejudice by setting aside Defendant Carlin's default.

It is recommended that the court grant Defendant Carlin's motion to set aside entry of default and deny Plaintiff's motion for default judgment.

38

## IX.

### PLAINTIFF S MOTION FOR SUMMARY JUDGMENT

Plaintiff has also filed a motion for summary judgment against all defendants based on the allegations in her FAC.  (Dkt. No. 168.)

It is recommended that Plaintiff s motion for summary judgment against the BRN Defendants be denied in light of the dismissal of all claims against the BRN Defendants.  *See Lawyers for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1063 n.5 (9th Cir. 2025) (affirming district court s denial of motion for summary judgment as moot after dismissing plaintiff s claims with prejudice), *cert. denied*, 2025 U.S. LEXIS 4607 (Dec. 8, 2025).

It is recommended that Plaintiff s motion for summary judgment against the Kaiser Defendants be denied in light of the recommendation that the Kaiser Defendants  motion to dismiss be granted with leave to amend.  The court has inherent authority to manage its docket.  *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026).  The Separate Statement of Undisputed Facts in support of Plaintiff s motion for summary judgment did not address exhaustion of remedies, the statute of limitations, or equitable tolling.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ( The district court need not consider arguments raised for the first time in a reply brief. ).  The Kaiser Defendants have not had an opportunity to address any pertinent arguments in her supplemental filings.

It is recommended that Plaintiff s motion for summary judgment against Defendant Carlin be denied based on the recommendations that entry of default be set aside and that Plaintiff s motion for default judgment be denied.

## X.

### RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order accepting this Report and Recommendation and:

1. Granting the BRN Defendants  motion to dismiss without leave to

39

amend.

2. Granting the Kaiser Defendants motion to dismiss with leave to file a Second Amended Complaint within 30 days after entry of the District Court s order.

3. Granting Defendant Carlin s motion to set aside entry of default and permitting Defendant Carlin to file a responsive pleading to the FAC within 14 days after entry of the District Court s order.

4. Denying Plaintiff s motion for default judgment against Defendant Carlin.

5. Denying Plaintiff s motion to file the proposed second amended complaint.

6. Denying Plaintiff s motion for summary judgment.[13]

7. Referring the matter, the magistrate judge for further proceedings.[14]

If Plaintiff chooses to file a Second Amended Complaint, the Second Amended Complaint may include only claims against the Kaiser Defendants and Defendant Carlin. The Second Amended Complaint must be labeled as such, bear the case number assigned to this case, and be complete in and of itself without incorporating by reference a prior complaint, attachment, or pleading with respect to the claims against the Kaiser Defendants or Defendant Carlin.

DATED: May 19, 2026

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

[13] The court grants Plaintiff s request to consider supplemental filings. (Dkt. Nos. 180, 201, 203.)

[14] The court may consider modifications to the case scheduling order pursuant to Fed. R. Civ. P. 16(d)(4).

40

# EXHIBIT 6

.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA   WESTERN DIVISION

ESTHER TENDO ATAM,

          Plaintiff,

    v.

KAISER   FOUNDATION   HEALTH PLAN, INC., et. al.,

          Defendants.

Case No. CV 24-05862-KK (AS)

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMNEDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, all of the records herein, including the Report and Recommendation of United States Magistrate Judge Alicia Rosenberg (Dkt. No. 204)), Plaintiff s Original and Amended Objections to the Magistrate Judge s Report and Recommendation (Dkt. Nos. 208, 210, Objections ), and Plaintiff s Declaration in Support of her Original Objections (Dkt. No. 211). Plaintiff s motion for leave to exceed page limitations nunc pro tunc regarding the objections (Dkt No. 209) is GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a *de novo* review of those portions of the Report to which Objections were directed. Having completed its review, the Court accepts the findings and recommendations set forth in the Report. In sum, Plaintiff s Objections do not cause the Court to reconsider its decision to accept the Magistrate Judge s conclusions and recommendations.

**IT IS ORDERED** that (1) Defendants Kaiser Foundation Health Plan, Kaiser Foundation Hospitals, and Southern California Permanente Medical Group s ( Kaiser Defendants ) motion to dismiss is GRANTED WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT; (2) Defendant Board of Registered Nursing, Executive Director Loretta Melby, and Deputy Attorney General Gillian Friedman s ( BRN Defendants ) motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND; (3) Defendant Carlin s motion to set aside entry of default is GRANTED; Defendant Carlin is ordered to file a response to the First Amended Complaint within fourteen (14) days of the date of this Order; (4) Plaintiff s motion for default judgment against Defendant Carlin is DENIED; and (5) Plaintiff s motion for summary judgment is DENIED.

Plaintiff may file a Second Amended Complaint consistent with the Report and Recommendation of United States Magistrate Judge no later than thirty (30) days from the date of this Order. Plaintiff is cautioned that any Amended Complaint may only include claims against the Kaiser Defendants and Defendant Carlin, and must be complete in itself without reference to any prior complaint or any

other document with respect to the claims against the Kaiser Defendants and Defendant Carlin, and may not add any new claims or new defendants without prior leave of the Court.

If Plaintiff does not file a Second Amended Complaint within thirty (30) days of the date of this Order, Plaintiff s remaining claims will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Magistrate Judge s Report and Recommendation on Plaintiff.

DATED: June 16, 2026

_____
KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE

3